## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN

IN RE:  R.A.M. Produce Distributors, LLC                Case No. 14-48527
                                                        Chapter   7
                          Debtor(s).                    Hon. Marci B. McIvor
_____/
R.A.M. Produce Distributors, LLC

                          Appellant,                    Adv. No 14-04957

          v.

Salvatore Cipriano a/k/a Sal Ciprano
and Produce Buyers, Co.,

                          Appellee.
_____/

### NOTICE OF TRANSMITTAL OF COMPLETE RECORD
### REGARDING NOTICE OF APPEAL

       I hereby certify that the attached documents are transmitted to the United States District Court for the Eastern District of Michigan, which constitutes the Record on Appeal.

☒    Appellant's Designation of Record.        ☐    Appellee's Designation of Record

☒    Appellant's Statement of Issues           ☐    Appellee's Statement of Issues

☐    Notice of Deficiency

☒    Other:  Civil Cover Sheet

**NOTE:**

☒ This matter was given civil case number 14-cv-14826  and assigned to District Court Judge  Lawrence P. Zatkoff

 ☐ The Appellant has not filed the Designation of Record.
.

Dated:  01/21/2015                             Clerk, United States Bankruptcy Court


                                               By:  /s/  LaShonda Moss_____
                                                     Deputy Clerk

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                              Case No. 14-48527-mbm

          Debtor.                              Chapter 7

                                            Honorable Marci B. McIvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

          Plaintiff/Appellant,

-vs-                                         Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

          Defendants/Appellees.

_____

**PLAINTIFF/APPELLANT R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S AMENDED
DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

      Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), by and

through its attorneys, Williams Acosta, PLLC, respectfully files the following amended

designation of items to be included in the record on appeal pursuant to Rule 8006:

| FILING DATE | DOCKET NUMBER | TITLE OF THE FILING |
|---|---|---|
| 9-5-14 | 1 | R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability of Debt with exhibits A-C and C-1 |
| 10-8-14 | 7 | Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(B)(6) with exhibits |
| 10-8-14 | 8 | Defendant Sal Cipriano's Answer to the Class Action [sic] Complaint and Affirmative Defenses |

| | | |
|---|---|---|
| 10-15-14 | 9 | Default Entry by Clerk (against Defendant Produce Buyers Co., only) |
| 10-22-14 | 11 | Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Salvatore Cipriano's Motion to Dismiss Claims Under FRCP 12(b)(6) |
| 10-23-14 | 15 | Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under Fed.R.Civ.P. 12(b)(6) with exhibits A-H |
| 10-29-14 | 18 | Plaintiff's Motion for Entry of Default Judgment Against Defendant Produce Buyers Co., Only |
| 10-29-14 | 19 | Brief in Support of Plaintiff's Motion for Entry of Default Judgment Against Defendant Produce Buyers Co., Only with exhibits A-G |
| 11-24-14 | 27 | Affidavit of Victor J. Torres with exhibit 1 |
| 11-25-14 | 29 | Order Granting Plaintiff's Motion for Default Judgment Against Defendant, Produce Buyers Co. As To Count I of Plaintiff's Complaint |
| 11-25-14 | 30 | Order Granting Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Subsequently Vacated) |
| 11-25-14 | 31 | PDF with attached audio file of 11-25-14 hearing |
| 11-26-14 | 32 | Order Reopening Case and Vacating Order of Dismissal (Docket #30) |
| 12-4-14 | 33 | Supplemental Opinion to Bench Opinion Issued on November 25, 2014 |
| 12-4-14 | 34 | Order Granting Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint |
| 1-7-15 | 49 | Transcript Regarding Hearing Held 11-25-14 Re: Cipriano's Motion to Dismiss |

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:      /s/Victor J. Torres
Victor J. Torres (P43240)
Attorney for Plaintiff
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
vtorres@williamsacosta.com

Date:   January 21, 2015

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:   Salvatore Cipriano, | Case No. 14-48527-mbm |
| Debtor. | Chapter 7 |
| | Honorable Marci B. McIvor |

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

     Plaintiff,

-vs-                                  Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

     Defendants.

---

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI  48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

---

### R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S COMPLAINT
### TO ESTABLISH LIABILITY AND NON-DISCHARGEABILITY OF DEBT

Adversary Proceeding Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"),

by and through its attorneys, Williams Acosta, PLLC, states as follows for its Complaint to

Establish Liability and Non-Dischargeability of Debt against Defendant/Debtor Salvatore

Cipriano ("Defendant Cipriano") and Defendant Produce Buyers Co. ("Defendant Produce

Buyers"):

## NATURE OF THE ADVERSARY PROCEEDING

1.     Through this adversary proceeding RAM Produce respectfully requests entry of a joint and several money judgment against Defendant Cipriano and Defendant Produce Buyers in the principal amount of $33,946.10 based on the failure of Defendant Produce Buyers to pay for perishable agricultural commodities sold by RAM Produce and because Defendant Cipriano is personally liable for the debt based on the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a et seq. ("PACA").  RAM Produce also requests that the final judgment include a declaration that the underlying debt and money judgment is nondischargeable under 11 U.S.C. §523(a)(4) because Defendants are recipients and/or custodians of trust proceeds received from sale of perishable agricultural commodities provided by RAM Produce, and Defendants failed to pay the proceeds to RAM Produce.

## JURISDICTION AND PARTIES

2.     This proceeding arises in or is related to the above-captioned case filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. ("Code").

3.     The Court has jurisdiction over this proceeding under 11 U.S.C. §523 and 28 U.S.C. §1334(b).

4.     This proceeding is a core proceeding under 11 U.S.C. §157(b)(2)(I).

5.     Kenneth Nathan was appointed Chapter 7 Trustee ("Trustee").

6.     RAM Produce is a Michigan limited liability company with its principal place of business located in the City of Detroit, County of Wayne, State of Michigan.

7.     During times relevant to the claims asserted in this proceeding, Defendant Cipriano was an individual that resided in the County of Wayne, State of Michigan, and that conducted business in the City of Detroit, County of Wayne, State of Michigan.

2

8.      Defendant Produce Buyers is a Michigan corporation with its principal place of business located in, and that conducted business at all times relevant to this proceeding in, the City of Detroit, County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

9.      RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

10.     On or about May 16, 2014, Defendant Cipriano filed a voluntary petition under Chapter 13 of the Code.

11.     On or about June 12, 2014, Defendant Cipriano filed a Notice to Convert Case from Chapter 13 to Chapter 7.

12.     RAM Produce is a supplier and seller of perishable agricultural commodities, and is also a licensee under the PACA.

13.     Defendant Produce Buyers and Defendant Cipriano, at the time of the transactions relevant to this proceeding, were licensed, or were subject to license, under the PACA as a dealer, commissioned merchant, broker, and/or retailer. 7 U.S.C. §499b.

14.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers with a total principal balance due of $37,921.10.

15.     Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

16.     The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

3

17.     As a result of the foregoing, Defendant Produce Buyers has an outstanding account with RAM Produce with a principal amount owed of $33,946.10 exclusive of costs, interest, and attorney fees.

18.     Upon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.

19.     Defendant Produce Buyers sold to non-parties the perishable agricultural commodities provided by RAM Produce, and Defendants received and controlled sale proceeds, but have failed to pay RAM Produce the principal amount due and owing of $33,946.10.

20.     The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust created by the PACA. 7 U.S.C. §499e(c)(2).

21.     The foregoing acts and omissions constitute a violation by Defendant Produce Buyers and Defendant Cipriano of the PACA.

22.     Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sale of those commodities, until full payment is received.   7 U.S.C. §499e(c)(2).

23.     Defendant Cipriano, as an officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce under the PACA.

24.     Defendant Cipriano used trust assets for purposes other than payment to RAM Produce, and thus committed a breach of trust under the PACA.

4

25.    Defendant Cipriano, as a direct result of his acts and/or omissions as stated above, is individually liable to RAM Produce for the payment of the trust proceeds.

26.    Defendant Cipriano's Chapter 7 bankruptcy filings in Schedule F (Creditors Holding Unsecured Nonpriority Claims) confirms the debt owed to RAM Produce in the principal amount of $33,946.00.  (Exhibit A:  Schedule F except, sheet 5).

27.    Defendant Cipriano at the Section 341 Meeting of Creditors held on July 9, 2014, confirmed that the Bankruptcy schedules as filed are truthful and accurate, with the exception of a few amendments, not affecting the affirmation of the debt owed to RAM Produce.  (Exhibit B:  §341 Mtg. Tr. pp. 4-6).

28.    Defendant Cipriano at the Section 341 Meeting of Creditors confirmed that the amount owed to RAM Produce to date was $33,946.00.  (Exhibit B:  §341 Mtg. Tr. p. 8).

29.    Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a partial payment to RAM Produce in the amount of $3,100.00 made on or about May 18, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting Creditors.  (Exhibit B:  §341 Mtg. Tr. p. 8-9).

30.    Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a second partial payment in the amount of $875.00 made on or about June 20, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting of Creditors.  (Exhibit B:  §341 Mtg. Tr. p. 8-9).

31.    Defendant Cipriano acknowledged and confirmed he was the only individual "in charge" of financial decisions for Defendant Produce Buyers at the Section 341 Meeting of Creditors.  (Exhibit B:  §341 Mtg. Tr. pp. 10-11).

32.    Defendant Cipriano acknowledged and confirmed that Defendant Produce Buyers was licensed under the PACA, which license expired subsequent to Defendant Produce Buyers'

purchase of perishable agricultural commodities from RAM Produce. 7 U.S.C. §499b. (Exhibit B: §341 Mtg. Tr. p. 11).

### COUNT I
### BREACH OF CONTRACT
### (AGAINST DEFENDANT PRODUCE BUYERS)

33.    RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

34.    From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold to Defendant Produce Buyers pursuant to RAM Produce invoices, perishable agricultural commodities, for which there remains due and owing the principal sum of $33,946.10. (Exhibit C: Bommarito Affidavit).

35.    RAM Produce fully performed its obligations under its agreements with Defendant Produce Buyers and despite numerous requests for payment, Defendant Produce Buyers failed to pay the balance due.

36.    Through the partial payments described above, Defendants reaffirmed the underlying debt at issue.

37.    Defendant Produce Buyers has failed to pay RAM Produce the principal sum of $33,946.10 owed related to the contracts, and thus breached the parties' contracts.

38.    As a direct and proximate result of the breaches of contract by Defendant Produce Buyers, RAM Produce has sustained damages in the principal amount of $33,946.10 exclusive of interest, costs, and attorney fees.

39.    Per the terms of the RAM Produce invoices that constitute the underlying contracts, RAM Produce is entitled to receive, and requests award of, interest, costs, and attorney fees.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.     Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.     Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.     Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.     Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

### COUNT II
### ACCOUNT STATED
### (AGAINST DEFENDANT PRODUCE BUYERS )

40.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

41.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce rendered and sold to Defendant Produce Buyers on account, various perishable, agricultural commodities, pursuant to the PACA.  (Exhibit C:  Bommarito Affidavit ¶3).

42.     As of the date of filing of this proceeding, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 on account and on an account stated.  (Exhibit C: Bommarito Affidavit ¶¶6-10).

43.     Defendant Produce Buyers has not disputed and/or objected to the account stated by RAM Produce.  (Exhibit C:  Bommarito Affidavit ¶14).

7

44.     Despite numerous demands for payment by RAM Produce, Defendant Produce Buyers has failed to render payment on the account stated in the principal amount of $33,946.10. (Exhibit C:  Bommarito Affidavit ¶14).

45.     Based on the account stated and under applicable law, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 plus pre-judgment interest, costs, and attorney fees as provided by the RAM Produce invoices and/or applicable law.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.      Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.      Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.      Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.      Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

47.     Defendant Cipriano was an officer, director, and/or shareholder of Defendant Produce Buyers at all times relevant to the claims asserted in this proceeding.

48.     Defendant Produce Buyers is a closely held corporation and Defendant Cipriano engaged in an active and/or controlling management role for Defendant Produce Buyers.

49.     Defendant Produce Buyers and Defendant Cipriano, individually, engaged in an active role in causing dissipation of the PACA funds held in trust for RAM Produce and thereby committed breach of trust by using trust assets for purposes other than payment to RAM Produce.

50.     Defendant Cipriano owed RAM Produce a fiduciary duty as the trustee of the PACA assets, breached this duty, and is personally liable for payment of trust proceeds to RAM Produce.  See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

51.     Ordinary principles of trust law apply to a trust created under the PACA.  See *In Re Kornblum and Co.*, 81 F.3d 280, 284 (2d Cir. 1996).

52.     Defendant Produce Buyers and Defendant Cipriano were in receipt of the PACA trust proceeds and benefits to which they are not entitled, and are liable to RAM Produce in the principal amount of $33,946.10, plus recoverable costs, interest, and attorney fees under the PACA and the RAM Produce invoices.

53.     Any personal property or other forms of property or value obtained by Defendant Produce Buyers and/or Defendant Cipriano with the PACA trust monies or benefits intended for RAM Produce are held in a constructive trust for the benefit of RAM Produce.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A.     Awarding money damages in the principal amount of $33,946.10, plus pre-judgment and post-judgment interest, costs, and attorney fees;

      B.      Compelling Defendant Produce Buyers and Defendant Cipriano to account for any and all proceeds, monies, and income of any sort received from the sale of commodities received from RAM Produce pursuant to the PACA;

      C.      Awarding to RAM Produce interest, costs, and reasonable attorney fees as allowed under the PACA, the RAM Produce invoices, and relevant law; and,

      D.      Granting such further legal and/or equitable relief as this Court deems just and proper.

## COUNT IV
## DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(4)
## (AGAINST DEFENDANT CIPRIANO)

54.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

55.     The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust authorized by the PACA. 7 U.S.C. §499e(c)(2).

56.     Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and receivables or proceeds from the sale of those commodities until full payment is received. 7 U.S.C. §499e(c)(2).

57.     Defendant Produce Buyers and Defendant Cipriano are recipients or custodians of some or all of the proceeds from the sale of perishable agricultural commodities provided by RAM Produce.

58.     Defendant Produce Buyers is a closely held corporation.

10

59.     Defendant Cipriano, as a responsible officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce.

60.     Defendant Cipriano engaged in an active role in causing dissipation and/or diversion of the PACA trust funds belonging to RAM Produce and Defendants thereby committed breach of the trust by using trust assets for purposes other than payment to RAM Produce.

61.     Defendant Cipriano and Defendant Produce Buyers owed RAM Produce a fiduciary duty as trustee of the PACA assets, breached this duty, and is personally liable for payment from the trust of the monies due and owing to RAM Produce.  See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

62.     Trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors.  *East Coast Potato Distributors v. Grant (In re Super Spud, Inc.),* 77 B.R. 930, 931-932 (Bankr. MD Fla. 1987).

63.     Pursuant to 11 U.S.C. §523(a)(4), RAM Produce's claim against Defendant Cipriano is nondischargeable.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A.     Declaring that the debt owed to RAM Produce by Defendant Produce Buyers and Defendant Cipriano is non-dischargeable;

B.     Awarding costs, pre-judgment interest, and attorney fees pursuant to the RAM Produce invoices, the PACA, and related law;

      C.     Awarding (non-duplicative) costs to RAM Produce as prevailing party and judgment interest as provided by law; and,

      D.     Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC


By:     /s/Victor J. Torres
          Victor J. Torres (P43240)
          Attorneys for Plaintiff
          Williams Acosta, PLLC
          535 Griswold Street, Suite 1000
          Detroit, Michigan 48226-3692
          (313) 963-3873

Date: September 5, 2014

# EXHIBIT A

B6F (Official Form 6F) (12/07)

In re    **Salvatore Cipriano**                                                      Case No. ___**14-48527**_____
                                                    ,
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**AJ Lanzarotta Wholesale Fruit & Vegetabl** <br>**1000 Lakeshore E** <br>**Mississauga, ON** | X | J | | | | | **4,600.00** |
| Account No. <br><br>**Allied Produce** <br>**7067 Wellington Rd.** <br>**Guelph, ON** | X | - | | | | | **6,400.00** |
| Account No. <br><br>**Bank of Montreal** | X | - | | | | | **600,000.00** |
| Account No. <br><br>**Howard & Howard** <br>**450 W. Fourth St** <br>**Royal Oak, MI 48067** | | | Representing: <br>**Bank of Montreal** | | | | **Notice Only** |

__6___ continuation sheets attached

Subtotal
(Total of this page)                                    **611,000.00**

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com


EXHIBIT
A

B6F (Official Form 6F) (12/07) - Cont.

In re   **Salvatore Cipriano** _____,   Case No. __14-48527__

_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. <br><br>**Bank of Montreal** | - | | | | | | | 36,000.00 |
| Account No. <br><br>**Ben B. Schwarz & Sons, Inc.** <br>7201 W Fort St. <br>Detroit, MI 48209 | J | | | | | | | 144,951.00 |
| Account No. <br><br>**Brady Farms Inc** <br>14786 Winans St <br>West Olive, MI 49460 | X J | | | | | | | 49,280.00 |
| Account No. xxxxxxx1846 <br><br>**Cap1/neimn** <br>26525 N Riverwoods Blvd <br>Mettawa, IL 60045 | - | | | Opened  5/01/84  Last Active  3/23/14 <br>Charge Account | | | | 6,259.00 |
| Account No. **xxxx7215** <br><br>**Cap1/saks** <br>26525 N Riverwoods Blvd <br>Mettawa, IL 60045 | H | | | Opened  1/01/71  Last Active  4/18/14 <br>Charge Account | | | | 5,999.00 |

Sheet no. _1_ of _6_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   **242,489.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Salvatore Cipriano**                                    Case No.  **14-48527**
_____,
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxxx3384 | | | | | Opened 11/01/02 Last Active 3/27/14 Charge Account | | | | |
| Capital 1 Bank Attn: Bankruptcy Dept. Po Box 30285 Salt Lake City, UT 84130 | - | | | | | | | | 4,942.00 |
| Account No. xxxx5608 | | | | | Opened 6/01/12 Last Active 11/01/12 Unsecured | | | | |
| Cashcall Inc Attn:Bankruptcy Department 1600 S Douglass Rd Anaheim, CA 92806 | - | | | | | | | | 9,963.00 |
| Account No. xxxxxxxxxxxx5673 | | | | | Opened 3/01/99 Last Active 4/01/14 Credit Card | | | | |
| Chase | - | | | | | | | | 19,359.00 |
| Account No. xxxxxxxxxxxx1818 | | | | | Opened 12/01/90 Last Active 4/08/14 Credit Card | | | | |
| Chase Po Box 15298 Wilmington, DE 19850 | - | | | | | | | | 12,699.00 |
| Account No. | | | | | | | | | |
| City Foods Produce Ltd 6080 Indian Line Mississauga, ON | X | J | | | | | | | 32,500.00 |

Sheet no. **2** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     | 79,463.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Salvatore Cipriano**                                                  Case No. **14-48527**
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.  **Coface Collection North America** Po Box 1389 Kenner, LA 70063 | X | - | **J.R. Mazzola** | | | | 3,625.00 |
| Account No. xxxxxxxxxxxx4288  **Comenity Bank/Pottery Barn** Attention: Bankruptcy P.O. Box 182686 Columbus, OH 43218 | | - | Opened  6/01/09 Last Active  1/05/14 Charge Account | | | | 118.00 |
| Account No.  **Coosemans Worldwide, Inc** 7201 W Fort St., Rm 45 Detroit, MI 48209 | X | J | | | | | 5,620.00 |
| Account No.  **Don's Produce and Resale** 21620 Sumpter Rd Belleville, MI 48111 | X | J | | | | | 10,500.00 |
| Account No.  **F.G. Lister and Co, Ltd** 475 Horner Toronto, ON | X | J | | | | | 39,500.00 |

Sheet no. _3_ of _6_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                     59,363.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Salvatore Cipriano**                                                   Case No.    **14-48527**
_____,
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J c | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Fresh Advancements Inc 165 The Queensway Etoibicoke, ON | X | J | | | | | 29,660.00 |
| Account No. | | | | | | | |
| Fresh Pak Produce 1975 Setterington Dr. Kingsville, ON | X | - | | | | | 2,750.00 |
| Account No. | | | | | | | |
| Glenvalley Transportation 163 Glenvalley Dr. Cambridge, ON | X | - | | | | | 4,000.00 |
| Account No. | | | | | | | |
| Integrated Custom Service 430 Springbank Woodstock, ON | X | - | | | | | 1,121.00 |
| Account No. | | | | | | | |
| Jacobs Transport Po Box 126 1387 Vittoria Rd. Vittoria, ON | X | - | | | | | 51,425.00 |

Sheet no. __4__ of __6__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)      88,956.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com    Best Case Bankruptcy
14-48527-mbm    Doc 50-2    Filed 09/25/14    Entered 09/25/14 16:46:58    Page 6 of 25

B6F (Official Form 6F) (12/07) - Cont.

In re __Salvatore Cipriano__                      Case No. __14-48527__

                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J — W C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| LaGrasso Brothers Produce 5001 Bellevue St Detroit, MI 48202 | X | J | | | | | 20,500.00 |
| Account No. | | | | | | | |
| Lis MC Evilly 33300 Five Mile Rd. Ste 200 Livonia, MI 48154 | X | - | | | | | 1,225.00 |
| Account No. | | | | | | | |
| Metro Produce 3445 Russell Detroit, MI 48207 | X | J | | | | | 16,325.00 |
| Account No. | | | | | | | |
| Miedema Produce 5005 40th Ave. Hudsonville, MI 49426 | X | - | | | | | 1,225.00 |
| Account No. | | | | | | | |
| Ram Produce 340 Oakwood Blvd Detroit, MI 48217 | X | J | | | | | 33,946.00 |

Sheet no. __5__ of __6__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)     73,221.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re      **Salvatore Cipriano**                                    Case No.      **14-48527**
                                                    ,
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| Royal Banana Co 7201 W Fort St Detroit, MI 48209 | X | J | | | | | 44,783.00 |
| Account No. | | | | | | | |
| Serra Brothers Inc 7201 W. Fort St Detroit, MI 48209 | X | J | | | | | 55,824.00 |
| Account No. | | | | | | | |
| Sweet Melissa Trucking 33985 Harper Ave. Clinton Township, MI 48035 | X | J | | | | | 7,700.00 |
| Account No. | | | | | | | |
| Mel R. Partovich & Associates, PLLC 37887 W. 12 Mile Rd, Ste B Farmington, MI 48331 | | | Representing: Sweet Melissa Trucking | | | | Notice Only |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. **6** of **6** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | 108,307.00 |
| Total (Report on Summary of Schedules) | 1,262,799.00 |

Software Copyright (c) 1996-2011 Aurora Software, LLC. - Denver, CO - (800) 510-4212 - www.bestcase.com                                                         Best Case Bankruptcy

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

SALVATORE CIPRIANO,              Case No. 14-48527

                                 Detroit, Michigan
                                 Wednesday, July 9, 2014
                                 Judge McIvor
              Debtor
_____/

                    <u>341 HEARING</u>

       BEFORE KENNETH A. NATHAN, CHAPTER 7 TRUSTEE

    TRANSCRIPT ORDERED BY:  VICTOR J. TORRES (Williams Acosta)

APPEARANCES:

For the Debtor:                  Linnell & Associates
                                 BY:  ERIK STEIN
                                 2804 Orchard Lake Road, Suite 203
                                 Keego Harbor, MI  48320


For Ram Produce &                Williams Acosta
Distributors, L.L.C.:            BY:  VICTOR J. TORRES
                                 535 Griswold, Suite 1000
                                 Detroit, MI  48226

For Bank of Montreal:            Howard & Howard
                                 BY:  BRANDON J. WILSON
                                 450 W. Fourth St.
                                 Royal Oak, MI  48067

For the U.S. Trustee:            Office of the U.S. Trustee
                                 BY:  SEAN COWLEY
                                 211 W. Fort St., Suite 700
                                 Detroit, MI  48226


Transcribed by:                  Lynn L. Simmons
                                 8284 Caribou Trail
                                 Clarkston, MI  48348
                                 248-922-1587

EXHIBIT
B

<u>TABLE OF CONTENTS</u>

PROCEEDINGS – Wednesday, July 9, 2014                              3

DEBTOR WITNESS:  **Salvatore Cipriano**

    Examination by the trustee                             3
    Appearance by Mr. Stein                                3
    Examination by Mr. Torres                              8
    Examination by Mr. Wilson                             22
    Appearance by Mr. Cowley                              35
    Examination by the trustee                            35
    Hearing adjourned to August 27, 2014                  42

Salvatore Cipriano
341 hearing - July 9, 2014

1  documents.  Can you identify those documents as your

2  bankruptcy petition, schedules and other related bankruptcy

3  pleadings?

4  A.   Yes, sir.

5  Q.   And is that your signature that appears in each and every

6  place you were required to have signed them?

7  A.   Yes, sir.

8  Q.   And you signed them in each and every place?

9  A.   Yes, sir.

10  Q.   And did you review them carefully prior to signing them?

11  A.   Yes, sir.

12  Q.   And at the time you signed them were you satisfied that

13  each and every item placed in those documents was a truthful

14  and accurate statement?

15  A.   Yes, sir.

16  Q.   Do you still believe everything in there today is still

17  truthful and accurate?

18  A.   We have --

19         MR. STEIN:  There are a couple -- couple things that

20  we noticed that we will need to amend quickly.  On the

21  statement of financial affairs question number 10 I believe --

22         THE TRUSTEE:  Transfers we're talking about?

23         MR. STEIN:  No, it's not.  It's lawsuits.

24         THE TRUSTEE:  Okay.  That's 5 or 6.

25         MR. STEIN:  Five or 6, yeah.  I'm sorry.  Off the

4

Salvatore Cipriano
341 hearing - July 9, 2014

1  top of my head.  It's -- in any event, question 4, there is a

2  federal lawsuit that was filed in the year preceding the case

3  that was still active with -- it would be Ben B. Schwartz

4  versus -- versus Mr. Cipriano.  So we will amend to add that

5  --

6            THE TRUSTEE:  Okay.

7            MR. STEIN:  -- that case, and that was from the

8  Eastern District of Michigan.

9            THE TRUSTEE:  What else?

10           MR. STEIN:  On Schedule F there were I believe three

11  smaller creditors that were accidentally omitted, and we will

12  amend to add them and renotice them of proceeding.  And then

13  on Schedule B there was under item -- let me give you the

14  exact number -- under item 18, one of Mr. Cipriano's

15  businesses, the Canadian company, did have an account

16  receivable to Mr. Cipriano that was not indicated on there.

17  So we will amend to include that as well.

18           THE TRUSTEE:  Okay.

19           MR. STEIN:  Those are the only corrections that we

20  know of at this time.

21  BY THE TRUSTEE:

22  Q.  All right.  Anything further you need to tell us about,

23  sir?  You heard everything your attorney just stated on the

24  record.  Would you agree with everything he said?

25  A.  Yes, sir.

5

Salvatore Cipriano
341 hearing - July 9, 2014

1  Q.   And other than those changes, are there any other changes

2  that you believe need to be made to those documents?

3  A.   No.

4  Q.   And other than that you believe everything to be truthful

5  and accurate?

6  A.   Yes, sir.

7  Q.   Have you ever filed a bankruptcy before --

8  A.   No, sir.

9  Q.   -- other than this case?

10 A.   No.

11 Q.   This was filed initially as a 13 but converted very

12 quickly.

13 A.   Yes.

14 Q.   Okay.  Why is that?  Why did you file as a 13?

15 A.   There were garnishments that were being placed against my

16 wages, and in order to stop the garnishments, we went to a

17 Chapter 7.  And also --

18 Q.   You mean a 13.  You initially filed this as a 13.

19 A.   It was a 13.

20 Q.   To stop the garnishments.

21 A.   To stop the garnishments.  And then we went to a Chapter

22 7 because I would not qualify under a 13 because most of the,

23 over 60 percent or so of the debt is all business-related.

24 Q.   You work for a company called Ben B. Schwartz; right?

25 A.   Yes.

6

Salvatore Cipriano
341 hearing - July 9, 2014

1          MR. WILSON:  Yes.

2          THE TRUSTEE:  Proceed.  One at a time.

3          MR. TORRES:  My name is Victor J. Torres.  I'm with

4    the law firm of Williams Acosta, P.L.L.C.  We represent

5    creditor Ram Produce & Distributors, L.L.C.

6                          **EXAMINATION**

7    BY MR. TORRES:

8    Q.   And I do have a few questions for you, Mr. Cipriano.

9    A.   Sure.

10   Q.   First, I see that you've listed on your Schedule F a debt

11   to Ram Produce -- that's my client --

12   A.   Yes.

13   Q.   -- in the amount $33,946.

14   A.   Yes.

15   Q.   And that is the amount that is presently due and owing;

16   correct?

17   A.   Approximate.  To the best of my memory.

18   Q.   Yeah.

19          MR. TORRES:  Counsel, I'm going to show him a one-

20   page -- it's just a summary of a customer ledger sheet with

21   the balance.

22          MR. STEIN:  Okay.

23   BY MR. TORRES:

24   Q.   And I'd just like to direct your attention to this

25   customer ledger from Ram Produce Distributors, and at the

8

Salvatore Cipriano
341 hearing - July 9, 2014

1  bottom we see that the most recent payment was from June 20 of

2  2012, in the amount of $875; correct?  Do you see that?

3  Second to the bottom.  I'm -- yeah, second to the bottom --

4  A.    Okay.  Uh-huh.

5  Q.    -- line.

6  A.    Yes.

7  Q.    Okay.  So that shows a balance of $33,946.10; correct?

8  A.    Yes.

9  Q.    And that matches within ten cents of what you have listed

10  on Schedule F; correct?

11  A.    Yes.

12  Q.    Okay.  And we see if we look at the ledger, the one-page

13  ledger I gave to you, that on May 18, 2012, there is also a

14  payment made, a partial payment on the balance of $3,100;

15  correct?  Third -- third from the bottom.

16  A.    Yes.

17  Q.    Okay.  So at the time those two payments were made on May

18  18 of '12, and June 20 of 2012, you in fact acknowledge that

19  that's the amount that was due and owing; correct?

20  A.    Yes.

21  Q.    Okay.  And you acknowledge that today; correct?

22  A.    Yes.

23  Q.    And the -- the amounts due and owing to Ram Produce are

24  as the result of your purchase of produce; correct?

25  A.    Yes.

9

Salvatore Cipriano
341 hearing - July 9, 2014

1  Q.  And by the way, the produce that was purchased by -- was

2  that purchased by you individually or Produce Buyers, your

3  company?

4  A.  No, by the company.

5  Q.  By the company.

6  A.  Yes.

7  Q.  And the purpose of produce from Ram Produce was to turn

8  around and sell it; correct?

9  A.  Yes.

10  Q.  And that's in effect what you did; correct?

11  A.  Yes.

12  Q.  What happened to the proceeds of the sales of the produce

13  that was provided by Ram Produce?

14  A.  They were funnelled through the company and paid

15  invoices.

16  Q.  They paid invoices of the company?

17  A.  Yes.

18  Q.  At your direction; correct?

19  A.  Yes.

20  Q.  You were in charge of Produce Buyers?

21  A.  Right.

22  Q.  You decided how the money would be spent once it was

23  received; correct?

24  A.  Yes.

25  Q.  There was no one else that was in charge --

10

14-04957-mbm   Doc 50-2   Filed 09/25/14   Entered 09/25/14 16:04:58   Page 17 of 25

Salvatore Cipriano
341 hearing - July 9, 2014

1    A.    No.

2    Q.    -- for Produce Buyers; correct?

3    A.    No.

4    Q.    Do you currently have a PACA license?

5    A.    Not any longer.  It would be expired.

6    Q.    Okay.  Did you have individually a PACA license of any

7    type at any time?

8    A.    Only in Produce Buyers (indiscernible).

9    Q.    (Interrupting.)  Okay.  Produce Buyers did.

10   A.    Yes.

11   Q.    And you're indicating either that was -- what's the

12   status of that license that Produce Buyers had, the PACA

13   license?

14   A.    It's expired.

15   Q.    It's expired?

16   A.    Oh, yes.

17   Q.    Do you recall when?

18   A.    In 2012 when I couldn't pay it.

19   Q.    Okay.  When did Produce Buyers cease business operations?

20   A.    Right around June, end of June, July of 2012, through

21   that.

22   Q.    And -- and the physical location of the business?

23   A.    It was Office 93, 7201 West Fort Street, 48219.

24   Q.    Okay.  I see that you have both Produce Buyers and then

25   another company, a Canadian company --

11

Salvatore Cipriano
341 hearing - July 9, 2014

1        MR. STEIN:  Not a problem.

2        THE TRUSTEE:  So I have that.  Okay.

3        For purposes of today I don't have anything further.

4  Does anybody else have anything further?

5        MR. WILSON:  No, I don't.  Thank you.

6        THE TRUSTEE:  Okay.

7        MR. TORRES:  Thanks, Mr. Nathan.

8     (Hearing adjourned to August 27, 2014.)


                        — — —

I certify that the foregoing is a correct transcript of the
proceedings held in the above-entitled matter.


DATED:    September 2, 2014    _____
                               Lynn L. Simmons, Transcriber

44

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Salvatore Cipriano,

               Debtor.

Case No. 14-48527-mbm

Chapter 7

Honorable Marci B. McIvor

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

          Plaintiff,

-vs-

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigancorporation,

         Defendants.

Adversary Proceeding No.

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell& Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI  48320 | Southfield, MI 48034 | Detroit, MI 48226 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

## AFFIDAVIT OF MICHAEL J. BOMMARITO

STATE OF MICHIGAN     )
                            ) SS.
COUNTY OF WAYNE     )

    Michael J. Bommarito, being first duly sworn and under oath states:

    1.    I am the Managing Member of R.A.M. Produce Distributors, L.L.C. ("RAM

Produce"), and I am authorized to sign this affidavit on behalf of RAM Produce.



EXHIBIT
**C**

2.      I am personally familiar with the facts and circumstances on which the RAM Produce claims in this case are based including the statements made in this affidavit and, if sworn as a witness, I am competent to testify to them.

3.      From on or about June 10, 2010, through on or about November 12, 2010, RAM Produce sold and delivered to Produce Buyers Co., a Michigan limited liability company, ("Produce Buyers"), perishable agricultural commodities, pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a *et seq.* ("PACA").

4.      With and/or after each sale and delivery of produce, RAM Produce delivered or mailed an itemized bill for the produce sold.

5.      Each itemized invoice that was delivered or mailed to Produce Buyers explicitly provided notice that the sale of commodities was made pursuant to the PACA.

6.      The total principal amount due to RAM Produce from Produce Buyers for the produce sold and delivered from in or about June 2010, through November 2010, was $37,921.10.

7.      Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

8.      The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

9.      A true copy of the account of Produce Buyers with RAM Produce is attached as Exhibit 1 and reflects a principal balance owed of $33,946.10, after credit for the two partial payments.

10.     As a result of the foregoing, Produce Buyers has an outstanding account with

RAM Produce in the principal amount of $33,946.10 exclusive of costs, interest, and attorney fees as of the date of this affidavit.

11.     The account of Produce Buyers with RAM Produce with a principal balance of $33,946.10 is just and correct and remains unpaid despite numerous requests for payment by RAM Produce.

12.     The account of Produce Buyers with RAM Produce as noted above is true and accurate after consideration of any and all lawful payments, credits, and off-sets.

13.     The produce sold, pursuant to the PACA, by RAM Produce to Produce Buyers as described above was properly provided by RAM Produce and payments for the produce became due and owing after rendering of the accounts by RAM Produce.

14.     RAM Produce rendered the referenced accounts to Produce Buyers during the normal course of business, but despite numerous requests for payment, Produce Buyers has refused to pay and settle the account, and has not objected to or disputed the account.

15.     Based on the foregoing, the total amount due and owing to RAM Produce by Produce Buyers (and/or others) on account is $33,946.10 in principal, plus costs, interest and attorney fees.

_____
Michael J. Bommarito

Subscribed and sworn to before me

this 5th day of _____, 2014

_____
Bonita K. Crison, Notary Public
State of Michigan, County of Macomb

**BONITA K. CRISON**
**NOTARY PUBLIC, STATE OF MI**
**COUNTY OF MACOMB**
**MY COMMISSION EXPIRES Sep 26, 2020**
**ACTING IN COUNTY OF** Wayne

My Commission Expires:  Sep. 26, 2020
Acting in the County of Wayne

3

# EXHIBIT C-1

```
PLM / AR210L                 R.A.M. Produce Distributors              Page :   1
00182493                         Customer Ledger                  06/27/14 11:23a

                                Ending: 04/04/13

Customer: PROD    PRODUCE BUYERS

   Date      Type        Amount          Balance       Reference        Batch   Trns
 ========  ========  ==============   ==============  ============    ======  ====
 06/10/10  Invoice          700.00          700.00   Inv 00414871    ICV009  2499
 06/11/10  Invoice        1,359.10        2,059.10    Inv 00414869    ICV009  2498
 06/14/10  Invoice          480.00        2,539.10    Inv 00415197    ICV009  2500
 07/02/10  Invoice        4,200.00        6,739.10    Inv 00420880    ICV009  2501
 07/05/10  Invoice          400.00        7,139.10    Inv 00421404    ICV009  2502
 07/19/10  Invoice        6,480.00       13,619.10    Inv 00424461    ICV009  2504
 07/20/10  Invoice        3,710.00       17,329.10    Inv 00423925    ICV009  2503
 07/21/10  Invoice        1,200.00       18,529.10    Inv 00424671    ICV009  2505
 07/23/10  Invoice        4,550.00       23,079.10    Inv 00425318    ICV009  2506
 07/26/10  Invoice        3,080.00       26,159.10    Inv 00425799    ICV009  2508
 07/27/10  Credit           140.00       26,019.10    Inv 00425697    ICV009  2507
 08/12/10  Invoice        1,479.00       27,498.10    Inv 00427473    ICV009  2509
 08/13/10  Credit           116.00       27,382.10    Inv 00427474    ICV009  2510
 08/19/10  Invoice          875.00       28,257.10    Inv 00430887    ICV009  2511
 09/13/10  Invoice        2,408.00       30,665.10    Inv 00435343    ICV009  2512
 09/13/10  Invoice        2,400.00       33,065.10    Inv 00435616    ICV009  2513
 10/25/10  Invoice          120.00       33,185.10    Inv 00444550    ICV009  2514
 10/28/10  Invoice          200.00       33,385.10    Inv 00444843    ICV009  2515
 11/09/10  Invoice        1,512.00       34,897.10    Inv 00447644    ICV009  2516
 11/12/10  Invoice        3,024.00       37,921.10    Inv 00447913    ICV009  2517
 05/18/12  Payment        3,100.00       34,821.10                    P00093     1
 06/20/12  Payment          875.00       33,946.10                    P00136     1
 12/28/12  Wrt Off       33,946.10             .00    W/O Bad Debt    P00419     1
```

EXHIBIT
C-1

Form B20A(Official Form 20A)

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re: Salvatore Cipriano,                         Case No. 14-48527-mbm

      Debtor.                                  Chapter 7

                                                    Honorable Marci B. Melvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

          Plaintiff,

v.                                                 Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
          Defendant.

---

### NOTICE OF DEFENDANT SALVATORE CIPRIANO'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

      Defendant Salvatore Cipriano  has filed papers with the court to dismiss Plaintiff RAM Produce, LLC's Complaint.

      **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the sought after relief or if you want the court to consider your views on the motion, within 14 days, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 W. Fort St.
Detroit, MI 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

If you mail your response to the court for filing, you must mail it early
enough so the court will **receive** it on or before the date stated above.
All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Erik C. Stein
Linnell & Associates, PLLC
2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320

Kenneth Nathan
Nathan Law PLC
29100 Northwestern Hwy
Ste 310
Southfield, MI 48034

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the
        motion and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief
sought in the motion or objection and may enter an order granting that relief.**

Date:  October 8, 2014                          /s/ Erik C. Stein
                                                LINNELL & ASSOCIATES, PLLC
                                                By: Erik C. Stein (P72172)
                                                2804 Orchard Lake Rd., Ste 203
                                                Keego Harbor, MI 48320
                                                (248) 977-4182
                                                estein@linnellfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,

Debtor.

Case No. 14-48527-mbm

Chapter 7

Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiff,

v.

Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
        Defendant.

---

Victor J. Torres (P43240)
Williams Acosta, PLLC
Attorneys for R.A.M. Produce Distributors, LLC
Detroit, MI 48226

Erik C. Stein (P72172)
Linnell & Associates, PLLC
2804 Orchard Lake Road
Suite 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

### SALVATORE CIPRIANO'S  MOTION AND BRIEF TO DISMISS CLAIMS UNDER FRCP 12(B)(6)

Defendant Salvatore Cipriano (hereinafter "Defendant"), by and through his

attorneys, Linnell & Associates, PLLC, hereby moves the Court to dismiss the

1

Complaint pursuant to Bankruptcy Rule 7012(b), FRCP 12(b)(6), and Local Rule 9014-1 and submits the following Memorandum of Law in Support of his Motion.

Pursuant to Local Rule 9014-1(g) Counsel for Defendant Salvatore Cipriano requested consent to the relief requested in this motion from Plaintiff and that consent was denied.

Dated: October 8, 2014

/s/  Erik C. Stein
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant
Salvatore Cipriano
2804 Orchard Lake Road
Suite 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

ISSUES PRESENTED.................................................................................................3

TABLE OF AUTHORITIES.......................................................................................4

STATEMENT OF FACTS...........................................................................................5

STANDARD OF REVIEW..........................................................................................6

ANALYSIS...................................................................................................................7

      I. Plaintiff's claim for breach of fiduciary duty is time-barred by the statute of

      limitations period under MCL 600.5805........................................................7

      II. Plaintiff's discharge action is correspondingly time-barred by the statute of

      limitations...........................................................................................10

CONCLUSION.........................................................................................................11

**ISSUES PRESENTED**

I.      Whether Plaintiff was entitled to trust protection under PACA at the time of Defendant's alleged breach under same.

II.     Whether Plaintiff's discharge action is barred due to Plaintiff's failure to assert viable claim against Defendant.

3

## TABLE OF AUTHORITIES

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..................................................................6

*Hebshi v. United States*, 13-10253, 2014 WL 1308848 (E.D. Mich. Mar. 31, 2014 ...........6

*La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.,*, WL 891221 (E.D. Mich. 2011) .......................7,8

*Bocchi Americas Associates Inc v. Commerce Fresh Mktg. Inc.,* 515 F.3d 383 (5th Cir. 2008) .......................................................................................................7

*Overton Distributors, Inc. v. Heritage Bank,* 340 F.3d 361 (6th Cir.2003) .....................................7

*Am. Banana Co. v. Republic Nat. Bank of New York, N.A.,* 362 F.3d 33 (2d Cir. 2004).) ..........................................................................................................7, 8

*Imp. Fresh Direct, LLC v. Premier Trading, LLC, No. 14-CV-0877-WJM-MJW, 2014 WL 1631000 (D. Colo. Apr. 23, 2014).* ................................................................................9

*In re Wilder*, 178 B.R. 174 (Bankr. E.D. Mo. 1995) ...............................................10, 11

*In re Eisaman*, 387 B.R. 219 (Bankr. N.D. Ind. 2008) ...............................................10

STATUTES

7 U.S.C. §499(a) et seq ...........................................................................................5, 7, 8

11 U.S.C §523 (a)(4) ...............................................................................................6, 10, 11

UCC § 2-208(1) ............................................................................................................9

UCC 1201(3) ................................................................................................................9

4

7 C.F.R. § 46.46(e)(3).....................................................................................7, 8, 9

RULES

Fed.R.Civ.P 12(B)(6)........................................................................................6

Fed.R.Bankr.P. Rule 7012...............................................................................6

### STATEMENT OF FACTS

Defendant Salvatore Cipriano ("Defendant") is an individual residing in the County of Wayne, State of Michigan. Plaintiff R.A.M. Produce Distributors, L.L.C. ("Plaintiff") is a Michigan limited liability company with its principal place of business located in the City of Detroit.

In 2010, Defendant was employed as President of Produce Buyers Co. Inc., a closely held corporation engaged in produce dealing. At this time, Defendant Produce Buyers Company, Inc. (hereinafter "Produce Buyers") was licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(a) et seq. ("PACA").

From about June 10, 2012 to November 12, 2010, Plaintiff sold to Defendant perishable agricultural commodities, pursuant to PACA (Exhibit A). Timely with and/or shortly after each sale and delivery of produce, Plaintiff delivered an itemized bill for said produce sold to Produce Buyers (Exhibit B). The total principal amount due Plaintiff from Produce Buyers for the produce sold during this period was $37,921.10.

Produce Buyers offered no payment to Plaintiff until May 18, 2012, when a partial payment of $3,100.00 was made. On June 20, 2012, another payment in the amount of $875.00 was made.

Subsequently around the end of June or early July of 2012, Defendant Produce Buyers ceased operations (Exhibit C).

On or about May 16, 2014, Defendant filed a voluntary petition under Chapter 13 of the Code.

On June 12, 2014, Defendant filed a Notice to Convert Case from Chapter 13 to Chapter 7.

On September 5th, 2014, Plaintiff filed suit against Defendant, alleging breach of fiduciary duty as trustee of PACA assets, and arguing that Plaintiff's debt is accordingly non-dischargeable 11 U.S.C §523 (a)(4).

### STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded, and provides for dismissal if a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may consider the complaint as

6

well as any documents referenced or attached therein or central to the claim to be part of the pleadings. *Hebshi v. United States*, 13-10253, 2014 WL 1308848 (E.D. Mich. Mar. 31, 2014).

## ANALYSIS

### I. PLAINTIFF WAS NOT ENTITLED TO TRUST PROTECTION UNDER 7 C.F.R. § 46.46(e)(3) AT THE TIME OF DEFENDANT'S ALLEGED BREACH.

Congress originally enacted PACA to "regulate the sale of perishable commodities" and promote fair dealing in the sale of produce. *Bocchi Americas Associates Inc v. Commerce Fresh Mktg. Inc.*, 515 F.3d 383, 387 (5th Cir. 2008). In 1984, Congress amended PACA to strengthen the rights of sellers of perishable commodities on short-term credit. *Bocchi Americas Associates Inc.,* 515 F.3d 383. Under the new amendment, PACA would immediately upon delivery of the produce create a non-segregated trust in favor of unpaid sellers, and subsequently impose liability on persons in a position to control the trust assets (in the event of a failure to do so). *Id.* This was intended to apply only to produce sold on a short-term credit basis, "in accordance with the statute's 'full payment promptly' provision." *Id.* Pursuant to said provision, sellers that supply produce dealer with perishable agricultural commodities on credit terms extending over periods of longer than 30 days are not entitled to trust protection under the Perishable Agricultural Commodities Act (PACA). *Am. Banana Co. v. Republic Nat. Bank of New York, N.A.,* 362 F.3d 33 (2d Cir. 2004) (citing Perishable Agricultural Commodities Act, 1930, § 1 et seq., 7 U.S.C.A. § 499a et seq.; 7 C.F.R. §§ 46.2(aa), 46.46(e)).

In the case of *La Grasso Bros. v. American Foodservice, LLC,* the Court noted that PACA and related federal regulations "expressly lay out the steps that a produce seller must take to come within PACA's protection." *La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.*, CIV. 10-10711, 2011 WL 891221 (E.D. Mich. Mar. 11, 2011), (quoting *Overton Distributors, Inc. v. Heritage Bank,* 340 F.3d 361, 365 (6th Cir.2003), (citing 7 *U.S.C.* § 499e(c)(3) and (4); 7 *C.F.R.* §§ 46.2(aa) and 46.46(e)). The court held that if the parties to a transaction protected by PACA agreed to payment terms greater than ten days, they "must reduce their agreement to writing *before* entering into the transaction and maintain a copy of the agreement in their records." *La Grasso Bros. Inc. v. Am. Foodservice, L.L.C.*, CIV. 10-10711, 2011 WL 891221 (E.D. Mich. Mar. 11, 2011)(quoting 7 C.F.R. § 46.2(aa)(11)). The Court added that the maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the PACA trust is thirty (30) days after accept and acceptance, as the relevant statute was intended only to protect produce sellers making short-term credit arrangements *Id.*

In the case of *American Banana Co., Inc. v. Republic Nat. Bank of New York, N.A.,* the Court found that when produce sellers licensed under PACA entered into a post-default agreement with buyers that extended the payment beyond the thirty-day maximum, said sellers are not entitled to PACA trust protection. *Am. Banana Co. v. Republic Nat. Bank of New York, N.A.*, 362 F.3d 33, 43 (2d Cir. 2004). Sellers in that case argued that in order to waive PACA trust protection, sellers must enter into a written agreement, as an oral agreement for an extension of payment or a course of dealing allowing for more than 30 days for payment should not abrogate a PACA

8

trust. *Id.* The Court neglected to adopt this argument, finding that nothing in the text of PACA or in its regulations required such an agreement to be reduced to writing, and subsequently held that an oral agreement for an extension of payment is sufficient to abrogate a seller's entitlement to trust benefits under PACA. *Id.*

Under principles of the UCC, and absent any express terms provided by the Plaintiff in this case, an agreement to extend payment beyond the thirty-day maximum may be implied from this course of agreement (UCC 1-201(3); UCC 1-303(a)).

In the case at hand, Plaintiff entered into an agreement with Defendant extending payment beyond the thirty-day maximum. Said agreement is evidenced by the invoice attached, indicated that in course of dealing Plaintiff continued to engage in business with Produce Buyers even though Produce Buyers regularly neglected to pay the full amount owed to Plaintiff within the thirty-day maximum. Such a pattern in performance arguably constitute course of performance under principles of the UCC, which states if a contract "involves repeated occasions for performance by either party, and the other party knows of the nature of the performance and has an opportunity to object to such performance, any course of performance accepted or acquiesced to without objection is relevant to the meaning of the agreement." [UCC § 2-208(1)].

On April 13, 2011, the USDA amended the PACA statute. Said amendment, 7 C.F.R. § 46.46(e)(3), as effected allows that a produce seller who has correctly

9

established their PACA trust rights at or before making a sale will not be deemed later to have forfeited their rights to hold produce buyers liable under the trust by agreeing in any matter to a schedule for payment of the past due amount or by accepting a partial payment. *Imp. Fresh Direct, LLC v. Premier Trading, LLC*, No. 14-CV-0877-WJM-MJW, 2014 WL 1631000 (D. Colo. Apr. 23, 2014).

However, the events in the relevant transactions occurred mainly in 2010, well before the amendment to the federal regulations. At the time of the relevant transactions, Plaintiff had already waived his right to trust benefits under PACA, and Defendant therefore cannot properly said to be held liable for breach of fiduciary trust under same. Further, Defendant's partial payments made in 2012 do not effectuate retroactive application of the amendment to statute, as Plaintiff had not previously established PACA trust rights as required. *Id.*

## II. THE PLAINTIFF'S DISCHARGE ACTION IS BARRED DUE TO PLAINTIFF'S FAILURE TO ASSERT VIABLE CLAIM AGAINST DEFENDANT

Plaintiff alleges that Defendant, as a managing officer of Producer Buyers owed R.A.M. Produce Distributors, L.L.C. a fiduciary duty as trustee of the PACA assets, and in breaching said duty renders himself personally liable for payment from the trust of the monies due and owing to Plaintiff. (Exhibit A). Plaintiff notes that trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors, and argues that their claim against Defendant is therefore non-dischargeable pursuant to 11 U.S.C §523 (a)(4).

10

The provisions in 11 U.S.C §523 (a) do not create a new liability from the debtor to a creditor. They merely determine whether an existing liability—determined by non-bankruptcy law—is a dischargeable one. *In re Eisaman*, 387 B.R. 219, 224 (Bankr. N.D. Ind. 2008). Following such reasoning, in the case of *In re Wilder*, the court held that if a creditor's action is barred under state law, the creditor's 11 U.S.C §523 (a) action is correspondingly barred. *In re Wilder*, 178 B.R. 174 (Bankr. E.D. Mo. 1995). The court in *Wilder* determined that it was necessary to first determine whether a "debt", properly characterized as "liability on a claim" within meaning of the Bankruptcy Code, existed within the meaning of 11 U.S.C §523 before such debt may be found non-dischargeable. *In re Wilder*, 178 B.R. at 176. The Court characterized such "debt" within the meaning of the Bankruptcy Code as being a "liability on a claim", and determined that "claim" was properly defined as a "right to payment". *Id.* The Court then determined that as the plaintiff's claim in that case was time-barred by the relevant statute of limitations, an enforceable obligation against the defendant-debtor could not be said to exist. Absent an enforceable obligation, the plaintiff possessed no claim against the debtor—thus no debt could be said to exist. *Id.* at 177.

In the case at hand, as previously discussed, Plaintiff's underlying claim for breach of fiduciary duty is barred as Plaintiff had previously abrogated his rights to trust benefits under PACA. Absent said rights, Plaintiff has no standing to bring a claim for breach of fiduciary trust under same. Correspondingly, and absent an underlying charge of action, Plaintiff's claim for discharge is barred.

## CONCLUSION

Count III of Plaintiff's complaint alleging Defendant's breach of fiduciary trust under PACA is barred as Plaintiff had previously abrogated his rights under PACA, and should be summarily dismissed. Correspondingly, Count IV of Plaintiff's Complaint should be dismissed as absent an underlying cause of action, Defendant's discharge is not excepted pursuant to 11 U.S.C §523 (a)(4).

RESPECTFULLY SUBMITTED on this 1st day of October, 2014

/s/ ERIK C. STEIN
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant Sal
Cirpriano
2804 Orchard Lake Road
Suite 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

12

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                                    Case No. 14-48527-mbm

                        Debtor.                                 Chapter 7

                                                               Honorable Marci B. McIvor

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                Plaintiff,

-vs-                                                           Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                Defendants.

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

### R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S COMPLAINT
### TO ESTABLISH LIABILITY AND NON-DISCHARGEABILITY OF DEBT

Adversary Proceeding Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"),
by and through its attorneys, Williams Acosta, PLLC, states as follows for its Complaint to
Establish Liability and Non-Dischargeability of Debt against Defendant/Debtor Salvatore
Cipriano ("Defendant Cipriano") and Defendant Produce Buyers Co. ("Defendant Produce
Buyers"):

## NATURE OF THE ADVERSARY PROCEEDING

1.    Through this adversary proceeding RAM Produce respectfully requests entry of a joint and several money judgment against Defendant Cipriano and Defendant Produce Buyers in the principal amount of $33,946.10 based on the failure of Defendant Produce Buyers to pay for perishable agricultural commodities sold by RAM Produce and because Defendant Cipriano is personally liable for the debt based on the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a et seq. ("PACA"). RAM Produce also requests that the final judgment include a declaration that the underlying debt and money judgment is nondischargeable under 11 U.S.C. §523(a)(4) because Defendants are recipients and/or custodians of trust proceeds received from sale of perishable agricultural commodities provided by RAM Produce, and Defendants failed to pay the proceeds to RAM Produce.

## JURISDICTION AND PARTIES

2.    This proceeding arises in or is related to the above-captioned case filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. ("Code").

3.    The Court has jurisdiction over this proceeding under 11 U.S.C. §523 and 28 U.S.C. §1334(b).

4.    This proceeding is a core proceeding under 11 U.S.C. §157(b)(2)(I).

5.    Kenneth Nathan was appointed Chapter 7 Trustee ("Trustee").

6.    RAM Produce is a Michigan limited liability company with its principal place of business located in the City of Detroit, County of Wayne, State of Michigan.

7.    During times relevant to the claims asserted in this proceeding, Defendant Cipriano was an individual that resided in the County of Wayne, State of Michigan, and that conducted business in the City of Detroit, County of Wayne, State of Michigan.

2

8.      Defendant Produce Buyers is a Michigan corporation with its principal place of business located in, and that conducted business at all times relevant to this proceeding in, the City of Detroit, County of Wayne, State of Michigan.

## GENERAL ALLEGATIONS

9.      RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

10.     On or about May 16, 2014, Defendant Cipriano filed a voluntary petition under Chapter 13 of the Code.

11.     On or about June 12, 2014, Defendant Cipriano filed a Notice to Convert Case from Chapter 13 to Chapter 7.

12.     RAM Produce is a supplier and seller of perishable agricultural commodities, and is also a licensee under the PACA.

13.     Defendant Produce Buyers and Defendant Cipriano, at the time of the transactions relevant to this proceeding, were licensed, or were subject to license, under the PACA as a dealer, commissioned merchant, broker, and/or retailer. 7 U.S.C. §499b.

14.     From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers with a total principal balance due of $37,921.10.

15.     Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

16.     The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

3

17.     As a result of the foregoing, Defendant Produce Buyers has an outstanding account with RAM Produce with a principal amount owed of $33,946.10 exclusive of costs, interest, and attorney fees.

18.     Upon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.

19.     Defendant Produce Buyers sold to non-parties the perishable agricultural commodities provided by RAM Produce, and Defendants received and controlled sale proceeds, but have failed to pay RAM Produce the principal amount due and owing of $33,946.10.

20.     The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust created by the PACA. 7 U.S.C. §499e(c)(2).

21.     The foregoing acts and omissions constitute a violation by Defendant Produce Buyers and Defendant Cipriano of the PACA.

22.     Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and any receivables or proceeds from the sale of those commodities, until full payment is received.   7 U.S.C. §499e(c)(2).

23.     Defendant Cipriano, as an officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce under the PACA.

24.     Defendant Cipriano used trust assets for purposes other than payment to RAM Produce, and thus committed a breach of trust under the PACA.

25.     Defendant Cipriano, as a direct result of his acts and/or omissions as stated above, is individually liable to RAM Produce for the payment of the trust proceeds.

26.     Defendant Cipriano's Chapter 7 bankruptcy filings in Schedule F (Creditors Holding Unsecured Nonpriority Claims) confirms the debt owed to RAM Produce in the principal amount of $33,946.00. (Exhibit A:  Schedule F except, sheet 5).

27.     Defendant Cipriano at the Section 341 Meeting of Creditors held on July 9, 2014, confirmed that the Bankruptcy schedules as filed are truthful and accurate, with the exception of a few amendments, not affecting the affirmation of the debt owed to RAM Produce.  (Exhibit B: §341 Mtg. Tr. pp. 4-6).

28.     Defendant Cipriano at the Section 341 Meeting of Creditors confirmed that the amount owed to RAM Produce to date was $33,946.00.  (Exhibit B:  §341 Mtg. Tr. p. 8).

29.     Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a partial payment to RAM Produce in the amount of $3,100.00 made on or about May 18, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting Creditors.  (Exhibit B:  §341 Mtg. Tr. p. 8-9).

30.     Defendant Cipriano acknowledged and reaffirmed the debt owed to RAM Produce through a second partial payment in the amount of $875.00 made on or about June 20, 2012, and confirmed the reaffirmation through the partial payment at the Section 341 Meeting of Creditors. (Exhibit B:  §341 Mtg. Tr. p. 8-9).

31.     Defendant Cipriano acknowledged and confirmed he was the only individual "in charge" of financial decisions for Defendant Produce Buyers at the Section 341 Meeting of Creditors. (Exhibit B:  §341 Mtg. Tr. pp. 10-11).

32.     Defendant Cipriano acknowledged and confirmed that Defendant Produce Buyers was licensed under the PACA, which license expired subsequent to Defendant Produce Buyers'

purchase of perishable agricultural commodities from RAM Produce. 7 U.S.C. §499b. (Exhibit B: §341 Mtg. Tr. p. 11).

COUNT I
**BREACH OF CONTRACT**
**(AGAINST DEFENDANT PRODUCE BUYERS)**

33.    RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

34.    From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce sold to Defendant Produce Buyers pursuant to RAM Produce invoices, perishable agricultural commodities, for which there remains due and owing the principal sum of $33,946.10. (Exhibit C: Bommarito Affidavit).

35.    RAM Produce fully performed its obligations under its agreements with Defendant Produce Buyers and despite numerous requests for payment, Defendant Produce Buyers failed to pay the balance due.

36.    Through the partial payments described above, Defendants reaffirmed the underlying debt at issue.

37.    Defendant Produce Buyers has failed to pay RAM Produce the principal sum of $33,946.10 owed related to the contracts, and thus breached the parties' contracts.

38.    As a direct and proximate result of the breaches of contract by Defendant Produce Buyers, RAM Produce has sustained damages in the principal amount of $33,946.10 exclusive of interest, costs, and attorney fees.

39.    Per the terms of the RAM Produce invoices that constitute the underlying contracts, RAM Produce is entitled to receive, and requests award of, interest, costs, and attorney fees.

6

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.      Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.      Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.      Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.      Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT II
## ACCOUNT STATED
## (AGAINST DEFENDANT PRODUCE BUYERS )

40.      RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

41.      From on or about June 10, 2010, to on or about November 12, 2010, RAM Produce rendered and sold to Defendant Produce Buyers on account, various perishable, agricultural commodities, pursuant to the PACA. (Exhibit C: Bommarito Affidavit ¶3).

42.      As of the date of filing of this proceeding, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 on account and on an account stated. (Exhibit C: Bommarito Affidavit ¶¶6-10).

43.      Defendant Produce Buyers has not disputed and/or objected to the account stated by RAM Produce. (Exhibit C: Bommarito Affidavit ¶14).

7

44.     Despite numerous demands for payment by RAM Produce, Defendant Produce Buyers has failed to render payment on the account stated in the principal amount of $33,946.10. (Exhibit C: Bommarito Affidavit ¶14).

45.     Based on the account stated and under applicable law, Defendant Produce Buyers owes RAM Produce the principal amount of $33,946.10 plus pre-judgment interest, costs, and attorney fees as provided by the RAM Produce invoices and/or applicable law.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in its favor and against Defendant Produce Buyers providing RAM Produce the following relief:

A.      Awarding money damages in favor of RAM Produce and against Defendant Produce Buyers in the principal amount of $33,946.10;

B.      Awarding RAM Produce pre-judgment interest, costs, and attorney fees pursuant to the underlying RAM Produce invoices and applicable law;

C.      Awarding RAM Produce post-judgment interest and reasonable costs and attorney fees as provided by law; and,

D.      Granting RAM Produce further legal and/or equitable relief as the Court deems just and proper.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

47.     Defendant Cipriano was an officer, director, and/or shareholder of Defendant Produce Buyers at all times relevant to the claims asserted in this proceeding.

8

48.     Defendant Produce Buyers is a closely held corporation and Defendant Cipriano engaged in an active and/or controlling management role for Defendant Produce Buyers.

49.     Defendant Produce Buyers and Defendant Cipriano, individually, engaged in an active role in causing dissipation of the PACA funds held in trust for RAM Produce and thereby committed breach of trust by using trust assets for purposes other than payment to RAM Produce.

50.     Defendant Cipriano owed RAM Produce a fiduciary duty as the trustee of the PACA assets, breached this duty, and is personally liable for payment of trust proceeds to RAM Produce.  See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

51.     Ordinary principles of trust law apply to a trust created under the PACA.  See *In Re Kornblum and Co.*, 81 F.3d 280, 284 (2d Cir. 1996).

52.     Defendant Produce Buyers and Defendant Cipriano were in receipt of the PACA trust proceeds and benefits to which they are not entitled, and are liable to RAM Produce in the principal amount of $33,946.10, plus recoverable costs, interest, and attorney fees under the PACA and the RAM Produce invoices.

53.     Any personal property or other forms of property or value obtained by Defendant Produce Buyers and/or Defendant Cipriano with the PACA trust monies or benefits intended for RAM Produce are held in a constructive trust for the benefit of RAM Produce.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A.     Awarding money damages in the principal amount of $33,946.10, plus pre-judgment and post-judgment interest, costs, and attorney fees;

9

B.      Compelling Defendant Produce Buyers and Defendant Cipriano to account for any and all proceeds, monies, and income of any sort received from the sale of commodities received from RAM Produce pursuant to the PACA;

C.      Awarding to RAM Produce interest, costs, and reasonable attorney fees as allowed under the PACA, the RAM Produce invoices, and relevant law; and,

D.      Granting such further legal and/or equitable relief as this Court deems just and proper.

## COUNT IV
## DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. §523(a)(4)
## (AGAINST DEFENDANT CIPRIANO)

54.     RAM Produce incorporates by reference the allegations in all preceding paragraphs as though fully restated and set forth here.

55.     The perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers and Defendant Cipriano were subject to the statutory trust authorized by the PACA. 7 U.S.C. §499e(c)(2).

56.     Under the PACA, RAM Produce retains a trust claim over the commodities sold, all inventories of food or other products derived from those commodities, and receivables or proceeds from the sale of those commodities until full payment is received. 7 U.S.C. §499e(c)(2).

57.     Defendant Produce Buyers and Defendant Cipriano are recipients or custodians of some or all of the proceeds from the sale of perishable agricultural commodities provided by RAM Produce.

58.     Defendant Produce Buyers is a closely held corporation.

10

59.     Defendant Cipriano, as a responsible officer, director, and/or shareholder of Defendant Produce Buyers, had an active and/or controlling management position, and as such, assumed a fiduciary duty to RAM Produce.

60.     Defendant Cipriano engaged in an active role in causing dissipation and/or diversion of the PACA trust funds belonging to RAM Produce and Defendants thereby committed breach of the trust by using trust assets for purposes other than payment to RAM Produce.

61.     Defendant Cipriano and Defendant Produce Buyers owed RAM Produce a fiduciary duty as trustee of the PACA assets, breached this duty, and is personally liable for payment from the trust of the monies due and owing to RAM Produce. See for e.g., *Golman-Hayden Company Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th Cir. 1997).

62.     Trust assets are exempt from the bankruptcy estate, and all trust beneficiaries must be paid in full before any such assets are distributed to secured or other creditors. *East Coast Potato Distributors v. Grant (In re Super Spud, Inc.),* 77 B.R. 930, 931-932 (Bankr. MD Fla. 1987).

63.     Pursuant to 11 U.S.C. §523(a)(4), RAM Produce's claim against Defendant Cipriano is nondischargeable.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter a final judgment in favor of RAM Produce and against Defendant Produce Buyers and Defendant Cipriano, jointly and severally, providing RAM Produce the following relief:

A.     Declaring that the debt owed to RAM Produce by Defendant Produce Buyers and Defendant Cipriano is non-dischargeable;

B.     Awarding costs, pre-judgment interest, and attorney fees pursuant to the RAM Produce invoices, the PACA, and related law;

11

   C.  Awarding (non-duplicative) costs to RAM Produce as prevailing party and judgment interest as provided by law; and,

   D.  Such further legal and/or equitable relief as the Court deems just and proper.

        Respectfully Submitted,

        WILLIAMS ACOSTA, PLLC


    By:  /s/Victor J. Torres
        Victor J. Torres (P43240)
        Attorneys for Plaintiff
        Williams Acosta, PLLC
        535 Griswold Street, Suite 1000
        Detroit, Michigan 48226-3692
        (313) 963-3873

Date: September 5, 2014

12

# EXHIBIT B



**SAM PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
KWOOD AVE.                  7201 W. FORT ST.
MI 48217                    DETROIT, MICHIGAN
200 • FAX (313) 841-9208    (313) 841-2500

Produce Buyer 7-19 201 2

60  Mexaff Mex
    C-Jwas

6480

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

*rishable Agricultural Commodities listed on this invoice are sold
o the statutory trust authorized by Section 5(c) of the Perishable
ral Commodities Act 1930 (7 U.S.C. 499e(c)). The seller of these
ties retains a trust claim over these commodities, all inventories of
ther products derived from these commodities, and any receivables or
from the sale of these commodities until full payment is received."
t is due within 10 days after the day on which the produce is accepted,
erwise specifically provided under the Perishable Agricultural
ties Act. 7 USC 499a et seq."
chaser of the commodities listed on this invoice and those liable for
under the PACA are also liable for pre-judgement interest of 7% from
fter the invoice is due and for attorney fees and costs in connection
ecting payment under this invoice."

INV. NO. 424461

CUSTOMER COPY

---

OFFICES                     7201 W. FORT ST.
340 S. OAKWOOD AVE.         DETROIT, MICHIGAN
DETROIT, MI 48217           (313) 841-2500
(313) 841-9200 • FAX (313) 841-9208

SOLD
TO          Produce Buyers 7-19 201 10
ADDRESS

X  140  the Grass  26.50
                        3710

CUSTOMER SIGNATURE
X                                TOTAL ➤

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold
subject to the statutory trust authorized by Section 5(c) of the Perishable
Agricultural Commodities Act. 1930 (7 U.S.C. 499e(c)). The seller of these
commodities retains a trust claim over these commodities, all inventories of
food or other products derived from these commodities, and any receivables or
proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted,
or as otherwise specifically provided under the Perishable Agricultural
Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for
payment under the PACA are also liable for pre-judgement interest of 7% from
the day after the invoice is due and for attorney fees and costs in connection
with collecting payment under this invoice."

INV. NO. 423925

CUSTOMER COPY



JAM PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

CUSTOMER SIGNATURE

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

TOTAL

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of..."

















# EXHIBIT C

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   No.

2   Q.   -- for Produce Buyers; correct?

3   A.   No.

4   Q.   Do you currently have a PACA license?

5   A.   Not any longer.  It would be expired.

6   Q.   Okay.  Did you have individually a PACA license of any

7   type at any time?

8   A.   Only in Produce Buyers (indiscernible).

9   Q.   (Interrupting.)  Okay.  Produce Buyers did.

10  A.   Yes.

11  Q.   And you're indicating either that was -- what's the

12  status of that license that Produce Buyers had, the PACA

13  license?

14  A.   It's expired.

15  Q.   It's expired?

16  A.   Oh, yes.

17  Q.   Do you recall when?

18  A.   In 2012 when I couldn't pay it.

19  Q.   Okay.  When did Produce Buyers cease business operations?

20  A.   Right around June, end of June, July of 2012, through

21  that.

22  Q.   And -- and the physical location of the business?

23  A.   It was Office 93, 7201 West Fort Street, 48219.

24  Q.   Okay.  I see that you have both Produce Buyers and then

25  another company, a Canadian company --

11

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                        Case # 14-48527-MBM

   **SALVATORE CIPRIANO**                    Chapter 7

Debtor.                                       HON. MARCI B. MCIVOR
_____/

R.A.M. Produce Distributors, LLC

     Plaintiff,

v.                                            ADVERSARY PROCEEDING
                                              No. 14-04957
SALVATORE CIPRIANO a/k/a SAL
CIPRIANO, et. al.

     Defendants.
_____/

### <u>CERTIFICATE OF SERVICE</u>

I, Tracey Berry, hereby certify that on October 8, 2014, I served a copy of Defendant's Motion to Dismiss and Brief in Support of his Motion to Dismiss, Exhibits, and Proof of Service via first class mail, by placing said documents in the U.S. Post office receptacle with appropriate postage addresses to:

Victor J. Torres
Williams Acosta, PLLC
Attorneys for Plaintiff
535 Griswold Street, Suite 1000
Detroit MI 48226

Kenneth Nathan – Chapter 7 Trustee
Nathan Law PLC
29100 Northwestern Highway
Suite 310
Southfield, MI 48034

I declare under penalty that the above statements are true to the best of my knowledge, information, and belief. _Tracey La Berry_

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,                          Case No. 14-48527-mbm

         Debtor.                                    Chapter 7

                                                    Honorable Marci B. Mclvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

             Plaintiff,

v.                                                  Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
             Defendant.

---

Victor J. Torres (P43240)                   Erik C. Stein (P72172)
Williams Acosta, PLLC                       Linnell & Associates, PLLC
Attorneys for R.A.M. Produce Distributors, LLC   2804 Orchard Lake Road
Detroit, MI 48226                           Suite 203
                                            Keego Harbor, MI 48320
                                            (248) 977-4182
                                            estein@linnellfirm.com

---

Defendant Sal Cipriano states for his Answer to the Class Action Complaint

(hereinafter "COMPLAINT") of R.A.M. Produce Distributors, L.L.C. (hereinafter "RAM") on

file herein as follows:

<u>ANSWER</u>

NATURE OF THE ADVERSARY PROCEEDING

1.      No response necessary.

<u>JURISDICTION AND PARTIES</u>

2.      No response necessary.

3.      No response necessary.

4.      No response necessary.

5.      Defendant admits the allegation contained in paragraph 5.

6.      Defendant admits the allegation contained in paragraph 6.

7.      Defendant admits the allegation contained in paragraph 7.

8.      Defendant admits the allegation contained in paragraph 8.

<u>GENERAL ALLEGATIONS</u>

9.      No response necessary.

10.     Defendant admits the allegation contained in paragraph 10.

11.     Defendant admits the allegation contained in paragraph 11.

12.     Defendant admits the allegation contained in paragraph 12.

13.     Defendant admits the allegation contained in paragraph 13.

14.     Defendant admits the allegation contained in paragraph 14.

15.     Defendant admits the allegation contained in paragraph 15.

16.     Defendant admits the allegation contained in paragraph 16.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the allegation contained in paragraph 18.

19.     Defendant admits the allegation contained in paragraph 19.

20.    Defendant admits the allegation contained in paragraph 20.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint
for the reason that it is untrue. Under the PACA, sellers that supply produce
dealer with perishable agricultural commodities on credit terms extending
over periods of longer than 30 days are not entitled to trust protection.

23.    Defendant admits the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint
for the reason that it is untrue. Plaintiff was not entitled to trust protection
under PACA at the time of the alleged breach of trust.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.
Plaintiff was not entitled to trust protection under PACA at the time of the
alleged breach of trust.

26.    Defendant denies the specific allegation contained in paragraph 26 alleging
breach of trust as a PACA drust did not exist with respect to the transaction
alleged by Plaintiff.

27.    Defendant admits the allegation contained in paragraph 27.

28.    Defendant admits the allegation contained in paragraph 28.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint
for the reason that it is untrue.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint
for the reason that it is untrue.

31.    Defendant admits the allegation contained in paragraph 31.

32.     Defendant admits the allegation contained in paragraph 32.

## COUNT I
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PRODUCE BUYERS)

33.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 33 as a non-party to the claim.

34.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 34 as a non-party to the claim.

35.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 35 as a non-party to the claim.

36.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 36 as a non-party to the count.

37.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 37 as a non-party to the claim.

38.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 38 as a non-party to the claim.

39.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 39 as a non-party to the claim.

## COUNT II
## ACCOUNT STATED
## AGAINST DEFENDANT PRODUCE BUYERS

40.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 40 as a non-party to the claim.

41.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 41 as a non-party to the claim.

42.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 42 as a non-party to the claim.

43.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 43 as a non-party to the claim.

44.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 44 as a non-party to the claim.

45.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 45 as a non-party to the claim.

46.     Defendant Cipriano neither admits nor denies the allegations contained in paragraph 46 as a non-party to the claim.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.     No response necessary.

47.     Defendant admits the allegation contained in paragraph 47.

48.     Defendant admits the allegation contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint for the reason that it is untrue.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint for the reason that it is untrue.

51.     Defendant neither admits nor denies the allegations in paragraph 51 and leaves Plaintiff to its proofs.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint for the reason that it is untrue.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint for the reason that it is untrue.

## COUNT V
## DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. 523(A)(4)
## (AGAINST DEFENDANT CIPRIANO)

54.     No response necessary.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint for the reason that it is untrue. Agreement between Plaintiff and Defendant on credit terms extended over a period of more than 30 days, voiding seller's trust protection.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint for the reason that it is untrue.

57.     Defendant admits the allegation contained in paragraph 57.

58.     Defendant admits the allegation contained in paragraph 58.

59.     Defendant denies the allegations contained in paragraph 59 as it is untrue.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint for the reason that it is untrue.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint for the reason that it is untrue.

62.     Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint as it is untrue.

## AFFIRMATIVE DEFENSES

As for the affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

### THE FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a claim)

Each of the purported causes of action set forth in the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. Defendants have filed a Motion to Dismiss prior with his Answer.

### THE SECOND AFFIRMATIVE DEFENSE

#### (Waiver)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of waiver. Specifically, Plaintiff waived rights to trust benefits under PACA when entering into an agreement with Plaintiff to extend payments beyond the thirty-day maximum.

### THE THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

### THE FOURTH AFFIRMATIVE DEFENSE

(Laches)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches.

## THE FIFTH AFFIRMATIVE DEFENSE

(Failure to mitigate damages)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's failure to mitigate damages.

## THE SIXTH AFFIRMATIVE DEFENSE

(Consent)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's consent.

## THE SEVENTH AFFIRMATIVE DEFENSE

Defendant has not yet completed their investigation and discovery regarding the allegations and claims set forth and asserted by Plaintiffs. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendant Salvatore Cipriano prays for judgment against the Plaintiff as follows:

(1) Deny Plaintiff any relief against Salvatore Cipriano, whether declaratory, injunctive, monetary or otherwise;

(2) For the costs of suit incurred herein, including reasonable attorney's fees; and

(3) Any other relief that this Court deems just and equitable.


DATED: October 8, 2014

/s/ Erik C. Stein
LINNELL & ASSOCIATES, PLLC
By: Erik C. Stein (P72172)
Attorneys for Defendant Salvatore
Cipriano
2808 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
(248) 977-4182
estein@linnellfirm.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                         Case # 14-48527-MBM

    **SALVATORE CIPRIANO**                    Chapter 7

Debtor.                                        HON. MARCI B. MCIVOR

_____/

R.A.M. Produce Distributors, LLC

    Plaintiff,

v.                                             ADVERSARY PROCEEDING
                                               No. 14-04957
SALVATORE CIPRIANO a/k/a SAL
CIPRIANO, et. al.

    Defendants.

_____/

### CERTIFICATE OF SERVICE

I, Tracey Berry, hereby certify that on October 8, 2014, I served a copy of Defendant's Answer to Plaintiff's Complaint, and Proof of Service via first class mail, by placing said documents in the U.S. Post office receptacle with appropriate postage addresses to:

Victor J. Torres
Williams Acosta, PLLC
Attorneys for Plaintiff
535 Griswold Street, Suite 1000
Detroit MI 48226

Kenneth Nathan – Chapter 7 Trustee
Nathan Law PLC
29100 Northwestern Highway
Suite 310
Southfield, MI 48034

I declare under penalty that the above statements are true to the best of my knowledge, information, and belief. _Tracey Berry_

Form defaultAP

# UNITED STATES BANKRUPTCY COURT
Eastern District of Michigan

211 West Fort Street
Detroit, MI 48226

In Re:  Salvatore Cipriano
Debtor

Case No.: 14–48527–mbm
Chapter 7
Judge: Marci B McIvor

R.A.M. Produce Distributors, L.L.C.
Plaintiff

Adv. Proc. No. 14–04957–mbm

v.

Salvatore Cipriano et al.
Defendant

## DEFAULT ENTRY BY CLERK

It appears from the records in the above–entitled proceeding that a summons has been served upon the defendant named below and that the defendant has failed to timely plead or otherwise defend in said proceeding as directed in said summons and as provided in the Federal Rules of Bankruptcy Procedure.

Now, therefore, pursuant to Fed. R. Bankr. P. 7055 the **DEFAULT** of the following is hereby entered.

### Produce Buyers Co.

**The plaintiff shall file an application for default judgment, pursuant to L.B.R. 7055–1 within 14 days from the entry of this default. Applications for default judgment shall be accompanied by the affidavit required under the Servicemember's Civil Relief Act of 2003.**

**If the plaintiff fails to file the application for default judgment *within 14–days* from the entry of this default, the complaint may be dismissed without a hearing.**

Dated: 10/15/14

/s/ Katherine B. Gullo
Katherine B. Gullo , Clerk of Court
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re:  Salvatore Cipriano, | Case No. 14-48527-mbm |
| Debtor. | Chapter 7 |
| | Honorable Marci B. McIvor |

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

        Plaintiff,

-vs-                                         Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

        Defendants.

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI  48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

### PLAINTIFF R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S RESPONSE TO SALVATORE CIPRIANO'S MOTION TO DISMISS CLAIMS UNDER F.R.C.P. 12(b)(6)

      Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), by and through its

attorneys, Williams Acosta, PLLC, responds to Salvatore Cipirano's ("Defendant Cipriano")

Motion to Dismiss Claims Under F.R.C.P. 12(b)(6) ("Motion to Dismiss")[1] as follows:

      1.     RAM Produce filed this adversary proceeding against Defendants to obtain a

money judgment in the principal amount of $33,946.10 against Defendant Produce Buyers based

_____

[1] The Motion to Dismiss was filed on behalf of Defendant Cipriano only.  On October 15, 2014, the Court Clerk entered default against Defendant Produce Buyers Co. ("Defendant Produce Buyers") for failure to respond to the Complaint.  Defendant Cipriano and Defendant Produce Buyers are collectively referred to as "Defendants".

on claims of breach of contract and account stated, and a money judgment against both Defendants, jointly and severally, based on claims asserted under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. 499a *et seq.*, as amended ("PACA").

2.      Through this adversary proceeding RAM Produce also seeks entry of a judgment providing that the debt (and any related judgment) owed to RAM Produce by Defendant Cipriano is non-dischargeable under 11 U.S.C. § 523(a)(4) based on violation of the PACA statutory trust by Defendant Cipriano.

3.      The underlying principal debt in the amount of $33,946.10 is based on sale of produce by RAM Produce to Defendant Produce Buyers which is unpaid.  (Exhibit C of Brief: Bommarito Affidavit).

4.      Defendant Cipriano was in charge of Defendant Produce Buyers and made financial decisions for Defendant Produce Buyers.  (Exhibit A of Brief: § 341 Tr. pp. 10-11, 15).

5.      During the § 341 hearing, Defendant Cipriano admitted that the principal debt owed to RAM Produce is $33,946.00 and that Defendants acknowledged the debt by making partial payments in May and June 2012.  (Exhibit A of Brief: § 341 Tr. pp. 8-9).

6.      In the pending Motion to Dismiss, Defendant Cipriano argues that RAM Produce is not entitled to PACA protections because through a "course of dealing", RAM Produce accepted partial payments and continued to do business with Defendant Produce Buyers even though Defendant Produce Buyers regularly neglected to pay the full amount owed to RAM Produce within the PACA 30 day maximum payment term and that RAM Produce thereby lacks "standing" to assert a claim for breach of trust based on PACA trust rights.

7.      For the following reasons, Defendant Cipriano's Motion to Dismiss should be denied:

A.     RAM Produce has asserted a valid PACA claim against Defendant Cipriano:  (1) RAM Produce preserved PACA trust benefits by providing written notice on its invoices that the perishable agricultural commodities sold were subject to the PACA statutory trust, 7 U.S.C. § 499e(c)(2); (2) Defendant Cipriano held perishable agricultural commodities furnished by RAM Produce and proceeds from sale in a statutory (PACA) trust, 7 U.S.C. § 499e(c)(2); and, (3) Defendant Cipriano failed to preserve the PACA trust and/or trust assets by failing to pay sale proceeds to RAM Produce and is therefore, personally liable.  *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F3d 348, 351 (5th Cir. 1977).

B.     Defendant Cipriano's "course of dealing" and related "lack of standing" arguments fail for three independent reasons in addition to the other reasons cited in the subparts of this paragraph 6 and in RAM Produce's Brief in Support:  (1) RAM Produce's use of the default 10 day payment term set forth in 7 C.F.R. § 46.2(aa)(5) is all that is required to preserve PACA trust benefits (*Overton Distributors, Inc. v. Heritage Bank*, 340 F.3d 361, 365 (6th Cir. 2003)); (2) courts have considered and rejected the argument that acceptance of partial payments or payments beyond the 30 day maximum provided under the PACA results in forfeiture of a PACA claim (*In Re:  Lombardo Fruit & Produce Company*, 12 F.3d 806, 809-810 (8th Cir. 1993)); and, (3) under 7 C.F.R. § 46.46(e)(3) which was effective April 13, 2011, a seller of produce who has expressly met the PACA trust preservation requirements does not forfeit eligibility under the trust by accepting a partial payment and this section applies in this proceeding as partial payments on the balance owed were made in May and June of 2012.

C.     The PACA liability of Defendant Cipriano is not dischargeable in bankruptcy.  Controlling authority on the subject from bankruptcy courts and general jurisdiction courts acknowledge that under the PACA a produce buyer's unpaid obligation

3

becomes a <u>trust</u> obligation prior to and superior to any lien or security interest in inventory held by a secured lender.[2]  See for e.g., *In Re Prange Foods Corp*, 63 B.R. 211, 214 (Bankr. W.D. Mich. 1986).  As a result, a debtor's PACA liability is not dischargeable in bankruptcy.  See for e.g., *In Re Masdea,* 307 B.R. 466, 473-474 (W.D. Penn. 2004).  (A trust arising under the PACA is the type required for § 523(a)(4) of the Bankruptcy Code to be operative).  *Tom Lange Company v. Stout,* 123 B.R. 412, 415 (W.D. Okla. 1990).  (The trust created by the PACA satisfies the fiduciary capacity requirement as defined by §523(a)(4) and the defendant's failure to pay the produce proceeds is defalcation which is excepted from discharge).

        D.     At the § 341 hearing, Defendant Cipriano admitted that he was in sole control of the financial decisions of Defendant Produce Buyers including, but not limited to, how proceeds received from sale of produce furnished by RAM Produce were spent.  Defendant Cipriano also admitted defalcation under the PACA statutory trust by virtue of Defendant Cipriano's control over the proceeds of sales of the commodities provided by RAM Produce and use of those proceeds to pay general business expenses of Defendant Produce Buyers instead of paying RAM Produce.  (Exhibit A of Brief:  § 341 Tr. pp. 9-11, 15-16).

    8.    In this case Defendant Cipriano has admitted breach of the PACA trust and PACA liability is not dischargeable in bankruptcy.

    9.    For the reasons outlined above and detailed in RAM Produce's Brief in Support and exhibits and upon which RAM Produce further relies, Defendant Cipriano's Motion to Dismiss should be denied.

---

[2] In addition to supporting the principle that a PACA trust is the type of trust which is non-dischargeable under 11 U.S.C. § 523(a)(4), the fact that PACA trust assets are exempt from a bankruptcy estate further supports the conclusion that liability for breach of a PACA trust is non-dischargeable in bankruptcy.  See for e.g., *C.H. Robinson Co v. Trust Company Bank, N.A.,* 952 F.2d 1311, 1315 fn. 3 (11th Cir. 1992).

WHEREFORE, RAM Produce respectfully requests that this Honorable Court deny Defendant Cipriano's Motion to Dismiss and enter an order providing RAM Produce the following relief:

A.      Denying, with prejudice, Defendant Cipriano's Motion to Dismiss;

B.      Providing RAM Produce the relief identified in the Complaint including a money judgment against Defendants and pre-judgment interest (7% per the invoices);

C.      Adjudicating that the debt owed to RAM Produce by Defendant Cipriano is non-dischargeable in bankruptcy;

D.      Awarding RAM Produce attorney fees and costs related to response to the Motion to Dismiss based on the content of the RAM Produce invoices and relevant PACA law, and/or pursuant to F.R.C.P. 11; and,

E.      Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC


By:      _____/s/Victor J. Torres_____
          Victor J. Torres (P43240)
          Attorneys for Plaintiff RAM Produce
          Distributors, L.L.C.
          535 Griswold Street, Suite 1000
          Detroit, Michigan 48226-3692
Date:  October 22, 2014          (313) 963-3873

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                                    Case No. 14-48527-mbm

                    Debtor.                                     Chapter 7

                                                               Honorable Marci B. McIvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                    Plaintiff,

-vs-                                                           Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                    Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI  48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

**BRIEF IN SUPPORT OF PLAINTIFF R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S
RESPONSE TO DEFENDANT CIPRIANO'S MOTION TO DISMISS
<u>CLAIMS UNDER F.R.C.P. 12(b)(6)</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................... iv, v

ISSUES PRESENTED ............................................................................ vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF
SOUGHT ............................................................................................... vii

STATEMENT OF FACTS ....................................................................... 1

ARGUMENT ........................................................................................... 5

A.   RAM Produce Asserted a Viable PACA Claim Against Defendant Cipriano ....... 5

   1.   RAM Produce preserved PACA trust benefits by providing written notice
        on all of its invoices that the perishable agricultural commodities were sold
        subject to the PACA statutory trust  ................................................ 5

   2.   Defendant Cipriano held perishable agricultural commodities in statutory
        trust under the PACA for the benefit of RAM Produce .................................. 6

   3.   Defendant Cipriano is personally liable to RAM Produce for failing to
        preserve the PACA Trust ................................................................. 7

B.   For Three Independent Reasons Defendant Cipriano's "Course of Dealing" and
     Related "Lack of Standing" Arguments Fail Based on Established Facts and
     Application of Applicable Law ............................................................... 9

   1.   RAM Produce used the default 10 day payment terms set forth in the
        PACA, 7 C.F.R. § 46.2(aa)(5) ......................................................... 10

   2.   Reviewing courts have consistently rejected the argument that acceptance
        of partial payments or payments beyond 30 days when due results in
        forfeiture of a PACA claim ............................................................ 10

   3.   Effective April 13, 2011, 7 C.F.R. § 46.46(e)(3) was amended (and now
        provides by regulation a conclusion consistent with prior case law) expressly
        to provide that a PACA claimant does not forfeit the PACA trust by accepting
        partial payments and this amendment applies in this proceeding as partial
        payments were made to RAM Produce in May and June of 2012 ................. 12

C.   The PACA Trust Meets The Trust Requirements Of 11 U.S.C. §523(a)(4) and
     Therefore, PACA Liability is Non-Dischargeable. ...................................... 14

ii

STANDARD OF REVIEW AND RELIEF REQUESTED ............................................. 17

# INDEX OF AUTHORITIES

Cases

*Baugh v. Matheson (In re Matheson)*,
    10 B.R. 652 (Bankr. S.D. Ala. 1981)................................................................. 16
*Bennett v. James*,
    737 F Supp. 2d 219 (S.D. New York 2010)...................................................... 18
*Blair Meriam Fresh Fruit & Produce Co. v. Clark*,
    95 B.R. 774 (Bankr. D. Colo. 1989)................................................................. 16
*Capital Indem Corp v. Interstate Agency (In re Interstate Agency)*,
    760 F.2d 121 (6th Cir. 1985)............................................................................ 15
*Carlisle Cashway v. Johnson (In re Johnson)*,
    691 F.2d 249 (6th Cir. 1982)............................................................................ 15
*Collins Bros. Corp. v. Nix (In re Nix)*,
    1992 WL 119143 (M.D. Ga. April 10, 1992) .................................................. 15
*Consumers Produce Co v. Masdea (In re Masdea)*,
    307  B.R. 466 (Bankr. W.D. Penn. 2004) ....................................................... 14
*Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*,
    217 F.3d 348 (5th Cir. 1977)..................................................................... vii, 8
*Grand Opera Co. v. Twentieth Century Fox Film Corp.*,
    235 F.2d 303 (7th Cir. 1956)............................................................................ 17
*Gullo Produce Co., Inc. v. A.C. Jordan Produce Co, Inc.*,
    175 F. Supp. 64 (W.D. Penn. 1990) ................................................................. 16
*Hiller Cranberry Products, Inc. v. Koplovsky*,
    106 F. Supp. 2d 146 (D. Mass. 2000)............................................................ 8, 9
*Ibarra v. United States*,
    120 F.3d 472 (4th Cir. 1997)............................................................................ 17
*In Re Fresh Approach, Inc.*,
    51 B.R. 412 (N.D. Texas 1985)........................................................................ 16
*In Re Gotham Provision Co.*,
    669 F.2d 1000 (5th Cir. 1980)......................................................................... 11
*In Re  Lombardo Fruit and Produce Company*,
    12 F.3d 806 (8th Cir. 1993)...............................................................vii, 11, 12, 13
*In Re Prange Foods Corp*,
    63 B.R. 211 (Bankr. W.D. Mich. 1986) .......................................................... 14
*In Re Masdea*,
    307 B.R. 466 (Bankr. W.D. Penn. 2004) ...................................................... 8, 14
*In Re Ozcelik*,
    267 B.R. 485 (2001) .......................................................................................... 8
*In Re W. L. Bradley Co.*,
    75 B.R. 505 (Bankr. E.D. Penn. 1987) ............................................................ 16
*Labram v. Havel*,
    43 F.3d 918 (4th Cir. 1995)............................................................................. 17
*LaGrasso Brothers, Inc. v. American Foodservice, LLC*,
    2011 WL 891221 (E.D. Mich.) ....................................................................... 12

iv

*Levenstein v. Salafsky,*
    164 F.3d 345 (7th Cir. 1998)................................................................. 17
*National Bonding & Accident Ins. Co. v. Petersen (In re Petersen),*
    51 B.R. 486 (Bankr. D. Kan. 1985)....................................................... 16
*Nuchief Sales, Inc. v. Harper,*
    150 B.R. 416 (Bankr. E.D. Tenn. 1993) ....................................... vii, 15
*Overton Distributors, Inc. v. Heritage Bank,*
    340 F.3d 361 (6th Cir. 2003)................................................................. 10
*Prudential Bache Securities Inc. v. Sawyer (In re Sawyer),*
    112 B.R. 386 (D. Colo. 1990) ............................................................... 15
*Schilling v. Swick,*
    868 F. Supp. 904 (W.D. Mich. 1994) ................................................. 17
*Six L's Packing Company, Inc. v. Beale,*
    524 Fed. Appx. 148 (6th Cir. 2013) ................................................... 12
*Spell,*
    650 F.2d 375 (2nd Cir. 1981)................................................................ 13
*Stowe Potato Sales Inc. v. Terry's Inc.,*
    24 B.R. 329 (W.D. Va. 1998) ......................................................... vii, 6
*Subich v. Verrone (In re Verrone),*
    277 B.R. 66 (Bankr. W.D. Penn. 2002) ............................................. 14
*Tom Lange Company v. Stout,*
    123 B.R. 412 (W.D. Okla. 1990)................................................ vii, 15, 16
*Travelers Express Co. v. Niven (In re Niven),*
    32 B.R. 354 (Bankr. W.D. Okla. 1983) .............................................. 16

## Rules, Statutes, and Regulations

F.R.C.P. 12(b)(6) ...............................................................................5, 17, 18
F.R.C.P. 12(d) .............................................................................................. 17
M.C.L. 440.1101 .......................................................................................... 10
7 U.S.C. § 499a...................................................................................1, 4, 10
7 U.S.C. § 499e(c) ...............................................................................4, 6, 14
7 U.S.C. §499e(c)(2) ...................................................................4, 7, 8, 16
7 U.S.C. §499e(c)(3) ..................................................................................... 6
7 U.S.C. §499e(c)(4) ................................................................................. 6, 7
7 C.F.R. § 46.2(aa)(5) ................................................................................. 10
7 C.F.R. § 46.46(a)(3) ................................................................................. 13
7 C.F.R. § 46.46(e)(2) .............................................................................9, 10
7 C.F.R. § 46.46(e)(3) ................................................................................. 13
7 C.F.R. § 46.46(f) ..................................................................................... 6, 7
7 C.F.R. § 46.46(f)(3) ................................................................................... 6
11 U.S.C. §523(a)(4) ...................................... vi, vii. 5. 8, 14, 15, 16, 17, 18

## ISSUES PRESENTED

I.     Did RAM Produce assert a viable PACA claim against Defendant Cipriano?

       RAM Produce Answers:              Yes
       Defendant Cipriano Answers:       No

II.    Based on the express terms on all RAM Produce invoices and given applicable case
       law, did RAM Produce assert a viable PACA claim against Defendant Cipriano
       despite Defendant Cipriano's argument that a PACA claim was not preserved because
       of a "course of dealing" under which RAM Produce accepted partial payments and
       late payments from Defendants?

       RAM Produce Answers:              Yes
       Defendant Cipriano Answers:       No

III.   Did RAM Produce assert a viable claim for breach of trust under 11 U.S.C. 523(a)(4)
       so that the underlying debt owed to RAM Produce and any related judgment can be
       properly declared non-dischargeable?

       RAM Produce Answers:              Yes
       Defendant Cipriano Answers:       No

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT

I.    Personal liability of Defendant Cipriano attaches for violation of the PACA based on Defendant Cipriano's admissions. *Stowe Potato Sales, Inc. v. Terry's, Inc.*, 224 B.R. 329 (W.D. Va. 1998). *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.* 217 F.3d 348 (5th Cir. 1977).

II.   Based on the express terms of the RAM Produce invoices, the PACA, and applicable case law, RAM Produce did not forfeit entitlement to the PACA trust through a "course of dealing" by accepting late payments or payments beyond the 30 day maximum provided under the PACA. *In Re Lombardo Fruit and Produce Company*, 12 F.3d 806 (8th Cir. 1993).

III.  RAM Produce asserted a viable claim against Defendant Cipriano for non-dischargeability of the underlying debt and any related judgment in favor of RAM Produce because Defendant Cipriano controlled assets of a PACA trust but failed to preserve them thereby violating 11 U.S.C. 523(a)(4). *Nuchief Sales, Inc. v. Harper,* 150 B.R. 416 (Bankr. E.D. Tenn. 1993). *Tom Lange Co. v. Stout,* 123 B.R. 412 (B.R. E.D. Okla. 1990).

## STATEMENT OF FACTS

Plaintiff R.A.M. Produce Distributors, L.L.C. ("RAM Produce") is and was at all times relevant to this proceeding a supplier/dealer of perishable agricultural commodities, and a licensee under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"). Defendant Salvatore Cipriano ("Defendant Cipriano") was the sole owner and operator of Defendant Produce Buyers Co. ("Defendant Produce Buyers") during the times that the relevant sales of produce and partial payments occurred (from June 2010 through June 2012). (Exhibit A: § 341 Tr. pp. 10-12; Exhibit B: Schedule B – Personal Property p. 2). Defendant Produce Buyers was licensed under the PACA at all times relevant to this proceeding. (Exhibit A: § 341 Tr. p. 11). Defendant Cipriano controlled all financial decisions of Defendant Produce Buyers. (Exhibit A: § 341 Tr. pp. 10-11, 15-16).

The disposition of proceeds obtained by Defendants through sale of perishable agricultural commodities sold by RAM Produce to Defendant Produce Buyers was also controlled by Defendant Cipriano. (Exhibit A: § 341 Tr. p. 10, 15-16). At the § 341 hearing, Defendant Cipriano testified, in part, as follows with regard to financial control and decision-making for Defendant Produce Buyers:

> Q.   You were in charge of Produce Buyers?
>
> A.   Right.
>
> Q.   You decided how the money would be spent once it was received; correct?
>
> A.   Yes.
>
> Q.   There was no one else that was in charge --
>
> A.   No.
>
> Q.   -- for Produce Buyers; correct?

1

A.      No.
(Exhibit A:  § 341 Tr. pp. 10-11).

From on or about June 10, 2010, through on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers, in the total principal amount of $37,921.10.  (Exhibit C:  Bommarito Affidavit ¶¶3, 11; and Exhibit C-1:  RAM Produce Customer Ledger).  Defendant Produce Buyers failed to pay RAM Produce, in full, for the produce sold.  (Exhibit C:  Bommarito Affidavit ¶¶16-20).  Defendant Produce Buyers made a partial payment to RAM Produce on or about May 18, 2012, in the amount of $3,100.00 and made a second partial payment on or about June 20, 2012, in the amount of $875.00; therefore, the principal balance due and owing to RAM Produce is $33,946.10.  (Exhibit C:  Bommarito Affidavit ¶¶11-14).

At the § 341 hearing, Defendant Cipriano admitted that a principal balance of $33,946.00 is owed to RAM Produce, acknowledged that the debt was reaffirmed at the time of the two partial payments in May and June of 2012, and admitted that the principal amount of that debt was due as of the date of the partial payments and the date of the hearing:

    Q.      First, I see that you've listed on our Schedule F a debt to Ram Produce --
            that's my client --

    A.      Yes.

    Q.      -- in the amount $33,946.

    A.      Yes.

    Q.      And that is the amount that is presently due and owing; correct?

    A.      Approximate.  To the best of my memory.

    Q.      Yeah.

            MR. TORRES:  Counsel, I'm going to show him a one-page -- it's just a
            summary of a customer ledger sheet with the balance.

2

MR. STEIN:  Okay.

BY MR. TORRES:

Q.      And I'd just like to direct your attention to this customer ledger from Ram
        Produce Distributors, and at the bottom we see that the most recent
        payment was from June 20 of 2012, in the amount of $875; correct?  Do
        you see that?  Second to the bottom.  I'm -- yeah, second to the bottom --

A.      Okay.  Uh-huh.

Q.      -- line.

A.      Yes.

Q.      Okay.  So that shows a balance of $33,946.10; correct?

A.      Yes.

Q.      And that matches within ten cents of what you have listed on Schedule F,
        correct?

A.      Yes.

Q.      Okay.  And we see if we look at the ledger, the one-page ledger I gave to
        you, that on May 18, 2012, there is also a payment made, a partial
        payment on the balance of $3,100; correct?   Third -- third from the
        bottom.

A.      Yes.

Q.      Okay.  So at the time those two payments were made on May 18 of '12,
        and June 20 of 2012, you in fact acknowledge that that's the amount that
        was due and owing; correct?

A.      Yes.

Q.      Okay.  And you acknowledge that today; correct?

A.      Yes.
        (Exhibit A:  § 341 Tr. pp. 8-9)

        All of the RAM Produce invoices for the sales to Defendant Produce Buyers expressly

provide the following PACA notice statements:

3

The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 U.S.C. 499a *et seq.*

The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice.
(Exhibit D:  RAM Produce Invoices).

As noted on each RAM Produce invoice, payment terms were 10 days from the date of acceptance of the produce sold.  RAM Produce never agreed with Defendant Produce Buyers and/or Defendant Cipriano to payment terms other than the PACA 10 day term provided on each RAM Produce invoice.  RAM Produce also never entered into an agreement with Defendant Produce Buyers or Defendant Cipriano to extend payment for the RAM Produce invoices beyond 30 days.  Finally, at no time did RAM Produce representatives ever discuss with any representative from Defendant Produce Buyers payment terms other than the 10 day PACA payment term provided on each RAM Produce invoice.  (Exhibit C:  Bommarito Affidavit ¶¶6-10).

On May 16, 2014, Defendant Cipriano filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  On June 13, 2014, Defendant Cipriano filed a notice of voluntary conversion from Chapter 13 to Chapter 7.  The Chapter 7 proceeding is pending before this Court.

On September 15, 2014, RAM Produce filed the Complaint that initiated this adversary proceeding to secure a money judgment against Defendants and a judgment providing that the

underlying debt and related judgment are non-dischargeable under 11 U.S.C. § 523(a)(4).  In the

Answer to RAM Produce's Complaint Defendant Cipriano admits each of the following

allegations:

> 18.    Upon arrival of the perishable agricultural commodities to
> Defendant Produce Buyers' place of business, Defendant Produce
> Buyers and Defendant Cipriano accepted the commodities per the
> RAM Produce invoices.
>
> 19.    Defendant Produce Buyers sold to non-parties the perishable
> agricultural commodities provided by RAM Produce, and
> Defendants received and controlled sale proceeds, but have failed
> to pay RAM Produce the principal amount due and owing of
> $33,946.10.
>
> 20.    The perishable agricultural commodities sold by RAM Produce to
> Defendant Produce Buyers and Defendant Cipriano were subject to
> the statutory trust created by the PACA.  7 U.S.C. §499e(c)(2).

(Exhibit E:  Answer pp. 2-3).

## <u>ARGUMENT</u>

In Section A below, RAM Produce will establish that it has pled a viable PACA claim

against Defendant Cipriano that is not subject to dismissal under F.R.C.P. 12(b)(6).  In Section B

below, RAM Produce will show that the "course of dealing" and "lack of standing" arguments

interposed by Defendant Cipriano fail for three separate reasons given undisputed facts and

applicable law.  Finally, in Section C below RAM Produce will establish that the underlying debt

and the judgment to be entered based on that debt are non-dischargeable under 11 U.S.C. §

523(a)(4) because Defendant Cipriano violated the PACA statutory trust given the admissions of

record by Defendant Cipriano and applicable law.

**A.    <u>RAM Produce Asserted a Viable PACA Claim Against Defendant Cipriano</u>**

**1.    <u>RAM Produce Preserved PACA Trust Benefits by Providing Written Notice
that the Produce was Subject to the Statutory Trust on all of its Invoices</u>**

The PACA requires that a produce seller must provide written notice to preserve PACA trust benefits:

> (3) the unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given <u>written notice of intent to preserve the benefits of the trust</u> to the commission merchant, dealer, or broker within thirty calendar days
>
> (i)  After expiration of the time prescribed by which payment must be made pursuant to regulation, issued by the Secretary
>
> (ii)  After expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction; or
>
> (iii)  After the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored. . . .
>
> 7 U.S.C § 499e(c)(3).  (Underscore added).  See also 7 C.F.R. § 46.46(f).

The PACA also specifies that the notice to preserve the PACA trust may be affixed to the normal billing or invoice statements of a seller:

> (4)  In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee <u>may use ordinary and usual billing or invoice statements to provide notice</u> of the licensee's intent to preserve the trust.  The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following:  "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
>
> 7 U.S.C. § 499e(c)(4).  (Underscore added).  See also 7 C.F.R. § 46.46(f)(3).

If the PACA notice is properly included on an agricultural commodities seller's invoices pursuant to 7 U.S.C. § 499e(c)(4) and 7 C.F.R. § 46.46(f), and the payment terms comply with the PACA, a PACA claimant has preserved its PACA trust claim.  *Stowe Potato Sales, Inc. v.*

*Terry's, Inc.*, 224 B.R. 329, 332-333 (W.D. Va. 1998).  In the proceeding pending before this Court, it is uncontested that each of the RAM Produce invoices through which produce was sold contain the express language for notice of the PACA sale and preservation of trust provided in 7 U.S.C. § 499e(c)(4) and 7 C.F.R. § 46.46(f).  (See Exhibit D:  RAM Produce Invoices).  RAM Produce, therefore, provided the express notice required to preserve the PACA trust claims on its invoices.

### 2. Defendant Cipriano Held RAM Produce Commodities and Proceeds from Sale of a Commodities in the PACA Statutory Trust

The PACA provides that perishable agricultural commodities and proceeds of sale of those commodities are held in trust for the benefit of unpaid suppliers until full payment has been received:

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. . . .
> 7 U.S.C. § 499e(c)(2).  (Underscore added).

RAM Produce sold produce to Defendant Produce Buyers, for which the total principal amount of $33,946.10 is owed.  (Exhibit C1:  RAM Produce Customer Ledger).  Defendant Cipriano acknowledged receipt and acceptance of the produce from RAM Produce. (Exhibit E: Answer p. 2 ¶18 where Defendant Cipriano "admits" ¶18 of the Complaint which provides that "[u]pon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.").  Accordingly, the produce, receivables, and proceeds were held in

7

statutory trust by Defendant Cipriano.  *Hiller Cranberry Products, Inc v. Kopolovsky*, 106 F. Supp. 2d 146, 149 (D. Mass. 2000).  A PACA debtor has the burden to track and account for all PACA trust assets.  *In Re Ozcelik*, 267 B.R. 485, 489 (Bankr. D. Mass. 2001).

### 3.    Defendant Cipriano is Personally Liable to RAM Produce for Failing to Preserve the PACA Trust

Personal liability is imposed on any PACA trustee failing to hold trust assets for the benefit of the supplier.  In *In Re Masdea*, 307 B.R. 466, 473-476 (Bankr. W.D. Penn. 2004), the court, in part, wrote with regard to the intention and operation of PACA:

> A trust arising under § 499e(c)(2) is of the type required for § 523(a)(4) of the Bankruptcy Code to be operative. . . An individual who is in a position to control assets of a PACA trust but does not preserve them for the benefit of unpaid suppliers or seller has breached a fiduciary duty.  Liability is imposed on the trustee who uses trust assets for any purpose other than paying suppliers or sellers. . . .
> *In Re Masdea*, 307 B.R. at 473-474.  (Citations omitted).

Stemming from the fiduciary duty owed under the PACA, an individual who breaches this duty is personally liable for payment to the seller of the perishable agricultural commodities.  See for e.g., *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 1977).

In this case, Defendant Cipriano is personally liable for the failure to pay the PACA trust proceeds to RAM Produce and the ensuing breach of the PACA trust.  At the § 341 hearing, Defendant Cipriano admitted that he controlled all financial decisions of Defendant Produce Buyers, including how all proceeds obtained from sale of the commodities furnished by RAM Produce to Defendant Produce Buyers were spent.  (Exhibit A:  § 341 Tr. pp. 10-11). Furthermore, Defendant Cipriano admitted under oath at the § 341 hearing that per his decision, proceeds received by Defendant Cipriano from the sale of produce provided by RAM Produce

were funneled through Defendant Produce Buyers to pay Defendant Produce Buyers' expenses.

(Exhibit A: § 341 Tr. pp. 10, 15-16).

As a result of the foregoing, personal liability of Defendant Cipriano for the PACA trust

violation attaches in this case as he was in a position to control assets of a PACA trust. See also

for e.g., *Hiller Cranberry Products, Inc. v. Koplovsky*, 106 F. Supp. 2d 146, 149 (D. Mass. 2000)

(An individual who is in the position to control PACA trust assets and who does not preserve

them for the beneficiaries has breached a fiduciary duty, and is personally liable for the tortious

act).

**B.     For Three Separate Reasons, Defendant Cipriano's Arguments -- That RAM Produce Forfeited PACA Trust Rights Due to a "Course of Dealing" and Related "Lack of Standing" through RAM Produce's Acceptance of Partial Payments or Payments More Than 30 Days Past Due -- Fail**

In the Motion to Dismiss, Defendant Cipriano argues that acceptance of partial payments

by RAM Produce in May and June 2012, which is beyond the maximum time for payment

provided under the PACA (see for e.g. 7 C.F.R. 46.46(e)(2)), forfeits PACA trust rights.[1]   As

---

[1] Through an e-mail sent by Defendant Cipriano's counsel on October 1, 2014, Defendant Cipriano requested concurrence on dismissal of the pending claims of RAM Produce based on lapse of the applicable statute of limitations. (Exhibit F: 10-1-14 E-mail). Through an e-mail sent by counsel for RAM Produce on October 2, 2014 (Exhibit G: 10-2-14 E-mail), RAM Produce responded to the request for concurrence by stating that the applicable limitations periods had not lapsed since, even assuming a three year limitations period applies (which is an open question), the limitations period was reaffirmed for limitations analysis purposes by the partial payments made on 5-18-12 and 6-20-12 with citation to applicable authority (*Charbonneau v Mary Jane Elliott, P.C.*, 611 F Supp 2d 736, 741-742 (ED MI 2009). Counsel for RAM Produce also provided Defendant Cipriano a copy of the § 341 hearing transcript where Defendant Cipriano reaffirmed the underlying debt to RAM Produce based on the 2012 partial payments (see Exhibit A: § 341 Tr. p. 9). (See also Exhibit G: 10-2-14 E-mail). In the pending Motion to Dismiss, Defendant Cipriano listed in the Analysis section (i) of the Table of Contents, an argument that RAM Produce's breach of fiduciary duty claim is time-barred by the statute of limitations and, therefore, that RAM Produce's discharge action (under §523(a)(4)) is correspondingly time-barred by the statute of limitations. (See p. 3 of Defendant Cipriano's Motion to Dismiss). However, substantive review of the arguments made in Defendant Cipriano's Motion to Dismiss indicate that the statute of limitations argument was abandoned presumably based on the authority provided by counsel for RAM Produce. (See for e.g. Motion to Dismiss pp. 7-12). Instead, in the argument section of the Motion to Dismiss, Defendant Cipriano urges that the pending RAM Produce claims should be dismissed based on a "course of dealing" and related "standing" arguments arising from acceptance of partial payments and payments beyond the 30 day deadline provided under the PACA. To the extent that Defendant Cipriano argues in the pending Motion to Dismiss, that the applicable limitations periods have lapsed on the pending claims, RAM Produce objects as there are no such arguments properly developed in the body of the Motion to Dismiss and any efforts to rely on the statute of limitations argument through the pending Motion to Dismiss are

9

developed in the three sub-sections below, cursory review of applicable law and consideration of facts of record establish that the arguments relied on by Defendant Cipriano lack merit and are frivolous.

**1.      RAM Produce Preserved PACA Trust Benefits by Providing Written Notice on all of its Invoices that the Produce Sold was Subject to the PACA Statutory Trust**

On page 9 of the Motion to Dismiss, Defendant Cipriano argues that under principles of the Uniform Commercial Code, M.C.L. 440.1101 *et seq.* ("UCC"), "and absent any express terms provided by" RAM Produce, an agreement to extend payment beyond the 30 day maximum provided by the PACA, 7 C.F.R. 46.46(e)(2), may be implied based on "course of conduct". This argument is frivolous since RAM Produce provided "express terms" on the face of each invoice at issue which provides for 10 day payment terms:

> Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 U.S.C. 499a *et seq.*
> (Exhibit D:  RAM Produce Invoices).

Where a seller and buyer use the 10 day default payment terms provided in the PACA regulations (see for e.g. 7 C.F.R. 46.2(aa)(5)), this notice of intent to preserve benefits is all that is necessary to preserve the PACA trust. *Overton Distributors, Inc. v. Heritage Bank*, 340 F3d 361, 365 (6th Cir. 2003). RAM Produce respectfully submits that there is no reasonable basis for Defendant Cipriano to represent to this Court that "express terms" were absent and not provided by RAM Produce given the plain 10 day PACA default provision provided on the face

---

being made surreptitiously and without proper notice or citation to relevant facts or authority to support the arguments. In the unlikely event that Defendant Cipriano is attempting to assert lapse of the applicable statute of limitations in the pending Motion to Dismiss, RAM Produce requests an opportunity to respond more substantively to such argument through a supplemental brief which will include the authority noted in the 10-2-14 e-mail from counsel for RAM Produce (Exhibit G).

of each relevant invoice.  Defendant Cipriano's argument based on "course of dealing" fails based on express compliance with PACA payment terms by RAM Produce.

> **2.     Courts have Routinely and Repeatedly Rejected the Argument that Acceptance of Partial Payment or Payments Beyond 30 Days Results in Forfeiture of PACA Trust Benefits Based on a "Course of Dealing" or Otherwise**

In this proceeding it is undisputed that RAM Produce received and accepted partial payments on the balance due from Defendant Produce Buyers in May and June of 2012. (Exhibit C:  Bommarito Affidavit ¶¶11-14; Exhibit A:  § 341 Tr. pp. 8-9).  Cursory review of applicable case law establishes that a plethora of courts have considered and rejected the "course of dealing" argument relied on by Defendant Cipriano.  In *In Re Lombardo Fruit and Produce Company*, 12 F.3d 806 (8th Cir. 1994), the Court upheld a district court's holding that the party's course of dealing is not relevant when considering whether a produce seller is entitled to PACA trust protections, writing, in part, as follows:

> First, the parties had an agreement that met PACA's requirements. This agreement is a perfectly valid agreement, fully enforceable under contract law. The fact that, in the past, Lange has not demanded payment on time does not invalidate the contract.
>
> *      *      *
>
> Secondly, we agree with the district court that a course of dealing analysis conflicts with this court's prior holding in *Hull Co.* In that case, we held that only written extensions, and not oral extensions, could validly extend the payment terms beyond those specified in the parties' written agreement.  924 F.2d at 781-82.  If an express, oral agreement cannot be deemed to extend payment terms, we fail to see how something less than an express oral agreement-namely, the parties' course of dealing-can.
>
> Thirdly, we note that PACA's trust provision is modeled on the one appearing in the Packers and Stockyards Act ("PSA"), 7 U.S.C. §§ 196-97 (1988).
>
> *      *      *
>
> Consequently, given that the parties' course of dealing is not relevant to PSA's trust analysis, *In Re Gotham Provision Co.*, 669 F.2d 1000,

> 1007 (5th Cir. Unit B), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74
> L.Ed.2d 111 (1982), the parties' course of dealing should not be
> relevant to PACA's trust analysis.
> (*In Re Lombardo Fruit*, 12 F.3d at 810-811).

For each of the three reasons noted by the Court in *In Re Lombardo*, 12 F.3d 810-811, Defendant Cipriano's "course of dealing" argument fails. In addition, Defendant Cipriano's attempt to rely on UCC provisions and/or law regarding "course of dealing" is misplaced. The UCC applies in PACA cases only where the PACA is silent as to a material part of the transaction at issue. *Six L's Packing Company, Inc. v. Beale*, 524 Fed. Appx. 148, 154 fn. 5 (6th Cir. 2013). As noted by the Court in *In Re Lombardo*, 12 F.3d at 811, a "course of dealing" analysis is not relevant to PACA trust analysis (by analogy to the Packers and Stockyards Act) since the PACA statutory scheme specifically provides the method by which a PACA claimant is to preserve a PACA trust as noted in the PACA statutory and regulatory provisions cited above. In addition, the UCC does not control in the proceeding pending before this Court because the RAM Produce invoices (Exhibit D) provide explicit payment terms of 10 days after acceptance as provided by the PACA. There was never any agreement (or even discussions) between authorized representatives of the parties concerning payment terms other than the 10 day term provided on the RAM Produce invoices. (Exhibit C: Bommarito Affidavit ¶¶5-10).

Review of relevant case law demonstrates routine rejection of a "course of dealing" argument in the context of a PACA trust claim, particularly where PACA rights are preserved by express provisions on an invoice -- the situation existing in the case at bar. In fact, reasonable review and consideration of the unpublished case cited by Defendant Cipriano, *LaGrasso Brothers, Inc. v. American Foodservice, LLC*, 2011 WL 891221 (E.D. Mich.) reveals that the "course of dealing" argument is not reasonably well-grounded based on the admitted facts in this case and/or law. (See Exhibit H: copy of *LaGrasso Brothers, supra*, p. 5). Defendant

Cipriano's "course of dealing" and related "standing" arguments fail and the Motion to Dismiss should be denied.

> **3.** **An Amendment to An Applicable PACA Regulation (7 C.F.R. § 46.46(e)(3)) Effective April 13, 2011 Now Codifies Prior Case Law to Provide Explicitly that a PACA Claimant Does Not Forfeit the PACA Trust by Accepting a Partial Payment and this Amendment Applies in this Proceeding as Partial Payments were made to RAM Produce in May and June 2012**

Case law addressing the issue has consistently provided that a PACA claim defendant may not viably rely on a "course of dealing" argument to sustain the position that acceptance of partial or late payments vitiates PACA trust rights.  See for e.g. *In Re Lombardo, supra*.  However, effective April 13, 2011, an applicable provision of the PACA regulation, 7 C.F.R. 46.46(e)(3), was amended to state explicitly that acceptance of partial payments does not vitiate established PACA trust rights:

> (3)  If there is a default in payment as defined in § 46.46(a)(3), the seller, supplier, or agent who has met the eligibility requirements of paragraphs (e)(1) and (2) of this section will not forfeit eligibility under the trust by agreeing in any manner to a schedule for payment of the past due amount or by accepting a partial payment.

The noted amendment to 7 C.F.R. § 46.46(e)(3) firmly establishes that Defendant Cipriano's "course of dealing" and related "standing" arguments are non-meritorious.  First, the partial payments at issue occurred in May and June of 2012, while the C.F.R. amendment was effective April 13, 2011.  Therefore, the Court should give effect to the April 2011, amendment based on conduct that occurred in May and June of 2012.

Second, the general principle of law that a court must apply the law that exists as of the date it renders its decision has consistently been applied in cases arising under the Bankruptcy Code.  See for e.g. *In Re Spell*, 650 F.2d 375, 377 (2nd Cir. 1981).  Clearly, the law in effect as of the date that the Court will render a decision on the pending Motion to Dismiss is that

acceptance of a partial payment by a PACA claimant, where the PACA trust eligibility requirements have been met, does not forfeit PACA rights.

Third, in addition to the two reasons noted in the two preceding paragraphs, enforcing the C.F.R. amendment that was effective in April 2011, would not be a "retroactive" application of the amendment inasmuch as the regulation amendment did not "change the law" as even prior to the amendment, courts rejected the "course of dealing" argument proffered by Defendant Cipriano.  See *Patel v. Gonzales*, 432 F.3d 685, 680 (6th Cir. 2005) (A statute has retroactive effect if the statute attaches new legal consequences to events completed before its enactment). Defendant Cipriano's Motion to Dismiss should be denied.

**C.    The PACA Trust Meets the Trust Requirements Of 11 U.S.C. § 523(a)(4)and is Non-Dischargeable.**

The debt owed to RAM Produce is a non-dischargeable debt of Defendant Cipriano pursuant to § 523(a)(4), which provides that a Chapter 7 discharge does not discharge debts that are the result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).  To prevail under § 523(a)(4), it must be shown that: (1) debtor was acting in a fiduciary capacity; and (2) debtor committed a defalcation while acting in such capacity.  *Consumers Produce Co v. Masdea (In re Masdea)*, 307 B.R. 466, 472 (Bankr. W.D. Penn. 2004) (citing *Subich v. Verrone (In re Verrone)*, 277 B.R. 66, 71 (Bankr. W.D. Penn. 2002).

Under the PACA a seller of produce is protected as a produce buyer's unpaid obligation becomes a trust obligation prior to and superior to any lien or security interest in inventory held by the produce buyer's secured lender.  *In Re Prange Foods Corp*, 63 B.R. 211, 214 (W.D. Bankr. Mich. 1986) and 7 U.S.C. 499e(c).  In analyzing specifically whether the PACA trust

14

meets the 11 U.S.C. § 523(a)(4) requirement, the Court in *Nuchief Sales Inc. v. Harper*, 150 B.R.

416, 418-419 (Bankr. E.D. Tenn. 1993), wrote, in part, as follows:

> The term "fiduciary capacity," contained in *§ 523(a)(4)* applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity.  See *Capital Indem Corp v Interstate Agency (In re Interstate Agency)*, 760 F.2d 121, 124 (6th Cir. 1985) (construing § 17(a)(4), predecessor to *§.523(a)(4); Carlisle Cashway v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir. 1982) (construing § 17(a)(4)).  The statutory trust created pursuant to the provisions of PACA satisfies the express or technical trust requirements of *§ 523(a)(4)*.  *Cf. Capital Indem Corp v. Interstate Agency (In re Interstate Agency)*, 760 F.2d at 124 (section 1207(1) of the Michigan Insurance Code establishes an insurance agency relationship as an express trust fiduciary relationship); *Carlisle Cashway v. Johnson (In re Johnson)*, 691 F.2d at 252 (holding that the Michigan Building Contract Fund Act satisfied the express of technical trust requirements of § 17(a)(4)).  Other courts that have considered this precise issue have also concluded that PACA trusts give rise to the fiduciary capacity required under § 523(a)(4).  See *Collins Bros. Corp. v. Nix (In re Nix)*, 1992 WL 119143 (MD Ga. April 10, 1992); *Tom Lange Co v. Stout (In re Stout)*, 123 B.R. 412.
> (Underscore added).

The conclusion of the Court in *Nuchief Sales, supra*, is consistent with the decisions of

several other courts that the statutory trust created under the PACA meets the express trust

requirements of 11 USC 523(a)(4).  The court in *Tom Lange Co v. Stout*, 123 B.R. 412 (Bankr.

W.D. Okla. 1990) undertook a detailed review of the legislative history of the PACA in the

context of whether a PACA trust satisfies the fiduciary capacity and trust requirements of §

523(a)(4) and concluded that PACA does satisfy the requirements.  The Court wrote, in part, as

follows:

> Federal law determines the fiduciary status for purposes of §523(a)(4), *Prudential Bache Securities Inc. v. Sawyer (In re Sawyer)*, 112 B.R. 386 (D. Colo. 1990).  The term "fiduciary capacity," as defined by federal law and for purposes of §523(a)(4), applies only to technical trusts, express trusts, or

statutorily imposed trusts and not to fiduciary relationship which arise from equitable trusts, implied trusts, constructive rusts, or an agency relationship. . . .

\* \* \*

Defalcation under §523(a)(4) has been defined as "the failure of one who has received monies in trust to pay it over as he ought." *Travelers Express Co. v. Niven (In re Niven)*, 32 B.R. 354, 355 (Bankr. W.D. Okla. 1983).

\* \* \*

The trust is created when produce is "received by a commission merchant, dealer, or broker" and exists "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." . . .

\* \* \*

The legislative history of PACA expressly acknowledges that the PACA trust was modeled after the trust provisions of the Packers and Stockyards Act ("PSA"), 7 U.S.C. § 196 (1980).  *Blair Meriam*, 95 B.R. at 776; *In Re W. L. Bradley Co.*, 75 B.R. 505, 509 (Bankr. E.D. Penn. 1987).  The legislative history of PACA also directs courts to examine case law under PSA for guidance in construing PACA.  *Id*.  Courts have found that the trust created by PSA satisfies the fiduciary capacity requirement as defined by §523(a)(4).  *National Bonding & Accident Ins. Co. v. Petersen (In re Petersen)*, 51 B.R. 486, 488 (Bankr. D. Kan. 1985), *Baugh v Matheson (In re Matheson)*, 10 B.R. 652, 656 (Bankr. S.D. Ala. 1981).

It is this court's opinion that the trust created by PACA §499e(c)(2) satisfies the fiduciary capacity requirement as defined by §523(a)(4) and defendant's failure to pay plaintiff the proceeds from the sale of produce is a defalcation.  Defendant's debt to plaintiff is the amount of $313,870.01 should be excepted from defendant's discharge by §523(a)(4).

*Tom Lange*, 123 B.R. at 414-415.  (Various citations omitted).

Pursuant to the provisions of the PACA and its accompanying regulations, the PACA trust applied to all of Defendant Produce Buyers produce inventory, produce-related inventory, and proceeds thereof, "notwithstanding that another supplier may have been the source of the inventory."  *Gullo Produce Co., Inc. v. A.C. Jordan Produce Co, Inc.,* 175 F. Supp. 64, 68 (W.D. Penn. 1990) citing *In Re Fresh Approach, Inc.,* 51 B.R. 412 (N.D. Texas 1985).  The failure of Defendant Cipriano to pay RAM Produce was certainly a defalcation within the meaning of

16

§523(a)(4).  Therefore, the debts owed to RAM Produce by Defendant Cipriano may be properly determined to be nondischargeable pursuant to § 523(a)(4).

<u>**STANDARD OF REVIEW AND RELIEF REQUESTED**</u>

A motion to dismiss under the F.R.C.P. 12(b)(6) should be granted only if the non-movant cannot prove any set of facts that would entitle him or her to relief.  *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995).   In deciding whether to grant a F.R.C.P. 12(b)(6) motion to dismiss a  court must "accept the well-pled allegations of the [counterclaims] as true[ ] and ... construe the facts and reasonable inferences derived therefrom in the light most favorable" to the non-movant.  *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).

Under F.R.C.P. 12(b)(6), a court may not consider extrinsic evidence in deciding motions to dismiss. *Grand Opera Co. v. Twentieth Century Fox Film Corp.*, 235 F.2d 303, 307 (7th Cir. 1956).   In this proceeding, Defendant Ciprano filed a motion relying on F.R.C.P. 12(b)(6). However, Defendant Cipriano attached to the motion several exhibits to support the Motion to Dismiss, including invoices and additional correspondence between the parties.

F.R.C.P. 12(d) expressly provides, as follows:

(d) Result of Presenting Matters Outside the Pleadings.  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(b)(6), the court generally must either convert the motion into one for summary judgment under F.R.C.P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6)." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  (See also, *Schilling v. Swick*, 868 F. Supp. 904, 905 (W.D. Mich. 1994), stating, "motions to dismiss

17

under F.R.C.P. 12(b)(6) are to be treated as motions for summary judgment under F.R.C.P. 56 if the Court considers matters outside of the pleadings. F.R.C.P. 12(b).").

With regard to the "Motion to Dismiss" pending before this Court, RAM Produce respectfully requests that the Court treat the motion as one for summary judgment under F.R.C.P. 56 and give RAM Produce a reasonable opportunity to present the materials that it has attached as exhibits in response to Defendant Cipriano's motion.  See for e.g. *Bennett v. James*, 737 F Supp. 2d 219, 223 (S.D. New York 2010).  RAM Produce believes that consideration of the extrinsic evidence submitted by both parties will lead to a more informed decision on the motion filed by Defendant Cipriano.

Section 523(a)(4) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge debts that are the result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).  The trust imposed by the PACA satisfies the fiduciary capacity prong of § 523(a)(4).  Defendant Cipriano's misuse of PACA trust assets may clearly be considered a defalcation within the meaning of § 523(a)(4).  Thus, the debts owed to RAM Produce may be found to be nondischargeable in Defendant Cipriano's bankruptcy.

For all of the foregoing reasons and the reasons noted in RAM Produce's response to the Motion to Dismiss, RAM Produce respectfully requests that this Honorable Court deny the Motion to Dismiss and provide RAM Produce the relief specified in the response to the Motion to Dismiss.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:   /s/Victor J. Torres
     Victor J. Torres (P43240)
     Attorneys for RAM Produce Distributors, L.L.C.
     535 Griswold Street, Suite 1000
Date:  October 22, 2014   Detroit, Michigan 48226-3692

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                          Case No. 14-48527-mbm

                    Debtor.                           Chapter 7

                                                      Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                    Plaintiff,

        -vs-                                          Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                    Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

**EXHIBIT LIST TO PLAINTIFF R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S BRIEF
IN RESPONSE TO SALVATORE CIPRIANO'S MOTION TO DISMISS
CLAIMS UNDER F.R.C.P. 12(b)(6)**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| A: | § 341 Hearing Transcript excerpt |
| B: | Schedule B:  Personal Property |
| C: | Bommarito Affidavit |
| C1: | RAM Produce Customer Ledger |
| D: | RAM Produce Invoices |

E:       10-5-14 Defendant Cipriano Answer

F:       10-1-14 E-mail from Defendant Cipriano's counsel

G:      10-2-14 E-mail from RAM Produce's counsel

H:      *LaGrasso Brothers, Inc. v. American Foodservice, LLC*, 2011 WL 891221 (E.D. Mich.)

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:         /s/Victor J. Torres
            Victor J. Torres (P43240)
            Attorneys for Plaintiff RAM Produce
            Distributors, L.L.C.
            535 Griswold Street, Suite 1000
            Detroit, Michigan 48226-3692
Date:  October 22, 2014         (313) 963-3873

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

SALVATORE CIPRIANO,                  Case No. 14-48527

                                     Detroit, Michigan
                                     Wednesday, July 9, 2014
                                     Judge McIvor
            Debtor
_____/

### 341 HEARING

BEFORE KENNETH A. NATHAN, CHAPTER 7 TRUSTEE

TRANSCRIPT ORDERED BY:  VICTOR J. TORRES (Williams Acosta)

APPEARANCES:

For the Debtor:                 Linnell & Associates
                                BY:  ERIK STEIN
                                2804 Orchard Lake Road, Suite 203
                                Keego Harbor, MI   48320


For Ram Produce &               Williams Acosta
Distributors, L.L.C.:           BY:  VICTOR J. TORRES
                                535 Griswold, Suite 1000
                                Detroit, MI   48226


For Bank of Montreal:           Howard & Howard
                                BY:  BRANDON J. WILSON
                                450 W. Fourth St.
                                Royal Oak, MI   48067


For the U.S. Trustee:           Office of the U.S. Trustee
                                BY:  SEAN COWLEY
                                211 W. Fort St., Suite 700
                                Detroit, MI   48226


Transcribed by:                 Lynn L. Simmons
                                8284 Caribou Trail
                                Clarkston, MI   48348
                                248-922-1587

**EXHIBIT A**

<u>TABLE OF CONTENTS</u>

PROCEEDINGS - Wednesday, July 9, 2014                          3

DEBTOR WITNESS:  **Salvatore Cipriano**

        Examination by the trustee                           3
        Appearance by Mr. Stein                              3
        Examination by Mr. Torres                            8
        Examination by Mr. Wilson                           22
        Appearance by Mr. Cowley                            35
        Examination by the trustee                          35
        Hearing adjourned to August 27, 2014               42

2

Salvatore Cipriano
341 hearing - July 9, 2014

1                    Detroit, Michigan

2                    Wednesday, July 9, 2014

3                    2:00 P.M. Call

4                       -- -- --

5           THE TRUSTEE:  Case number 14-48527, Salvatore

6    Cipriano.

7        (Discussion off the record.)

8           THE TRUSTEE:  Step forward and raise your right

9    hand, please.

10              SALVATORE CIPRIANO, DEBTOR, SWORN

11          THE TRUSTEE:  Have a seat.

12                     **EXAMINATION**

13   BY THE TRUSTEE:

14   Q.   Did you review and understand the bankruptcy information

15   sheet?

16   A.   Yes, sir.

17   Q.   State your name for the record.

18   A.   Salvatore Cipriano.

19          THE TRUSTEE:  Counsel, put your name on the record,

20   please.

21          MR. STEIN:  Thank you.  Good afternoon.  Erik Stein

22   with the firm of Linnell & Associates on behalf of Mr.

23   Cipriano.

24   BY THE TRUSTEE:

25   Q.   Sir, your attorney is placing in front of you some

3

Salvatore Cipriano
341 hearing - July 9, 2014

1  Q.   Is that the company that's suing you?

2  A.   They were suing me.  They are not any longer.  The suit

3  was probably stopped about two weeks after it started.

4  Q.   Why were they suing you?

5  A.   To collect what I owed them.

6  Q.   Were you in business and they -- they were a vendor of

7  yours?

8  A.   They were a vendor of mine.

9  Q.   Then you went to work for them?

10  A.   They found out that there were no assets to be recovered,

11  and we had been friends for 40 years.  And he offered me a

12  position.

13  Q.   What do they do, Ben B. Schwartz & Sons?

14  A.   Wholesale produce.  They sell produce.

15  Q.   And they're paying you a salary?

16  A.   Yes, sir.

17  Q.   And what's your yearly salary?

18  A.   Approximately $150,000.

19  Q.   Why do you say approximately?

20  A.   Last year there was a bonus.  I don't know whether there

21  will be this year or not.

22         THE TRUSTEE:  Are there parties present that wish to

23  question?  With the understanding that there will likely be a

24  2004 exam, and you're welcome to participate, so --

25         MR. TORRES:  Yes.


7

Salvatore Cipriano
341 hearing - July 9, 2014

1          MR. WILSON:  Yes.

2          THE TRUSTEE:  Proceed.  One at a time.

3          MR. TORRES:  My name is Victor J. Torres.  I'm with

4     the law firm of Williams Acosta, P.L.L.C.  We represent

5     creditor Ram Produce & Distributors, L.L.C.

6                              **EXAMINATION**

7     BY MR. TORRES:

8     Q.   And I do have a few questions for you, Mr. Cipriano.

9     A.   Sure.

10    Q.   First, I see that you've listed on your Schedule F a debt

11    to Ram Produce -- that's my client --

12    A.   Yes.

13    Q.   -- in the amount $33,946.

14    A.   Yes.

15    Q.   And that is the amount that is presently due and owing;

16    correct?

17    A.   Approximate.  To the best of my memory.

18    Q.   Yeah.

19          MR. TORRES:  Counsel, I'm going to show him a one-

20    page -- it's just a summary of a customer ledger sheet with

21    the balance.

22          MR. STEIN:  Okay.

23    BY MR. TORRES:

24    Q.   And I'd just like to direct your attention to this

25    customer ledger from Ram Produce Distributors, and at the

8

Salvatore Cipriano
341 hearing - July 9, 2014

1  bottom we see that the most recent payment was from June 20 of

2  2012, in the amount of $875; correct?  Do you see that?

3  Second to the bottom.  I'm -- yeah, second to the bottom --

4  A.   Okay.  Uh-huh.

5  Q.   -- line.

6  A.   Yes.

7  Q.   Okay.  So that shows a balance of $33,946.10; correct?

8  A.   Yes.

9  Q.   And that matches within ten cents of what you have listed

10  on Schedule F; correct?

11  A.   Yes.

12  Q.   Okay.  And we see if we look at the ledger, the one-page

13  ledger I gave to you, that on May 18, 2012, there is also a

14  payment made, a partial payment on the balance of $3,100;

15  correct?  Third -- third from the bottom.

16  A.   Yes.

17  Q.   Okay.  So at the time those two payments were made on May

18  18 of '12, and June 20 of 2012, you in fact acknowledge that

19  that's the amount that was due and owing; correct?

20  A.   Yes.

21  Q.   Okay.  And you acknowledge that today; correct?

22  A.   Yes.

23  Q.   And the -- the amounts due and owing to Ram Produce are

24  as the result of your purchase of produce; correct?

25  A.   Yes.

9

Salvatore Cipriano
341 hearing - July 9, 2014

1   Q.   And by the way, the produce that was purchased by -- was

2   that purchased by you individually or Produce Buyers, your

3   company?

4   A.   No, by the company.

5   Q.   By the company.

6   A.   Yes.

7   Q.   And the purpose of produce from Ram Produce was to turn

8   around and sell it; correct?

9   A.   Yes.

10  Q.   And that's in effect what you did; correct?

11  A.   Yes.

12  Q.   What happened to the proceeds of the sales of the produce

13  that was provided by Ram Produce?

14  A.   They were funnelled through the company and paid

15  invoices.

16  Q.   They paid invoices of the company?

17  A.   Yes.

18  Q.   At your direction; correct?

19  A.   Yes.

20  Q.   You were in charge of Produce Buyers?

21  A.   Right.

22  Q.   You decided how the money would be spent once it was

23  received; correct?

24  A.   Yes.

25  Q.   There was no one else that was in charge --

10

Salvatore Cipriano
341 hearing - July 9, 2014

1  A.   No.

2  Q.   -- for Produce Buyers; correct?

3  A.   No.

4  Q.   Do you currently have a PACA license?

5  A.   Not any longer.  It would be expired.

6  Q.   Okay.  Did you have individually a PACA license of any

7  type at any time?

8  A.   Only in Produce Buyers (indiscernible).

9  Q.   (Interrupting.)  Okay.  Produce Buyers did.

10  A.   Yes.

11  Q.   And you're indicating either that was -- what's the

12  status of that license that Produce Buyers had, the PACA

13  license?

14  A.   It's expired.

15  Q.   It's expired?

16  A.   Oh, yes.

17  Q.   Do you recall when?

18  A.   In 2012 when I couldn't pay it.

19  Q.   Okay.  When did Produce Buyers cease business operations?

20  A.   Right around June, end of June, July of 2012, through

21  that.

22  Q.   And -- and the physical location of the business?

23  A.   It was Office 93, 7201 West Fort Street, 48219.

24  Q.   Okay.  I see that you have both Produce Buyers and then

25  another company, a Canadian company --

11

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   Yes.

2   Q.   -- that you had -- have or had an interest in; correct?

3   A.   Yes.

4   Q.   What's the name of that company?

5   A.   It was Produce Buyers of Windsor, operating under

6   Salvatore Cipriano Enterprises.

7   Q.   Okay.  Other than those two businesses, Salvatore

8   Cipriano Enterprises and Produce Buyers --

9   A.   Uh-huh.

10  Q.   -- have you had an interest in any other business --

11  A.   No.

12  Q.   -- in the last five years?

13  A.   No.

14  Q.   The -- I see a claim listed and you referenced a lawsuit

15  on Schedule F, Ben B. Schwartz & Sons is listed as a creditor

16  --

17  A.   Yes.

18  Q.   -- in the amount of $144,951.

19  A.   To the best of my memory amount, yes.

20  Q.   Now, what is the basis for that particular claim?  Why is

21  that money owed?

22  A.   The same thing; purchases.

23  Q.   Purchased from Schwartz --

24  A.   Yes.

25  Q.   -- for Produce Buyers?

12

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   Yes.

2   Q.   Okay.  And is that the balance that's still owing?

3   A.   Yes.

4   Q.   And you are employed with Schwartz?

5   A.   Yes.

6   Q.   And Schwartz isn't taking any action to --

7   A.   No.

8   Q.   Let me finish the question, please.

9   A.   Oh, sorry.

10  Q.   Taking any action to deduct from your wages or salary --

11  A.   No, sir.

12  Q.   -- to recover on that amount?

13  A.   No, sir.

14  Q.   Is that still a pending claim with Schwartz?  What's the

15  status of that claim?

16  A.   I believe they've written it off.

17  Q.   Okay.  Are you paid strictly on a salary basis?

18  A.   Yes, sir.

19  Q.   And a bonus I think you described; correct?

20  A.   There was last year.  I don't know about this year,

21  obviously.

22  Q.   Are you paid in any aspect on a commission basis?

23  A.   No, sir.

24  Q.   Do you have the option to move to a commission basis with

25  Schwartz?

13

Salvatore Cipriano
341 hearing - July 9, 2014

1  A.   I have no idea.  It was never discussed.

2  Q.   Describe for me what it is that you're doing for

3  Schwartz.

4  A.   Just sales.

5  Q.   What does that mean?

6  A.   Produce sales.

7  Q.   And -- and by the way, when I referenced PACA earlier,

8  you certainly knew what that was and -- and possibly everyone

9  does, but it's Perishable Agricultural Commodities --

10 A.   Act.

11 Q.   -- Act; correct?

12 A.   Yes, sir.  Of which you have to have a license, and I do

13 -- I do not.

14 Q.   Have you ever had any complaints filed against you or any

15 of your companies with the PACA authorities?

16 A.   Only through Ben B. Schwartz.

17 Q.   Only through Schwartz?

18 A.   Right.  And that was the lawsuit that was dismissed.

19 Q.   Okay.  But -- but that was a lawsuit.  To your knowledge

20 they didn't file with the regulatory agency of PACA, a

21 separate complaint?  Or was there?

22 A.   I have no memory of whether it was separate.  I know that

23 the law firm that they used does mostly work for PACA.

24 Q.   Other than what you've listed on your schedules here, do

25 you have any other income of any -- of any type?

14

Salvatore Cipriano
341 hearing - July 9, 2014

1  A.   No.  Just my pay and Social Security.

2  Q.   What were the banks that were being used by Produce

3  Buyers at the time you were operating?

4  A.   Huntington Bank for Produce Buyers.

5  Q.   Was the only account or only bank that was used by

6  Produce Buyers?

7  A.   Yes.

8  Q.   And you're saying that all of the produce that was

9  purchased from my client, Ram Produce, any funds from the

10  proceeds of those sales would have gone to Huntington Bank?

11  A.   Right.

12  Q.   And that was, again, under your exclusive control;

13  correct?

14  A.   Yes.

15  Q.   What's the status of -- did you have one or more accounts

16  at Huntington?

17  A.   No, we had a company checking account, and I had my own

18  personal checking account (indiscernible).

19  Q.   (Interrupting.)  Do those accounts still exist?

20  A.   No, sir.

21  Q.   What was the balance of the company account at the time

22  that there were last funds in it?

23  A.   Oh, about $1,000, roughly.

24  Q.   Okay.  And so your testimony is that all of the proceeds

25  from the sale of Ram Produce's produce was simply used by you

15

Salvatore Cipriano
341 hearing - July 9, 2014

1  --

2  A.    Yes.

3  Q.    -- for ongoing company expenses?

4  A.    Yes, sir.

5  Q.    There's a debt listed on Schedule F of $600,000 to Bank

6  of Montreal?

7  A.    Yes, sir.

8  Q.    What is the reason for that debt?

9  A.    That was a line of credit the Bank of Montreal had issued

10  to Salvatore Cipriano Enterprises, probably about -- I don't

11  remember -- fifteen years ago maybe or longer.

12  Q.    Do you have a personal guarantee on that debt?

13  A.    Yeah.

14          MR. STEIN:  Yes.

15          THE WITNESS:  Yes.

16  BY MR. TORRES:

17  Q.    Pardon me?

18          MR. STEIN:  I -- yes, there is a --

19          THE WITNESS:  Yes.

20          MR. STEIN:  -- Canadian judgment and there is also a

21  judgment that has been certified in Michigan through the Third

22  Circuit --

23          THE WITNESS:  Yes.

24          MR. STEIN:  -- that Mr. Cipriano is personally

25  liable for.

16

Salvatore Cipriano
341 hearing - July 9, 2014

1   BY MR. TORRES:

2   Q.   And then there's a separate debt on Schedule F of Bank of

3   Montreal, $36,000.  What's the basis for that debt?

4   A.   That would be the interest on the original line of

5   credit.

6   Q.   You list two parcels of real estate in your schedules;

7   correct?

8   A.   Yes.

9   Q.   That you previously owned; correct?

10  A.   Yes.

11  Q.   And what -- what again was the sale price for those

12  parcels of real estate?  Let's start with the -- with the home

13  residence, which I believe was at 83 Oxford Street in Grosse

14  Pointe; correct?

15  A.   Yes.  Uh-huh.

16  Q.   And what -- what was the sale date?

17  A.   Sale date?

18  Q.   Yes.  Month and year is close enough.  Well, there's a

19  date listed here of July 30 of 2013.  Is that accurate?

20  A.   Yes.  It's -- to the best of my memory it would be the

21  approximate time.

22  Q.   And when did you first purchase the Oxford Street

23  property?

24  A.   Probably about sixteen years prior to that.

25  Q.   Sixteen years?

17

Salvatore Cipriano
341 hearing - July 9, 2014

1          MR. STEIN:  Not a problem.

2          THE TRUSTEE:  So I have that.  Okay.

3          For purposes of today I don't have anything further.

4   Does anybody else have anything further?

5          MR. WILSON:  No, I don't.  Thank you.

6          THE TRUSTEE:  Okay.

7          MR. TORRES:  Thanks, Mr. Nathan.

8      (Hearing adjourned to August 27, 2014.)

                    — — —

I certify that the foregoing is a correct transcript of the
proceedings held in the above-entitled matter.


DATED:   September 2, 2014   _____
                            Lynn L. Simmons, Transcriber

44

# EXHIBIT B

B6B (Official Form 6B) (12/07)

In re   **Salvatore Cipriano**                                   Case No.   **14-48527**
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 60.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Account ending in 9670**<br>**Location: Chase, 633 Notre Dame, Grosse Pointe, MI 48230**<br>***Account is in non-filing spouse's name. Account is used for household purposes. A portion of Debtor's income has been historically deposited into this account.** | W | 200.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | **Landlord Security Deposit** | - | 2,700.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Assorted Furniture**<br>**Location:17220 St. Paul, Grosse Pointe 48230** | - | 3,000.00 |
| | | **DVDs**<br>**Location:17220 St. Paul, Grosse Pointe 48230** | H | 20.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Six Paintings**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 600.00 |
| 6.  Wearing apparel. | | **Assorted mens clothing**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 1,000.00 |
| 7.  Furs and jewelry. | | **Corum Watch**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 400.00 |
| | | **Piaget Watch**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 1,000.00 |
| | | **Concord Watch**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 100.00 |
| | | **Diamond Wedding Band**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 2,500.00 |

Sub-Total >         11,580.00
(Total of this page)

**3**   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

**EXHIBIT B**

B6B (Official Form 6B) (12/07) - Cont.

In re    **Salvatore Cipriano**                                                ,        Case No. ___**14-48527**___
                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Schwinn Bicycle**<br>**Location: 17220 St. Paul, Grosse Pointe 48230** | H | 25.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Extended Term Life Insurance**<br>**Location: Guardian Life 7 Hanover Square, New York 10004-2616** | - | 0.00 |
| | | **Term Life - Life Insurance**<br>**Location: MetLife 5 Park Plaza, Suite 1900, Irvine, CA 92614** | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Salvatore Cipriano ENT.**<br>**Location: Windsor, ON** | - | 0.00 |
| | | **Produce Buyers Co.**<br>**Location: 7201 W. Fort St., #93, Detroit, MI 48209** | - | 0.00 |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

Sub-Total >          25.00
(Total of this page)

Sheet  __1__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Salvatore Cipriano**
_____,
                                    Debtor

Case No.   **14-48527**
_____

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Vehicle: 2008 BMW Location: 17220 Saint Paul St., Grosse Pointe, MI 48230 | - | 12,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

Sub-Total >      12,000.00
(Total of this page)

Sheet __2__ of __3__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Salvatore Cipriano**                                                    Case No.    __14-48527__
                                                                   ,
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  | | |
|---|---|---|
| Sub-Total > | | 0.00 |
| (Total of this page) | | |
| Total > | | 23,605.00 |

(Report also on Summary of Schedules)

Sheet  __3__  of  __3__   continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

14-48527-mbm    Doc 18    Filed 06/13/14    Entered 06/13/14 07:53:18    Page 7 of 38
14-04957-mbm    Doc 50-2    Filed 00/23/15    Entered 00/23/15 15:03:58    Page 5 of 12

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Salvatore Cipriano,

Case No. 14-48527-mbm

Debtor.

Chapter 7

Honorable Marci B. McIvor

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

Plaintiff,

-vs-

Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigancorporation,

Defendants.

| | | |
|---|---|---|
| Erik C. Stein (P72172)<br>Linnell & Associates, PLLC<br>Attorneys for Debtor<br>2804 Orchard Lake Road<br>Suite 203<br>Keego Harbor, MI 48320<br>(248) 977-4182 | Kenneth Nathan (P39142)<br>Nathan Law PLC<br>Trustee<br>29100 Northwestern Highway<br>Suite 310<br>Southfield, MI 48034<br>(248) 351-0099 | Victor J. Torres (P43240)<br>Williams Acosta, PLLC<br>Attorneys for R.A.M. Produce<br>Distributors, L.L.C.<br>535 Griswold Street, Suite 1000<br>Detroit, MI 48226<br>(313) 963-3873 |

## AFFIDAVIT OF MICHAEL J. BOMMARITO

STATE OF MICHIGAN    )
                     ) SS.
COUNTY OF WAYNE      )

Michael J. Bommarito, being first duly sworn and under oath states:

1.      I am an authorized representative of the Managing Member of R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), and I am authorized to sign this affidavit on behalf of RAM Produce.

EXHIBIT
C

2.    I am personally familiar with the facts and circumstances on which the RAM Produce claims in this case are based including the statements made in this affidavit and, if sworn as a witness, I am competent to testify to them.

3.    From on or about June 10, 2010, through on or about November 12, 2010, RAM Produce sold and delivered to Produce Buyers Co., a Michigan limited liability company, ("Produce Buyers"), perishable agricultural commodities, pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a *et seq.* ("PACA").

4.    With and/or after each sale and delivery of produce, RAM Produce delivered or mailed an itemized bill for the produce sold.

5.    Each itemized invoice that was delivered or mailed to Produce Buyers explicitly provided notice that the sale of commodities was made pursuant to the PACA.

6.    Each RAM Produce invoice to Produce Buyers, in part, explicitly states that the "[p]ayment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a *et seq.*".

7.    Based on the explicit notice provided in the RAM Produce invoices, payment terms were 10 days.

8.    At no time did RAM Produce ever agree with Produce Buyers or Salvatore Cipriano to payment terms other than the PACA 10day term provided on the RAM Produce invoices.

9.    RAM Produce did not enter into an agreement with Produce Buyers or Salvatore Cipriano to extend payment for the RAM Produce invoices beyond 30 days.

2

10.   At no time did RAM Produce representatives ever discuss with any representative from Produce Buyers payment terms other than the 10 day PACA payment term provided on each RAM Produce invoice.

11.   The total principal amount due to RAM Produce from Produce Buyers for the produce sold and delivered from in or about June 2010, through November 2010, was $37,921.10.

12.   Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

13.   The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

14.   A true copy of the account of Produce Buyers with RAM Produce is attached as Exhibit 1 and reflects a principal balance owed of $33,946.10, after credit for the two partial payments.

15.   As a result of the foregoing, Produce Buyers has an outstanding account with RAM Produce in the principal amount of $33,946.10 exclusive of costs, interest, and attorney fees as of the date of this affidavit.

16.   The account of Produce Buyers with RAM Produce with a principal balance of $33,946.10 is just and correct and remains unpaid despite numerous requests for payment by RAM Produce.

17.   The account of Produce Buyers with RAM Produce as noted above is true and accurate after consideration of any and all lawful payments, credits, and off-sets.

3

18.    The produce sold, pursuant to the PACA, by RAM Produce to Produce Buyers as described above was properly provided by RAM Produce and payments for the produce became due and owing after rendering of the accounts by RAM Produce.

19.    RAM Produce rendered the referenced accounts to Produce Buyers during the normal course of business, but despite numerous requests for payment, Produce Buyers has refused to pay and settle the account, and has not objected to or disputed the account.

20.    Based on the foregoing, the total amount due and owing to RAM Produce by Produce Buyers (and/or others) on account is $33,946.10 in principal, plus costs, interest and attorney fees.

Michael J. Bommarito

Subscribed and sworn to before me

this 22nd day of October, 2014

Bonita K. Crison, Notary Public
State of Michigan, County of Macomb

BONITA K. CRISON
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Sep 26, 2020
ACTING IN COUNTY OF Wayne

My Commission Expires:  Sep. 26, 2020
Acting in the County of Wayne

4

# EXHIBIT C-1

```
PLM / AR210L            R.A.M. Produce Distributors        Page :    1
00182493                    Customer Ledger               06/27/14 11:23a

                         Ending: 04/04/13

Customer: PROD   PRODUCE BUYERS

  Date       Type       Amount        Balance     Reference      Batch  Trns
========   ========   ============   ===========  ===========   ====== ====
06/10/10   Invoice        700.00         700.00   Inv 00414871  ICV009 2499
06/11/10   Invoice      1,359.10       2,059.10   Inv 00414869  ICV009 2498
06/14/10   Invoice        480.00       2,539.10   Inv 00415197  ICV009 2500
07/02/10   Invoice      4,200.00       6,739.10   Inv 00420880  ICV009 2501
07/05/10   Invoice        400.00       7,139.10   Inv 00421404  ICV009 2502
07/19/10   Invoice      6,480.00      13,619.10   Inv 00424461  ICV009 2504
07/20/10   Invoice      3,710.00      17,329.10   Inv 00423925  ICV009 2503
07/21/10   Invoice      1,200.00      18,529.10   Inv 00424671  ICV009 2505
07/23/10   Invoice      4,550.00      23,079.10   Inv 00425318  ICV009 2506
07/26/10   Invoice      3,080.00      26,159.10   Inv 00425799  ICV009 2508
07/27/10   Credit         140.00      26,019.10   Inv 00425697  ICV009 2507
08/12/10   Invoice      1,479.00      27,498.10   Inv 00427473  ICV009 2509
08/13/10   Credit         116.00      27,382.10   Inv 00427474  ICV009 2510
08/19/10   Invoice        875.00      28,257.10   Inv 00430887  ICV009 2511
09/13/10   Invoice      2,408.00      30,665.10   Inv 00435343  ICV009 2512
09/13/10   Invoice      2,400.00      33,065.10   Inv 00435616  ICV009 2513
10/25/10   Invoice        120.00      33,185.10   Inv 00444550  ICV009 2514
10/28/10   Invoice        200.00      33,385.10   Inv 00444843  ICV009 2515
11/09/10   Invoice      1,512.00      34,897.10   Inv 00447644  ICV009 2516
11/12/10   Invoice      3,024.00      37,921.10   Inv 00447913  ICV009 2517
05/18/12   Payment      3,100.00      34,821.10                 P00093     1
06/20/12   Payment        875.00      33,946.10                 P00136     1
12/28/12   Wrt Off     33,946.10            .00   W/O Bad Debt  P00419     1
```

EXHIBIT

C-1

# EXHIBIT D



**EXHIBIT D**

**SAM PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

6-10 2010

SOLD TO

ADDRESS

| | | |
|---|---|---|
| 230 | Apples Jumbo | 11 — 310 |

CUSTOMER SIGNATURE X

**TOTAL** 310

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is sold, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice." INV. NO. 414859

OFFICE COPY



**RAM PRODUCE DISTRIBUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO: Franklin's

6-4-0  201

| | | | | | |
|---|---|---|---|---|---|
| 20 | FZ Yellow 16 | | 4.50 | | |
| Nubri | 12-1-60 | | | | |
| Par 18 | | | | 4.80 | |

TOTAL  1.80
5.80

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."  INV. NO. 415197

---

**RAM PRODUCE DISTRIBUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO: Franklin's   6-4-0  201

TOTAL

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."  INV. NO. 415197



# RAM
## PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO: Produce Buyers
ADDRESS:

201

| | | |
|---|---|---|
| 1300 | 3 Pin Les | 350 1050 |

TOTAL 1050

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 420890

OFFICE COPY





**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

TOTAL

CUSTOMER SIGNATURE

X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 423925

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories or food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."



# SAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

DATE 7-20-0 201

SOLD TO: Premio Foods

ADDRESS

| | | |
|---|---|---|
| 80 | Mixed Eng | 15— |
| | | 1200 |

**TOTAL** 1200

INV. NO. 424671

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and these liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

---

# SAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

DATE 7-20-0 201

SOLD TO: Premio Foods

ADDRESS

80 Mixed Eng

**TOTAL**

INV. NO. 424671

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and these liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

# EXHIBIT D

# (additional pages to this exhibit)



**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

| | | | | | |
|---|---|---|---|---|---|
| 1 | 40 | 1/4 | SM GRASS | | |
| | | | Pear | | 32 80 |
| | | | | | 1/050 |

**TOTAL**  1/350

CUSTOMER SIGNATURE

X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."   INV. NO. 425318



**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO    Produce Buyer    2/6 201 0
ADDRESS

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 810 | 14" Grass Hvan | 1 | 35- | 3150 | | | | |

TOTAL    3180

INV. NO. 425799

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."



**RAM PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 425697

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

---

**RAM PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 425697

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

## PAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

**TOTAL**

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. A 27473

OFFICE COPY

---

## PAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

**TOTAL**

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. A 27473



**RAM PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

INV. NO. 427474

CUSTOMER SIGNATURE
X

TOTAL

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

*"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."*

*"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499n et seq. "*

*"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."*

---

**RAM PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

INV. NO. 427474

NUMERICAL COPY

CUSTOMER SIGNATURE
X

TOTAL

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

*"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."*

*"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499n et seq. "*

*"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."*

**RAM**

**PRODUCE DISTRIBUTORS, LLC**

OFFICES                    DETROIT PRODUCE TERMINAL
340 S. OAKWOOD AVE.        720 W. FORT ST.
DETROIT, MI 48217          DETROIT, MICHIGAN
(313) 841-9200 • FAX (313) 841-9208   (313) 841-2500

SOLD TO: Michline Hickes        9-13-0  201

ADDRESS: 58525

| | | | | |
|---|---|---|---|---|
| 172 | Chips Yend | 14— | | |
| | Mex | | 2400 | |
| | | | | |
| | | | | |
| | | | | |

**TOTAL** 2400

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."   INV. NO. A 35343

**RAM**

**PRODUCE DISTRIBUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

2-15-0

201

Picture Pkge

20  Yellow Gape vars
(-Shild         30—
                2.00

TOTAL  2400

CUSTOMER SIGNATURE

X

INV. NO. 435616

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(e) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et.seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

**RAM**

**PRODUCE DISTRIBUTORS, LLC**
DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

2-15-0

201

Picture Pkge

20  Yellow Gape

TOTAL

CUSTOMER SIGNATURE

X

INV. NO. 435616

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(e) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et.seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

## RAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

10-25 2010

SOLD TO: Rachial Burns

ADDRESS:

Col Dr. Grass 30   120

**TOTAL** 120

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."   INV. NO. 444550

## RAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

10-25 2010

SOLD TO: Rachial Burns

ADDRESS:

Col Dr. Grass

**TOTAL**

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."   INV. NO. 444550

**PAM**

**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-9500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO: _Produce Express_    Date: 10/27/10

ADDRESS:

| | | |
|---|---|---|
| 10 | Ibo Gross | 20-200 |
| | | |
| | | |

**TOTAL** 20

CUSTOMER SIGNATURE

X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

INV. NO. 444843

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

**PAM**

**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-9500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO: _Produce Express_    10/27/10

ADDRESS:

**TOTAL**

CUSTOMER SIGNATURE

X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

INV. NO. 444843

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, and any inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

# SAM
## PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

201

**TOTAL**

CUSTOMER SIGNATURE

X

## CLAIMS MUST BE MADE AT TIME OF DELIVERY

## CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted."
"Payment is due within 10 days after the day on which the product is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. **44 7644**

RAM

**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE,                    DETROIT PRODUCE TERMINAL
DETROIT, MI 48217                       7201 W. FORT ST.
(313) 841-9200 • FAX (313) 841-9208    DETROIT, MICHIGAN
                                        (313) 841-2500

SOLD TO _Produce Express_   _11-11_   201_6_

ADDRESS

| 504 | ENG | PPE |  | 6 - 30.24 |
| | | | | |
| Oatmac | | | |
| X-lot | | | |

CUSTOMER SIGNATURE

X

**TOTAL** → _30.24_

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 1% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 441913

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,                        Case No. 14-48527-mbm

         Debtor.                                  Chapter 7

                                                  Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

              Plaintiff,

v.                                                Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
              Defendant.

---

Victor J. Torres (P43240)                Erik C. Stein (P72172)
Williams Acosta, PLLC                    Linnell & Associates, PLLC
Attorneys for R.A.M. Produce Distributors, LLC   2804 Orchard Lake Road
Detroit, MI 48226                        Suite 203
                                         Keego Harbor, MI 48320
                                         (248) 977-4182
                                         estein@linnellfirm.com

---

Defendant Sal Cipriano states for his Answer to the Class Action Complaint

(hereinafter "COMPLAINT") of R.A.M. Produce Distributors, L.L.C. (hereinafter "RAM") on

file herein as follows:


EXHIBIT E

<u>ANSWER</u>

NATURE OF THE ADVERSARY PROCEEDING

1.      No response necessary.

<u>JURISDICTION AND PARTIES</u>

2.      No response necessary.

3.      No response necessary.

4.      No response necessary.

5.      Defendant admits the allegation contained in paragraph 5.

6.      Defendant admits the allegation contained in paragraph 6.

7.      Defendant admits the allegation contained in paragraph 7.

8.      Defendant admits the allegation contained in paragraph 8.

<u>GENERAL ALLEGATIONS</u>

9.      No response necessary.

10.     Defendant admits the allegation contained in paragraph 10.

11.     Defendant admits the allegation contained in paragraph 11.

12.     Defendant admits the allegation contained in paragraph 12.

13.     Defendant admits the allegation contained in paragraph 13.

14.     Defendant admits the allegation contained in paragraph 14.

15.     Defendant admits the allegation contained in paragraph 15.

16.     Defendant admits the allegation contained in paragraph 16.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the allegation contained in paragraph 18.

19.     Defendant admits the allegation contained in paragraph 19.

20.     Defendant admits the allegation contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint for the reason that it is untrue. Under the PACA, sellers that supply produce dealer with perishable agricultural commodities on credit terms extending over periods of longer than 30 days are not entitled to trust protection.

23.     Defendant admits the allegations contained in paragraph 23.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint for the reason that it is untrue. Plaintiff was not entitled to trust protection under PACA at the time of the alleged breach of trust.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint. Plaintiff was not entitled to trust protection under PACA at the time of the alleged breach of trust.

26.     Defendant denies the specific allegation contained in paragraph 26 alleging breach of trust as a PACA drust did not exist with respect to the transaction alleged by Plaintiff.

27.     Defendant admits the allegation contained in paragraph 27.

28.     Defendant admits the allegation contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint for the reason that it is untrue.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint for the reason that it is untrue.

31.     Defendant admits the allegation contained in paragraph 31.

32.     Defendant admits the allegation contained in paragraph 32.

## COUNT I
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PRODUCE BUYERS)

33.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 33 as a non-party to the claim.

34.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 34 as a non-party to the claim.

35.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 35 as a non-party to the claim.

36.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 36 as a non-party to the count.

37.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 37 as a non-party to the claim.

38.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 38 as a non-party to the claim.

39.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 39 as a non-party to the claim.

## COUNT II
## ACCOUNT STATED
## AGAINST DEFENDANT PRODUCE BUYERS

40.     Defendant Cipriano neither admits nor denies the allegations contained in

paragraph 40 as a non-party to the claim.

41.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 41 as a non-party to the claim.

42.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 42 as a non-party to the claim.

43.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 43 as a non-party to the claim.

44.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 44 as a non-party to the claim.

45.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 45 as a non-party to the claim.

46.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 46 as a non-party to the claim.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.   No response necessary.

47.   Defendant admits the allegation contained in paragraph 47.

48.   Defendant admits the allegation contained in paragraph 48.

49.   Defendant denies the allegations contained in paragraph 49 of the Complaint for the reason that it is untrue.

50.   Defendant denies the allegations contained in paragraph 50 of the Complaint for the reason that it is untrue.

51.   Defendant neither admits nor denies the allegations in paragraph 51 and leaves Plaintiff to its proofs.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint for the reason that it is untrue.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint for the reason that it is untrue.

## COUNT V
## DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. 523(A)(4)
## (AGAINST DEFENDANT CIPRIANO)

54. No response necessary.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint for the reason that it is untrue. Agreement between Plaintiff and Defendant on credit terms extended over a period of more than 30 days, voiding seller's trust protection.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint for the reason that it is untrue.

57. Defendant admits the allegation contained in paragraph 57.

58. Defendant admits the allegation contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59 as it is untrue.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint for the reason that it is untrue.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint for the reason that it is untrue.

62. Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint.

63.  Defendant denies the allegations contained in paragraph 63 of the Complaint as it is untrue.

## AFFIRMATIVE DEFENSES

As for the affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

### THE FIRST AFFIRMATIVE DEFENSE

(Failure to State a claim)

Each of the purported causes of action set forth in the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. Defendants have filed a Motion to Dismiss prior with his Answer.

### THE SECOND AFFIRMATIVE DEFENSE

(Waiver)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of waiver. Specifically, Plaintiff waived rights to trust benefits under PACA when entering into an agreement with Plaintiff to extend payments beyond the thirty-day maximum.

### THE THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

### THE FOURTH AFFIRMATIVE DEFENSE

(Laches)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches.

### THE FIFTH AFFIRMATIVE DEFENSE

(Failure to mitigate damages)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's failure to mitigate damages.

### THE SIXTH AFFIRMATIVE DEFENSE

(Consent)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's consent.

### THE SEVENTH AFFIRMATIVE DEFENSE

Defendant has not yet completed their investigation and discovery regarding the allegations and claims set forth and asserted by Plaintiffs. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendant Salvatore Cipriano prays for judgment against the Plaintiff as follows:

(1) Deny Plaintiff any relief against Salvatore Cipriano, whether declaratory, injunctive, monetary or otherwise;

(2) For the costs of suit incurred herein, including reasonable attorney's fees; and

(3) Any other relief that this Court deems just and equitable.

DATED: October 8, 2014                                   /s/ Erik C. Stein
                                                         LINNELL & ASSOCIATES, PLLC
                                                         By: Erik C. Stein (P72172)
                                                         Attorneys for Defendant Salvatore
                                                         Cipriano
                                                         2808 Orchard Lake Rd., Ste 203
                                                         Keego Harbor, MI 48320
                                                         (248) 977-4182
                                                         estein@linnellfirm.com

# EXHIBIT F

## Victor Torres

| | |
|---|---|
| **From:** | Erik Stein <estein@linnellfirm.com> |
| **Sent:** | Wednesday, October 01, 2014 3:32 PM |
| **To:** | Victor Torres |
| **Cc:** | Tracey Berry |
| **Subject:** | RAM Produce v. Cipriano - Request for Consent |

Mr. Torres:

I have filed an appearance in the above referenced matter. Pursuant to LBR 9014-1(g) I am seeking your concurrence in dismissing the above captioned adversary proceeding as it has been filed outside of the applicable statute of limitations for PACA and 11 USC 523(a)(4).

If I do not receive a response from you by Thursday, October 2, 2014 I will consider your concurrence denied and I will file a Motion to Dismiss on behalf of Mr. Cipriano.

Thank you,

**Erik C. Stein, Esq**.



2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
ph: (248) 977-4182 ext 1005
f: (248) 232-6179
www.linnellfirm.com

Attorney Erik C. Stein and the law firm of Linnell & Associates, PLLC are debt relief agencies and assist individual debtors in filing for debt relief under the United States Bankruptcy Code. (This statement is made in accordance with 11 USC 528.)

**CONFIDENTIALITY:** This email is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged information. Any review, dissemination, copying, printing or other use of this email by persons or entities other than the addressee is prohibited. If you have received this email in error, please contact the sender immediately and delete any material from your computer.

**IRS CIRCULAR 230 NOTICE:** To the extent that this message or any attachment concerns tax matters, it is not intended to be used and cannot be used by a taxpayer for the purpose of avoiding penalties that may be imposed by law.

**SIGNATURE:** Nothing in this communication is intended to constitute an electronic signature unless a statement to the con...

10/22/2014 1:09 PM                                             1

**EXHIBIT**
**F**

# EXHIBIT G

**Victor Torres**

| | |
|---|---|
| **From:** | Victor Torres |
| **Sent:** | Thursday, October 02, 2014 11:44 AM |
| **To:** | 'Erik Stein' |
| **Cc:** | 'Mike Bommarito (mikeb@ramproduce.com)' |
| **Subject:** | RE: RAM Produce v. Cipriano - Request for Consent |
| **Attachments:** | 341 Hearing (Cipriano) 7-9-14.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Erik Stein' | |
| | 'Mike Bommarito (mikeb@ramproduce.com)' | Read: 10/2/2014 11:56 AM |

October 2, 2014
<u>Via Electronic Mail</u>

Erik C. Stein, Esq.
Linnell & Associates, PLLC
2804 Orchard Lake Road, Suite 203
Keego Harbor, Michigan 48320

Re:    R.A.M. Produce Distributors, LLC -vs- Salvatore Cipriano a/k/a Sal Cipriano
       and Produce Buyers Co.
       U.S. Bankruptcy Court, Eastern District of Michigan
       Adv. Proc. No: 14-04957-mbm

Good Morning Mr. Stein. Thank you for the e-mail below. Please note that the position that the applicable limitations period has lapsed is incorrect based on established facts and applicable law. Even assuming a 3 year limitations period applies (an open question), the limitations period was reaffirmed for limitations analysis purposes by the partial payments made on 05-18-12 and 06-20-12. See for e.g. *Charbonneau v Mary Jane Elliott, P.C.*, 611 F.Supp.2d, 736, 741-742 (ED Mich 2009). In addition, Mr. Cipriano confirmed reaffirmation of the debt during testimony at the §341 Hearing. (See page 9 of attached transcript).

To avoid expenditure of unnecessary attorney fees, please review underlying law and related facts before filing a motion, as review should lead to the conclusion that a motion is not viable or warranted. You should also feel free to contact me to discuss further. Thank you.

Victor J. Torres
Williams Acosta, PLLC
Buhl Building
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
(313) 961-6879 - facsimile
(734) 358-8000 – mobile
<u>vtorres@williamsacosta.com</u>



EXHIBIT
**G**

To comply with U.S. Treasury regulations, we advise you that any discussion of Federal tax issues in this communication was not intended or written to be used, and cannot be used, by any person (i) for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service, or (ii) to promote, market or recommend to any other party any matter addressed herein.

This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

---

**From:** Erik Stein [mailto:estein@linnellfirm.com]
**Sent:** Wednesday, October 01, 2014 3:32 PM
**To:** Victor Torres
**Cc:** Tracey Berry
**Subject:** RAM Produce v. Cipriano - Request for Consent

Mr. Torres:

I have filed an appearance in the above referenced matter. Pursuant to LBR 9014-1(g) I am seeking your concurrence in dismissing the above captioned adversary proceeding as it has been filed outside of the applicable statute of limitations for PACA and 11 USC 523(a)(4).

If I do not receive a response from you by Thursday, October 2, 2014 I will consider your concurrence denied and I will file a Motion to Dismiss on behalf of Mr. Cipriano.

Thank you,

**Erik C. Stein, Esq.**



2804 Orchard Lake Rd., Ste 203
Keego Harbor, MI 48320
ph: (248) 977-4182 ext 1005
f: (248) 232-6179
www.linnellfirm.com

# EXHIBIT H

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
**(Cite as: 2011 WL 891221 (E.D.Mich.))**

**C**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
LA GRASSO BROS. INC., Plaintiff,
v.
AMERICAN FOODSERVICE, L.L.C., and David M.
Mazur, Jr., Defendants.

Civil Case No. 10–10711.
March 11, 2011.

Maria C. Simon, McCarron and Diess, Washington, DC, Stephen P. Stella, Simon, Stella, Detroit, MI, for Plaintiff.

David. M. Mazur, Jr., Holly, MI, pro se.

*OPINION AND ORDER GRANTING DEFEND-ANTS' MOTION FOR LEAVE TO SUPPLEMENT RESPONSE AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

MARIANNE O. BATTANI, District Judge.

**\*1** Before the Court is Plaintiff LaGrasso Bros., Inc.'s Motion for Summary Judgment Against Defendants American Foodservice, L.L.C. and David Mazur (Doc. 12) and Defendants' Motion for Leave to Supplement Response (Doc. 19). The Court has reviewed the record and finds oral argument will not aid in the resolution of this dispute. *See,* E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** both motions.

**I. BACKGROUND**

Plaintiff LaGrasso Bros. is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce. Plaintiff is licensed as a dealer under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq.*

Defendant American Foodservice is a dealer of wholesale quantities of produce under PACA. American Foodservice's Articles of Organization identify Defendant David Mazur as its sole founder. (Doc. 12 Ex. 3). Mazur is also American Foodservice's Managing Member. American Foodservice entered into an credit agreement with Plaintiff that detailed payment terms and included a requirement that American Foodservice pay interest on all unpaid invoices. (Doc. 12 Ex. 4). Additionally, Mazur entered into a Guarantor Agreement with Plaintiff in which he personally guaranteed any debt incurred by American Foodservice. *Id.*

Between October 22, 2009 and December 12, 2009, Plaintiff sold and delivered to Defendants wholesale quantities of produce, worth $27,867.50, for which it had not been paid. The following language was included on each invoice Plaintiff sent to Defendant:

"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received"

(Doc. 12, Declaration of LaGrasso, Ex. 2).

On February 19, 2010, pursuant to Section 5(c) of **PACA**, Plaintiff filed suit against Defendants to en-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.



EXHIBIT
**H**

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
(Cite as: 2011 WL 891221 (E.D.Mich.))

force **PACA** trust provisions and collect the unpaid invoices. (Doc. 1). Mazur filed a *pro se* Answer for himself and American Foodservice. (Doc. 8).

On March 29, Plaintiff served Defendants with a first set of discovery requests. (Doc. 12 Ex. 1). In the opening paragraph of Plaintiff's First Request for Admissions, Plaintiff expressly state that Defendants responses are due within thirty days of service. *Id.* The Court's scheduling order indicated that all discovery was to be completed by July 30, 2010. (Doc. 11).

On August 17, Plaintiff filed a motion for summary judgment under Rule 56. (Doc. 12). On September 23, Defendants filed an Affidavit in response to Plaintiff's motion. (Doc. 14). Also on that date, Defendants served Plaintiff with their responses to Plaintiff's First Request for Admissions. (Doc. 15 at 3, n. 1).

**\*2** On October 16, Defendants filed a "Response" in which they apparently respond to Plaintiff's First Request for Admissions. (Doc. 16). Two days later, Defendants filed a Motion for Leave to Supplement Response. (Doc. 19). Plaintiff's motion for summary judgment and Defendants' motion to supplement are now before the Court.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. Pro.* 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202, (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. *Marvin v. City of Taylor,* 509 F.3d 234, 238 (6th Cir.2007) (citing *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1775, 167 L.Ed.2d 686 (2007)). The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial. *See, Fed. R. Civ.* P. 56(c)(1). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v.DaimlerChrysler Corp.,* 306 F.3d 427, 432 (6th Cir.2002).

## III. ANALYSIS

The Court addresses two threshold concerns before reviewing the parties' motions. First, it appears that Mazur is representing himself and American Foodservice. Mazur is not a licensed attorney and cannot represent a limited liability company, such as American Foodservice.[FN1] *See, Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." (citations

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
**(Cite as: 2011 WL 891221 (E.D.Mich.))**

omitted)). Furthermore, though Mazur is American Foodservice's Managing Member, a limited liability company cannot represent itself. *See, Roscoe v. U.S.,* 134 Fed. App'x 226, 227 (10th Cir.2005); *In re ICLNDS Notes Acquisition, LLC,* 259 B.R. 289, 294 (Bankr.N.D.Ohio 2001) ("whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney."). The Court considers Mazur's arguments only to the extent he is responding on his own behalf. Consequently, American Foodservice has not filed an answer, discovery responses, or any response to Plaintiff's motion for summary judgment.

> FN1. The Court notes that Plaintiff does not object to Mazur representing American Foodservice.

**\*3** Second, all matters identified in Plaintiff's First Request for Admissions are deemed admitted. (Doc. 12 Ex. 1). Under Fed.R.Civ.P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." "[A] request for admissions which is not responded to within the applicable time period is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus.,* 106 F.3d 147, 153 (6th Cir.1997). Furthermore, "matters deemed admitted pursuant to Rule 36(a) can serve as a basis for the granting of a motion for summary judgment." *Turk v. CitiMortgage,* 2005 WL 2090888, 3 (E.D.Mich. August 29, 2005) (citing *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. of N. Am.,* 606 F.2d 760, 766 (7th Cir.1979); *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 548–49 (5th Cir.1985)).

Here, Defendants did not respond or object to Plaintiff's request for admissions within thirty days of service. Plaintiff informs the Court that it made Defendants aware of the consequences of not responding

in time. (Doc. 15 at 3, n. 1). As discussed above, Defendant American Foodservice filed no discovery responses in this case. Defendant Mazur served his responses six months after receiving Plaintiff's First Request for Admissions and two months after the discovery cutoff date set by the Court. Mazur's *pro se* status does not excuse him from complying with unambiguous discover deadlines. *See, Yamasaki Assocs. v. Syska Henessy Group, Inc.,* 2010 WL 3342244 (E.D.Mich. Aug.25, 2010) (Requests for admissions deemed admitted after *pro se* defendant did not respond within thirty days and did not request additional time to respond). Also, the Court does not consider Mazur's errantly filed "Response" (Doc. 16) a motion to amend his admissions. Therefore, the matters in Plaintiff's First Request for Admissions are conclusively established.

**A. Defendant's Motion for Leave to Supplement Response**

Although the Court does not tolerate Defendant Mazur's inexcusable discovery delays, it grants his request to supplement his response to Plaintiff's motion. (Doc. 18). Defendant's original response was a short, four-sentence Affidavit. (Doc. 14). Plaintiff adequately responds to his single supplemental argument in its Opposition to Defendant's motion. (Doc. 20). The granting of this motion does **not** cause Plaintiff to suffer unfair prejudice. The Court incorporates Defendant's new argument into his original response.

**B. PACA**

"**PACA** creates a statutory trust for unpaid sellers of perishable agricultural commodities." *J.A. Besteman Co. v. Carter's, Inc.,* 439 F.Supp.2d 774, 777 (W.D.Mich.2006). Section 499e(c) (2) of **PACA** provides:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
**(Cite as: 2011 WL 891221 (E.D.Mich.))**

commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

**\*4** 7 *U.S.C.* § 499e(c)(2). PACA was enacted to "encourage fair trading practices in the marketing of perishable commodities by suppressing unfair and fraudulent business practices in marketing of fresh and frozen fruits and vegetables ... and provid[e] for collecting damages from any buyer or seller who fails to live up to his contractual obligations." *Endico Potatoes v. CIT Group/Factoring,* 67 F.3d 1063, 1066 (2d Cir.1995) (citation omitted).

To recover the proceeds from a PACA created trust, a plaintiff must demonstrate: (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law. 7 *U.S.C.* § 499e; *Chiquita Fresh, N.A. v. Specialty Produce Co. .,* 2003 WL 24272404 (E.D.Tenn. May 2, 2003).

Although PACA does not explicitly provide for attorney's fees, interest, and costs, the circuit courts have determined that the broad language of 7 U.S.C. § 499e(c)(2), specifically the phrase "sums owing in connection with," includes a right to attorney's fees, interest, and costs, provided there exists a contractual right to such fees. *See, Cooseman's Specialties, Inc., v. Gargiulo,* 485 F.3d 701, 709 (2d Cir.2007); *Country Best v. Christopher Ranch, LLC,* 361 F.3d 629, 632 (11th Cir.2004); *Middle Mountain Land & Produce v. Sound Commodities,* 307 F.3d 1220, 1222–25 (9th

Cir.2002).

Additionally, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." *Coosemans Specialties, Inc. v. Gargiulo,* 485 F.3d 701, 705–706 (2d Cir.2007) (citing *Weis–Buy Servs. v. Paglia,* 411 F.3d 415, 420–21 (3d Cir.2005); *Patterson Frozen Foods v. Crown Foods Int'l,* 307 F.3d 666, 669 (7th Cir.2002); *Golman–Hayden Co. v. Fresh Source Produce,* 217 F.3d 348, 351 (5th Cir.2000); *Hiller Cranberry Prods. v. Koplovsky,* 165 F.3d 1, 8–9 (1st Cir.1999); *Sunkist Growers v. Fisher,* 104 F.3d 280, 282–83 (9th Cir.1997)).

**C. Plaintiff's Motion for Summary Judgment**

Plaintiff argues it is entitled to summary judgment on its **PACA** trust claim because there are no material facts in dispute. Defendants have admitted to purchasing, accepting, and **not** paying for Plaintiff's produce. The **PACA** claim includes prejudgment interest, attorney's fees, and costs of collection because the agreement between the parties gives Plaintiff the contractual right to such fees. Also, Mazur has admitted to being in a position of control over the **PACA** trust and can be held personally liable if the trust fails to pay in full.

Defendant American Foodservice did **not** oppose Plaintiff's motion. Defendant Mazur offers only two arguments in his response: (1) he cannot be found liable to a **PACA** trust beneficiary because American Foodservice is **not** a produce "dealer" that is subject to **PACA** and (2) even if the statute **applied**, Plaintiff failed to preserve its trust rights because Plaintiff routinely extended payment terms beyond the statutory maximum of thirty days. The Court begins with Defendant Mazur's first argument.

**\*5** There is no genuine issue of material fact as to whether American Foodservice is a "dealer" under

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
(Cite as: 2011 WL 891221 (E.D.Mich.))

PACA. A produce "dealer" is "any person engaged in the business of buying or selling in wholesale or job-bing quantities, as defined by the Secretary, any per-ishable agricultural commodity in interstate or foreign commerce." 7 *U.S.C.* § 499a(b)(6). The federal regu-lations define "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day, shipped, received or contracted to be shipped or re-ceived." 7 *C.F.R.* § 46.2(x). A retailer is considered a "dealer" under PACA if it purchases more than $230,000 worth of produce for resale in any calender year. 7 *U.S.C.* § 499a(b)(6).

Defendant does not dispute that on October 12, 2009, American Foodservice purchased 4,962 pounds of produce from Plaintiff. (Doc. 12, Declaration of Lagrasso, Ex. 2). This makes American Foodservice a "dealer" subject to PACA. Also, it remains undisputed that American Foodservice purchased from Plaintiff: $257,716.10 worth of produce in 2007, $275,068.20 in 2008, and $281,031.80 in 2009. (Doc. 15 Ex. 1). Therefore, even if American Foodservice is strictly a "retailer" of produce, it is nevertheless a "dealer" because it purchased more than $230,000 worth of produce for resale in a year. Clearly, American Foodservice is subject to the trust provisions of **PA-CA**.

Turning to Defendant's second argument, there is no genuine issue of material fact as to whether Plain-tiff preserved its **PACA** trust rights. **PACA** and re-lated federal regulations "expressly lay out the steps that a produce seller must take to come within **PA-CA's** protection." *Overton Distributors, Inc. v. Her-itage Bank,* 340 F.3d 361, 365 (6th Cir.2003) (citing 7 *U.S.C.* § 499e(c)(3) and (4); 7 *C.F.R.* §§ 46.2(aa) and 46.46(e)). "Under all circumstances, the seller must give the buyer written notice of the seller's intention to preserve its trust benefits." *Id.* If the buyer and seller use the default payment terms set forth in 7 C.F.R. § 46.2(aa)(5) (buyer's payment due ten days after ac-ceptance), this notice of intent to preserve benefits is

all that is required. *Id.* If the parties agree to payment terms greater than ten days, they "must reduce their agreement to writing *before* entering into the transac-tion and maintain a copy of the agreement in their records." 7 C.F.R. § 46.2(aa)(11) (emphasis added). "The maximum time for payment for a shipment to which a seller, supplier, or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance." *Id.* at § 46.46(e)(2). "This limitation exists because the statute is intended to protect only those produce sellers making short-term credit arrangements." *Overton,* 340 F.3d at 365 (citing H.R.Rep. No. 98–543 at 7 (1983)).

Defendant argues that Plaintiff lost the protection of the PACA trust because over their course of dealing with American Foodservice, they accepted payments beyond the thirty-day maximum.[FN2] Courts reviewing this argument generally conclude that a " 'course of dealing' extending a buyer's payment due date does not prevent the seller from being entitled to the PACA trust." *In re Symons Frozen Foods Inc.,* 425 B.R. 589, 599 (Bkrtcy.W.D.Wash.2010) (citing *In re Lombardo Fruit & Produce Co.,* 12 F.3d 806, 809–10 (8th Cir.1993); *A & J Produce Corp. v. CIT Group/Factoring, Inc.,* 829 F.Supp. 651, 655 (S.D.N.Y.1993); *Mid–Valley Produce Corp. v. 4–XXX Produce Corp.,* 819 F.Supp. 209, 211–12 (E.D.N.Y.1993)). Although there is no controlling Sixth Circuit precedent, the Court follows the rea-soning of the above cited cases and rejects Defendant's argument that Plaintiff forfeited its PACA claim be-cause it accepted payments beyond the thirty-day maximum. Upon a buyer's default, "PACA does not impose an obligation on the seller to diligently enforce the agreement by filing suit, filing for trust protection, or terminating business relations." *Lombardo,* 12 F.3d at 810–11. It is entirely reasonable for a produce buyer whose assets have become subject to a PACA trust to cure the default(s) that gave rise to the trust. A seller's bare acceptance of payments that are more than thirty days late does not necessarily cause that seller to lose PACA protection.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
**(Cite as: 2011 WL 891221 (E.D.Mich.))**

> FN2. Plaintiff admits it accepted payments more than thirty days late. (Doc. 20 at 2).

**\*6** However, if there is an agreement between the parties that provides for payment terms in excess of the statutory maximum, the seller loses PACA protection. *Overton,* 340 F.3d at 365 ("Thirty days is the maximum allowable payment term under PACA regulation 7 C.F.R. § 46.46(e)(2)...."). To that end, Defendant also claims that Plaintiff has agreed to extend "30+" payment terms since November 2006. Defendant offers no proof of such an agreement. The invoices in the record expressly state: "THIS INVOICE IS SUBJECT TO ALL TERMS AND CONDITIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT–BALANCE DUE–NET 10 DAYS." (Doc. 12 Ex. 1). Such language gives Defendants written notice of Plaintiff's intent to preserve its PACA trust rights and clearly identifies the operative payment terms. The "Statements" submitted by Defendant simply identifying the invoices that are thirty days late does not establish an agreement to extend payment terms beyond thirty days. (Doc. 18 Ex. 2). Also, Defendant offers no evidence of an oral agreement in which the parties agreed to payment terms beyond the statutory maximum.[FN3] Accordingly, the Court finds that Plaintiff preserved its trust rights and has a legitimate PACA claim.

> FN3. Even if there was an oral agreement that extended the terms beyond the thirty-day maximum, the circuit courts have held that an oral agreement allowing for the extension of credit beyond thirty days does not abrogate a PACA trust. *See, Bocchi Ams. Assocs., Inc. v. Commerce Fresh Mktg., Inc.,* 515 F.3d 383, 390–91 (5th Cir.2008); *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.,* 307 F.3d 666, 669 (7th Cir.2002) (citing *Idahoan Fresh v. Advantage Produce, Inc.,* 157 F.3d 197, 205 (3d Cir.1998); *Hull Co. v. Hauser's Foods, Inc.,* 924 F.2d 777, 781–82 (8th Cir.1991)); but *see, Am. Banana Co., Inc. v. Republic Nat'l Bank of New York,* 362 F.3d 33, 43–44 (2d Cir.2004) (holding that an oral agreement may forfeit the protection of the PACA trust). The Sixth Circuit has yet to provide guidance on this issue.

Since the Court concludes that Plaintiff holds a valid PACA trust claim, it must also determine whether attorney's fees, costs, and interest are included as a part of that claim. As explained above, a seller's PACA claim includes attorney's fees, costs, and interest so long as there exists a contractual right to these fees. *Consumers Produce, Inc. v. R. Family Market,* 2009 WL 2351642, \*1 (N.D.Ohio July 28, 2009) (citations omitted). Plaintiff claims that the Credit Application (Doc. 12 Ex. 4) signed by Defendants gives Plaintiff the right to seek "prejudgment interest, attorney's fees and costs accumulated in connection with collecting payment." (Doc. 12 at 13). After throughly reviewing that document, the Court finds that Plaintiff has a contractual right to prejudgment interest only. At the bottom of the first page, the agreement reads: "Seller shall assess interest against the outstanding balance from that date until payment is made at a rate of 1.5 percent per month (18%) per annum." *Id.* The agreement does not contain a provision that gives Plaintiff the right to collect attorney's fees and related costs. Also, none of the invoices in the record show that Plaintiff has a contractual right to such fees and costs. Therefore, Plaintiff's PACA trust claim includes prejudgment interest, but does not include attorney's fees and costs of collection.

**IV. CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Leave to Supplement Response (Doc. 18) and **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant David Mazur (Doc. 12).

Within twenty (20) days of entry of this Opinion and Order, Plaintiff may enter a default and seek de-

Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)
**(Cite as: 2011 WL 891221 (E.D.Mich.))**

fault judgment against Defendant American Foodservice, failure to do so will result in automatic dismissal of Plaintiff's claim against American Foodservice. Also, Plaintiff should submit a proposed judgment against Defendant Mazur setting forth the amount of prejudgment interest that has accrued on the unpaid balance of $27,867.50, after which time final judgment will issue.

**\*7 IT IS SO ORDERED.**

E.D.Mich.,2011.
La Grasso Bros. Inc. v. American Foodservice, L.L.C.,
Not Reported in F.Supp.2d, 2011 WL 891221 (E.D.Mich.)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Salvatore Cipriano,                                    Case No. 14-48527-mbm

                    Debtor.                                    Chapter 7

                                                              Honorable Marci B. McIvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                    Plaintiff,

-vs-                                                          Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                    Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Gallagher Sharp | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Defendant | Trustee | Attorneys for R.A.M. Produce |
| 211 West Fort Street | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 660 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Detroit, MI 48226 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (313) 962-9160 | (248) 351-0099 | (313) 963-3873 |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT PRODUCE BUYERS CO., ONLY**

        Plaintiff R.A.M. Produce Distributors ("RAM Produce"), by and through its attorneys,

Williams Acosta, PLLC, respectfully moves for an entry of a default judgment against

Defendant Produce Buyers Co. ("Defendant Produce Buyers") pursuant to Fed. R. Civ. P.

55(b)(2).  RAM Produce states as follows in support of this motion:

        1.        RAM Produce filed the Complaint initiating this proceeding on September 5,

2014, against Defendants[1] based on Defendants' failure to pay RAM Produce the total principal

_____

[1] Defendant Salvatore Cipriano ("Defendant Cipriano") and Defendant Produce Buyers are collectively referred to as "Defendants".

amount of $33,946.10 for agricultural commodities sold by RAM Produce pursuant to the Perishable Agricultural Commodities Act of 1930, 7 USC 499a *et seq.*, as amended ("PACA") (Count III of the Complaint).  (See Exhibit B of Brief:  Bommarito Affidavit).

2.      In addition to the PACA claim asserted against both Defendants, RAM Produce's Complaint includes claims of breach of contract (Count I) and account stated (Count II) against Defendant Produce Buyers, only.[2]

3.      RAM Produce served the Summons and Complaint and related documents on Defendants on September 8, 2014, so Defendants' answer was to be filed by October 8, 2014, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i).  (Exhibit E of Brief:  Certificate of Service).

4.      Defendants admit that the underlying debt in the principal amount of $33,946.10 is owed.  (See Exhibit A of Brief:  §341 Tr. pp. 8-9; Exhibit C of Brief:  Defendant Cipriano Answer pp. 2-3 ¶¶18-20).

5.      Defendant Produce Buyers did not file an Answer by the October 8, deadline, so the Court Clerk entered default against Defendant Produce Buyers.  (See Exhibit F of Brief: Default Entry by Clerk).

6.      For the following reasons, a default judgment should be entered in favor of RAM Produce pursuant to Fed. R. Civ. P. 55(b)(2):

A.      RAM Produce has established a PACA claim and is entitled to default judgment against Defendant Produce Buyers:

(i)      It is uncontested that the PACA statutory notice was provided on each of RAM Produce's invoices.  (See Exhibit D of Brief:  RAM Produce Invoices).  Therefore, the PACA trust was properly preserved pursuant to 7 USC §499e(c)(2) and §499(e)(c)(4).

(ii)      RAM Produce's invoices include payment terms stating that "[p]ayment is due within 10 days after the day on which the

---

[2] RAM Produce also asserted a claim for non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) (Count IV) against Defendant Cipriano.

2

produce is accepted or as otherwise specifically provided under [the PACA]". (See Exhibit D of Brief: RAM Produce Invoices).

(iii)   Under standard contract principles and because the RAM Produce invoices (Exhibit D of Brief) provide for recovery of attorney fees and pre-judgment interest, RAM Produce is also entitled to recover 7% pre-judgment, 7% post-judgment interest, and reasonable attorney fees and costs. *Country Best*, *M&M v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004).

B.   Despite the fact that RAM Produce fully performed all of its obligations to Defendant Produce Buyers under the contracts for sale of produce, Defendant Produce Buyers failed to pay RAM Produce the total principal balance of $33,946.10 owing under the parties' agreements. In addition to recovering the principal balance owed, the parties' contracts (as memorialized in RAM Produce's invoices) also provide that RAM Produce is to recover pre-judgment interest at 7% per annum and attorney fees and costs related to collection. (See Exhibit D of Brief: RAM Produce Invoices).

C.   RAM Produce sold produce to Defendant Produce Buyers on open account, under which a total principal amount of $33,946.10 remains outstanding and on which Defendant Produce Buyers had failed to render payment. Defendant Produce Buyers has not disputed or objected to the account stated by RAM Produce. (See Exhibit B of Brief: Bommarito Affidavit ¶¶3-20). The terms of the parties' agreements also provide that RAM Produce is to recover pre-judgment interest and attorney fees and costs related to collecting payment. (See Exhibit D of Brief: RAM Produce Invoices). *Fleet Business Credit LLC v. Kropohl Ford Lincoln Mercury Company*, 274 Mich. App. 584, 589; 735 N.W.2d 644 (2006) (in Michigan, contract provisions for payment of reasonable attorney fees are judicially enforceable).

3

7.     In further support of this motion, RAM Produce relies on the Brief in Support and exhibits filed with this motion.

WHEREFORE, RAM Produce respectfully requests that this Honorable Court enter the default judgment attached as Exhibit G to the Brief in Support against Defendant Produce Buyers in favor of RAM Produce providing the following relief:

A.     Granting a money judgment to RAM Produce based on Counts I through III in the Complaint against Defendant Produce Buyers in the principal amount of $33,946.10;

B.     Awarding pre-judgment and post-judgment interest at the annual rate of 7% as specified in RAM Produce's invoices;

C.     Awarding RAM Produce reasonable attorney fees and costs as provided in RAM Produce's invoices and under PACA and Michigan law;

D.     As needed to collect on the default judgment, allowing collection and further proceedings to determine the disposition by Defendants of the PACA trust assets; and,

E.     Such further legal and/or equitable relief as the Court deems just and proper.

                              Respectfully Submitted,

                              WILLIAMS ACOSTA, PLLC


                    By:     _____/s/Victor J. Torres_____
                              Victor J. Torres (P43240)
                              Attorney for Plaintiff
                              535 Griswold Street, Suite 1000
                              Detroit, Michigan 48226-3692
                              (313) 963-3873
Date:   October 29, 2014     vtorres@williamsacosta.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                                    Case No. 14-48527-mbm

                              Debtor.                           Chapter 7

                                                               Honorable Marci B. McIvor

_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                 Plaintiff,

-vs-                                                            Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                 Defendants.

_____

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Gallagher Sharp | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Defendant | Trustee | Attorneys for R.A.M. Produce |
| 211 West Fort Street | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 660 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Detroit, MI  48226 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (313) 962-9160 | (248) 351-0099 | (313) 963-3873 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT PRODUCE BUYERS CO., ONLY**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES.............................................................................iii

QUESTIONS PRESENTED..........................................................................iv

FACTS ..................................................................................................... 1

DISCUSSION ............................................................................................3

    A.  Uncontested Facts Establish That RAM Produce Is Entitled To Judgment Against Defendant Produce Buyers Under Its PACA Claim .................................................3

        1.  Each of RAM Produce's invoices at issue provide express notice of preservation of PACA trust benefits ................................................3

        2.  The RAM Produce invoices and PACA law provide that RAM Produce is to recover pre-judgment interest and attorney fees ......................................6

B.  RAM Produce Is Entitled to Judgment on Its Breach of Contract Claim Against Defendant Produce Buyers ....................................................7

        1.  Defendant Produce Buyers breached valid contracts with RAM Produce when it failed to pay for produce sold by RAM Produce .................7

        2.  The terms on RAM Produce's invoices control the parties' relationship so RAM Produce is entitled to an award of 7% interest and attorney fees and costs related to collection....................................................8

C.  RAM Produce Has Established an Account Stated Against Defendant Produce Buyers in the Principal Amount of $33,946.10 .........................................8

STANDARD OF REVIEW AND CONCLUSION.........................................................10

## INDEX OF AUTHORITIES

### Cases

*Antoine v. Atlas Turner, Inc.,*
    66 F.3d 105 (6th Cir. 1995) ............................................................................10

*Country Best, M&M v. Christopher Ranch, LLC,*
    361 F.3d 629 (11th Cir. 2004) ...........................................................................6

*Fleet Bus Credit LLC v. Kropohl Ford Lincoln Mercury Co.,*
    274 Mich. App. 584; 735 N.W.2d 644 (2006) ..................................................8

*Ford Motor Co. v. Cross,*
    441 F. Supp. 2d 837 (E.D. Mich. 2006) ........................................................10

*Kamalnath v. Mercy Mem'l Hosp. Corp.,*
    194 Mich. App. 543; 487 N.W.2d 499 (1992) ..................................................7

*Keywell and Rosenfeld v. Bithell,*
    254 Mich. App. 300; 657 N.W.2d 759 (Mich. App. 2003) ...............................9

*Lambert v. Jim Causley Pontiac,*
    47 Mich. App. 620; 209 N.W.2d 619 (1979) ....................................................7

*Pittsburgh Tub Co. v. Tri-Bend, Inc.,*
    185 Mich. App. 581; 463 N.W.2d 161 (1990) ..................................................7

*Ramada Franchise Sys., Inc. v. Baroda Enters., LLC,*
    220 F.R.D. 303 (N.D. Ohio 2004) ..................................................................10

*Stowe Potato Sales Inc. v. Terry's Inc.,*
    224 B.R. 329 (W.D. Va 1998) ...........................................................................5

*Watkins v. Ford,*
    37 N.W. 300 (Mich. 1888) ................................................................................9

*Woody v. Tamer,*
    158 Mich. App. 764; 405 N.W.2d 213 (1987) ..................................................8

### Rules, Statutes, and Regulations

Bankr. Rule 7004(b)(3) ..............................................................................................2
7 C.F.R. § 46.2(aa)(5) ...............................................................................................6
7 C.F.R. § 46.46(f) ................................................................................................4, 6
7 C.F.R. § 46.46(f)(2)(i) .............................................................................................6
7 C.F.R. § 46.46(f)(3) .................................................................................................5
7 U.S.C. §499a ...........................................................................................................1
7 U.S.C. §499e(c) ...................................................................................................2, 4
7 U.S.C. §499e(c)(2) ..................................................................................................6
7 U.S.C. §499e(c)(3) ..................................................................................................4
7 U.S.C. §499e(c)(4) ...............................................................................................5, 6
11 U.S.C. 523(a)(4) ....................................................................................................1
Fed. R. Civ. P. 55(a) ................................................................................................10
Fed. R. Civ. P. 55(b)(2) ..............................................................................................3
Fed. R. Civ. P. 12(a)(1)(A)(i) .....................................................................................2
M.C.L. 600.2145 .........................................................................................................9

## QUESTIONS PRESENTED

1.      Is Plaintiff RAM Produce entitled to entry of default judgment against Defendant Produce Buyers where the Clerk entered default against Defendant Produce Buyers and uncontradicted evidence shows that it is entitled to judgment on all claims asserted and the relief requested against Defendant Produce Buyers?

        Plaintiff RAM Produce Answers:               Yes
        Defendant Produce Buyers:                    Is In Default

2.      Is Plaintiff RAM Produce entitled to entry of default judgment in its favor under the PACA when the uncontroverted evidence shows that Plaintiff RAM Produce preserved its rights as a PACA trust beneficiary and Defendant Produce Buyers has not paid for produce sold pursuant to the PACA?

        Plaintiff RAM Produce Answers:               Yes
        Defendant Produce Buyers:                    Is In Default

3.      Is Plaintiff RAM Produce entitled to entry of default judgment in its favor on its breach of contract claim against Defendant Produce Buyers when the uncontroverted evidence shows that Defendant Produce Buyers breached the parties' contracts by failing to pay for produce that Plaintiff RAM Produce sold?

        Plaintiff RAM Produce Answers:               Yes
        Defendant Produce Buyers:                    Is In Default

4.      Is Plaintiff RAM Produce entitled to default judgment in its favor on its account stated claim against Defendant Produce Buyers when the uncontroverted evidence shows that Defendant Produce Buyers accepted produce from Plaintiff RAM Produce that was sold on open account and Defendant Produce Buyers does not dispute the amount owing on this account?

        Plaintiff RAM Produce Answers:               Yes
        Defendant Produce Buyers:                    Is In Default

## FACTS

Plaintiff R.A.M. Produce Distributors, LLC ("RAM Produce") filed this adversary proceeding to recover the principal amount of $33,946.10 for agricultural commodities that RAM Produce sold to Defendant Produce Buyers Co. ("Defendant Produce Buyers"). Defendant Salvatore Cipriano ("Defendant Cipriano") admitted that he is owner and in control of Defendant Produce Buyers.[1] Defendants have not contested that the underlying debt is owed for sale of produce by RAM Produce to Defendant Produce Buyers. (Exhibit A: §341 Tr. pp. 10-11).

The claims asserted in the Complaint are for violation of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §499a *et seq.*, as amended ("PACA") against both Defendants (Count III), breach of contract against Defendant Produce Buyers (Count I), and account stated against Defendant Produce Buyers (Count II). In Count IV of the Complaint against Defendant Cipriano, RAM Produce asserts that the underlying debt and any related judgment are non-dischargeable under §523(a)(4) of the U.S. Bankruptcy Code based on defalcation under the statutory trust created by the PACA.

From on or about June 10, 2010, through on or about November 12, 2010, RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers for which the total principal balance owed was $37,921.10. On May 18, 2012, Defendant Produce Buyers made a partial payment of $3,100.00, and on June 20, 2012, Defendant Produce Buyers made a partial payment of $875.00. (Exhibit B: Bommarito Affidavit ¶¶11-13). The current principal balance owed by Defendant Produce Buyers to RAM Produce after credit for the two described partial payments and exclusive of costs, interest, and attorney fees is $33,946.10. (Exhibit B: Bommarito Affidavit ¶¶14-15). Defendant Cipriano admits receiving, accepting, and failing to

---

[1] Defendant Produce Buyers and Defendant Cipriano are referred to collectively as "Defendants".

pay $33,946.10 owed for the produce.  (Exhibit C:  Defendant Cipriano Answer pp. 2-3 ¶¶18-20).

Each of RAM Produce's sales to Defendant Produce Buyers were made pursuant to invoices which include the following statement:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act., 1930 (7 U.S.C. §449e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
>
> Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the [PACA].
>
> The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice.
> (Exhibit D:  RAM Produce Invoices).

Despite numerous requests for payment, Defendant Produce Buyers failed to pay RAM Produce the $33,946.10 principal balance owing for RAM Produce's sale of produce to Defendant Produce Buyers.  (Exhibit B:  Bommarito Affidavit ¶¶11-20).

Pursuant to Bankruptcy Rule 7004(b)(3), RAM Produce served the Summons and Complaint on Defendant Produce Buyers by mailing on September 8, 2014, to the attention of Defendant Cipriano, an officer of Defendant Produce Buyers.   (Exhibit E:  Certificate of Service).  Defendants Answer to the Complaint was due for filing by October 8, 2014.  Fed. R. Civ. P. 12(a)(1)(A)(i).  On October 8, 2014, Defendant Cipriano, but not Defendant Produce Buyers, filed an Answer.  (Exhibit C:  Defendant Cipriano Answer).

On October 15, 2014, the Court Clerk entered default against Defendant Produce Buyers. (Exhibit F: Default Entry by Clerk). Pursuant to Fed. R. Civ. P. 55(b)(2) RAM Produce respectfully moves for entry of default judgment against Defendant Produce Buyers that provides RAM Produce all of the relief requested in the Complaint against Defendant Produce Buyers and under each count of the Complaint applicable to Defendant Produce Buyers.

## DISCUSSION

Based on facts admitted by Defendant Cipriano, RAM Produce has established liability and damages against Defendant Produce Buyers under the PACA (Count III), on breach of contract (Count I), and on account stated (Count II). Defendant Produce Buyers failed to appear and defend in this proceeding and Defendants do not contest that the underlying debt is due and owing as a result of the sale of, and non-payment for, perishable agricultural commodities. Default judgment in RAM Produce's favor on all of the Complaint counts asserted against Defendant Produce Buyers is warranted based on facts of record and the failure of Defendant Produce Buyers to appear and defend. As a result, RAM Produce respectfully requests entry of a final default judgment against Defendant Produce Buyers that provides RAM Produce a money judgment in the principal amount of $33,946.10, awards RAM Produce pre-judgment and post-judgment interest at 7% per annum as provided on the RAM Produce invoices, and awards RAM Produce attorney fees and costs related to collection per the RAM Produce invoices and related PACA and Michigan law.

A.      **Uncontested Facts Establish That RAM Produce Is Entitled To Judgment Against Defendant Produce Buyers Under Its PACA Claim**

1.      **Each of RAM Produce's invoices at issue provide express notice of preservation of PACA trust benefits**

The PACA, in part, provides:

(2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. . . .
7 U.S.C. §499e(c)(2).

In order to preserve a PACA trust, a person must give

(3) the unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given <u>written notice of intent to preserve the benefits of the trust</u> to the commission merchant, dealer, or broker within thirty calendar days

(i)      After expiration of the time prescribed by which payment must be made pursuant to regulation, issued by the Secretary

(ii)     After expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction; or

(iii)    After the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored. . . .
7 U.S.C § 499e(c)(3).  (Underscore added).  See also 7 C.F.R. § 46.46(f).

The PACA also provides that the notice to preserve the trust benefits can be affixed to the

normal billing or invoice statements of a seller:

(4) In addition to the method of preserving the benefits of the trust specified in paragraph (3), a licensee <u>may use ordinary and usual billing or invoice statements to provide notice</u> of the licensee's intent to preserve the trust.  The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following:   "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all

> inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
> 7 U.S.C. § 499e(c)(4). (Underscore added). See also 7 C.F.R. § 46.46(f)(3).

If the PACA notice is properly included on an agricultural commodities seller's invoices pursuant to 7 U.S.C. §499e(c)(4) cited above, and the payment terms comply with the PACA, it is clear that a PACA claimant has provided the proper notice and preserved its PACA trust claim. In reversing the initial ruling of the bankruptcy court, the District Court in *Stowe Potato Sales Inc. v. Terry's Inc.*, 224 B.R. 329, 332-333 (W.D. Va 1998), wrote, in part, as follows:

> The resolution of this appeal may have considerable effect on the course of Terry's Chapter 11 proceeding since, as the bankruptcy court correctly noted, PACA trust assets are excluded from the bankruptcy estate.
>
>          \*   \*   \*
>
> While the wisdom of such a preference to sellers of agriculture commodities may be rightly questioned, . . . there is no question of the statute's effect, or of Congress' power to enact it. Accordingly, I have no choice but to enforce the statute as written, regardless of the resulting hardship in a particular case.
>
>          \*   \*   \*
>
> The question before me is one of statutory construction, turning upon the plain meaning of the words used in PACA and its regulations. While the parties disagree as to whether PACA as a whole should be "strictly" or "liberally" construed, such interpretation is relevant only where the exact meaning of a statute cannot be ascertained from the language used. . . . In this case, I have no difficulty in ascertaining the statutory meaning.
>
>          \*   \*   \*
>
> Since Stowe elected to give notice of its intent to preserve trust benefits via its invoices, the statutory language clearly provides that Stowe must lose the benefits of the statutory trust if such notice was inadequate. . . . Because the parties did not have a pre-transaction written agreement changing the times for payment, it is equally clear that the terms of payment were not required to be set forth on the invoice. Since the invoices contained all of the other language, notice was properly given.
>
>          \*   \*   \*
>
> PACA and its regulations require that the invoice notice set forth the payment terms only if there is pre-transaction written

agreement. Regardless of whether the parties had an oral understanding that payment was due within thirty days, the payment terms can be extended beyond those established by regulation only by such a written agreement. Accordingly, it would be incongruous to require the invoice notice to set forth non-binding payment terms.

* * *

(Footnotes and citations omitted).

Here, RAM Produce's invoices to Defendant Produce Buyers specifically state that "[p]ayment is due within 10 days after the day on which the produce is accepted or as otherwise specifically provided under the [PACA]." (Exhibit D: RAM Produce Invoices). This comports with the PACA regulations addressing default payment terms which also provide for the 10-day payment period absent another written agreement by the parties. 7 C.F.R. §§46.2(aa)(5) and 46.46(f)(2)(i). In this case, there is no evidence that RAM Produce and Defendant Produce Buyers had a written agreement for payment on anything other than the 10-day term expressly listed on RAM Produce's invoices. (Exhibit B: Bommarito Affidavit ¶¶6-10).

It is uncontested that each of the invoices through which perishable agricultural commodities were sold include the express language for notice of a PACA sale and therefore, the PACA claim and trust provided in 7 U.S.C. §499e(c)(4) and 7 C.F.R. §46.46(f) was preserved.

## 2. The RAM Produce Invoices and PACA law provide that RAM Produce is to recover pre-judgment interest and attorney fees

The PACA provides that a party who violates the statutory trust is liable for "full payment of the sums owing in connection with such transactions . . . ." 7 U.S.C. §499e(c)(2). Since the statue contains such a broad expression of recoverable amounts without any further limitation, numerous courts have recognized that a PACA plaintiff is to recover expenses such as prejudgment interest and attorney fees under standard contract principles. *Country Best, M&M v. Christopher Ranch, LLC*, 361 F.3d 629, 631-632 (11th Cir. 2004).

It is undisputed that RAM Produce's invoices contain appropriate 10-day payment terms. (Exhibit D:  RAM Produce Invoices).  It is also uncontested that RAM Produce provided the invoices for each delivery of produce.  (Exhibit B:  Bommarito Affidavit ¶¶3-7).  It is further uncontested that there were no other agreements, written or otherwise, between the parties regarding payment terms.  (Exhibit B:  Bommarito Affidavit ¶¶7-10).  Finally, it is uncontested that Defendant Produce Buyers has not paid the principal balance due of $33,946.10 for produce that RAM Produce sold and Defendant Produce Buyers accepted.   (See for e.g. Exhibit C: Defendant Cipriano Answer pp. 2-3 ¶¶18-20).  Based on admissions by Defendant Cipriano and uncontested facts of record and the failure of Defendant Produce Buyers to answer or defend in this adversary proceeding, RAM Produce is entitled to entry of default judgment under the PACA and an award of pre-judgment and post-judgment interest of 7% per annum plus attorney fees and costs.

**B.      RAM Produce Is Entitled to Judgment on Its Breach of Contract Claim Against Defendant Produce Buyers**

> **1.      Defendant Produce Buyers breached valid contracts with RAM Produce when it failed to pay for produce sold by RAM Produce**

In order to establish an enforceable contract, there must be (i) an offer; (ii) acceptance; (iii) consideration; and (iv) mutuality of assent.  *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 194 Mich. App. 543, 548-549; 487 N.W.2d 499 (1992); *Pittsburgh Tub Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581, 586; 463 N.W.2d 161 (1990).  A plaintiff in a breach of contract action may recover on establishing the following elements of a contract claim:  (i) that the contract alleged existed between the parties, (ii) the terms of the contract, (iii) that the defendant breached the contract, and (iv) that the plaintiff suffered damages as a result of the alleged breach.  *Lambert v. Jim Causley Pontiac*, 47 Mich. App. 620, 621-622; 209 N.W.2d 619 (1979).  Breach of contract

occurs when a party fails to perform an obligation due to another party to the contract.  *Woody v. Tamer*, 158 Mich. App. 764, 773; 405 N.W.2d 213 (1987).

Here, RAM Produce met its obligations under the parties' contracts by shipping produce in response to orders that Defendant Produce Buyers placed and RAM Produce is owed a principal balance of $33,946.10.  (Exhibit B:  Bommarito Affidavit ¶¶3-20).  With each order, RAM Produce enclosed an invoice listing the quantity and price of the produce shipped, forming a valid contract under Michigan law.  (*See* Exhibit D:  RAM Produce Invoices).  Through its owner and officer, Defendant Cipriano, Defendant Produce Buyers admitted receipt, acceptance, and non-payment for the produce sold by RAM Produce.  (Exhibit C:  Defendant Cipriano Answer pp. 2-3 ¶¶18-20).  It is therefore inescapable that Defendant Produce Buyers is liable for breaching the parties' contracts.

> **2.     The terms on RAM Produce's invoices control the parties' relationship so RAM Produce is entitled to an award of 7% interest and attorney fees and costs related to collection**

Michigan courts have long recognized that "[c]ontractual provisions for payment of reasonable attorney fees are judicially enforceable."  *Fleet Bus Credit LLC v. Kropohl Ford Lincoln Mercury Co.,* 274 Mich App 584, 589; 735 N.W.2d 644 (2006).

In this case, all of RAM Produce's invoices expressly provide that liable parties are also liable for pre-judgment interest at 7% and attorney fees and costs incurred in collecting payment.  (Exhibit D:  RAM Produce Invoices).  The interest and attorney fee recovery terms contained on RAM Produce's invoices are part of the parties' contract and are enforceable.  Accordingly, Defendant Produce Buyers is also liable to RAM Produce for pre-judgment (and post-judgment) interest at 7%, and attorney fees and costs incurred in collecting the outstanding amount.

**C.    RAM Produce Has Established an Account Stated Against Defendant Produce Buyers in the Principal Amount of $33,946.10**

Michigan courts describe an account stated as:

> a balance struck between the parties on a settlement....
> [W]here a plaintiff is able to show that the mutual dealings
> which have occurred between two parties have been adjusted,
> settled, and a balance struck, the law implies a promise to pay
> that balance.
> *Keywell and Rosenfeld v. Bithell*, 254 Mich. App. 300, 300-
> 301; 657 N.W.2d 759 (2003) quoting *Watkins v. Ford*, 37
> N.W. 300, 302 (Mich. 1888).

A plaintiff can recover on an account stated claim by proving that it either entered into an express agreement with a defendant on the amount owed, or that the defendant "failed to object . . . within a reasonable time." *Keywell*, 254 Mich. App. at 331.

In lieu of an express agreement, a party may conclusively establish the amount owing by an account stated as follows:

> .   .   . if the plaintiff or someone in his behalf makes an
> affidavit of the amount due, as near as he can estimate the
> same, over and above all legal counterclaims and annexes
> thereto a copy of said account, and cause a copy of said
> affidavit and account to be served upon the defendant, with a
> copy of the complaint filed in the cause or with the process by
> which such action is commenced, such affidavit shall be
> deemed prima facie evidence of such indebtedness, unless the
> defendant with his answer, by himself or agent, makes an
> affidavit and serves a copy thereof on the plaintiff or his
> attorney, denying the same.
> MCL §600.2145.

Here, RAM Produce met all requirements necessary to establish an account stated claim when it attached to its Complaint in this case: (1) an Affidavit of Account Stated showing the amount owed from Defendant Produce Buyers; and (2) a copy of the account.  (See Docket No. 1, exhibits C and C-1).  Furthermore, Defendant Produce Buyers failed to answer the Complaint or otherwise file the necessary affidavit denying RAM Produce's valid claim for an account

stated. *See* MCL §600.2145. RAM Produce's unrebutted affidavit is *prima facie* evidence of the account stated by operation of law.

RAM Produce is entitled to judgment in its favor, and against Defendant Produce Buyers under an account stated claim in the principal amount of $33,946.10, plus 7% pre-judgment and post-judgment interest and attorney fees and costs pursuant to the terms of the RAM Produce invoices.

## STANDARD OF REVIEW AND CONCLUSION

Before seeking default judgment, a party must first request a clerk's entry of default under Fed. R. Civ. P. 55(a) against an opponent who has failed to plead or respond in the case. *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). After the clerk enters default, the party may then move for an entry of default judgment under Fed. R. Civ. P. 55(b). *Ramada Franchise*, 220 F.R.D. at 305. Unless the plaintiff's claim is for a sum certain, such motion must be made to the court. Fed. R. Civ. P. 55(b)(2). At that point, the only remaining issue is damages because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). In response to a motion for default judgment, the court will generally conduct a hearing to determine the amount of damages before entering judgment. *See, e.g., Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

For all of the foregoing reasons, RAM Produce's motion for default judgment should be granted and final judgment by default should enter in favor of RAM Produce and against Defendant Produce Buyers providing RAM Produce the relief sought through the Complaint and

this motion.   RAM Produce respectfully requests that the Court enter the Default Judgment

Against Defendant Produce Buyers Co., Only attached as Exhibit G.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By: _____/s/Victor J. Torres_____
Victor J. Torres (P43240)
Attorney for Plaintiff
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873
Date:  October 29, 2014               vtorres@williamsacosta.com
(P43240)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:   Salvatore Cipriano, | Case No. 14-48527-mbm |
| Debtor. | Chapter 7 |
| | Honorable Marci B. McIvor |

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

      Plaintiff,

-vs-                                  Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

      Defendants.

| | | |
|---|---|---|
| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
| Gallagher Sharp | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Defendant | Trustee | Attorneys for R.A.M. Produce |
| 211 West Fort Street | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 660 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Detroit, MI 48226 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (313) 962-9160 | (248) 351-0099 | (313) 963-3873 |

### EXHIBIT LIST TO PLAINTIFF'S BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
### AGAINST DEFENDANT PRODUCE BUYERS CO., ONLY

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| A: | 7-9-14 § 341 Hearing Transcript excerpt |
| B: | 10-22-14 Bommarito Affidavit |
| B-1: | 6-27-14 RAM Produce Customer Ledger |
| C: | 10-5-14 Defendant Cipriano Answer |
| D: | RAM Produce Invoices (various dates) |

E:      9-8-14 Certificate of Service

F:      10-15-14 Default Entry by Clerk

G:      (Proposed) Default Judgment Against Defendant Produce Buyers Co., Only

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:     _____/s/Victor J. Torres_____
        Victor J. Torres (P43240)
        Attorneys for Plaintiff RAM Produce
        Distributors, L.L.C.
        535 Griswold Street, Suite 1000
        Detroit, Michigan 48226-3692
Date:  October 29, 2014          (313) 963-3873

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

SALVATORE CIPRIANO,                    Case No. 14-48527

                                       Detroit, Michigan
                                       Wednesday, July 9, 2014
                                       Judge McIvor
            Debtor
_____/

<u>341 HEARING</u>

BEFORE KENNETH A. NATHAN, CHAPTER 7 TRUSTEE

TRANSCRIPT ORDERED BY:  VICTOR J. TORRES (Williams Acosta)

APPEARANCES:

For the Debtor:                Linnell & Associates
                               BY:  ERIK STEIN
                               2804 Orchard Lake Road, Suite 203
                               Keego Harbor, MI  48320


For Ram Produce &              Williams Acosta
Distributors, L.L.C.:          BY:  VICTOR J. TORRES
                               535 Griswold, Suite 1000
                               Detroit, MI  48226


For Bank of Montreal:          Howard & Howard
                               BY:  BRANDON J. WILSON
                               450 W. Fourth St.
                               Royal Oak, MI  48067


For the U.S. Trustee:          Office of the U.S. Trustee
                               BY:  SEAN COWLEY
                               211 W. Fort St., Suite 700
                               Detroit, MI  48226


Transcribed by:                Lynn L. Simmons
                               8284 Caribou Trail
                               Clarkston, MI  48348
                               248-922-1587



EXHIBIT

A

TABLE OF CONTENTS

PROCEEDINGS - Wednesday, July 9, 2014                           3

DEBTOR WITNESS:  **Salvatore Cipriano**

    Examination by the trustee                                 3
    Appearance by Mr. Stein                                    3
    Examination by Mr. Torres                                  8
    Examination by Mr. Wilson                                  22
    Appearance by Mr. Cowley                                   35
    Examination by the trustee                                 35
    Hearing adjourned to August 27, 2014                       42

Salvatore Cipriano
341 hearing - July 9, 2014

1                          Detroit, Michigan

2                          Wednesday, July 9, 2014

3                          2:00 P.M. Call

4                               -- -- --

5          THE TRUSTEE:  Case number 14-48527, Salvatore

6    Cipriano.

7        (Discussion off the record.)

8          THE TRUSTEE:  Step forward and raise your right

9    hand, please.

10           SALVATORE CIPRIANO, DEBTOR, SWORN

11         THE TRUSTEE:  Have a seat.

12                        **EXAMINATION**

13   BY THE TRUSTEE:

14   Q.   Did you review and understand the bankruptcy information

15   sheet?

16   A.   Yes, sir.

17   Q.   State your name for the record.

18   A.   Salvatore Cipriano.

19         THE TRUSTEE:  Counsel, put your name on the record,

20   please.

21         MR. STEIN:  Thank you.  Good afternoon.  Erik Stein

22   with the firm of Linnell & Associates on behalf of Mr.

23   Cipriano.

24   BY THE TRUSTEE:

25   Q.   Sir, your attorney is placing in front of you some

3

Salvatore Cipriano
341 hearing - July 9, 2014

1   Q.    Is that the company that's suing you?

2   A.    They were suing me.  They are not any longer.  The suit

3   was probably stopped about two weeks after it started.

4   Q.    Why were they suing you?

5   A.    To collect what I owed them.

6   Q.    Were you in business and they -- they were a vendor of

7   yours?

8   A.    They were a vendor of mine.

9   Q.    Then you went to work for them?

10  A.    They found out that there were no assets to be recovered,

11  and we had been friends for 40 years.  And he offered me a

12  position.

13  Q.    What do they do, Ben B. Schwartz & Sons?

14  A.    Wholesale produce.  They sell produce.

15  Q.    And they're paying you a salary?

16  A.    Yes, sir.

17  Q.    And what's your yearly salary?

18  A.    Approximately $150,000.

19  Q.    Why do you say approximately?

20  A.    Last year there was a bonus.  I don't know whether there

21  will be this year or not.

22          THE TRUSTEE:  Are there parties present that wish to

23  question?  With the understanding that there will likely be a

24  2004 exam, and you're welcome to participate, so --

25          MR. TORRES:  Yes.

7

Salvatore Cipriano
341 hearing - July 9, 2014

1        MR. WILSON:  Yes.

2        THE TRUSTEE:  Proceed.  One at a time.

3        MR. TORRES:  My name is Victor J. Torres.  I'm with

4   the law firm of Williams Acosta, P.L.L.C.  We represent

5   creditor Ram Produce & Distributors, L.L.C.

6                         **EXAMINATION**

7   BY MR. TORRES:

8   Q.   And I do have a few questions for you, Mr. Cipriano.

9   A.   Sure.

10  Q.   First, I see that you've listed on your Schedule F a debt

11  to Ram Produce -- that's my client --

12  A.   Yes.

13  Q.   -- in the amount $33,946.

14  A.   Yes.

15  Q.   And that is the amount that is presently due and owing;

16  correct?

17  A.   Approximate.  To the best of my memory.

18  Q.   Yeah.

19       MR. TORRES:  Counsel, I'm going to show him a one-

20  page -- it's just a summary of a customer ledger sheet with

21  the balance.

22       MR. STEIN:  Okay.

23  BY MR. TORRES:

24  Q.   And I'd just like to direct your attention to this

25  customer ledger from Ram Produce Distributors, and at the

8

Salvatore Cipriano
341 hearing - July 9, 2014

1  bottom we see that the most recent payment was from June 20 of

2  2012, in the amount of $875; correct?  Do you see that?

3  Second to the bottom.  I'm -- yeah, second to the bottom --

4  A.    Okay.  Uh-huh.

5  Q.    -- line.

6  A.    Yes.

7  Q.    Okay.  So that shows a balance of $33,946.10; correct?

8  A.    Yes.

9  Q.    And that matches within ten cents of what you have listed

10  on Schedule F; correct?

11  A.    Yes.

12  Q.    Okay.  And we see if we look at the ledger, the one-page

13  ledger I gave to you, that on May 18, 2012, there is also a

14  payment made, a partial payment on the balance of $3,100;

15  correct?  Third -- third from the bottom.

16  A.    Yes.

17  Q.    Okay.  So at the time those two payments were made on May

18  18 of '12, and June 20 of 2012, you in fact acknowledge that

19  that's the amount that was due and owing; correct?

20  A.    Yes.

21  Q.    Okay.  And you acknowledge that today; correct?

22  A.    Yes.

23  Q.    And the -- the amounts due and owing to Ram Produce are

24  as the result of your purchase of produce; correct?

25  A.    Yes.

9

Salvatore Cipriano
341 hearing - July 9, 2014

1  Q.    And by the way, the produce that was purchased by -- was

2  that purchased by you individually or Produce Buyers, your

3  company?

4  A.    No, by the company.

5  Q.    By the company.

6  A.    Yes.

7  Q.    And the purpose of produce from Ram Produce was to turn

8  around and sell it; correct?

9  A.    Yes.

10  Q.   And that's in effect what you did; correct?

11  A.   Yes.

12  Q.   What happened to the proceeds of the sales of the produce

13  that was provided by Ram Produce?

14  A.   They were funnelled through the company and paid

15  invoices.

16  Q.   They paid invoices of the company?

17  A.   Yes.

18  Q.   At your direction; correct?

19  A.   Yes.

20  Q.   You were in charge of Produce Buyers?

21  A.   Right.

22  Q.   You decided how the money would be spent once it was

23  received; correct?

24  A.   Yes.

25  Q.   There was no one else that was in charge --

10

Salvatore Cipriano
341 hearing - July 9, 2014

1  A.  No.

2  Q.  -- for Produce Buyers; correct?

3  A.  No.

4  Q.  Do you currently have a PACA license?

5  A.  Not any longer.  It would be expired.

6  Q.  Okay.  Did you have individually a PACA license of any

7  type at any time?

8  A.  Only in Produce Buyers (indiscernible).

9  Q.  (Interrupting.)  Okay.  Produce Buyers did.

10  A.  Yes.

11  Q.  And you're indicating either that was -- what's the

12  status of that license that Produce Buyers had, the PACA

13  license?

14  A.  It's expired.

15  Q.  It's expired?

16  A.  Oh, yes.

17  Q.  Do you recall when?

18  A.  In 2012 when I couldn't pay it.

19  Q.  Okay.  When did Produce Buyers cease business operations?

20  A.  Right around June, end of June, July of 2012, through

21  that.

22  Q.  And -- and the physical location of the business?

23  A.  It was Office 93, 7201 West Fort Street, 48219.

24  Q.  Okay.  I see that you have both Produce Buyers and then

25  another company, a Canadian company --

11

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   Yes.

2   Q.   -- that you had -- have or had an interest in; correct?

3   A.   Yes.

4   Q.   What's the name of that company?

5   A.   It was Produce Buyers of Windsor, operating under

6   Salvatore Cipriano Enterprises.

7   Q.   Okay.  Other than those two businesses, Salvatore

8   Cipriano Enterprises and Produce Buyers --

9   A.   Uh-huh.

10  Q.   -- have you had an interest in any other business --

11  A.   No.

12  Q.   -- in the last five years?

13  A.   No.

14  Q.   The -- I see a claim listed and you referenced a lawsuit

15  on Schedule F, Ben B. Schwartz & Sons is listed as a creditor

16  --

17  A.   Yes.

18  Q.   -- in the amount of $144,951.

19  A.   To the best of my memory amount, yes.

20  Q.   Now, what is the basis for that particular claim?  Why is

21  that money owed?

22  A.   The same thing; purchases.

23  Q.   Purchased from Schwartz --

24  A.   Yes.

25  Q.   -- for Produce Buyers?

12

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   Yes.

2   Q.   Okay.  And is that the balance that's still owing?

3   A.   Yes.

4   Q.   And you are employed with Schwartz?

5   A.   Yes.

6   Q.   And Schwartz isn't taking any action to --

7   A.   No.

8   Q.   Let me finish the question, please.

9   A.   Oh, sorry.

10  Q.   Taking any action to deduct from your wages or salary --

11  A.   No, sir.

12  Q.   -- to recover on that amount?

13  A.   No, sir.

14  Q.   Is that still a pending claim with Schwartz?  What's the

15  status of that claim?

16  A.   I believe they've written it off.

17  Q.   Okay.  Are you paid strictly on a salary basis?

18  A.   Yes, sir.

19  Q.   And a bonus I think you described; correct?

20  A.   There was last year.  I don't know about this year,

21  obviously.

22  Q.   Are you paid in any aspect on a commission basis?

23  A.   No, sir.

24  Q.   Do you have the option to move to a commission basis with

25  Schwartz?

13

Salvatore Cipriano
341 hearing - July 9, 2014

1   A.   I have no idea.  It was never discussed.

2   Q.   Describe for me what it is that you're doing for

3   Schwartz.

4   A.   Just sales.

5   Q.   What does that mean?

6   A.   Produce sales.

7   Q.   And -- and by the way, when I referenced PACA earlier,

8   you certainly knew what that was and -- and possibly everyone

9   does, but it's Perishable Agricultural Commodities --

10  A.   Act.

11  Q.   -- Act; correct?

12  A.   Yes, sir.  Of which you have to have a license, and I do

13  -- I do not.

14  Q.   Have you ever had any complaints filed against you or any

15  of your companies with the PACA authorities?

16  A.   Only through Ben B. Schwartz.

17  Q.   Only through Schwartz?

18  A.   Right.  And that was the lawsuit that was dismissed.

19  Q.   Okay.  But -- but that was a lawsuit.  To your knowledge

20  they didn't file with the regulatory agency of PACA, a

21  separate complaint?  Or was there?

22  A.   I have no memory of whether it was separate.  I know that

23  the law firm that they used does mostly work for PACA.

24  Q.   Other than what you've listed on your schedules here, do

25  you have any other income of any -- of any type?

14

Salvatore Cipriano
341 hearing - July 9, 2014

1  A.    No.  Just my pay and Social Security.

2  Q.    What were the banks that were being used by Produce

3  Buyers at the time you were operating?

4  A.    Huntington Bank for Produce Buyers.

5  Q.    Was the only account or only bank that was used by

6  Produce Buyers?

7  A.    Yes.

8  Q.    And you're saying that all of the produce that was

9  purchased from my client, Ram Produce, any funds from the

10  proceeds of those sales would have gone to Huntington Bank?

11  A.    Right.

12  Q.    And that was, again, under your exclusive control;

13  correct?

14  A.    Yes.

15  Q.    What's the status of -- did you have one or more accounts

16  at Huntington?

17  A.    No, we had a company checking account, and I had my own

18  personal checking account (indiscernible).

19  Q.    (Interrupting.)  Do those accounts still exist?

20  A.    No, sir.

21  Q.    What was the balance of the company account at the time

22  that there were last funds in it?

23  A.    Oh, about $1,000, roughly.

24  Q.    Okay.  And so your testimony is that all of the proceeds

25  from the sale of Ram Produce's produce was simply used by you

15

Salvatore Cipriano
341 hearing - July 9, 2014

1    --

2    A.    Yes.

3    Q.    -- for ongoing company expenses?

4    A.    Yes, sir.

5    Q.    There's a debt listed on Schedule F of $600,000 to Bank

6    of Montreal?

7    A.    Yes, sir.

8    Q.    What is the reason for that debt?

9    A.    That was a line of credit the Bank of Montreal had issued

10   to Salvatore Cipriano Enterprises, probably about -- I don't

11   remember -- fifteen years ago maybe or longer.

12   Q.    Do you have a personal guarantee on that debt?

13   A.    Yeah.

14            MR. STEIN:  Yes.

15            THE WITNESS:  Yes.

16   BY MR. TORRES:

17   Q.    Pardon me?

18            MR. STEIN:  I -- yes, there is a --

19            THE WITNESS:  Yes.

20            MR. STEIN:  -- Canadian judgment and there is also a

21   judgment that has been certified in Michigan through the Third

22   Circuit --

23            THE WITNESS:  Yes.

24            MR. STEIN:  -- that Mr. Cipriano is personally

25   liable for.

16

Salvatore Cipriano
341 hearing - July 9, 2014

1  BY MR. TORRES:

2  Q.   And then there's a separate debt on Schedule F of Bank of

3  Montreal, $36,000.  What's the basis for that debt?

4  A.   That would be the interest on the original line of

5  credit.

6  Q.   You list two parcels of real estate in your schedules;

7  correct?

8  A.   Yes.

9  Q.   That you previously owned; correct?

10  A.   Yes.

11  Q.   And what -- what again was the sale price for those

12  parcels of real estate?  Let's start with the -- with the home

13  residence, which I believe was at 83 Oxford Street in Grosse

14  Pointe; correct?

15  A.   Yes.  Uh-huh.

16  Q.   And what -- what was the sale date?

17  A.   Sale date?

18  Q.   Yes.  Month and year is close enough.  Well, there's a

19  date listed here of July 30 of 2013.  Is that accurate?

20  A.   Yes.  It's -- to the best of my memory it would be the

21  approximate time.

22  Q.   And when did you first purchase the Oxford Street

23  property?

24  A.   Probably about sixteen years prior to that.

25  Q.   Sixteen years?

17

Salvatore Cipriano
341 hearing - July 9, 2014

1        MR. STEIN:  Not a problem.

2        THE TRUSTEE:  So I have that.  Okay.

3        For purposes of today I don't have anything further.

4   Does anybody else have anything further?

5        MR. WILSON:  No, I don't.  Thank you.

6        THE TRUSTEE:  Okay.

7        MR. TORRES:  Thanks, Mr. Nathan.

8        (Hearing adjourned to August 27, 2014.)

—  —  —

I certify that the foregoing is a correct transcript of the
proceedings held in the above-entitled matter.


DATED:   September 2, 2014    _____
                              Lynn L. Simmons, Transcriber


44

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,

                                              Case No. 14-48527-mbm

                Debtor.

                                              Chapter 7

                                              Honorable Marci B. McIvor

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

                Plaintiff,

-vs-
                                              Adversary Proceeding No.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

                Defendants.

| | | |
|---|---|---|
| Erik C. Stein (P72172)<br>Linnell & Associates, PLLC<br>Attorneys for Debtor<br>2804 Orchard Lake Road<br>Suite 203<br>Keego Harbor, MI 48320<br>(248) 977-4182 | Kenneth Nathan (P39142)<br>Nathan Law PLC<br>Trustee<br>29100 Northwestern Highway<br>Suite 310<br>Southfield, MI 48034<br>(248) 351-0099 | Victor J. Torres (P43240)<br>Williams Acosta, PLLC<br>Attorneys for R.A.M. Produce<br>Distributors, L.L.C.<br>535 Griswold Street, Suite 1000<br>Detroit, MI 48226<br>(313) 963-3873 |

## AFFIDAVIT OF MICHAEL J. BOMMARITO

STATE OF MICHIGAN    )
                                          ) SS.
COUNTY OF WAYNE    )

Michael J. Bommarito, being first duly sworn and under oath states:

1.     I am an authorized representative of the Managing Member of R.A.M. Produce Distributors, L.L.C. ("RAM Produce"), and I am authorized to sign this affidavit on behalf of RAM Produce.



EXHIBIT
**B**

2.      I am personally familiar with the facts and circumstances on which the RAM Produce claims in this case are based including the statements made in this affidavit and, if sworn as a witness, I am competent to testify to them.

3.      From on or about June 10, 2010, through on or about November 12, 2010, RAM Produce sold and delivered to Produce Buyers Co., a Michigan limited liability company, ("Produce Buyers"), perishable agricultural commodities, pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499a *et seq.* ("PACA").

4.      With and/or after each sale and delivery of produce, RAM Produce delivered or mailed an itemized bill for the produce sold.

5.      Each itemized invoice that was delivered or mailed to Produce Buyers explicitly provided notice that the sale of commodities was made pursuant to the PACA.

6.      Each RAM Produce invoice to Produce Buyers, in part, explicitly states that the "[p]ayment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a *et seq.*".

7.      Based on the explicit notice provided in the RAM Produce invoices, payment terms were 10 days.

8.      At no time did RAM Produce ever agree with Produce Buyers or Salvatore Cipriano to payment terms other than the PACA 10day term provided on the RAM Produce invoices.

9.      RAM Produce did not enter into an agreement with Produce Buyers or Salvatore Cipriano to extend payment for the RAM Produce invoices beyond 30 days.

2

10.    At no time did RAM Produce representatives ever discuss with any representative from Produce Buyers payment terms other than the 10 day PACA payment term provided on each RAM Produce invoice.

11.    The total principal amount due to RAM Produce from Produce Buyers for the produce sold and delivered from in or about June 2010, through November 2010, was $37,921.10.

12.    Produce Buyers made two partial payments on the $37,921.10 balance owed to RAM Produce.

13.    The first partial payment was tendered on or about May 18, 2012, in the amount of $3,100.00 and the second partial payment was tendered on or about June 20, 2012, in the amount of $875.00.

14.    A true copy of the account of Produce Buyers with RAM Produce is attached as Exhibit 1 and reflects a principal balance owed of $33,946.10, after credit for the two partial payments.

15.    As a result of the foregoing, Produce Buyers has an outstanding account with RAM Produce in the principal amount of $33,946.10 exclusive of costs, interest, and attorney fees as of the date of this affidavit.

16.    The account of Produce Buyers with RAM Produce with a principal balance of $33,946.10 is just and correct and remains unpaid despite numerous requests for payment by RAM Produce.

17.    The account of Produce Buyers with RAM Produce as noted above is true and accurate after consideration of any and all lawful payments, credits, and off-sets.

3

18. The produce sold, pursuant to the PACA, by RAM Produce to Produce Buyers as described above was properly provided by RAM Produce and payments for the produce became due and owing after rendering of the accounts by RAM Produce.

19. RAM Produce rendered the referenced accounts to Produce Buyers during the normal course of business, but despite numerous requests for payment, Produce Buyers has refused to pay and settle the account, and has not objected to or disputed the account.

20. Based on the foregoing, the total amount due and owing to RAM Produce by Produce Buyers (and/or others) on account is $33,946.10 in principal, plus costs, interest and attorney fees.

Michael J. Bommarito

Subscribed and sworn to before me

this 22nd day of October, 2014

Bonita K. Crison, Notary Public
State of Michigan, County of Macomb

BONITA K. CRISON
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Sep 26, 2020
ACTING IN COUNTY OF Wayne

My Commission Expires: Sep. 26, 2020
Acting in the County of Wayne

4

# EXHIBIT B-1

```
PLM / AR210L                R.A.M. Produce Distributors              Page :    1
00182493                       Customer Ledger                    06/27/14 11:23a

                            Ending: 04/04/13

Customer: PROD   PRODUCE BUYERS

   Date      Type        Amount         Balance      Reference      Batch  Trns
 ========  ========  =============   =============  =============  ======  ====
06/10/10   Invoice         700.00         700.00   Inv 00414871   ICV009  2499
06/11/10   Invoice       1,359.10       2,059.10   Inv 00414869   ICV009  2498
06/14/10   Invoice         480.00       2,539.10   Inv 00415197   ICV009  2500
07/02/10   Invoice       4,200.00       6,739.10   Inv 00420880   ICV009  2501
07/05/10   Invoice         400.00       7,139.10   Inv 00421404   ICV009  2502
07/19/10   Invoice       6,480.00      13,619.10   Inv 00424461   ICV009  2504
07/20/10   Invoice       3,710.00      17,329.10   Inv 00423925   ICV009  2503
07/21/10   Invoice       1,200.00      18,529.10   Inv 00424671   ICV009  2505
07/23/10   Invoice       4,550.00      23,079.10   Inv 00425318   ICV009  2506
07/26/10   Invoice       3,080.00      26,159.10   Inv 00425799   ICV009  2508
07/27/10   Credit          140.00      26,019.10   Inv 00425697   ICV009  2507
08/12/10   Invoice       1,479.00      27,498.10   Inv 00427473   ICV009  2509
08/13/10   Credit          116.00      27,382.10   Inv 00427474   ICV009  2510
08/19/10   Invoice         875.00      28,257.10   Inv 00430887   ICV009  2511
09/13/10   Invoice       2,408.00      30,665.10   Inv 00435343   ICV009  2512
09/13/10   Invoice       2,400.00      33,065.10   Inv 00435616   ICV009  2513
10/25/10   Invoice         120.00      33,185.10   Inv 00444550   ICV009  2514
10/28/10   Invoice         200.00      33,385.10   Inv 00444843   ICV009  2515
11/09/10   Invoice       1,512.00      34,897.10   Inv 00447644   ICV009  2516
11/12/10   Invoice       3,024.00      37,921.10   Inv 00447913   ICV009  2517
05/18/12   Payment       3,100.00      34,821.10                  P00093     1
06/20/12   Payment         875.00      33,946.10                  P00136     1
12/28/12   Wrt Off      33,946.10            .00   W/O Bad Debt   P00419     1
```

EXHIBIT
**B-1**

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,                    Case No. 14-48527-mbm

        Debtor.                               Chapter 7

                                              Honorable Marci B. McIvor

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan Limited Liability Company,

        Plaintiff,

v.                                            Adversary Proceeding No. 14-04957

SALVATORE CIPRIANO a/k/a/ SAL CIPRIANO
An individual,
        Defendant.

Victor J. Torres (P43240)                     Erik C. Stein (P72172)
Williams Acosta, PLLC                         Linnell & Associates, PLLC
Attorneys for R.A.M. Produce Distributors, LLC 2804 Orchard Lake Road
Detroit, MI 48226                             Suite 203
                                              Keego Harbor, MI 48320
                                              (248) 977-4182
                                              estein@linnellfirm.com

        Defendant Sal Cipriano states for his Answer to the Class Action Complaint

(hereinafter "COMPLAINT") of R.A.M. Produce Distributors, L.L.C. (hereinafter "RAM") on

file herein as follows:



EXHIBIT
C

## ANSWER

### NATURE OF THE ADVERSARY PROCEEDING

1.  No response necessary.

### JURISDICTION AND PARTIES

2.  No response necessary.

3.  No response necessary.

4.  No response necessary.

5.  Defendant admits the allegation contained in paragraph 5.

6.  Defendant admits the allegation contained in paragraph 6.

7.  Defendant admits the allegation contained in paragraph 7.

8.  Defendant admits the allegation contained in paragraph 8.

### GENERAL ALLEGATIONS

9.  No response necessary.

10. Defendant admits the allegation contained in paragraph 10.

11. Defendant admits the allegation contained in paragraph 11.

12. Defendant admits the allegation contained in paragraph 12.

13. Defendant admits the allegation contained in paragraph 13.

14. Defendant admits the allegation contained in paragraph 14.

15. Defendant admits the allegation contained in paragraph 15.

16. Defendant admits the allegation contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegation contained in paragraph 18.

19. Defendant admits the allegation contained in paragraph 19.

20.    Defendant admits the allegation contained in paragraph 20.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint

for the reason that it is untrue. Under the PACA, sellers that supply produce

dealer with perishable agricultural commodities on credit terms extending

over periods of longer than 30 days are not entitled to trust protection.

23.    Defendant admits the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint

for the reason that it is untrue. Plaintiff was not entitled to trust protection

under PACA at the time of the alleged breach of trust.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

Plaintiff was not entitled to trust protection under PACA at the time of the

alleged breach of trust.

26.    Defendant denies the specific allegation contained in paragraph 26 alleging

breach of trust as a PACA drust did not exist with respect to the transaction

alleged by Plaintiff.

27.    Defendant admits the allegation contained in paragraph 27.

28.    Defendant admits the allegation contained in paragraph 28.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint

for the reason that it is untrue.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint

for the reason that it is untrue.

31.    Defendant admits the allegation contained in paragraph 31.

32.   Defendant admits the allegation contained in paragraph 32.

## COUNT I
## BREACH OF CONTRACT
## (AGAINST DEFENDANT PRODUCE BUYERS)

33.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 33 as a non-party to the claim.

34.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 34 as a non-party to the claim.

35.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 35 as a non-party to the claim.

36.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 36 as a non-party to the count.

37.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 37 as a non-party to the claim.

38.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 38 as a non-party to the claim.

39.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 39 as a non-party to the claim.

## COUNT II
## ACCOUNT STATED
## AGAINST DEFENDANT PRODUCE BUYERS

40.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 40 as a non-party to the claim.

41.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 41 as a non-party to the claim.

42.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 42 as a non-party to the claim.

43.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 43 as a non-party to the claim.

44.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 44 as a non-party to the claim.

45.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 45 as a non-party to the claim.

46.   Defendant Cipriano neither admits nor denies the allegations contained in paragraph 46 as a non-party to the claim.

## COUNT III
## CORPORATE AND INDIVIDUAL LIABILITY UNDER THE PACA
## (AGAINST DEFENDANT PRODUCE BUYERS AND DEFENDANT CIPRIANO)

46.   No response necessary.

47.   Defendant admits the allegation contained in paragraph 47.

48.   Defendant admits the allegation contained in paragraph 48.

49.   Defendant denies the allegations contained in paragraph 49 of the Complaint for the reason that it is untrue.

50.   Defendant denies the allegations contained in paragraph 50 of the Complaint for the reason that it is untrue.

51.   Defendant neither admits nor denies the allegations in paragraph 51 and leaves Plaintiff to its proofs.

52.    Defendant denies the allegations contained in paragraph 52 of the Complaint for the reason that it is untrue.

53.    Defendant denies the allegations contained in paragraph 53 of the Complaint for the reason that it is untrue.

**COUNT V**
**DEBT NONDISCHARGEABLE PURSUANT TO 11 U.S.C. 523(A)(4)**
**(AGAINST DEFENDANT CIPRIANO)**

54.    No response necessary.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint for the reason that it is untrue. Agreement between Plaintiff and Defendant on credit terms extended over a period of more than 30 days, voiding seller's trust protection.

56.    Defendant denies the allegations contained in paragraph 56 of the Complaint for the reason that it is untrue.

57.    Defendant admits the allegation contained in paragraph 57.

58.    Defendant admits the allegation contained in paragraph 58.

59.    Defendant denies the allegations contained in paragraph 59 as it is untrue.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint for the reason that it is untrue.

61.    Defendant denies the allegations contained in paragraph 61 of the Complaint for the reason that it is untrue.

62.    Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint as it is untrue.

## AFFIRMATIVE DEFENSES

As for the affirmative Defenses to Plaintiff's Complaint, Defendant states as follows:

### THE FIRST AFFIRMATIVE DEFENSE

### (Failure to State a claim)

Each of the purported causes of action set forth in the Complaint fails to allege facts sufficient to state a claim upon which relief can be granted. Defendants have filed a Motion to Dismiss prior with his Answer.

### THE SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of waiver. Specifically, Plaintiff waived rights to trust benefits under PACA when entering into an agreement with Plaintiff to extend payments beyond the thirty-day maximum.

### THE THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of unclean hands.

### THE FOURTH AFFIRMATIVE DEFENSE

(Laches)

Each of the purported causes of action set forth in the Complaint is barred by the doctrine of laches.

## THE FIFTH AFFIRMATIVE DEFENSE

(Failure to mitigate damages)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's failure to mitigate damages.

## THE SIXTH AFFIRMATIVE DEFENSE

(Consent)

Each of the purported causes of action set forth in the Complaint is barred by Plaintiff's consent.

## THE SEVENTH AFFIRMATIVE DEFENSE

Defendant has not yet completed their investigation and discovery regarding the allegations and claims set forth and asserted by Plaintiffs. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendant Salvatore Cipriano prays for judgment against the Plaintiff as follows:

(1) Deny Plaintiff any relief against Salvatore Cipriano, whether declaratory, injunctive, monetary or otherwise;

(2) For the costs of suit incurred herein, including reasonable attorney's fees; and

(3) Any other relief that this Court deems just and equitable.


DATED: October 8, 2014                    /s/ Erik C. Stein
                                          LINNELL & ASSOCIATES, PLLC
                                          By: Erik C. Stein (P72172)
                                          Attorneys for Defendant Salvatore
                                          Cipriano
                                          2808 Orchard Lake Rd., Ste 203
                                          Keego Harbor, MI 48320
                                          (248) 977-4182
                                          estein@linnellfirm.com

# EXHIBIT D



EXHIBIT

D

## ISAM
### PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO: _Pro D. Reyes_        6-10 201_

ADDRESS:

| 230 | Maria Squash | 17 | 3910 |
| | | | |
| | | | |

CUSTOMER SIGNATURE
X

TOTAL   3910

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 14869

OFFICE COPY

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."





**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO: Produce Buyers

ADDRESS

1300 ½ Blud Lux          356    4800

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

TOTAL     400

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 3% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 420890

OFFICE COPY





OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

CUSTOMER SIGNATURE

**TOTAL**

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 423925

*"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."*
*"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499e et seq."*
*"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."*



# PAM PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

7-20-0

Thomas Rogers

80 Roger Eng 5   100

TOTAL   100

INV. NO. 424671

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

---



## RAM
### PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO

ADDRESS

7-22-20/0

| | | | | |
|---|---|---|---|---|
| 140 | 1H SM 4055 | | | |
| | Peru | | 3250 | |
| | | | | 1650 |

CUSTOMER SIGNATURE
X

TOTAL ➤ 4950

INV. NO. 425318

### CLAIMS MUST BE MADE AT TIME OF DELIVERY

### CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

# EXHIBIT D

# (additional pages to this exhibit)





**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO
ADDRESS

201

CUSTOMER SIGNATURE
X

TOTAL

INV. NO. 425697

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(e) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."



PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq.."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 427473

OFFICE COPY

PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

SOLD TO

ADDRESS

CUSTOMER SIGNATURE
X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq.."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 427473



PAM
PRODUCE DISTRIBUTORS, LLC
OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO
ADDRESS

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 1% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

TOTAL

INV. NO. 427474

# RAM PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
720 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

9-13-0   201

SOLD TO: Mailine Bread
ADDRESS: 38525

| | | | |
|---|---|---|---|
| 172 | Chez Fond | 14 | 2400 |
| | Mich | | |

TOTAL 2400

INV. NO. 435343

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 1% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

OFFICE COPY

# PAM

**PRODUCE DISTRIBUTORS, LLC**

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

2011

SOLD TO: Picture Buyer

ADDRESS:

| 20 | 1 Mich Grn Sqsh | | |
|----|-----------------|--|--|
| | C-ship 30— | | |
| | | | 24.00 |

TOTAL ► 24.00

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

INV. NO. 435616

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et.seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."



**RAM**
PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

201___

SOLD TO
ADDRESS

CUSTOMER SIGNATURE
X

TOTAL

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

INV. NO. 444550

TOTAL 120

## PRODUCE DISTRIBUTORS, LLC

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

INV. NO. 444843

SOLD TO

ADDRESS

10   Tbo Grass   20-210

TOTAL   210

CUSTOMER SIGNATURE
X

**CLAIMS MUST BE MADE AT TIME OF DELIVERY**

**CASH DUE AND PAYABLE UPON DEMAND**

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." "Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et.seq." "The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

# RAM PRODUCE DISTRIBUTORS, LLC

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

SOLD TO: Medine Burke

ADDRESS:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 252 | Med Mex Sydney | | | | | | | |
| | Mix | | | | | | | |

TOTAL: 1512

CUSTOMER SIGNATURE
X

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 447644

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
"Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499e et seq."
"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgement interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."



**PRODUCE DISTRIBUTORS, LLC**

DETROIT PRODUCE TERMINAL
7201 W. FORT ST.
DETROIT, MICHIGAN
(313) 841-2500

OFFICES
340 S. OAKWOOD AVE.
DETROIT, MI 48217
(313) 841-9200 • FAX (313) 841-9208

2011-16

SOLD TO: *Produce Express*     2-11-11

ADDRESS

| | | | |
|---|---|---|---|
| 504 | ENG | WKE | 6 – 304 |
| | almar | | |
| | x-Lot | | |

CUSTOMER SIGNATURE
X

**TOTAL** 304

CLAIMS MUST BE MADE AT TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

INV. NO. 447913

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

"Payment is also within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a et seq."

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,

               Debtor.

Case No. 14-48527-mbm

Chapter 7

Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

           Plaintiff,

-vs-

Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

           Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Linnell & Associates, PLLC | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Debtor | Trustee | Attorneys for R.A.M. Produce |
| 2804 Orchard Lake Road | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 203 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Keego Harbor, MI 48320 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (248) 977-4182 | (248) 351-0099 | (313) 963-3873 |

## **CERTIFICATE OF SERVICE**

STATE OF MICHIGAN    )
                          ) SS.
COUNTY OF WAYNE      )

      BONITA K. CRISON certifies that on this 8th day of September 2014, she caused the following documents to be sent via electronic mail to Erik C. Stein, Esq. at erik@aronofflinnell.com and via first class mail to Erik C. Stein, Esq., Linnell & Associates, PLLC, 2804 Orchard Lake Road, Suite 203, Keego Harbor, Michigan 48320 and Salvatore Cipriano, individually and as officer and agent of Produce Buyers Co., 83 Oxford Road, Gross Pointe Shores, Michigan 48236-1835 in a sealed envelope with proper postage affixed thereon and depositing same in the United States mail:   **Reissued Summons in an Adversary Proceeding for Salvatore Cipriano; Reissued Summons in an Adversary Proceeding for Produce Buyers Co.; 2 copies of R.A.M. Produce Distributors, L.L.C.'s Complaint to**



EXHIBIT
E

**Establish Liability and Non-Dischargeability of Debt;** and this **2 copies of Certificate of Service.**


_____/s/Bonita K. Crison_____
                BONITA K. CRISON

# EXHIBIT F

Form defaultAP

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

211 West Fort Street
Detroit, MI 48226

---

In Re:  Salvatore Cipriano
Debtor

                             Case No.: 14−48527−mbm
                             Chapter 7
                             Judge: Marci B McIvor

R.A.M. Produce Distributors, L.L.C.
Plaintiff
                             Adv. Proc. No. 14−04957−mbm

v.

Salvatore Cipriano et al.
Defendant

---

### DEFAULT ENTRY BY CLERK

It appears from the records in the above−entitled proceeding that a summons has been served upon the defendant named below and that the defendant has failed to timely plead or otherwise defend in said proceeding as directed in said summons and as provided in the Federal Rules of Bankruptcy Procedure.

Now, therefore, pursuant to Fed. R. Bankr. P. 7055 the **DEFAULT** of the following is hereby entered.

**Produce Buyers Co.**

    **The plaintiff shall file an application for default judgment, pursuant to L.B.R. 7055−1 within 14 days from the entry of this default. Applications for default judgment shall be accompanied by the affidavit required under the Servicemember's Civil Relief Act of 2003.**

    **If the plaintiff fails to file the application for default judgment *within 14−days* from the entry of this default, the complaint may be dismissed without a hearing.**

Dated: 10/15/14

                         /s/ Katherine B. Gullo
                         Katherine B. Gullo , Clerk of Court
                         United States Bankruptcy Court



EXHIBIT
**F**

# EXHIBIT G

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                      Case No. 14-48527-mbm

            Debtor.                               Chapter 7

                                                  Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

            Plaintiff,

-vs-                                              Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

            Defendants.

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Gallagher Sharp | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Defendant | Trustee | Attorneys for R.A.M. Produce |
| 211 West Fort Street | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 660 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Detroit, MI 48226 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (313) 962-9160 | (248) 351-0099 | (313) 963-3873 |

## <u>DEFAULT JUDGMENT AGAINST DEFENDANT PRODUCE BUYERS CO., ONLY</u>

                    At a session of said Court held in the U.S.
                    Bankruptcy courthouse, in the City of
                    Detroit, County of Wayne, State of Michigan
                    on _____

        PRESENT:   HONORABLE _____
                              United States Bankruptcy Court

    After Default Entry by Clerk against Defendant Produce Buyers Co. ("Defendant

Produce Buyers") on October 15, 2014, upon subsequent filing of Plaintiff's Motion for Entry of



EXHIBIT
G

Default Judgment Against Defendant Produce Buyers Co., Only and Brief in Support with exhibits, and the Court being otherwise duly advised in the matter;

JUDGMENT by default is hereby entered in favor of Plaintiff R.A.M. Distributors, L.L.C. ("Plaintiff RAM Produce") and against Defendant Produce Buyers, only, in the principal amount of $33,946.10.

IT IS FURTHER ADJUDGED that Plaintiff RAM Produce is awarded pre-judgment interest at the rate of 7% per annum.

IT IS FURTHER ADJUDGED that Plaintiff RAM Produce is awarded post-judgment interest at the rate of 7% per annum.

IT IS FURTER ADJUDGED that Plaintiff RAM Produce is awarded pre-judgment and post-judgment reasonable attorney fees and costs, and that Plaintiff RAM Produce may file one or more motions or documents, as provided by applicable law, to establish the amount of attorney fees and costs due pre-judgment and post-judgment.

IT IS FURTHER ADJUDGED that this is a final judgment with regard to Defendant Produce Buyers and that Plaintiff RAM Produce may take collection and further actions related to this judgment as provided by applicable law.

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,

           Debtor.

Case No. 14-48527-mbm

Chapter 7

Honorable Marci B. McIvor

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

        Plaintiff,

-vs-

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

        Defendants.

Adversary Proc. No. 14-04957-mbm

| Erik C. Stein (P72172) | Kenneth Nathan (P39142) | Victor J. Torres (P43240) |
|---|---|---|
| Gallagher Sharp | Nathan Law PLC | Williams Acosta, PLLC |
| Attorneys for Defendant | Trustee | Attorneys for R.A.M. Produce |
| 211 West Fort Street | 29100 Northwestern Highway | Distributors, L.L.C. |
| Suite 660 | Suite 310 | 535 Griswold Street, Suite 1000 |
| Detroit, MI 48226 | Southfield, MI 48034 | Detroit, MI 48226-3692 |
| (313) 962-9160 | (248) 351-0099 | (313) 963-3873 |

## AFFIDAVIT OF VICTOR J. TORRES

STATE OF MICHIGAN    )
                       )SS.
COUNTY OF WAYNE    )

    Victor J. Torres, being first duly sworn under oath states:

    1.    I graduated from the University of Michigan Law School in 1989 and was awarded a *juris doctorate* degree at that time.

    2.    I have been consistently licensed to practice law in Michigan from January 1990 to the present.

3.      I have been a Member/Partner of Williams Acosta, PLLC (the "Firm") since its inception in January 2002.

4.      I began providing professional legal services to Plaintiff R.A.M. Produce Distributors, LLC ("RAM Produce") in approximately 1993.

5.      From about 1993 to the present, I and the firms with which I have been a partner or associate have represented RAM Produce in approximately in excess of 20 separate matters involving commercial disputes, litigation, and business matters.

6.      From approximately 2002 to the present, representation of RAM Produce has been provided by the Firm based on the following hourly rates:  Firm Partners:  $225.00; Firm Associates:  $200.00 to $150.00 depending on experience; and, Paralegals:  $100.00.

7.      The Firm's current standard hourly rate for representation of new clients in commercial matters includes partner hourly rates at $275.00.

8.      The hourly rates for professional services extended by the Firm to RAM Produce (as provided in ¶6) reflect a discount due to the length and volume of the representation relationship with RAM Produce, among other factors, from the standard hourly rate for new matters.

9.      Undersigned counsel as well as the Firm have successfully provided representation to RAM Produce on numerous matters based, in part, on reasonable and highly competitive pricing provided by undersigned counsel and the Firm in representing RAM Produce given the experience and ability of attorneys from Williams Acosta, PLLC providing representation to RAM Produce.

10. Undersigned counsel as well as the Firm have provided successful representation to RAM Produce on numerous commercial matters including, but not limited to, the following:  RAM Produce v Andy's Farmers Market, Inc., U.S. District Court (E.D. MI) Case

2

No. 05:CV70193; RAM Produce v Dettloff, State of Michigan, District Court No. MC05-0259 GC; RAM Produce v Pittsburgh Produce, LLC, d/b/a Radicchio's International Marketplace, et al., U.S. District Court (E.D. MI) Case No. 2:09-cv-12197; RAM Produce v Moses Yarsike a/k/a Mark Yarsike, U.S. Bankruptcy Court (WD PA) Adv. Proc. No. 10-02504-BM; and, various other litigation, commercial, and business planning matters.

     11.    Undersigned counsel has been consistently admitted to practice law in this Court since March 1990, was appointed State of Michigan Special Assistant Attorney General in 2008, and has been admitted to practice law in all of the following Courts in addition to all Courts in the State of Michigan:

- U.S. Sixth Circuit Court of Appeals
- U.S. Court of International Trade
- U.S. Bankruptcy Court for the Eastern District of Michigan
- U.S. Bankruptcy Court for the Western District of Michigan
- U.S. District Court for the Western District of Michigan
- U.S. Bankruptcy Court for the Southern District of California (pro hac vice admission)
- U.S. Bankruptcy Court for the Northern District of Ohio (pro hac vice admission)
- U.S. Bankruptcy Court for the Western District of Pennsylvania (pro hac vice admission).

     12.    Undersigned counsel and the Firm have represented numerous other prominent clients including, by way of example, but not limited to, all of the following:

- General Motors LLC (formerly General Motors Corporation and General Motors Company)
- Ren Cen Associates, LLC

3

- Waste Management, Inc.

- the City of Detroit

- MGM Grand Detroit, LLC

- Old Line Plastics, Inc.

- Choctaw-Kaul Distribution Company

- Standard Drywall, Inc.

- Tom Maceri & Son, Inc.

- Comerica Bank.

13.    Counsel for RAM Produce in this action expended and respectfully requests award of a total of $12,612.50 in attorney fees through October 31, 2014, per the summary (Client Accounting Ledger) and the Firm's invoices attached to this affidavit as Exhibit 1.

14.    Per the Firm's invoices and summary attached as Exhibit 1, RAM Produce also respectfully requests award of costs through October 31, 2014, in the amount of $1,016.22.[1]

Victor J. Torres

Subscribed and sworn to before me
this 24th day of November, 2014

Bonita K. Crison
Notary Public, State of Michigan
County of Macomb
My Commission Expires:  Sep 26, 2020
Acting in the County of Wayne

BONITA K. CRISON
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Sep 26, 2020
ACTING IN COUNTY OF Wayne

---

[1] In addition to costs awardable under general federal procedure, the RAM Produce invoices related to the claims asserted in this adversary proceeding provide that RAM Produce is to recover costs related to collection of amounts due under the invoices.

4

# EXHIBIT 1

| Date | Type | Ref# | Received From/Paid To Explanation | Fees | Disb | A/R | Trust Acc# | Retainer |
|------|------|------|-----------------------------------|------|------|-----|-----------|----------|

**158    R.A.M. Produce Distributors, LLC**
**  260-06    Cipriano/Produce Buyers**                                                          Resp Lawyer: VT

| Date | Type | Ref# | Received From/Paid To Explanation | Fees | Disb | A/R | Trust Acc# | Retainer |
|------|------|------|-----------------------------------|------|------|-----|-----------|----------|
| Jul/28/2014 | BIL | 21043 | Billing on Invoice 21043 | -1731.25 | 0.00 | 1731.25 | | 0.00 |
| Aug/ 7/2014 | REC | 11860 | R A M Produce Distributors Client Payment | | | -1731.25 | | |
| Aug/19/2014 | CHE | 4564 | Lynn S. Simmons Transcripts - 341 Creditors Meeting Transcript | | 25.00 | B | | |
| Aug/31/2014 | CER | 01889 | Expense Recovery Copying | | 0.45 | B | | |
| Sep/ 5/2014 | BIL | 21109 | Billing on Invoice 21109 | -1518.75 | 0.00 | 1518.75 | | 0.00 |
| Sep/ 8/2014 | CHE | 4556 | Lynn L. Simmons Transcripts | | 120.00 | B | | |
| Sep/18/2014 | REC | 11912 | RAM Produce Service Client Payment | | | -1518.75 | | |
| Sep/19/2014 | AP | 2421 | Business Card Filing Fees | | 350.00 | B | | |
| Sep/30/2014 | CER | 01903 | Expense Recovery Postage | | 8.46 | B | | |
| Oct/ 3/2014 | BIL | 21171 | Billing on Invoice 21171 | -618.75 | -25.45 | 644.20 | | 0.00 |
| Oct/16/2014 | REC | 11943 | R A M Distributors,  LLC Client Payment | | | -644.20 | | |
| Oct/23/2014 | BIL | 21260 | Billing on Invoice 21260 | -4681.25 | -478.46 | 5159.71 | | 0.00 |
| Oct/31/2014 | CER | 01916 | Expense Recovery Copying | | 8.40 | B | | |
| Nov/ 6/2014 | REC | 11983 | R.A.M. Produce Distributors, LLC Client Payment | | | -5159.71 | | |
| Nov/14/2014 | BIL | 21315 | Billing on Invoice 21315 | -4062.50 | -8.40 | 4070.90 | | 0.00 |

|  |  |  | Totals for Report Period: | -12612.50 | 0.00 | 4070.90 | 0.00 | 0.00 |
|  |  |  | Totals up to Ending Date: | -12612.50 | 0.00 | 4070.90 | 0.00 | 0.00 |

*** Firm Totals ***

|  |  |  | Firm Totals for Report Period: | -12612.50 | 0.00 | 4070.90 | 0.00 | 0.00 |
|  |  |  | Firm Totals up to Ending Date: | -12612.50 | 0.00 | 4070.90 | 0.00 | 0.00 |

REPORT SELECTIONS - Client Accounting Ledger
Layout Template:          All
Requested by:             Zenetha
Finished:                 Monday, November 24, 2014 at 12:37:09 PM
Date Range:               To  Nov/24/2014
Matters:                  260-06
Clients:                  All                    Show Check # on Paid Payables:    No
Major Clients:            All                    Matters Sort by:                  Default
Responsible Lawyer:       All                    New Page for Each Lawyer:         No
Client Intro Lawyer:      All                    Totals Only:                      No
Matter Intro Lawyer:      All                    Firm Totals Only:                 No
Assigned Lawyer:          All                    Trust Only:                       No
Type of Law:              All                    Show Trust Summary by Account:    No
Select From:              Active, Inactive, Archived Matters
Ver:                      13.0 SP2 (13.0.20140210)

**EXHIBIT 1**

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

July 28, 2014

Mr. Mike Bommarito
R.A.M. Produce Distributors, LLC
340 South Oakwood Blvd.
Detroit, MI 48217

FEIN:  38-3627858

Matter#:       260-06
Inv  #:        21043

**RE:**   Cipriano/Produce Buyers

FOR PROFESSIONAL SERVICES RENDERED:
Billing Period:  Jun 01/14  through  Jun 30/14

| DATE | DESCRIPTION | HOURS | LAWYER |
|---|---|---|---|
| Jun-25-14 | Review and assess bankruptcy filings. Prepare e-mail regarding needed follow up on bankruptcy and other case matters. | 0.75 | VT |
| Jun-27-14 | Phone conference with Mr. Bommarito regarding first meeting of creditors, issues on pursuit of PACA claims against Cipriano, and related documents and follow up.  Receive and review documents and e-mail from Mr. Bommarito regarding support for claim and prepare response. Conference with Attorney Whitehead regarding analysis of issues on limitations defenses on PACA claim and related background, identify and review related documents, and prepare related e-mails.  Receive and review memorandum of law related to limitations defenses and analyze applicable law. | 1.25 | VT |
| | Office conferences with Mr. Torres to discuss PACA claims against the debtor; receipt and review of emails from Mr. Torres; research on the statute of limitations for PACA cases; research on breach of fiduciary trust under Michigan statutory | 4.75 | TDW |



# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21043                     Page  2                              July 28, 2014

|  |  |  |  |
|---|---|---|---|
|  | law; research on federal laws on tolling of statute of limitations; preparation of a case law memo. |  |  |
| Jun-30-14 | Review documents and e-mails from Mr. Salisbury regarding support for claims against Cipriano/Produce Buyers and related issues. Prepare outline for examination of Mr. Cipriano and review documents and notes for same.  Obtain and review various Bankruptcy Court filings for exam at first meeting of creditors.  Phone conferences with Court Clerk regarding status of first meeting of creditors and related matters. | 2.00 | VT |

## ATTORNEY/HOUR TOTALS

| Lawyer | Hours | Rate | Amount |
|---|---|---|---|
| Victor Torres | 4.00 | $225.00 | $ 900.00 |
| Teri D. Whitehead | 4.75 | $150.00 | $ 831.25 |
| Total Hours & Fees This Invoice | 8.75 |  | $ 1,731.25 |

| | |
|---|---|
| Payments/Retainers Applied Since Last Invoice | $0.00 |
| Balance Remaining from Previous Invoices | $0.00 |
| Fees & Disbursements This Invoice | $1,731.25 |
| **TOTAL AMOUNT DUE** | **$ 1,731.25** |

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

September 5, 2014

Mr. Mike Bommarito
R.A.M. Produce Distributors, LLC
340 South Oakwood Blvd.
Detroit, MI 48217

FEIN:  38-3627858

Matter#:      260-06
Inv #:        21109

**RE:**      Cipriano/Produce Buyers

FOR PROFESSIONAL SERVICES RENDERED:
Billing Period: Jul 01/14   through Jul 31/14

| DATE | DESCRIPTION | HOURS | LAWYER |
|------|-------------|-------|--------|
| Jul-09-14 | Prepare for examination of Mr. Cipriano, review related filings and documents, and prepare and revise related outline.  Attend first meeting of creditors and examine Mr. Cipriano. | 3.50 | VT |
| Jul-11-14 | Receive e-mail and documents from Trustee regarding 2004 Examination and documents to request from debtor. | 0.25 | VT |
| Jul-15-14 | Prepare Court filings for notices to creditor RAM Produce and conference on same and receive follow up filings. | 0.25 | VT |
| Jul-18-14 | Receive and review bankruptcy filings related to reaffirmation on loans.  Receive e-mails from Attorney Cartrette regarding document demands to Cipriano and Produce Buyers and related company and prepare response. Analyze file documents and Court filings for additional documents to request from Cipriano and companies. | 0.50 | VT |
| Jul-21-14 | Receive and review bankruptcy filings related to | 0.25 | VT |

# WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21109                          Page  2                          September 5, 2014

| | | | |
|---|---|---|---|
| | deficient reaffirmation agreement, lease assumption, and stipulation on lease. | | |
| Jul-23-14 | Prepare request for documents to be made to Cipriano and related companies for forwarding to Trustee and review notes and documents for same. | 0.75 | VT |
| Jul-25-14 | Receive and review Bankruptcy Court filings by Cipriano.  (Courtesy no charge). | 0.25 | VT |
| Jul-26-14 | Receive bankruptcy filing regarding request for notice by creditor.  (Courtesy no charge). | 0.25 | VT |
| Jul-28-14 | Receive and review Chapter 13 Trustee final report and account and other documents and information related to Cipriano bankruptcy. | 0.25 | VT |
| Jul-29-14 | Receive documents from Trustee produced by Cipriano and companies and prepare related e-mail.  Receive Reaffirmation Agreement filed in bankruptcy proceedings. | 0.25 | VT |
| Jul-30-14 | Receive and review additional documents from Trustee related to Cipriano and companies, prepare e-mail on handling of documents, and conference on same. | 0.25 | VT |

## ATTORNEY/HOUR TOTALS

| Lawyer | Hours | Rate | Amount |
|---|---|---|---|
| Victor Torres | 6.75 | $225.00 | $ 1,518.75 |
| Total Hours & Fees This Invoice | 6.75 | | $ 1,518.75 |

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21109

Page  3

September 5, 2014

| | |
|---|---:|
| Payments/Retainers Applied Since Last Invoice | $1,731.25 |
| Balance Remaining from Previous Invoices | $0.00 |
| Fees & Disbursements This Invoice | $1,518.75 |
| **TOTAL AMOUNT DUE** | **$ 1,518.75** |



**WilliamsAcosta**
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

October 3, 2014

Mr. Mike Bommarito
R.A.M. Produce Distributors, LLC
340 South Oakwood Blvd.
Detroit, MI 48217

FEIN:  38-3627858

Matter#:  260-06
Inv #:  21171

**RE:**    Cipriano/Produce Buyers

FOR PROFESSIONAL SERVICES RENDERED:
Billing Period: Aug 01/14 through Aug 31/14

| DATE | DESCRIPTION | HOURS | LAWYER |
|------|-------------|-------|--------|
| Aug-01-14 | Receive and review various additional documents from Trustee related to Cipriano and related companies. Prepare e-mails regarding handling of documents and conferences on same. Receive e-mails related to 2004 Exam and prepare responses. | 0.75 | VT |
| Aug-05-14 | Conferences with Mr. Hoffman regarding review and handling of documents produced by Cipriano/Produce Buyers. | 0.25 | VT |
| Aug-14-14 | Receive Court filings related to conversion of case. Assess impact of case conversion to Chapter 7. | 0.25 | VT |
| Aug-15-14 | Prepare report on status and plan of action on adversary complaint against Cipriano and review notes and documents for same. | 0.50 | VT |
| Aug-19-14 | Prepare correspondence to Ms. Simmons regarding request for transcript of §341 meeting and conference on needed follow up. | 0.25 | VT |
| Aug-27-14 | Receive and review amendments to schedules | 0.25 | VT |



## WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:   21171                Page  2                October 3, 2014

| | | | | |
|---|---|---|---|---|
| | filed by Cipriano and related documents.  Receive and review notice related to extended deadline for creditors. | | | |
| Aug-28-14 | Receive and review stipulation between Bank of Montreal and Cipriano regarding filing of complaint and receive related entered order. Receive documents related to Cipriano financial management course. | 0.25 | VT | |
| Aug-29-14 | Phone conference with Ms. Simmons regarding transcript of Cipriano testimony and meeting of creditors.  Receive and review Trustee report on conclusion and outcome of meeting of creditors. | 0.25 | VT | |

**ATTORNEY/HOUR TOTALS**

| Lawyer | Hours | Rate | Amount |
|---|---|---|---|
| Victor Torres | 2.75 | $225.00 | $ 618.75 |
| | ======= | | =========== |
| Total Hours & Fees This Invoice | 2.75 | | $ 618.75 |

**DISBURSEMENTS**                                    **Disbursements**

| | |
|---|---|
| Copying | 0.45 |
| Transcripts | 25.00 |
| Total Disbursements This Invoice | $ 25.45 |



## WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:     21171              Page  3              October 3, 2014

| | |
|---|---:|
| Payments/Retainers Applied Since Last Invoice | $1,518.75 |
| Balance Remaining from Previous Invoices | $0.00 |
| Fees & Disbursements This Invoice | $644.20 |
| **TOTAL AMOUNT DUE** | $ 644.20 |

# WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

October 23, 2014

Mr. Mike Bommarito
R.A.M. Produce Distributors, LLC
340 South Oakwood Blvd.
Detroit, MI 48217

FEIN:  38-3627858

Matter#:   260-06
Inv #:   21260

**RE:**   Cipriano/Produce Buyers

FOR PROFESSIONAL SERVICES RENDERED:
Billing Period:  Sep 01/14  through  Sep 30/14

| DATE | DESCRIPTION | HOURS | LAWYER |
|------|-------------|-------|--------|
| Sep-02-14 | Receive and review transcript from §341 hearing. Conferences regarding follow up on numerous documents produced by Cipriano and companies to Trustee, receive follow up report, review documents produced and forward related e-mail. | 1.75 | VT |
| Sep-03-14 | Review draft index of documents received related to Cipriano/Produce Buyers from Trustee and revise.  Forward related e-mail. | 0.25 | VT |
| Sep-04-14 | Review documents, notes, and law regarding claims to be asserted against Cipriano and Produce Buyers.  Receive revised report on documents related to Cipriano/Produce Buyers from Trustee and conference same.  Prepare memo regarding preparation of complaint and related background and documents and confer with Attorney Whitehead on same.  Receive e-mails from Attorney Whitehead related to draft complaint, Bommarito affidavit, and related matters. | 2.50 | VT |
|  | Review of bankruptcy petition and schedules of Mr. Cipriano; office conferences with Attorney | 6.25 | TDW |

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21260                     Page  2

October 23, 2014

|  |  |  |  |
|---|---|---|---|
|  | Torres; preparation of Affidavit of  Mr. Bommarito; preparation of Adversary Complaint against Cipriano and Produce Buyers Co.; review of Section 341 Meeting of Creditors notes and exhibits. |  |  |
| Sep-05-14 | Phone conference with Mr. Bommarito regarding affidavit to support  adversary proceeding complaint and related background and follow up. Prepare inserts for and revise Bommarito affidavit and prepare e-mail to Mr. Bommarito on same and receive response.  Prepare inserts for and revise complaint and review file documents and law for same.  Review exhibits and conference on needed follow up.  Receive e-mails related to filing of complaint and related documents, discuss same, and receive and review follow up filings. | 3.00 | VT |
|  | Office conference with Mr. Torres regarding attachments including Schedule F filing and Section 341 meeting of creditors transcript | 0.25 | TDW |
| Sep-08-14 | Conferences regarding follow up with Court on summons and related filings.  Receive follow up filing on Complaint and Summons.  Prepare correspondence and documents related to service of Complaint and Summons.  Review documents and law related to summary judgment for RAM.  Prepare e-mail related to §341 transcript. | 1.50 | VT |
| Sep-12-14 | Receive and review invoices from Mr. Bommartio.  Confer with Mr. Hoffman regarding needed follow up on invoices and related background and receive follow up report.  Analyze law supporting summary judgment for RAM. | 1.50 | VT |
| Sep-15-14 | Conferences regarding documents supporting summary judgment and request for preparation of related summary.  Receive and review report on documents supporting summary judgment. | 0.75 | VT |

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21260              Page  3                    October 23, 2014

| | | | |
|---|---|---|---|
| Sep-23-14 | Review documents produced by Cipriano and Produce Buyers to Trustee and assess. | 0.75 | VT |
| Sep-25-14 | Conference regarding case status and deadline for filing of documents by Defendants and receive follow up report. | 0.25 | VT |
| Sep-27-14 | Continue review of documents produced by Cipriano and Produce Buyers to Trustee.  Analyze law and file documents in support of RAM summary judgment motion. | 1.50 | VT |
| Sep-29-14 | Receive and review complaint and various supporting documents on Bank of Montreal claims against Cipriano.  Assess potential impact of complaint filed by Bank of Montreal.  Receive claim from LaGrasso Brothers filed in underlying bankruptcy. | 0.50 | VT |
| Sep-30-14 | Analyze law and file documents in support of summary judgment motion.  Prepare motion. | 1.50 | VT |

**ATTORNEY/HOUR TOTALS**

| Lawyer | Hours | Rate | Amount |
|---|---|---|---|
| Victor Torres | 15.75 | $225.00 | $ 3,543.75 |
| Teri D. Whitehead | 6.50 | $175.00 | $ 1,137.50 |
| Total Hours & Fees This Invoice | 22.25 | | $ 4,681.25 |

**DISBURSEMENTS**

Disbursements

Postage                                                              8.46

# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21260                    Page  4                    October 23, 2014

Filing Fees                                              350.00

Transcripts                                              120.00

Total Disbursements This Invoice            $ 478.46

| | |
|---|---|
| Payments/Retainers Applied Since Last Invoice | $644.20 |
| Balance Remaining from Previous Invoices | $0.00 |
| Fees & Disbursements This Invoice | $5,159.71 |
| **TOTAL AMOUNT DUE** | **$ 5,159.71** |



# WilliamsAcosta

*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

November 14, 2014

Mr. Mike Bommarito
R.A.M. Produce Distributors, LLC
340 South Oakwood Blvd.
Detroit, MI 48217

FEIN:  38-3627858

Matter#:      260-06
Inv #:        21315

**RE:**   Cipriano/Produce Buyers

FOR PROFESSIONAL SERVICES RENDERED:
Billing Period: Oct 01/14  through  Oct 31/14

| DATE | DESCRIPTION | HOURS | LAWYER |
|------|-------------|-------|--------|
| Oct-01-14 | Receive e-mail and Court filings from Plaintiff's counsel regarding issues and disputes on pending claims.  Review docket report. | 0.25 | VT |
| Oct-02-14 | Prepare correspondence to Attorney Stein regarding lack of merit to Defendant's statute of limitations argument and related authority. | 0.25 | VT |
| Oct-08-14 | Receive and review motion to dismiss and related documents. | 0.25 | VT |
| Oct-14-14 | Prepare correspondence to Attorney Stein regarding request for withdrawal of Cipriano motion to dismiss and related issues and law | 0.25 | VT |
| Oct-15-14 | Receive and review Clerk's Entry of Default against Produce Buyers.  Receive Court order regarding initial scheduling conference in adversary proceeding.  Receive and review Cipriano motion to dismiss and related documents. | 0.75 | VT |
| Oct-21-14 | Prepare correspondence to Attorney Stein regarding additional requests for dismissal of | 4.25 | VT |



## WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:    21315                         Page  2                         November 14, 2014

|  |  |  |  |
|---|---|---|---|
| | Cipriano's motion to dismiss and related issues. Prepare response to Cipriano motion to dismiss and brief in support and identify and analyze law and supporting file documents for same. | | |
| Oct-22-14 | Prepare and revise affidavit.  Phone conferences with Mr. Bommarito regarding execution of affidavit, motion to dismiss, and case status and plan.  Prepare e-mails to Mr. Bommarito regarding revised affidavit and other case issues.  Prepare and revise response to motion to dismiss and brief in support and analyze law and file documents for same.  Receive signed affidavit from Mr. Bommarito.  Review exhibits and prepare related index and conference on follow up with the Court on filings.  Conferences with Attorney Whitehead regarding analysis of law in support of response to motion to dismiss and receive and review follow up memoranda.  Prepare e-mail to counsel and related documents related to RAM response to motion to dismiss. | 4.75 | VT |
| | Conference with (VT); research on amendment to PACA and application of contracts entered prior to amendment; research on motion to dismiss and the inclusion of extrinsic evidence; preparation of an insert for standard review of court's consideration of movant's motion to dismiss as applicable under FRCP 12 and 56. | 4.25 | TDW |
| Oct-23-14 | Receive e-mails and documents from the Court regarding RAM response to Cipriano motion to dismiss.  Conferences regarding follow up with Court and Court Clerk regarding RAM filings.  Receive and review various filing and notices from Court on motion to dismiss. | 0.50 | VT |
| Oct-24-14 | Receive and review filings in bankruptcy case and adversary proceeding related to representation of Cipriano. | 0.25 | VT |



**WilliamsAcosta**
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:     21315                     Page  3                     November 14, 2014

| Oct-27-14 | Receive and review notice of hearing on Cipriano motion to dismiss.  Receive and review notice from Court regarding response to motion to dismiss and conference on follow up.  Receive notice from Bankruptcy Court on deficiency in filing of Cipriano. | 0.25 | VT |
| Oct-29-14 | Prepare RAM motion for default judgment against Produce Buyers, brief in support, and related documents and review file documents and law for same.  Prepare index of exhibits and review and select exhibits to support motion.  Prepare correspondence and related documents related to motion for default judgment against Produce Buyers. | 3.00 | VT |

## ATTORNEY/HOUR TOTALS

| Lawyer | Hours | Rate | Amount |
| --- | --- | --- | --- |
| Victor Torres | 14.75 | $225.00 | $ 3,318.75 |
| Teri D. Whitehead | 4.25 | $175.00 | $ 743.75 |
| Total Hours & Fees This Invoice | 19.00 | | $ 4,062.50 |

## DISBURSEMENTS

**Disbursements**

| Copying | | 8.40 |
| --- | --- | --- |
| Total Disbursements This Invoice | | $ 8.40 |



# WilliamsAcosta
*A Professional Limited Liability Company*
Attorneys and Counselors

535 Griswold Street
Suite 1000
Detroit, MI 48226-3692

Phone: (313) 963-3873
Fax: (313) 961-6879
www.williamsacosta.com

Invoice #:      21315

Page  4

November 14, 2014

| | |
|---|---|
| **Payments/Retainers Applied Since Last Invoice** | $5,159.71 |
| **Balance Remaining from Previous Invoices** | $0.00 |
| **Fees & Disbursements This Invoice** | $4,070.90 |
| **TOTAL AMOUNT DUE** | **$ 4,070.90** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

    Salvatore Cipriano,                         Case No. 14-48527-MBM
                                     Chapter 7

_____Debtor.___/          Hon. Marci B. McIvor
R.A.M. Produce Distributors, L.L.C.,
a Michigan limited liability company,

              Plaintiff,

vs.                                      Adv. Pro. No. 14-4957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers Co.,
a Michigan corporation,

_____Defendants._____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT, PRODUCE BUYERS CO.
AS TO COUNT I OF PLAINTIFF'S COMPLAINT**

      For the reasons set forth on the record at a hearing held on November 25, 2014;

      IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment

against Defendant, Produce Buyers Co. on Count I and II of Plaintiff's Complaint, is

GRANTED.

      IT IS FURTHER ORDERED that Plaintiff is entitled to a judgment against

Produce Buyers Co. in the amount of $33,946.00, plus pre- and post-judgment interest

to the extent allowed by statute.

IT IS FURTHER ORDERED for reasons stated on the record on November 25, 2014, that this judgment is not enforceable against Defendant, Salvatore Cipriano.

Signed on November 25, 2014

                                        /s/ Marci B. McIvor
                                    Marci B. McIvor
                                    United States Bankruptcy Judge

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Salvatore Cipriano,                                    Case No. 14-48527-MBM
                                                       Chapter 7
_____ Debtor.   /                    Hon. Marci B. McIvor
R.A.M. Produce Distributors, L.L.C.,
a Michigan limited liability company,

                    Plaintiff,

vs.                                                    Adv. Pro. No. 14-4957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers Co.,
a Michigan corporation,

_____ Defendants.          /

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COUNTS III AND IV OF PLAINTIFF'S COMPLAINT**

For the reasons set forth on the record at a hearing held on November 25, 2014;

IT IS HEREBY ORDERED that Defendant, Salvatore Cipriano's, Motion to

Dismiss Counts III and IV of Plaintiff's Complaint, is GRANTED.

IT IS FURTHER ORDERED that all counts of Plaintiff's Complaint are addressed

by this Order and a Default Judgment entered against Defendant, Produce Buyers Co..

There are no further issues to be litigated in this adversary proceeding.

Signed on November 25, 2014

                          _____
                               /s/  Marci B. McIvor
                              Marci B. McIvor
                              United States Bankruptcy Judge

Page 1 of 1

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF MICHIGAN

PDF FILE WITH AUDIO FILE ATTACHMENT

2014-04957

R.A.M. Produce Distributors, L.L.C. v. Cipriano et al

| | |
|---|---|
| Case Type : | ap |
| Case Number : | 2014-04957 |
| Case Title : | R.A.M. Produce Distributors, L.L.C. v. Cipriano et al |
| Audio Date\Time: | 11/25/2014 10:27:48 AM |
| Audio File Name : | 2ap2014-04957_11252014-102748-AM.mp3 |
| Audio File Size : | 16828 KB |
| Audio Run Time : | [01:10:07] (hh:mm:ss) |

**Help using this file:**

An audio file is embedded as an attachment in this PDF document. To listen to the file, click the Attachments tab or the Paper Clip icon. Select the Audio File and click Open.

**MPEG Layer-3 audio coding technology from Fraunhofer IIS and Thomson.**

> **This digital recording is a copy of a court proceeding and is provided as a convenience to the public. In accordance with 28 U.S.C. § 753 (b) "[n]o transcripts of the proceedings of the court shall be considered as official except those made from the records certified by the reporter or other individual designated to produce the record."**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

      Salvatore Cipriano,                    Case No. 14-48527-MBM
                                             Chapter 7
      Debtor.                          Hon. Marci B. McIvor
_____/

R.A.M. Produce Distributors, L.L.C.,
a Michigan limited liability company,

          Plaintiff,
vs.                                Adv. Pro. No. 14-04957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers Co.,
a Michigan corporation,

          Defendants.

_____/

**ORDER REOPENING CASE AND VACATING ORDER OF DISMISSAL (Docket # 30)**

        On November 25, 2014 this court issued an opinion from the bench and entered an

Order Dismissing Plaintiff's Complaint against Defendant Salvatore Cipriano.   The court

has determined that it is necessary to issue a supplemental opinion.   Therefore:

        IT IS HEREBY ORDERED that this case is reopened.

        IT IS FURTHER ORDERED that the Order Dismissing Plaintiff's Complaint against

Defendant Salvatore Cipriano is vacated.

.

`Signed on November 26, 2014`

                   `/s/ Marci B. McIvor`
                 `Marci B. McIvor`
                 `United States Bankruptcy Judge`

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

    Salvatore Cipriano,                                                Case No. 14-48527-MBM
                                                                                               Chapter 7
_____ Debtor.   /                      Hon. Marci B. McIvor

R.A.M. Produce Distributors, L.L.C.
a Michigan limited liability company,

                Plaintiff,

vs.                                                                                          Adv. Pro. No. 14-4957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers, Co.,
a Michigan corporation,

_____ Defendant.        /

**SUPPLEMENTAL OPINION TO BENCH OPINION
ISSUED ON NOVEMBER 25, 2014**

On November 25, 2014, this Court issued a bench opinion granting defendant, Salvatore

Cipriano's Motion to Dismiss Plaintiff's Complaint. The basis of the Court's ruling was that

Plaintiff failed to state a claim against  Defendant Cipriano because of Plaintiff's failure to take

prompt action against defendant, Produce Buyers, the party with primary liability to Plaintiff.

While this Court was correct in finding that Plaintiff's Complaint failed to state a claim upon

which relief could be granted,  the legal analysis resulting in that conclusion was unnecessarily

tortured.  Because this Court is concerned that its analysis could cause confusion to sellers and

buyers who operate under the Perishable Agricultural Commodities Act (7 U.S.C. § 499a *et. seq.*

(hereinafter "PACA")), the Court is issuing a Supplemental Opinion to clarify the basis of its

dismissal of Plaintiff's complaint.

The facts in this case are not in dispute.  In 2010, defendant/debtor Salvatore Cipriano was the sole owner and operator of  defendant Produce Buyers Co., Inc., a corporation engaged in the sale of fresh produce. Produce Buyers was licensed under PACA.

Between June and November, 2010, plaintiff R.A.M. Produce Distributors, L.L.C. sold perishable produce to Produce Buyers.  R.A.M. was also licensed under PACA.

The total amount of produce sold to defendant Produce Buyers during that period was $37,921.10 (Defendants' Ex. B; Plaintiff's Ex. C -  invoices). Printed at the bottom of each RA.M invoice issued to Produce Buyers is the following language:

CLAIMS MUST BE MADE AT THE TIME OF DELIVERY

CASH DUE AND PAYABLE UPON DEMAND

"The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorize by section 5(c) of the Perishable Agricultural Commodities Act, 1920 (7 U.S.C.  § 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds form the sale of these commodities until full payment is received."

"Payment is due within 10 days after the day on which the produce is accepted or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 5 USC 499a *et. seq."*

"The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

Produce Buyers made no payments on the invoices for approximately 18 months.

Thereafter, it made only two payments to R.A.M. on the invoices: $3,100 was paid on May 18, 2012 and $875 was paid on June 20, 2012.  In late June or early July, 2012, Produce Buyers

2

ceased operations.

On May 16, 2014, defendant Salvatore Cipriano filed a voluntary chapter 13 bankruptcy petition.  On June 13, 2014, the case was converted to chapter 7.

On September 15, 2014, R.A.M. filed the present adversary complaint seeking a judgment on  the balance owed under the invoices and a finding that the debt is nondischargeable under 11 U.S.C. § 523(a)(4).  Specifically, Count I of the Complaint alleges breach of contract, Count II is captioned "Account Stated (Against Defendant Produce Buyers)," Count III asserts corporate and individual liability under the PACA and Count IV asserts nondischargeability under § 523(a)(4).  Defendant Cippriano's Motion to Dismiss seeks dismissal of Counts III and IV.

PACA regulates the produce industry and promotes fair dealings in transactions involving fruits and vegetables.  Under PACA, when a seller, dealer or supplier ships produce to a buyer, a statutory trust is created upon acceptance of the commodities.  Once this trust comes into being, and the supplier's rights are properly preserved, the produce supplier obtains a priority interest in the trust assets (proceeds of the sale of the produce as well as proceeds of those proceeds) held by the buyer.

PACA states in relevant part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. . . .

7 U.S.C. § 499e(c)(2). This section creates a non-segregated, floating trust for the benefit of the

seller of perishable commodities.  The trust comes into existence when the produce is delivered and remains in effect until payment is received.  PACA requires purchasers of perishable produce to provide full and prompt payment to produce sellers.  7 U.S.C. § 499b(4).

Based on the inclusion of the appropriate language in Plaintiff's invoices, this Court agrees that at the time the Plaintiff sold goods to defendant, Produce Buyers Co., the goods were imposed with a trust.  Notwithstanding the fact that Plaintiff included the necessary language to create a PACA trust in its invoices, in its bench opinion, this Court concluded that Plaintiff lost its right to enforce a PACA claim against defendant Produce Buyers because of its failure to promptly seek to enforce its remedies after defendant Produce Buyers defaulted on its payment obligations under the invoices.  The factual basis of this ruling was that defendant Produce Buyers defaulted in November or December, 2010, Produce Buyers went out of business in June, 2012, and Plaintiff took no action against either Produce Buyers or Salvatore Cipriano until September 13, 2014.

The court acknowledges that in its bench opinion, it confused a PACA beneficiary's right to file a lawsuit to collect on its debt with the PACA beneficiary's right to enforce collection by attaching specific assets of the PACA buyer. The opinion could create confusion as to whether PACA creates its own limitations for the time period in which PACA sellers could bring legal action to collect on their debt. This Court intended to create no such confusion.  PACA contains no specific language as to the deadline by which a seller must file a suit to recover the proceeds from produce sold out of trust. Any limitation on the filing of a lawsuit to collect money owed by a purchaser of PACA protected goods is governed by the relevant statute of limitations.

Generally,  determining which  statute of limitations applies to activity governed by a

federal statute is a question of federal law. *Weis-Buy Service, Inc. v. Paglia*, 411 F.3d 415, 422 (3rd Cir. 2005), *Spada Properties, Inc. v. United Grocers Inc.*, 2014 WL 4058967 (D. Or.). However, when federal statutes fail to provide any limitations period for the cause of action they create, courts look to state law to limit claims. *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33 (1995).

Produce Buyers was a Michigan limited liability company with its principal place of business in Detroit, Michigan. Therefore for purposes of determining the applicable statute of limitations in which Plaintiff could have filed a lawsuit against defendants Produce Buyers and Cipriano, the relevant statute of limitations is controlled by the laws of the State of Michigan. While the parties did not brief the issue, a footnote in Plaintiff's brief suggests that Defendants, at one point, asserted a three year limitations period, presumably the limitations period for bringing tort actions seeking damages for breach of fiduciary duty. *See* Mich. Comp. Laws 600.5805(10) [1]; *Bernstein v. Seyburn, Kahn, Gin, Bess & Serlin Corp.*, 2014 WL 688652 (Mich. App.)(statute of limitations for breach of fiduciary duty is three years); *Wayne Co. Employees Retirement Sys. v. Wayne Co.*, 836 N.W.2d 279, 316, n. 37 (Mich. App. 2013)(same). Plaintiff, without citation to any specific statute, asserts that even if the applicable limitations period is three years, the period was "reset" with each partial payment made by Defendants.

The few cases that have addressed the statute of limitations in the context of an action brought under PACA have concluded that the appropriate statute of limitations is the statute of

---

[1]Mich Comp. Laws § 600.5805(1) is the residual tort statute of limitations and states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property." Case law holds that this statute controls claims for breach of fiduciary duty.

limitations for breach of fiduciary duty.  *See e.g.* S*pada Properties, Inc. v. Unified Grocers*, 2014 WL 4058967 (D. Or. 2014); *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 422 (3rd Cir. 2005).  This Court agrees.

A cause of action against a PACA purchaser includes an action to recover money damages for nonpayment (essentially a breach of contract action) and an action to impose a trust on the proceeds of products sold out of trust.  *Bocchi Americas Associates, Inc. v. Commerce Fresh Marketing, Inc.*, 515 F.3d 383, 388 (5th Cir. 2008).  PACA also imposes a secondary liability on persons who are in a position to control the trust assets and fail to do so.  As explained in *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000):

> PACA liability attaches first to the licensed commission merchant, dealer, or broker of perishable agricultural commodities. If, however, the assets of the licensed commission merchant, dealer, or broker are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.Thus, we join our colleagues in the Ninth Circuit and hold that individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA. We view this conclusion as consistent with the intent of Congress in establishing the statutory trust provisions of PACA.

*Id.* at 351 (footnotes omitted).

Based on the statute and the case law, it is clear to this Court that the only basis for a claim against the party secondarily liable under PACA is a breach of fiduciary claim.  The conclusion is consistent with Plaintiff's Complaint: Counts III and IV are directed at defendant Cipriano and seek damages based the breach of fiduciary duty owed by Cipriano to Produce Buyers.  Since the basis of Plaintiff's Complaint against defendant Cipriano is a breach of fiduciary duty, the relevant limitations period is three years.

6

The next question before this Court is when the statute of limitations began to run in this case.  In *Weis-Buy Services*, the court addressed the statute of limitations in the context of a PACA claim against the principal of the company that had purchased PACA protected goods. The Court found that the statute of limitations started to run when the seller knew the purchaser was making late payments in violation of PACA.  The court concluded that "once [the buyers] and its officers failed to pay Sellers for the goods received, Sellers were on notice that the trustees were in breach of their fiduciary duties." *Weis-Buy*, 411 F.3d at 423.  Further, the court stated,

> [W]e recognize that the trust created by PACA exists until the seller is paid, [ 7 U.S.C. §499(e)(C)(2)] and participants who preserve the rights to benefits remain beneficiaries until they are paid in full.  7 C.F.R. § 46.46(c)(2).  However, when sellers are not suing to enforce the trust obligations or to preserve their shares of the trust res, but instead are suing the trustees in tort for damages resulting from a breach of its fiduciary duties, we believe that the statute of limitations must accrue from the time that the trustee openly repudiates those duties.

*Id.*  The reasoning of the *Weis-Buy* case was recently adopted by the court in *Spada Properties, Inc. v. Unified Grocers*, 2014 WL 4058967, *10-11 (D. Or.)

Plaintiff argues in a footnote in its brief that regardless of the relevant statute of limitations, the statute starts to run again each time a payment is made.  Plaintiff argues that the partial payments made by Produce Buyers in May and June, 2012, reset the beginning of the limitations period for commencing a lawsuit.  Plaintiff relies on *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F.supp.2d 736 (E.D. Mich. 2009) in support of this position.

Plaintiff's reliance on this case is misplaced.  In *Charbonneau*, Plaintiff brough suit against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692).  The parties agreed that the controlling statute of limitations for the collection for past due debts was

7

six years from the date the cause of action accrued (M.C.L. 600.5807).  The dispute was over

M.C.L. § 600.5831, which provides "in actions brought to recover the balance due upon a mutual

and open account. . . the claim accrues at the time of the last item proved in the account."  In that

context, determining when the statute of limitations runs on a collection action, the court held

that a partial payment may operate as an acknowledgment of the continued existence of the debt.

As previously discussed, Plaintiff in the instant case is not suing defendant Cipriano for

nonpayment of a debt.  In fact, Plaintiff's cause of action for nonpayment of a debt could only be

brought against the party with whom it contracted, that is, Produce Buyers.  The sole basis of

Plaintiff's Complaint against defendant Cipriano is breach of fiduciary duty.  The partial

payment theory as a ground for extending the statute of limitations simply does not apply when

the cause of action is a breach of fiduciary duty.

In sum, this Court agrees with the conclusion of the *Weis-Buy* and *Spada* courts that the

statute of limitations on a breach of fiduciary duty claim runs from the date on which Plaintiff

first has knowledge that the defendant purchaser has failed to pay timely as required by the

invoice.

In the instant case, the statute of limitations on Plaintiff's breach of fiduciary duty claim

against defendant Cipriano began running in December, 2010, when  Produce Buyers defaulted

on the 10 day payment terms set forth in Plaintiff's invoices.  Plaintiff did not commence its

lawsuit until September, 2014.  As stated above, the statute of limitations in Michigan for breach

of fiduciary duties is three (3) years.  Plaintiff's claim against both Defendants is untimely.

Defendant, Produce Buyers failed to file a response to Plaintiff's complaint and a default

judgment has already been entered Produce Buyers.  However, as to defendant Cipriano,

8

Plaintiff's complaint is dismissed for the reason that it was brought outside the applicable statute of limitations.

**Conclusion**

Because Plaintiff's breach of fiduciary duty claim against defendant Cipriano is time barred, Count II of the Complaint is dismissed as to that defendant.  Without a valid claim for breach of fiduciary duty, Plaintiff cannot establish a nondischargeable claim under § 523(a)(4) and Count IV is also dismissed as to defendant Cipriano.

Signed on December 04, 2014

```
                    /s/ Marci B. McIvor
               Marci B. McIvor
               United States Bankruptcy Judge
```

9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

      Salvatore Cipriano,                       Case No. 14-48527-MBM
                                            Chapter 7
_____Debtor.  /         Hon. Marci B. McIvor

R.A.M. Produce Distributors, L.L.C.
a Michigan limited liability company,

              Plaintiff,

vs.                                       Adv. Pro. No. 14-4957

Salvatore Cipriano a/k/a Sal Cipriano,
an individual, and Produce Buyers, Co.,
a Michigan corporation,

_____Defendant.     /

**ORDER GRANTING DEFENDANT"S MOTION TO DISMISS COUNTS III AND IV OF
PLAINTIFF"S COMPLAINT**

      For the reasons set forth in the Supplemental Opinion issued on December 4, 2014;

      IT IS HEREBY ORDERED that defendant Salvatore Cipriano's Motion to Dismiss

Counts III and IV of Plaintiff's Complaint is GRANTED.

      IT IS FURTHER ORDERED that all counts of Plaintiff's Complaint are addressed by

this Order and a Default Judgment entered against defendant Produce Buyers Co.  There are no further issues to be litigated in this adversary proceeding.

Signed on December 04, 2014

```
            /s/ Marci B. McIvor
         Marci B. McIvor
         United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Salvatore Cipriano,                           Case No. 14-48527-mbm

                    Debtor.                            Chapter 7

                                                      Honorable Marci B. McIvor
_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,
a Michigan limited liability company,

            Plaintiff/Appellant,

-vs-                                                  Adversary Proc. No. 14-04957-mbm

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
an individual, AND PRODUCE BUYERS CO., a
Michigan corporation,

            Defendants/Appellees.
_____

**PLAINTIFF/APPELLANT R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S
<u>STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL</u>**

I.      Did the Bankruptcy Court err in considering the motion filed by Defendant Cipriano as a
        motion under Rule 12(b)(6) where both Debtor/Defendant/Appellee Salvatore Cipriano
        ("Defendant Cipriano") and Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C.
        ("RAM Produce") filed documents outside of the pleadings to support their respective
        positions on the motion and where equities and other considerations related to analysis of
        issues presented (including the Court's, *sua sponte*, raising the argument of lapse of the
        statute of limitations) warranted consideration of all filings presented by the parties
        related to the motion?

        RAM Produce Answers:                          Yes

        Defendant Cipriano Answers (presumably):      No


II.     Did the Bankruptcy Court err in raising, *sua sponte*, a statute of limitations argument as a
        basis for dismissing RAM Produce's claims for liability under the Perishable Agricultural
        Commodities Act of 1930, 7 U.S.C. §499a, et seq. ("PACA"), and to deny discharge to
        Defendant Cipriano under §523(a)(4) of the U.S. Bankruptcy Code?

| | |
|---|---|
| RAM Produce Answers: | Yes |
| Defendant Cipriano Answers (presumably): | No |

III.     Did the Bankruptcy Court deny due process to RAM Produce by, *sua sponte*, raising a statute of limitations argument where Defendant Cipriano failed to raise and/or support a statute of limitations argument in the relevant motion?

| | |
|---|---|
| RAM Produce Answers: | Yes |
| Defendant Cipriano Answers (presumably): | No |

IV.     Did the Bankruptcy Court err in raising, *sua sponte*, a statute of limitations argument where Defendant Cipriano failed to assert lapse of the statute of limitations as an affirmative defense?

| | |
|---|---|
| RAM Produce Answers: | Yes |
| Defendant Cipriano Answers (presumably): | No |

V.     Did the Bankruptcy Court err in determining that a three year statute of limitations lapsed under the following circumstances:

     A.     Where Defendant Cipriano acknowledged reaffirming the underlying debt based on partial payments made on 5-18-12 and 6-20-12 and applicable law related to statute of limitations analysis provides that partial payments restart the limitations periods for the underlying debt?

| | |
|---|---|
| RAM Produce Answers: | Yes |
| Defendant Cipriano Answers (presumably): | No |

     B.     Where a PACA regulation amendment [7 CFR 46.46(e)(3)] effective on 4-13-11 provides that a produce supplier who has met PACA eligibility requirement does not forfeit eligibility under a PACA trust by accepting a partial payment?

2

RAM Produce Answers:                                 Yes

Defendant Cipriano Answers (presumably):            No

VI.     Did the Bankruptcy Court err in not considering and determining that the applicable statute of limitations had not lapsed due to doctrines of equitable tolling, equitable estoppel, or other applicable equitable doctrines in light of the partial payments made on 5-18-12 and 6-20-12?

RAM Produce Answers:                                 Yes

Defendant Cipriano Answers (presumably):            No

VII.    Did the Bankruptcy Court err in applying a three year statute of limitations?

RAM Produce Answers:                                 Yes

Defendant Cipriano Answers (presumably):            No

VIII.   Did the Bankruptcy Court err in failing to award attorney fees to RAM Produce?

RAM Produce Answers:                                 Yes

Defendant Cipriano Answers (presumably):            No

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:      /s/Victor J. Torres
         Victor J. Torres (P43240)
         Attorney for Plaintiff
         535 Griswold Street, Suite 1000
         Detroit, Michigan 48226-3692
         (313) 963-3873
Date:   December 30, 2014         vtorres@williamsacosta.com

3

**In re:**    Salvatore Cipriano

                                        Case No.:   14-48527

                **Debtor.**

_____/

R.A.M. Produce Distributors, L.L.C.              Adv. No.:   14-04957

            **Appellant,**

        **v.**

Salvatore Cipriano a/k/a Sal Cipriano
and Produce Buyers Co.

        **Appellee.**

---

**CAUSE OF ACTION/NATURE OF SUIT:**    (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| __x__ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| _____ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| _____ | [423] 28 U.S.C. 157(d) | Motion for Withdrawal of Reference |
| _____ | [423] 28 U.S.C. 157(c) (1) | Proposed Findings of Fact and Conclusions of Law |
| _____ | [423] 28 U.S.C. 158 (c) (a) | Order of Contempt |

---

**Date:**   12-30-14                   **Name:** _[signature]_ (P43240)

Name and Address of Interested Parties:

R.A.M. Produce Distributors, L.L.C.          Salvatore Cipriano
Plaintiff/Appellant                          Defendant/Appellee

Victor J. Torres (P43240)                    Erik C. Stein (P72172)
Williams Acosta, PLLC                        Gallagher Sharp
535 Griswold Street, Suite 1000              211 West Fort Street, Suite 660
Detroit, Michigan 48226-3692                 Detroit, Michigan 48226