UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SALVATORE CIPRIANO,                                    Case No. 14-14826

       Debtor.                                            Honorable Lawrence P. Zatkoff
_____

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,

       Appellant,

-vs-

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
and PRODUCE BUYERS CO.,

       Defendants/Appellees.
_____

**PLAINTIFF/APPELLANT R.A.M. PRODUCE DISTRIBUTORS, L.L.C.'S
RESPONSE TO ORDER TO SHOW CAUSE**

       Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C.'s ("Appellant RAM Produce"), by and through its attorneys, Williams Acosta, PLLC, respectfully responds to the Order to Show Cause entered by this Court on January 21, 2015, as follows:

       1.    Appellant RAM Produce initiated this adversary proceeding in September 2014, asserting claims against Debtor/Defendant/Appellee Salvatore Cipriano ("Appellee Cipriano") arising from the failure of Defendant Produce

Buyers Co. ("Defendant Produce Buyers") to pay $33,946.10 for produce sold by Appellant RAM Produce.

2. Appellee Cipriano was the owner and operator of Defendant Produce Buyers.

3. The claims asserted by Appellant RAM Produce against Appellee Cipriano are for personal liability for the debt under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. 499a et seq. ("PACA"), and to except the debt from discharge under §523(a)(4) of the U.S. Bankruptcy Code for defalcation and failure to preserve the PACA statutory trust.[1]

4. On December 4, 2014, the Bankruptcy Court issued a Supplemental Opinion to Bench Opinion Issued on November 25, 2014 ("Supplemental Opinion") [Bankr Doc 33] in which the Court, *sua sponte*, dismissed the claims asserted by Appellant RAM Produce against Appellee Cipriano based on lapse of the statute of limitations -- an argument that had not been asserted by Appellee Cipriano in the motion to dismiss pending before the Bankruptcy Court and a defense that had not been pled as an affirmative defense by Appellee Cipriano.

5. On December 18, 2014, Appellant RAM Produce filed a Notice of Appeal [Bankr Doc 35 and Doc 1] through which Plaintiff RAM Produce appealed the Supplemental Opinion and related order [Bankr Doc 34].

---

[1] Appellant RAM Produce also asserted claims against Defendant Produce Buyers for breach of contract, account stated, and liability under the PACA.

6. On January 21, 2015, this Court issued an Order to Show Cause [Doc 3] which requires Appellant RAM Produce to show cause, in writing, why the appeal should not be dismissed for failure to prosecute because Appellant RAM Produce was obligated to file its appellant brief no later than January 20, 2015, under Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure.

7. In response to the Order to Show Cause, Appellant RAM Produce respectfully advises the Court that based on the content of Federal Rules of Bankruptcy Procedure 8018(a)(1), undersigned counsel for Appellant RAM Produce believes that the appeal brief is due within 30 days after the docketing of notice that the record was transmitted by the Bankruptcy Court to the District Court which in this case, occurred on January 21, 2015 [Bankr Doc 52] which results in a due date for Appellant RAM Produce's appeal brief of February 20, 2015.

8. Fed. R. Bankr. P. 8018(a)(1) provides as follows:

> (a) Time to Serve and File a Brief. The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:
>
> (1) The appellant must serve and file a brief <u>within 30 days after the docketing of notice that the record has been transmitted</u> or is available electronically.
> (Underscore added).

9. Prior to amendment, Fed. R. Bankr. P. 8009(a)(1) provided, in part:

3

> Unless the district court or the bankruptcy appellate panel by local rule or order excuses the filing of briefs or specifies different time limits. . . [t]he appellant shall serve and file a brief <u>within 14 days after entry of the appeal on the docket pursuant to Rule 8007</u>.
> (Underscore added).[2]

10. Appellant RAM Produce respectfully submits that the revision to the appellant brief filing deadline reflected in Fed. R. Bankr. P. 8018(a)(1) quoted above changed the date on which the time period for filing of an appellant's brief contained in former Fed. R. Bankr. P. 8009(a)(1) (also quoted above) begins to run from <u>after entry of the appeal</u> as noted in former Rule 8009(a)(1) to <u>after the docketing of notice that the record has been transmitted</u> as reflected in current Rule 8018(a)(1).

11. Undersigned counsel respectfully submits that the plain and unambiguous meeting of ". . . 30 days after the docketing of notice that the record has been transmitted . . ." provided in Rule 8018(a)(1) means the date of transmittal of the complete record on appeal which, in this case, occurred on January 21, 2015, resulting in an appellant brief filing deadline of February 20, 2015.[3]

---

[2] See *In Re: Brewer*, 442 Fed Appx 430, 433 fn 2, 433-434; 2011 WL 3759781 (11th Cir. 2011) in which the Court quotes and discusses former Rule 8009(a)(1).

[3] The rules of statutory construction apply to interpretation of the Fed. R. Bankr. P. and a primary rule of statutory construction is to give effect to plain and unambiguous meaning of language. *In Re: Sheehan*, 253 F3d 507, 514 (9th Cir. 2001); *United States v Silva*, 443 F3d 795, 797-798 (11th Cir. 2006).

4

12. Based on the language of Fed. R. Bankr. P. 8018(a)(1) underlined above, undersigned counsel believed (and still believes) that the filing deadline for Appellant RAM Produce's brief on appeal is February 20, 2015.

13. To the extent that Appellant RAM Produce's counsel is incorrect in interpreting Rule 8018(a)(1), counsel respectfully requests allowance of a "late filing" of the brief on appeal to February 11, 2015.

14. The late filing of a required document does not justify dismissal of an appeal absent a showing of bad faith, negligence, or indifference. *In Re: Buscemi's International, Inc.*, 64 Fed Appx 910, 911 (6th 2003).

15. In follow up to filing the Notice of Appeal on December 18, 2014 [Bankr Doc 35], Appellant RAM Produce timely filed each of the following documents:

    A. On December 30, 2014, a Statement of Issues on Appeal [Bankr Doc 47].

    B. On December 30, 2014, an Appellant Designation of Contents for Inclusion in Record on Appeal [Bankr Doc 45].

    C. On December 30, 2014, a Transcript Order Form for the Hearing on Appellee Cipriano's Motion to Dismiss and Appellant RAM Produce's Motion for Default Judgment [Bankr Doc 44].

    D.    On January 21, 2015, an Amended Appellant Designation of Contents for Inclusion in Record on Appeal that included reference to the hearing transcript and to which a copy of each of the documents designated was attached [Bankr Doc 50].

16. On January 21, 2015, the Bankruptcy Court Clerk filed a transmittal of complete record on appeal to the District Court [Bankr Doc 52].

17. On January 22, 2015, this Court entered the Designated Bankruptcy Record [Doc 4].

18. Based on the interpretation of Fed. R. Bankr. P. 8018(a)(1) noted above, Appellant RAM Produce respectfully asserts that there is no bad faith, negligence, or indifference related to pursuit of the appeal in this case.

WHEREFORE, Appellant RAM Produce respectfully requests that upon consideration of this response to the Order to Show Cause, the Court enter an order providing Appellant RAM Produce the following relief:

    A.    Declaring that the filing deadline for the brief on appeal of Appellant RAM Produce is February 20, 2015, pursuant to Fed. R. Bankr. P. 8018(a)(1);

    B.    Dismissing the Order to Show Cause;

C.  To the extent that the Court determines that the filing deadline on the Brief on Appeal of Appellant RAM Produce has lapsed, allowing for late filing to February 11, 2015; and,

D.  Such further legal and/or equitable relief as the Court deems just and proper.

                              Respectfully Submitted,

                              WILLIAMS ACOSTA, PLLC

By:    s/Victor J. Torres
Victor J. Torres (P43240)
Attorneys for Appellant R.A.M.
Produce Distributors, L.L.C.
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
(313) 963-3873

Date: February 3, 2015              vtorres@williamsacosta.com

7