No. 14-14826

United States District Court
Eastern District of Michigan
Southern Division
Honorable Sean F. Cox

In re:  Salvatore Cipriano,

Debtor.

R.A.M. Produce Distributors, L.L.C.,

Plaintiff/Appellant,

v.

Salvatore Cipriano a/k/a Sal Cipriano and Produce Buyers Co.,

Defendants/Appellee (Cipriano only Appellee).

(Bankr. Adv. No. 14-04957)

Appeal from the United States Bankruptcy Court
Eastern District of Michigan, Southern Division
Honorable Marci B. McIvor

## PLAINTIFF/APPELLANT R.A.M. PRODUCE DISTRIBUTORS L.L.C.'S BRIEF ON APPEAL

Submitted by:
Victor J. Torres, Michigan Bar No. P43240
Attorney for Plaintiff/Appellant
Williams Acosta, PLLC
535 Griswold Street, Suite 1000
Detroit, Michigan 48226-3692
Phone: 313-963-3873 / Fax: 313-961-6879
e-mail: vtorres@williamsacosta.com

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT...............................................iii

TABLE OF AUTHORITIES.........................................................iv

JURISDICTIONAL STATEMENT.................................................vi

    A.    Basis for the Bankruptcy Court's Subject-Matter Jurisdiction .vi
    B.    Basis for the District Court's Jurisdiction ..................................vi
    C.    The Filing Dates Establish Timeliness of the Appeal ..............vi
    D.    The Appeal is from Final Orders................................................vii

STATEMENT OF ISSUES PRESENTED AND APPLICABLE
STANDARDS OF APPELLATE REVIEW...................................................viii

STATEMENT OF THE CASE ....................................................................1

    A.    Facts Relevant to Issues Submitted for Review .........................1
    B.    Procedural History ......................................................................6
    C.    Rulings Presented for Review .....................................................9

SUMMARY OF THE ARGUMENT............................................................13

ARGUMENT ............................................................................................15

    A.    The Bankruptcy Court Erred and/or Denied Due Process
           By, *Sua Sponte*, Raising A Statute of Limitations Argument
           Where the Pending Motion to Dismiss Failed to Raise
           and/or Support a Statute of Limitations Argument ..................15

    B.    The Bankruptcy Court Erred and Denied Due Process By
           Dismissing the Claims Against Appellee Cipriano, *Sua*
           *Sponte*, Based on a Statute of Limitations Defense Which
           Was Waived Because It Was Not Raised By Appellee
           Cipriano in This Proceeding ....................................................19

i

C.     The Bankruptcy Court Erred in Concluding that the Three
       Year Statute of Limitation Lapsed Where Appellee Cipriano
       Admitted That Partial Payments Were Made and Reaffirmed
       the Underlying Debt and Michigan Rules On Statute of
       Limitations Analysis Establish That Partial Payments
       Restart Running of a Limitations Period ................................. 21

D.     The Bankruptcy Court Erred to the Extent That it Failed
       to Consider All Submissions of the Parties on the
       Motion to Dismiss .................................................................. 27

CONCLUSION AND RELIEF SOUGHT .................................................... 29

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## CORPORATE DISCLOSURE STATEMENT

Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C. ("Appellant RAM Produce") filed a Corporate Disclosure Statement on February 3, 2015 (Appeal Doc #5).

# <u>TABLE OF AUTHORITIES</u>

## Cases

*AIH Acquisition Corp., LLC v. Alaska Industries Hardware, Inc.*,
    105 Fed. Appx. 301 (2nd Cir. 2004) ................................................ 30

*American Banana Company v. Republic National Bank of New York, N.A.*,
    362 F.3d 33 (2nd Cir. 2004) ...................................................... 7

*Buchanan v. Manley*,
    145 F.3d 386 (D.C. Cir. 1998) ................................................. 19

*Charbonneau v. Mary Jane Elliott, P.C.*,
    611 F. Supp.2d 736 (E.D. Mich. 2009) ....................... 24, 25, 26

*Corson and Gruman Company v. National Labor Relations Board*,
    899 F.2d 47 (D.C. Cir. 1990) ................................................. 18

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ................................................. x

*Davis v. Bryan*,
    810 F.2d 42 (2nd Cir. 1987) ................................................. 19

*Eaton v. Charter Township of Emmett*,
    317 Fed. Appx. 444 (6th Cir. 2008) ....................................... 15

*Fields v. Campbell*,
    39 Fed. Appx. 221 (6th Cir. 2002) ......................................... 15

*Goldman Fruit and Produce v. Lombardo Fruit and Produce Company*,
    12 F.3d 110; an Eighth Circuit decision from 1993 .................. 10

*Golman-Hayden Company, Inc. v. Fresh Source Produce, Inc.*,
    217 F.3d 348 (5th Cir. 2000) ................................................. 26

*Grand Opera Co. v. Twentieth Century Fox Film Corp.*
    235 F.2d 303 (7th Cir. 1956) ................................................. 28

*Hardin v. Straub*,
    490 U.S. 536; 109 S. Ct. 1998; 104 LEd.2d 582 (1989) ........... 22

*Haskell, M.D. v. Washington Township*,
    846 F.2d 1266 (6th Cir. 1988) ........................................ 19, 20

*Hutcherson v. Lauderdale County, Tennessee*,
    326 F.3d 747 (6th Cir. 2003) ................................................. 19

*Ibarra v. United States*,
    120 F.3d 472 (4th Cir. 1997) ................................................. 27

*In re International Pharmaceutical & Discount II, Inc.*,
    443 F.3d 767 (11th Cir. 2005) ............................................. viii

*In re Sublett*,
    895 F.2d, 1381 (11th Cir. 1990) ............................................. x

iv

*Jefferson Fourteenth Associates v. Wometco De Puerto Rico, Inc.*,
    695 F.2d 524 (11th Cir. 1983)....................................................15, 16, 17
*Labram v. Havel*,
    43 F.3d 918 (4th Cir. 1995)..........................................................................27
*Levenstein v. Salafsky*,
    164 F.3d 345 (7th Cir. 1998).......................................................................28
*Maaco Auto System, Inc. v. Wanxiang An Corp.*,
    589 F.3d 235 (6th Cir. 2009).........................................................................ix
*Mathews v. Eldridge*,
    423 U.S. 319; 96 S. Ct. 893; 47 LEd.2d 18 (1976)....................................15
*RTC Commercial Loan Trust v. Templeton*,
    12 F. Supp.2d 667 (W.D. Mich. 1997) ..................................................24, 26
*Schilling v. Swick*,
    868 F. Supp. 904 (W.D. Mich. 1994) ........................................................28
*Weis-Buy Services, Inc. v. Paglia*,
    411 F.3d 415 (3rd Cir. 2005) .........................................................21, 22, 25
*Yeiter v. Knights of St. Casimir Aid Society*,
    461 Mich. 493; 607 N.W.2d 68 (2000)..................................................23, 24

## Statutes

7 U.S.C. § 499a...................................................................................................1, 5
7 U.S.C. § 499e(c) ...................................................................................................5
7 U.S.C. § 499e(c)(2) ..............................................................................................7
11 U.S.C. § 101 .......................................................................................................vi
11 U.S.C. § 523 ........................................................................................................8
11 U.S.C. § 523(a)(4) ..........................................................................................vi, 6
28 U.S.C. § 1334(b)................................................................................................vi
28 U.S.C. § 157(b)(2)(I) .........................................................................................vi
28 U.S.C. § 158(a)(1) ........................................................................................vi, vii

## Other Authorities

Fair Debt Collection Practices Act 15 U.S.C. § 1962 .........................................24
Fed. R. Bankr. P. 8002(a)(1) ...............................................................................vii
Fed. R. Civ. P. 12(b)..............................................................................................28
Fed. R. Civ. P. 12(b)(6) ..........................................................vii, ix, x, 7, 9, 27, 28
Fed. R. Civ. P. 12(c)...............................................................................................28
Fed. R. Civ. P. 12(d)...............................................................................................28
Fed. R. Civ. P. 56 ...................................................................................................28

## JURISDICTIONAL STATEMENT

**A.    Basis for the Bankruptcy Court's Subject-Matter Jurisdiction**

The Bankruptcy Court properly exercised subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(I); 28 U.S.C. § 1334(b); and, 11 U.S.C. § 523(a)(4). This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The claims asserted by Appellant RAM Produce against Defendant/Appellee Salvatore Cipriano ("Appellee Cipriano") include a claim for exception to discharge under 11 U.S.C. § 523(a)(4).

**B.    Basis for the District Court's Jurisdiction**

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b) as this adversary proceeding arises in and/or is related to the bankruptcy case of Appellee Cipriano under Title 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code"). The District Court also has jurisdiction over this appeal of the Bankruptcy Court's final orders at issue pursuant to 28 U.S.C. § 158(a)(1).

**C.    The Filing Dates Establish Timeliness of the Appeal**

The pending Appeal was filed on December 18, 2014. The final orders appealed are the Bankruptcy Court's Supplemental Opinion to Bench Opinion Issued on November 25, 2014 ("Supplemental Opinion") [R33: 12-4-14 Supplemental Opinion], and the Order Granting Defendant's Motion to Dismiss

Counts III and IV of Plaintiff's Complaint ("Dismissal Order") [R34:   12-4-14

Dismissal Order] both of which were entered on December 4, 2014.  The Appeal

was filed with the Bankruptcy Clerk on December 18, 2014 -- within 14 days after

the December 4, 2014, entry of the Supplemental Opinion and Dismissal Order in

compliance with Fed. R. Bankr. P. 8002(a)(1).

**D.**     **The Appeal is from Final Orders**

     This Appeal is from final orders entered by the Bankruptcy Court on

December 4, 2014, as contemplated by 28 U.S.C. § 158(a)(1), as the Bankruptcy

Court's Supplemental Opinion purports to grant Appellee Cipriano's Motion and

Brief to Dismiss Claims Under Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") [R7:

10-8-14 Motion to Dismiss] and the Dismissal Order dismisses the claims asserted

by Appellant RAM Produce against Appellee Cipriano.

## STATEMENT OF ISSUES PRESENTED
## AND APPLICABLE STANDARDS OF APPELLATE REVIEW

**I.**   Did the Bankruptcy Court err and/or deny Appellant RAM Produce due process by, *sua sponte*, raising a lapse of the statute of limitations argument where Appellee Cipriano failed to raise and/or support a statute of limitations argument in the Motion to Dismiss pending before the Bankruptcy Court?

| | |
|---|---|
| Appellant RAM Produce Answers: | Yes |
| Appellee Cipriano Answers (presumably): | No |

**Applicable Standard of Appellate Review:**

A District Court reviews the Bankruptcy Court's determinations of law *de novo*, and findings of fact for a clear error.  *In re International Pharmaceutical & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005).

**II.**   Did the Bankruptcy Court err and/or deny Appellant RAM Produce due process by, *sua sponte*, raising a statute of limitations argument where Appellee Cipriano failed to assert lapse of the statute of limitations as an affirmative defense -- a defense that is waivable under applicable law?

| | |
|---|---|
| Appellant RAM Produce Answers: | Yes |
| Appellee Cipriano Answers (presumably): | No |

**Applicable Standard of Appellate Review:**

A District Court reviews the Bankruptcy Court's determinations of law *de novo*, and findings of fact for a clear error.  *In re International Pharmaceutical & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005).

**III.**   Did the Bankruptcy Court err in concluding that the three year statute of limitations lapsed given that Appellee Cipriano testified at the first meeting of

creditors that the underlying debt was reaffirmed based on partial payments made to Appellant RAM Produce on May 18, 2012, and June 20, 2012, and applicable law related to statute of limitations analysis provides that partial payments restart running of the limitation period unless accompanied by a declaration that rebuts the implication that a debtor, by partial payment, admits the full obligation?

|                                                   |     |
| ------------------------------------------------- | --- |
| Appellant RAM Produce Answers:                    | Yes |
| Appellee Cipriano Answers (presumably):           | No  |

## **Applicable Standard of Appellate Review:**

The issue of whether a claim is barred by an applicable statute of limitations is a question of law that is reviewed *de novo*. *Maaco Auto System, Inc. v. Wanxiang An Corp.*, 589 F.3d 235, 242 (6th Cir. 2009).

**IV.**   Did the Bankruptcy Court err in treating the motion filed by Defendant Cipriano as a motion under Fed. R. Civ. P. 12(b)(6) where both Appellee Cipriano and Appellant RAM Produce filed documents outside of the pleadings to support their respective positions related to the motions, and where equities and other considerations related to analysis of the issues presented warranted consideration of all filings presented by the parties related to the motion, particularly when the Bankruptcy Court ultimately dismissed, *sua sponte*, the claims of Appellant RAM Produce based on alleged lapse of the applicable statute of limitations?[1]

|                                                   |     |
| ------------------------------------------------- | --- |
| Appellant RAM Produce Answers:                    | Yes |
| Appellee Cipriano Answers (presumably):           | No  |

---

[1] Appellant RAM Produce respectfully withdraws the other issues identified in the Statement of Issues To Be Presented on Appeal filed on December 30, 2014 (R47: 12-30-14 Statement of Issues to Be Presented on Appeal).

**Applicable Standard of Appellate Review:**

An appellate court reviews disposition of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). A District Court in a bankruptcy appeal functions as an appellate court in reviewing the Bankruptcy Court's decisions. *In re Sublett*, 895 F.2d, 1381, 1383 (11th Cir. 1990).

## STATEMENT OF THE CASE

**A.    Facts Relevant to Issues Submitted for Review**

**1.    The Underlying Debt Owed to Appellant RAM Produce Is Admitted and Reaffirmed By Partial Payments**

Appellant RAM Produce at all times relevant to this proceeding, was a supplier/dealer of perishable agricultural commodities, and a licensee under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq. ("PACA"). Appellee Cipriano was the sole owner and operator of Defendant Produce Buyers Co. ("Defendant Produce Buyers") during the times that the relevant sales of produce and partial payments occurred (from June 2010 through June 2012).[2] (R15:  10-23-14 Response Brief, Exhibit A:  § 341 Tr. pp. 10-12; and Exhibit B: Schedule B – Personal Property p. 2).  Defendant Produce Buyers was licensed under the PACA at all times relevant to this proceeding.  (R15:   10-23-14 Response Brief, Exhibit A:  § 341 Tr. p. 11).  Appellee Cipriano controlled all financial decisions of Defendant Produce Buyers.  (R15:  10-23-14 Response Brief, Exhibit A:  § 341 Tr. pp. 10-11, 15-16).

The disposition of proceeds obtained through sale of perishable agricultural commodities sold by Appellant RAM Produce to Defendant Produce Buyers was also controlled by Appellee Cipriano.  (R15:  10-23-14 Response Brief, Exhibit A:

---

[2] In this Brief, Appellant RAM Produce's Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under F.R.C.P. 12(b)(6) filed on October 23, 2014 (R15) is referred to as "10-23-14 Response Brief".

1

§ 341 Tr. p. 10, 15-16). At the § 341 hearing, Appellee Cipriano testified, in part, as follows with regard to financial control and decision-making for Defendant Produce Buyers:

> Q.    You were in charge of Produce Buyers?
>
> A.    Right.
>
> Q.    You decided how the money would be spent once it was received; correct?
>
> A.    Yes.
>
> Q.    There was no one else that was in charge --
>
> A.    No.
>
> Q.    -- for Produce Buyers; correct?
> A.    No.
> (R15:  10-23-14 Response Brief, Exhibit A:  § 341 Tr. pp. 10-11).

From June 10, 2010, through November 12, 2010, Appellant RAM Produce sold perishable agricultural commodities to Defendant Produce Buyers, in the total principal amount of $37,921.10.  (R15:   10-23-14 Response Brief, Exhibit C: Bommarito Affidavit ¶¶3, 11; and Exhibit C-1:  RAM Produce Customer Ledger). Defendant Produce Buyers failed to pay Appellant RAM Produce, in full, for the produce sold.  (R15:  10-23-14 Response Brief, Exhibit C:  Bommarito Affidavit ¶¶16-20).  Defendant Produce Buyers made a partial payment to Appellant RAM Produce on May 18, 2012, in the amount of $3,100.00 and made a second partial

payment on or about June 20, 2012, in the amount of $875.00; therefore, the principal balance due and owing to Appellant RAM Produce is $33,946.10. (R15: 10-23-14 Response Brief, Exhibit C: Bommarito Affidavit ¶¶11-14).

At the § 341 hearing, Appellee Cipriano admitted that a principal balance of $33,946.00 is owed to Appellant RAM Produce, acknowledged that the debt was reaffirmed at the time of the two partial payments in May and June of 2012, and admitted that the principal amount of that debt was due as of the date of the partial payments and the date of the hearing:

> Q.    First, I see that you've listed on our Schedule F a debt to Ram Produce -- that's my client --
>
> A.    Yes.
>
> Q.    -- in the amount $33,946.
>
> A.    Yes.
>
> Q.    And that is the amount that is presently due and owing; correct?
>
> A.    Approximate.  To the best of my memory.
>
> Q.    Yeah.
>
> MR. TORRES:  Counsel, I'm going to show him a one-page -- it's just a summary of a customer ledger sheet with the balance.
>
> MR. STEIN:  Okay.
>
> BY MR. TORRES:
>
> Q.    And I'd just like to direct your attention to this customer ledger from Ram Produce Distributors, and at the bottom we see that

3

the most recent payment was from June 20 of 2012, in the amount of $875; correct?  Do you see that?  Second to the bottom.  I'm -- yeah, second to the bottom --

A.   Okay.  Uh-huh.

Q.   -- line.

A.   Yes.

Q.   Okay.  So that shows a balance of $33,946.10; correct?

A.   Yes.

Q.   And that matches within ten cents of what you have listed on Schedule F, correct?

A.   Yes.

Q.   Okay.  And we see if we look at the ledger, the one-page ledger I gave to you, that on May 18, 2012, there is also a payment made, a partial payment on the balance of $3,100; correct? Third -- third from the bottom.

A.   Yes.

Q.   Okay.  So at the time those two payments were made on May 18 of '12, and June 20 of 2012, you in fact acknowledge that that's the amount that was due and owing; correct?

A.   Yes.

Q.   Okay.  And you acknowledge that today; correct?

A.   Yes.
(R15:  10-23-14 Response Brief, Exhibit A:  § 341 Tr. pp. 8-9)

4

**2.**     **The Produce Was Sold With Preservation of PACA Trust Claims Per the Statements on Each Invoice**

All of Appellant RAM Produce's invoices for the sales to Defendant Produce Buyers expressly provide the following PACA notice statements:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.
>
> Payment is due within 10 days after the day on which the produce is accepted, or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 U.S.C. 499a et seq.
>
> The purchaser of the commodities listed on this invoice and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice.
> (R15:   10-23-14 Response Brief, Exhibit D:   RAM Produce Invoices).

As noted on each invoice, payment terms were 10 days from the date of acceptance of the produce sold.   Appellant RAM Produce never agreed with Defendant Produce Buyers and/or Appellee Cipriano to payment terms other than the PACA 10 day term provided on each RAM Produce invoice.   Appellant RAM Produce also never entered into an agreement with Defendant Produce Buyers or

Appellee Cipriano to extend payment for the RAM Produce invoices beyond 30-days. Finally, at no time did Appellant RAM Produce representatives ever discuss with any representative from Defendant Produce Buyers payment terms other than the 10 day PACA payment term provided on each invoice. (R15: 10-23-14 Response Brief, Exhibit C: Bommarito Affidavit ¶¶6-10).

**B.     Procedural History**

On May 16, 2014, Appellee Cipriano filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On June 13, 2014, Defendant Cipriano filed a notice of voluntary conversion from Chapter 13 to Chapter 7. The Chapter 7 proceeding is pending before the Bankruptcy Court.

On September 15, 2014, Appellant RAM Produce filed the Complaint that initiated this adversary proceeding to secure a money judgment against both Defendants and a judgment against Appellee Cipriano providing that the underlying debt and related judgment are non-dischargeable under 11 U.S.C. § 523(a)(4). In the Answer to Appellant RAM Produce's Complaint, Appellee Cipriano admitted each of the following allegations:

> 18.    Upon arrival of the perishable agricultural commodities to Defendant Produce Buyers' place of business, Defendant Produce Buyers and Defendant Cipriano accepted the commodities per the RAM Produce invoices.
>
> 19.    Defendant Produce Buyers sold to non-parties the perishable agricultural commodities provided by RAM

6

Produce, and Defendants received and controlled sale
proceeds, but have failed to pay RAM Produce the
principal amount due and owing of $33,946.10.

20.    The perishable agricultural commodities sold by RAM
Produce to Defendant Produce Buyers and Defendant
Cipriano were subject to the statutory trust created by the
PACA. 7 U.S.C. § 499e(c)(2).
(R8:  10-8-14 Answer pp. 2-3 and compare with R1:  9-15-14
Complaint p. 4).

On October 8, 2014, Appellee Cipriano filed a document titled "Salvatore
Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6)". (R7: 10-
8-14 Motion to Dismiss).  Appellee Cipriano filed three exhibits in support of the
Motion to Dismiss:  Exhibit A -- the Complaint; Exhibit B -- Appellant RAM
Produce's invoices; and, Exhibit C -- an excerpt from the 7-9-14 § 341 hearing
transcript (R7:  10-8-14 Motion to Dismiss, Exhibits A-C).

Appellee Cipriano made two arguments in the Motion to Dismiss.  First,
Appellee Cipriano argued that the claims should be dismissed based on a "course
of dealing" argument as noted in the case of *American Banana Company v.
Republic National Bank of New York, N.A.*, 362 F.3d 33 (2nd Cir. 2004).  (R7: 10-
8-14 Motion to Dismiss pp. 8-9).  Appellee Cipriano argued that ". . . Plaintiff
entered into an agreement with Defendant extending payment beyond the thirty
day maximum . . . evidenced by the invoice attached, indicated [sic] that in course
of dealing Plaintiff continued to engage in business with Produce Buyers even

7

though Produce Buyers regularly neglected to pay the full amount owed to Plaintiff within the thirty day maximum." (R7:  10-8-14 Motion to Dismiss p. 9).

The second argument made by Appellee Cipriano in the Motion to Dismiss was that Appellant RAM Produce's non-dischargeability claim under 11 U.S.C. § 523 should be dismissed because Appellant RAM Produce lacks "standing" to assert the claim given that the PACA claim against Appellee Cipriano should be dismissed based on a "course of dealing". (R7:  10-8-14 Motion to Dismiss pp. 10-11).   Although the Table of Contents of the Motion to Dismiss under the "Analysis" section references statute of limitations arguments, Appellee Cipriano did not make any substantive statute of limitations arguments in the Motion to Dismiss (R7:  10-8-14 Motion to Dismiss p. 3).

Appellant RAM Produce believes that there were no statute of limitations arguments asserted in the Motion to Dismiss because when counsel for Appellant RAM Produce was contacted by counsel for Appellee Cipriano regarding an intent to file a Motion to Dismiss based on lapse of the statute of limitations, in response, counsel for Appellant RAM Produce sent case law to counsel for Appellee Cipriano confirming that partial payments restart running of a limitations period under Michigan law. (R15:  10-23-14 Response Brief p. 9 and Exhibits F-G).   In fact, Appellee Cipriano did not assert lapse of the statute of limitations as an affirmative defense. (R8:  10-8-14 Answer and Affirmative Defenses pp. 7-8).

8

### C.   Rulings Presented for Review

On November 25, 2014, counsel appeared for a hearing on Defendant Cipriano's Motion to Dismiss which was filed as Fed. R. Civ. P. 12(b)(6) motion. (R7: 10-8-14 Motion to Dismiss). It appears that the Bankruptcy Court treated and ruled on the Motion to Dismiss as a Fed. R. Civ. P. 12(b)(6) motion. (R49: 11-25-14 Hrg. Tr. p. 26).

During the November 25, 2014, hearing, the Bankruptcy Court granted the Motion to Dismiss and read a Bench Opinion into the record. (R49: 11-25-14 Hrg. Tr. pp. 26-51). In the Bench Opinion the Bankruptcy Court granted the Motion to Dismiss because Appellant RAM Produce did not take "prompt action" as the Bankruptcy Court interpreted the PACA to require. (R49: 11-25-14 Hrg. Tr. pp. 41-43).

Portions of the Bankruptcy Court's Bench Opinion pertinent to granting the Motion to Dismiss include the following:

> . . . this Court concludes from both the statute and the case law that once a buyer defaults on payment, the seller must act promptly to assert a lien against a buyer's assets. Policy considerations aside, as a practical matter, the conclusion that a seller must act promptly to enforce its lien rights against a buyer's assets is grounded in common sense.
>
> PACA provides that a seller is given an XX11:18:35 [sic] lien against proceeds generated by the sale of a seller's produce. Case law and statute make it clear that the lien attaches only to the proceeds derived from produce

9

accounts receivable or proceeds therefrom. See for example *Goldman Fruit and Produce v. Lombardo Fruit and Produce Company*, 12 F.3d 110, an Eight Circuit decision from 1993.

It is virtually impossible to trace proceeds when a significant period has elapsed between the time a seller sold goods and the time the seller pursue its PACA claim, particularly whereas here the buyer ceased operations entirely. One of the fundamental underpinnings of PACA is that claims must be timely pursued.

In the instant case, it is undisputed that at the time Plaintiff sold goods to Defendant Produce Buyers, that is between June and November of 2010, that goods were subject to the statutory lien imposed by PACA. It is also undisputed that Plaintiff never filed a complaint with the U.S. Department of Agriculture or filed a suit against Produce Buyers. Plaintiff never asserted that it had any lien rights on any assets of either Produce Buyers or Defendant Cipriano until Defendant Cipriano filed bankruptcy in May of 2014.

This Court finds that waiting four years to assert a lien against Produce Buyers cannot be considered "prompt action" under any definition of the word. Presumably Plaintiff did not assert a claim against Produce Buyers when Produce Buyers went out of business in 2012 because at that time Produce Buyers had no assets traceable to produce Plaintiff had sold to Produce Buyers back in 2010. Plaintiff cannot now magically reinstate a lien which lapsed due to Plaintiff's inaction. This Court finds that Plaintiff's failure to promptly pursue its PACA claim against Produce Buyers is fatal to its argument that it has any lien rights against Produce Buyers principle Defendant Cipriano.

(R 49: 11-25-14 Hrg. Tr. pp. 41-43).

10

Other portions of the Bankruptcy Court's Bench Opinion relevant to the pending Appeal include the following:

- The Bankruptcy Court agreed that Appellant RAM Produce protected its rights under the PACA based on inclusion of appropriate language in relevant invoices. (R49: 11-25-14 Hrg. Tr. p. 39).

- The Bankruptcy Court noted that the statute of limitations is not an issue in this case. (R49: 11-25-15 Hrg. Tr. p. 43).

Appellant RAM Produce reiterates that the arguments asserted on behalf of Appellee Cipriano in the Motion to Dismiss were based on "course of dealing" and a related "lack of standing" argument through which Appellee Cipriano argued that the claims should be dismissed because Appellant RAM Produce entered into an agreement with Defendant Cipriano extending payment beyond the 30-day maximum dictated by the PACA. (R7:  10-8-14 Motion to Dismiss pp. 9-11). Appellee Cipriano did not file any documents to support the conclusion that there was an agreement between Appellant RAM Produce and Defendant Cipriano for payment terms beyond 30-days.

It appears that the alleged "agreement" argument of Appellee Cipriano was based on the partial payments that were made in May and June of 2012.  The Bankruptcy Court found that the 10 day payment terms listed on Appellant RAM Produce's invoices complied with the PACA and that neither party asserted the existence of a pre-transaction written agreement to the contrary. (R49:  11-25-14

11

Hrg. Tr. p. 39).   Likewise, the Bankruptcy Court found that the parties never entered into an agreement modifying the payment terms of the original invoices. (R49:  11-25-14 Hrg. Tr. p. 45).

On December 4, 2014, the Bankruptcy Court issued a Supplemental Opinion because the Bankruptcy Court stated that it was correct in finding that the Complaint failed to state a claim upon which relief could be granted, but the legal analysis resulting in that conclusion was "unnecessarily tortured" and the Court's analysis "could cause confusion to sellers and buyers" who operate under the PACA. (R33:  12-4-14 Supplemental Opinion p. 1).  In the Supplemental Opinion the Bankruptcy Court abandoned the basis for dismissal of the claims relied on in the Bench Opinion -- the alleged failure of Appellant RAM Produce to take "prompt action" to enforce a claim as required by the PACA. (See R49:  11-25-14 Hrg. Tr. pp. 42-43).  Instead, in the Supplemental Opinion the Bankruptcy Court, *sua sponte*, asserted a statute of limitations argument against Appellant RAM Produce and found that a three year limitations period applied, that the limitations period began to run in December 2010 upon payment default, and that the Complaint in this adversary proceeding was not filed until September 2014; therefore, the claims are untimely and were dismissed.   (R33:   12-4-14 Supplemental Opinion p. 8).

In the Supplemental Opinion the Bankruptcy Court reiterated its conclusion from its Bench Opinion (R49: 11-25-14 Hrg. Tr. p. 39) that Appellant RAM Produce was entitled to PACA trust protections based on inclusion of appropriate language on the invoices. (R33: 12-4-14 Supplemental Opinion p. 4). The Bankruptcy Court acknowledged in the Supplemental Opinion that it confused a PACA beneficiaries' right to file a lawsuit to collect on its debt with a PACA beneficiaries' right to enforce collection by attaching specific assets of a PACA buyer in its prior Bench Opinion. (R33: 12-4-14 Supplemental Opinion p. 4). Based on the Supplemental Opinion, the Bankruptcy Court entered on December 4, 2014, an "Order Granting Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint". (R34: 12-4-14 Dismissal Order).

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court's *sua sponte* dismissal of the claims asserted by Appellant RAM Produce based on lapse of the statute of limitations should be reversed. The Bankruptcy Court entered the Dismissal Order (R34) based on issuance of a Supplemental Opinion (R33) after first dismissing, *sua sponte*, the claims asserted against Appellee Cipriano based on the conclusion that Appellant RAM Produce failed to take "prompt action" in pursuing its claims as required by the PACA. Neither the "prompt action" nor statute of limitations arguments were asserted by Appellee Cipriano in the Motion to Dismiss pending before the

Bankruptcy Court at the time of its decisions. Appellee Cipriano did not assert or argue lapse of the statute of limitations in the Motion to Dismiss, nor did Appellee Cipriano assert lapse of the statute of limitations as an Affirmative Defense -- an Affirmative Defense that is waived if not asserted.

First, the Bankruptcy Court should be reversed because it denied Appellant RAM Produce due process by asserting (twice) arguments for dismissal of the claims asserted against Appellee Cipriano without providing a meaningful opportunity for response, a hearing, or complaint amendment. Second, the Bankruptcy Court's dismissal of the claims of Appellant RAM Produce should be reversed because it erred in asserting on behalf of Appellee Cipriano the Affirmative Defense of lapse of the statute of limitations -- a defense which Appellee Cipriano waived by failing to assert it in the Motion to Dismiss or Affirmative Defenses, and which again, constitutes a denial of due process based on the Bankruptcy Court's *sua sponte* assertion of the argument.

Third, the Bankruptcy Court dismissal should be reversed because it erroneously failed to apply the partial payment rule that restarts a statute of limitations -- a rule that federal courts are obligated to apply under statute of limitations analysis regardless of the type of claim asserted for collection of the underlying debt. In addition, the Bankruptcy Court erred and should be reversed because while it recognized that the partial payment rule applies to claims for

14

nonpayment of a debt, it failed to recognize that assertion of the PACA claim against Appellee Cipriano in this proceeding is a claim to recover based on nonpayment of a debt.

## ARGUMENT

**A.     The Bankruptcy Court Erred and/or Denied Due Process By, *Sua Sponte*, Raising A Statute of Limitations Argument Where the Pending Motion to Dismiss Failed to Raise and/or Support a Statute of Limitations Argument**

Constitutional due process requires that a party be given adequate notice and an opportunity to be heard prior to deprivation of rights or property. *Eaton v. Charter Township of Emmett*, 317 Fed. Appx. 444, 447 (6th Cir. 2008). A fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 423 U.S. 319, 333; 96 S. Ct. 893; 47 LEd.2d 18 (1976).

As the Sixth Circuit Court of Appeals has recognized, generally, a trial court may not, *sua sponte*, dismiss a complaint where a filing fee has been paid unless the court gives the plaintiff an opportunity to amend the complaint as well as unambiguous notice of the court's own motion to dismiss and to notify the parties of a reasonable date by which to respond. *Fields v. Campbell*, 39 Fed. Appx. 221, 222-223 (6th Cir. 2002).

In *Jefferson Fourteenth Associates v. Wometco De Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983), the appellate court reversed the trial court's *sua sponte*

order dismissing third party claims based on the court's deprivation of the right to procedural due process. The underlying third party claims were for money damages based on alleged physical damages to two theaters owned by the third party plaintiffs. *Jefferson Fourteenth*, 695 F.2d at 525. Based on a "suggestion" by a third party defendant, Royale Belge, that *sua sponte* dismissal of the third party claims would be appropriate because the third party plaintiff, Wometco, settled the claims against other parties, the District Court, *sua sponte*, dismissed the third party claims with prejudice on the merits. *Jefferson Fourteenth*, 695 F.2d at 525.

In reversing the District Court's *sua sponte* dismissal, the Eleventh Circuit noted that the Federal Rules of Civil Procedure do not provide for a *sua sponte* dismissal by the Court of a case on the merits. *Jefferson Fourteenth*, 695 F.2d at 526. After noting that there are a few exceptions to impropriety of *sua sponte* dismissals (such as for patently frivolous or vexatious claims), the Court wrote as follows:

> There have also been cases in other circuits which have been dismissed *sua sponte* solely because they lacked merit, but those cases have emphasized that such dismissal is appropriate only "if the proper procedural steps are taken and if the determination is correct on the merits.". . . The Ninth Circuit reversed a *sua sponte* dismissal where the proper procedural steps were not taken, holding: "[t]he trial judge should have given notice of his intention to dismiss, an opportunity to submit a written memorandum in opposition to such motion, a

16

> hearing, and an opportunity to amend the complaint to
> overcome the deficiencies raised by the court. . . .". . .
> <u>The rule that emerges from these cases is that courts
> exercise their inherent power to dismiss a suit that lacks
> merit only when the party who brought the case has been
> given notice and an opportunity to respond.</u>
> *Jefferson Fourteenth*, 695 F.2d at 526.     (Citations
> omitted). (Underscore added).

In reversing the District Court's *sua sponte* dismissal of the third party claim, the Eleventh Circuit also noted that it was correct for the third party plaintiff, Wometco, to refuse to argue the merits where the only motion before the District Court was Wometco's motion to lift a bankruptcy stay.   *Jefferson Fourteenth*, 695 F.2d at 527.   The Court concluded that the *sua sponte* dismissal failed to give the third party plaintiff its due process rights to file a written response, present arguments at hearing, and amend its complaint.   *Jefferson Fourteenth*, 695 F.2d at 527.

In this Appeal, there was a denial of Appellant RAM Produce's fundamental due process rights on two separate occasions.   First, the Bankruptcy Court dismissed the pending claims, *sua sponte*, against Appellee Cipriano based on the failure of Appellant RAM Produce to take "prompt action" under the PACA. (R49:  11-25-14 Hrg. Tr. pp. 42-43).   Second, in the Supplemental Opinion, the Bankruptcy Court changed its mind and decided, *sua sponte*, that it was dismissing the claims against Appellee Cipriano based on lapse of a three year statute of limitations. (R33:  11-25-14 Supplemental Opinion).

The Bankruptcy Court's two *sua sponte* dismissals of the claims against Appellee Cipriano were based on legal theories that were not argued in the Motion to Dismiss filed by Appellee Cipriano which relied on "course of conduct" and "standing" arguments. (R7:  10-8-14 Motion to Dismiss).  Moreover, in its November 25, 2014, Bench Opinion, the Bankruptcy Court expressly noted that the statute of limitations is not an issue in this case. (R49:  11-25-14 Hrg. Tr. p. 43).

Appellant RAM Produce explicitly noted in its response to the Motion to Dismiss that Appellee Cipriano had not properly raised and/or asserted a statute of limitations argument,[3] objecting on that basis, and specifically requested an opportunity to respond to a statute of limitations argument in the event it was determined that Appellee Cipriano was somehow asserting a statute of limitations argument in the Motion to Dismiss. (R15:  10-23-14 Response Brief p. 9 fn 1). However, the only reasonable conclusion is that Appellee Cipriano never asserted a statute of limitations argument in the Motion to Dismiss. (R7:  10-8-14 Motion to Dismiss).  To the extent that Appellee Cipriano now argues otherwise, the record shows that the conduct of Appellee Cipriano would be highly improper "sandbagging".  See for e.g. *Corson and Gruman Company v. National Labor Relations Board*, 899 F.2d 47, 50 fn. 4 (D.C. Cir. 1990).  *Sua sponte*, the

---

[3] As noted in the next section (B), Appellee Cipriano did not even plead lapse of the statute of limitations as an affirmative defense. (R8:  10-8-14 Answer and Affirmative Defenses pp. 7-8).

18

Bankruptcy Court dismissed the claims against Appellee Cipriano in violation of the due process rights of Appellant RAM Produce and the dismissal should be reversed.

**B.     The Bankruptcy Court Erred and Denied Due Process By Dismissing the Claims Against Appellee Cipriano, *Sua Sponte*, Based on a Statute of Limitations Defense Which Was Waived Because It Was Not Raised By Appellee Cipriano in This Proceeding**

It is inappropriate for a trial court to dismiss a case, *sua sponte*, based on an objection to a complaint which would be waived if not raised by a defendant in a timely manner. *Buchanan v. Manley*, 145 F.3d 386, 388 (D.C. Cir. 1998). Unless special circumstances exist, courts generally lack the ability to raise an affirmative defense, *sua sponte*. *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003).

Lapse of the statute of limitations is an affirmative defense that must be asserted in a party's responsive pleadings, at the earliest possible moment, or is waived. *Davis v. Bryan*, 810 F.2d 42, 45 (2nd Cir. 1987).

In *Haskell, M.D. v. Washington Township*, 846 F.2d 1266, 1273 (6th Cir. 1988), the Court of Appeals reversed the District Court's dismissal of the civil rights claims after the District Court instructed the defendants to raise a lapse of limitations defenses if they desire. In reversing the District Court, the Sixth Circuit wrote, in part, as follows with regard to a court's *sua sponte* assertion of a statute of limitations defense:

19

> Pursuant to Rule 8(c) of the Federal Rules of Civil
> Procedure, a defense based upon a statute of limitations
> is waived if not raised in the first responsive pleading. . .
> . It is of no importance that a party and/or his counsel
> were unaware of a possible statute of limitations defense.
> Since it is a waivable defense, it ordinarily is error for a
> district court to raise the issue *sua sponte*. . . . Otherwise,
> the waiver aspect of Rule 8(c) would have little meaning.
> *Haskell*, 8564 F.2d at 1273.  (Citations omitted).

In the Appeal at bar, objective review of the Motion to Dismiss filed by Appellee Cipriano establishes that a statute of limitations argument was not raised. (R7:  10-8-14 Motion to Dismiss).  In fact, the Bankruptcy Court recognized in its Bench Opinion that the statute of limitations is not an issue in this case.  (R49: 11-25-14 Hrg. Tr. p. 43).

It is also clear that Appellee Cipriano did not plead lapse of the statute of limitations as an affirmative defense. (R8:  10-8-14 Affirmative Defenses pp. 7-8). As noted by the Court in *Haskell*, 864 F.2d at 1273, the Federal Rules of Civil Procedure and related law firmly establish that a statute of limitations defense is a waivable defense.   In this proceeding, Appellee Cipriano failed to raise, and therefore waived, a defense of lapse of the statute of limitations in both a Motion to Dismiss and its Affirmative Defenses; therefore, the limitations defense was waived.   In addition, for the reasons noted in section A of this Brief, the Bankruptcy Court's *sua sponte* assertion of the waivable statute of limitations defense denied Appellant RAM Produce due process.   It was error for the

Bankruptcy Court to raise the statute of limitations defense *sua sponte*. The dismissal should be reversed.

**C.    The Bankruptcy Court Erred in Concluding that the Three Year Statute of Limitation Lapsed Where Appellee Cipriano Admitted That Partial Payments Were Made and Reaffirmed the Underlying Debt and Michigan Rules On Statute of Limitations Analysis Establish That Partial Payments Restart Running of a Limitations Period**

After raising the statute of limitations defense *sua sponte*, the Bankruptcy Court concluded that the statute of limitations applicable to a PACA claim is three years based on "borrowing" of the analogous Michigan statute of limitations for breach of fiduciary duty, following the Court's analysis in *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 422 (3rd Cir. 2005). For purposes of this Appeal, Appellant RAM Produce does not contest that a three year statute of limitations applies to its PACA claims based on the state statute of limitations "borrowing" analysis noted in *Weis-Buy*, 411 F.3d at 422.

In the Supplemental Opinion the Bankruptcy Court concluded that the statute of limitations lapsed on the claims asserted against Appellee Cipriano because the limitations period began running in December 2010, when Defendant Produce Buyers defaulted on the 10-day payment terms contained in the relevant invoices while Appellant RAM Produce did not file the adversary proceeding until September 2014 -- more than three years after the December 2010 initial breach. (R33: 12-4-14 Supplemental Opinion p. 8). The Bankruptcy Court's decision was

21

also based on a finding that Appellant RAM Produce was not suing Appellee Cipriano for "nonpayment of a debt", since a claim for non-payment of a debt should only be brought against the party to the contract, Defendant Produce Buyers. (R33: 12-4-14 Supplemental Opinion p. 8). In the Supplemental Opinion the Bankruptcy Court also concluded that the partial payments that Appellee Cipriano admits were made in May and June 2012, did not restart the statute of limitations because the partial payment doctrine does not apply when a claim is based on breach of fiduciary duty. (R33: 12-4-14 Supplemental Opinion pp. 7-8).

The Bankruptcy Court erred by failing to apply the Michigan statute of limitation rule that provides that partial payments restart the running of a limitations period unless the partial payment is accompanied by a declaration that rebuts the implication that a debtor by partial payment admits the full obligation. While the Bankruptcy Court relied on *Weis-Buy*, 411 F.3d at 422-423 to conclude that the limitations period from the state law claim of breach of fiduciary duty applies to PACA claims, the Bankruptcy Court failed to acknowledge and/or apply the rule also noted in *Weis-Buy*, 411 F.3d at 422, that federal law also incorporates relevant state statute of limitations tolling rules. *Weis-Buy*, 411 F.3d at 422, citing *Hardin v. Straub*, 490 U.S. 536, 539; 109 S. Ct. 1998; 104 LEd.2d 582 (1989) and other authority.

In *Yeiter v. Knights of St. Casimir Aid Society*, 461 Mich. 493, 499-500; 607 N.W.2d 68 (2000), the Michigan Supreme Court reversed the Court of Appeals finding that the case falls squarely within the partial payment rule in that partial payments were made less than six years (the statute limitations period) before filing of the Complaint, and the payments were unaccompanied by any circumstance that would rebut the presumption that they were an acknowledgment of the full obligation.   In reaching this conclusion, the Court wrote, in part, as follows:

> However, it is not accurate to say, as the Court of Appeals did, that a partial payment on a debt begins the limitation period anew only if "accompanied by a recognition of the entire debt and an indication of an intention to pay same." <u>Indeed, the opposite is true—a partial payment restarts the running of the limitation period unless it is accompanied by a declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation.</u>[FN6]
>
> > FN6.   We accept the summary provided by the authors in 20 Michigan Law & Practice, Statute of Limitations, § 12, pp. 560-564. They caution that "[p]art payment of a debt barred by the statute of limitations does not remove the bar, if accompanied by any fact or circumstance inconsistent with a promise to pay the remainder." *Id.,* p. 561. However, they further state:
> >
> > > <u>Partial payment [on a debt] is equivalent to a new promise, and operates as an acknowledgment of the continued existence of the demand and as a waiver of any right to take advantage by plea of limitations of any such</u>

23

> lapse of time as may have occurred previous to the payment being made.
>
> Part payment even after the bar of the statute of limitations is complete revives the balance of the debt.
> [Id., pp. 563-564.]
> *Yeiter*, 461 Mich. at 497 and fn 6.  (Underscore added).

Relying on *Yeiter, supra*, the Court in *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F. Supp.2d 736, 741 (E.D. Mich. 2009) concluded that a material question of fact existed as to whether a final payment made by another organization on behalf of the debtor is sufficient to revive the statute of limitations. See also *RTC Commercial Loan Trust v. Templeton*, 12 F. Supp.2d 667, 670-672 (W.D. Mich. 1997) (Partial payments by debtor renewed statute of limitations as to debtor and guarantor).

For two separate reasons the Bankruptcy Court erred in determining that the partial payments that Appellee Cipriano admits were made in May and June 2012, did not renew the statute of limitation on the PACA claims.  First, the Bankruptcy Court erred by failing to apply the partial payment rule as a rule applicable to statute of limitations analysis in Michigan and, instead, applying it as a rule solely applicable to certain (unspecified) claims.  The Bankruptcy Court distinguished *Charbonneau* by noting that the underlying claim in *Charbonneau* was based on violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, which "borrowed" the six year statute of limitations from an account stated claim

24

provided in MCL 600.5831. (R33: 12-4-14 Supplemental Opinion pp. 7-8). The Bankruptcy Court went on to conclude that the partial payment rule applies solely to a "collection action" for "nonpayment of a debt". (R33: 12-4-14 Supplemental Opinion p. 8).

The first error of the Bankruptcy Court was in restricting application of the partial payment rule to the specific claims noted in *Charbonneau, supra*, and/or the other cases that apply the partial payment rule. As the Court noted in *Weis-Buy*, 411 F.3d at 422, in addition to "borrowing" statutes of limitations from state law, federal courts also incorporate relevant state tolling rules. The partial payment rule is a statute of limitation analysis rule and not a rule confined to claims made under the Fair Debt Collection Practices Act or only specific claims to collect on a debt. Appellant RAM Produce has identified no law and the Bankruptcy Court has cited no law to stand for the proposition that the partial payment rule would not apply to collection of debts based on PACA claims.

The second error in the Bankruptcy Court's analysis of the partial payment rule is that in this proceeding partial payments were made after "nonpayment of a debt". The Bankruptcy Court's attempt to distinguish claims in *Charbonneau* which were based on nonpayment of a debt under the Fair Debt Collection Practices Act from this proceeding which is based on nonpayment of a debt based on claims under the PACA, is artificial and misplaced. As the Bankruptcy Court

25

noted in the Supplemental Opinion, the PACA imposes secondary liability on persons who are in position to control the trust assets and failed to do so, citing *Golman-Hayden Company, Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 2000).  (R33:  12-4-14 Supplemental Opinion p. 6).

The claims at issue here are for "nonpayment of a debt" whether grounded in violation of the Fair Debt Collection Practices Act as in *Charbonneau, supra*, or for violation of the PACA, as in this proceeding.  As noted by the Court in *RTC Commercial*, 12 F. Supp.2d at 671-672, the partial payment rule restarts running of a limitations period for both a principal debtor as well as a party secondarily liable (such as the guarantor in the *Charbonneau* case).  The bottom line is that in this proceeding Appellant RAM Produce asserts claims for nonpayment of a debt against Appellee Cipriano with liability being premised on the PACA.

The Bankruptcy Court itself acknowledged that in its Bench Opinion, it confused a PACA beneficiary's right to file a lawsuit to collect on its debt with a PACA beneficiary's right to enforce collection by attaching specific assets of the PACA buyer.  (R33:  12-4-14 Supplemental Opinion p. 4).  Appellant RAM Produce respectfully submits that the Bankruptcy Court also fails to perceive that in addition to creating a statutory trust, the PACA creates a substantive claim for which an individual may be liable for nonpayment of a debt and on which a money

26

judgment against that individual may enter and be collected upon.   (See for e.g.
R49:  11-25-14 Hrg. Tr. pp. 10-11, 20-21 et seq.).

For the reasons noted above, the Bankruptcy Court erred in failing to apply
the partial payment rule with regard to the partial payments that Appellee Cipriano
admits were made in May and June 2012, and which restarted the running of the
three year limitations period.  As the Complaint in this adversary proceeding was
filed on September 5, 2014 (R1), the proceeding was initiated eight months before
the three year limitations period lapsed on June 20, 2015 -- three years after the
June 20, 2012, partial payment.  The Bankruptcy Court's *sua sponte* decision to
dismiss Appellant RAM Produce's claims against Appellee Cipriano should be
reversed.

## D.   The Bankruptcy Court Erred to the Extent That it Failed to Consider All Submissions of the Parties on the Motion to Dismiss

A motion to dismiss under the Fed. R. Civ. P. 12(b)(6) should be granted
only if the non-movant cannot prove any set of facts that would entitle him or her
to relief.  *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995).   In deciding whether
to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss a  court must "accept the well-
pled allegations of the [counterclaims] as true[ ] and . . . construe the facts and
reasonable inferences derived therefrom in the light most favorable" to  the non-
movant. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).

Under Fed. R. Civ. P. 12(b)(6), a court may not consider extrinsic evidence in deciding motions to dismiss. *Grand Opera Co. v. Twentieth Century Fox Film Corp.,* 235 F.2d 303, 307 (7th Cir. 1956). In this proceeding, Appellee Ciprano filed a motion relying on Fed. R. Civ. P. 12(b)(6). However, Appellee Cipriano attached to the motion several exhibits to support the Motion to Dismiss, including invoices and a transcript excerpt.

Fed. R. Civ. P. 12(d) expressly provides, as follows:

(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

"When extrinsic evidence outside the pleadings is submitted with a motion to dismiss under Rule 12(b)(6), the court generally must either convert the motion into one for summary judgment under Fed. R. Civ. P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6)." *Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998). (See also, *Schilling v. Swick,* 868 F. Supp. 904, 905 (W.D. Mich. 1994), stating, "motions to dismiss under Fed. R. Civ. P. 12(b)(6) are to be treated as motions for summary judgment under Fed. R. Civ. P. 56 if the Court considers matters outside of the pleadings. Fed. R. Civ. P. 12(b).").

Appellant RAM Produce respectfully asserts that the Bankruptcy Court abused its discretion in failing to consider filings of both parties relevant to the Motion to Dismiss. The admissions of Appellee Cipriano regarding the partial payments on the underlying debt in May and June of 2012, as well as other testimony and documents relied on by Appellant RAM Produce are certainly relevant and should be considered by the Bankruptcy Court and on appeal, particularly given the double *sua sponte* assertion of defenses by the Bankruptcy Court. Appellant RAM Produce respectfully requests that all filings by the litigants related to the Motion to Dismiss be considered and that the Bankruptcy Court's decision otherwise, be reversed.

## CONCLUSION AND RELIEF SOUGHT

For the reasons noted above, Appellant RAM Produce respectfully requests that this Honorable Court reverse the Bankruptcy Court's Dismissal Order on the claims asserted against Appellee Cipriano and enter an order providing Appellant RAM Produce the following relief:

A.  Finding that the Bankruptcy Court violated the due process rights of Appellant RAM Produce by *sua sponte* dismissing the claims against Appellee Cipriano based on lapse of the statute of limitations;

B.  Finding that Appellee Cipriano waived the statute of limitations defense by failing to raise it in its initial responsive pleadings which included the Motion to Dismiss and Affirmative Defenses;

C.  Reinstating and remanding the claims asserted against Appellee Cipriano;

29

D.   Determining that the applicable statute of limitations was restarted based on the partial payments;

E.   Reassigning the adversary proceeding to a different presiding Bankruptcy Judge by random selection;[4] and,

F.   Such further legal and/or equitable relief as the Court deems just and proper.

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC

By:    s/Victor J. Torres
       Victor J. Torres (P43240)
       Attorneys for Plaintiff/Appellant
       R.A.M. Produce Distributors, L.L.C.
       535 Griswold Street
       Suite 1000 Buhl Building
       Detroit, Michigan 48226-3692
       (313) 963-3873

Date:  February 20, 2015

---

[4] For reasons unknown to Appellant RAM Produce, the Bankruptcy Court twice, *sua sponte*, raised arguments for dismissal, and dismissed, the claims against Appellee Cipriano.  In *AIH Acquisition Corp., LLC v. Alaska Industries Hardware, Inc.*, 105 Fed. Appx. 301, 306 (2nd Cir. 2004), the Second Circuit granted the defendants' request for reassignment of the case on remand after a preliminary injunction was reversed for procedural shortcomings even though the Appellate Court had confidence that the trial judge could impartially hear the case.  Likewise, in this proceeding, Appellant RAM Produce respectfully requests random reassignment of the case on remand to a new Bankruptcy Judge simply to preserve the appearance of justice as noted by the court in *AIH Acquisition*, 105 Fed. Appx. at 306.

30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SALVATORE CIPRIANO,                          Case No. 14-14826

              Debtor.                         Honorable Sean F. Cox

---

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,

              Plaintiff/Appellant,

-vs-

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
and PRODUCE BUYERS CO.,

              Defendants/Appellee.

(Bankr. Adv. No. 14-04957)

---

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C.'s Brief on Appeal was produced in Microsoft Word, 14 point, Times New Roman font and contains 8,026 words, thereby complying with the limitations set forth in Fed. R. App. P. 32 (a)(7)(C).

Respectfully Submitted,

WILLIAMS ACOSTA, PLLC


By:      s/Victor J. Torres
         Victor J. Torres (P43240)
         Attorneys for Plaintiff/Appellant
         R.A.M. Produce Distributors, L.L.C.
         535 Griswold Street
         Suite 1000 Buhl Building
         Detroit, Michigan 48226-3692
Date:  February 20, 2015     (313) 963-3873