No. 14-14826

United States District Court
Eastern District of Michigan
Southern Division
Honorable Sean F. Cox

In Re: Salvatore Cipriano,

Debtor,

R.A.M. Produce Distributors, LLC,

Plaintiff/Appellant

v.

Salvatore Cipriano a/k/a Sal Cipriano and Produce Buyers Co.,

Defendants/Appellee (Cipriano only Appellee).

(Bankr. Adv. No. 140-04957)

Appeal from the United States Bankruptcy Court
Eastern District of Michigan, Southern Division
Hon. Marci B. McIvor

## <u>DEFENDANT/APPELLEE SALVATORE CIPRIANO'S BRIEF ON APPEAL</u>

Submitted By:
Erik C. Stein (P72172)
Gallagher Sharp
Attorneys for Defendant/Appellee
211 W. Fort St., Ste 660
Detroit, MI 48226
Phone: (313) 962-9160 / Fax: (313) 962-9167
Email: estein@gallaghersharp.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

JURISDICTIONAL STATEMENT ...................................................... iii

STATEMENT OF THE CASE ............................................................ 1

   A.  Factual background of claims ................................................... 1

   B.  Procedural History .................................................................. 2

ARGUMENT ....................................................................................... 6

   A.  The Bankruptcy Court did not error and/or deny Due Process to Appellant because it did not *sua sponte* raise the issue of Statute of Limitations. ................ 6

   B.  The Bankruptcy Court did not error and/or deny Due Process to Appellant by dismissing its claims against Appellee Cipriano, because the Bankruptcy Court did not raise the issue *sua sponte*, nor was it waived. ......................................... 10

   C.  The Bankruptcy Court did not error in concluding that the three year statute of limitations for breach of fiduciary duty lapsed because of partial payments made on the claim of Appellant .......................................................... 12

   D.  The Bankruptcy Court did not err in deciding Appellee's Motion to Dismiss under FRCP 12(b)(6). ........................................................... 14

CONCLUSION AND RELIEF SOUGHT .......................................... 16

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. AutoRail Logistics, Inc.*, 2011 U.S. Dist. LEXIS 6896 (E.D. Mich 2011), *unpublished.* .................................................................................................................. 11

*Charbonenneau v. Mary Jane Elliott, P.C.*, 611 F.Supp.2d 736 (E.D. Mich 2009)..................... 13

*Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42 (2nd Circ 1991).................................. 15

*Grant v. Preferred Research, Inc.,* 885 F.2d 795 (11th Cir. 1989)........................................ 10, 11

*Hassan v. U.S. Postal Service*, 842 F.2d 260, 263(11th Cir. 1988).............................................. 11

*Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) ............................................................... 7

*Jefferson Fourteenth Associates v. Wometco De Puerto Rico, Inc.*, 695 F.2d 524 (11th Circ. 1983) .................................................................................................................. 8, 9

*Murphy v. Lazarev*, 589 Fed.Appx. 757, 2014 U.S. App. LEXIS 19951 (6th Cir. 2014) ............. 11

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)............................................... 16

*Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) ................................................................... 7, 9

*Yeiter v. Knights of St. Casimir Aid Society*, 461 Mich. 493, 607 N.W.2d 68 (2000)................. 13

**Statutes**

11 U.S.C. § 523(a)(4)...................................................................................................................12

MCL § 600.5805(1) ......................................................................................................................12

MCL § 600.5807 ...........................................................................................................................12

**Rules**

Fed.R.Civ.P 15(a)............................................................................................................ 7, 8, 11

Fed.R.Civ.P. 12(b)(6).............................................................................................. 11, 14, 15

Fed.R.Civ.P. 56 ..............................................................................................................................9

Fed.R.Civ.P. 8(c)..........................................................................................................................10

## **JURISDICTIONAL STATEMENT**

Appellee adopts to the jurisdictional statement of Appellant.

## <u>STATEMENT OF ISSUES PRESENTED AND APPLICABLE STANDARDS OF REVIEW</u>

Appellee adopts the Statement of Issues Presented and Applicable Standards of Review  as stated by Appellant.

## STATEMENT OF THE CASE

### A.    Factual background of claims

Defendant Salvatore Cipriano ("Defendant") is an individual residing in the County of Wayne, State of Michigan. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability of Debt, ¶7). Plaintiff R.A.M. Produce Distributors, L.L.C. ("Plaintiff") is a Michigan limited liability company with its principal place of business located in the City of Detroit. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability of Debt, ¶6).

In 2010, Defendant was employed as President of Produce Buyers Co. Inc., a closely held corporation engaged in produce dealing. (R7: Salvatore Cipirano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6), p. 7). At this time, Defendant Produce Buyers Company, Inc. (hereinafter "Produce Buyers") was licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499(a) et seq. ("PACA").  (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, ¶13).

From about June 10, 2010 to November 12, 2010, Plaintiff sold to Defendant perishable agricultural commodities, pursuant to PACA. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, ¶14). Timely with and/or shortly after each sale and delivery of produce, Plaintiff

1

delivered an itemized bill for said produce sold to Produce Buyers. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, Exhibit C1: Customer Ledger). The total principal amount due Plaintiff from Produce Buyers for the produce sold during this period was $37,921.10. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, Exhibit C1: Customer Ledger).

Produce Buyers offered no payment to Plaintiff until May 18, 2012, when it made a partial payment of $560.90. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, ¶16). On June 20, 2012, another payment in the amount of $875.00 was made by Produce Buyers. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, ¶16).

Subsequently, around the end of June or early July of 2012, Defendant Produce Buyers ceased operations. (R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6), Exhibit C: § 341 Tr. p. 11, lines 19-21).

### B.    Procedural History

On or about May 16, 2014, Defendant filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability, ¶10). On June 12, 2014, Defendant filed a Notice to Convert Case from Chapter 13

2

On September 5th, 2014, Plaintiff filed suit against Defendant, alleging breach of fiduciary duty as trustee of PACA assets, and arguing that Plaintiff's debt is accordingly non-dischargeable 11 U.S.C §523 (a)(4). (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability). Defendant/Appellee Cipriano filed a Motion to Dismiss Adversary Proceeding Re: Failure to State a Claim on October 8, 2014. (R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6)). Defendant/Appellee Cipriano also filed an Answer to Plaintiff/Appellant's Complaint on October 8, 2014. (R8: Defendant Sal Cipriano's Answer to the Class Action [sic] Complaint and Affirmative Defenses). Plaintiff/Appellant filed a Response to Defendant/Appellee's Motion on October 23, 2014. (R11: Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Salvatore Cipriano's Motion to Dismiss Claims Under FRCP 12(b)(6)). The matter was heard before the Hon. Marci B. McIvor of The United States Bankruptcy Court for the Eastern District of Michigan on November 25, 2014. (R49: Transcript Regarding Hearing Held 11-25-14 Re: Cipriano's Motion to Dismiss).

Defendant/Appellee Cipriano raised two arguments in its Motion to Dismiss: (1) Plaintiff/Appellant was not entitled to trust protection under PACA at the time

3

of the Defendant's alleged breach under the same; and (2) Plaintiff/Appellant could not assert a viable claim excepted from the bankruptcy discharge against Defendant/Appellee. (R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6)). Generally speaking, Defendant/Appellee asserted that PACA did not apply to the transaction at hand because of the delay by R.A.M. Produce in asserting any cause of action against Defendant/Appellee. (R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6)). Defendant/Appellee further argued that Plaintiff/Appellant could not assert a valid PACA action, there existed no other basis for a breach of fiduciary duty actionable under 11 U.S.C. § 523(a)(4). (R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6)).

Plaintiff/Appellant, in its response spent nearly an entire page discussing the statute of limitations in a single spaced footnote. (R15: Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under Fed.R.Civ.P. 12(b)(6), pp. 9-10). Plaintiff/Appellant also attached as exhibits to its Response an email exchange between counsel for Plaintiff/Appellant and counsel for Defendant/Appellee in which the statute of limitations issue discussed. (R15: Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under Fed.R.Civ.P. 12(b)(6), Exhibit G).

4

In a bench opinion, the Bankruptcy Court dismissed Plaintiff/Appellant's Complaint. (R49: Transcript Regarding Hearing Held 11-25-14 RE Cipriano's Motion to Dismiss). "This Court finds that waiting four years to assert a lien against Produce Buyers cannot be considered "prompt action" under any definition of the word." (R49: Transcript Regarding Hearing Held 11-25-14 RE Cipriano's Motion to Dismiss, p. 42, line 25, p. 43, lines 1-2). The Bankruptcy Court went on to state that Plaintiff/Appellant's "failure to promptly pursue its PACA claim against Produce Buyers is fatal to is argument that it has any lien rights against Produce Buyers principle [sic] Defendant Cipriano." (R49: Transcript Regarding Hearing Held 11-25-14 RE Cipriano's Motion to Dismiss, p. 43, lines 9-12).

In a Supplemental Opinion to Bench Opinion Issued on November 25, 2014, the Bankruptcy Court further discussed its basis for dismissal of Plaintiff's Complaint. (R33: Supplemental Opinion to Bench Opinion Issued on November 25, 2014). Taking note of the argument in Plaintiff/Appellant's Response to the Motion to Dismiss, the Court further concluded that Plaintiff/Appellant's complaint was filed beyond the applicable statute of limitations. (R33: Supplemental Opinion to Bench Opinion Issued on November 25, 2014, p. 8). The Bankruptcy Court held that the three year statute of limitations applied to breach of fiduciary duty under a PACA trust and that said statute of limitations was not

5

renewed by partial payments. (R33: Supplemental Opinion to Bench Opinion Issued on November 25, 2014, pp. 6, 7).

Plaintiff /Appellant then brought the instant appeal.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court did not err in dismissing Appellant's Complaint pursuant to Fed.R.Civ.P 12(b)(6). First, the Bankruptcy Court did not *sue sponge* dismiss the Appellant's Complaint as Appellant had notice of statute of limitations argument and briefed a response to the argument in its Response to Appellee's Motion to Dismiss. Second, Appellant had enough notice, despite the absence of the statute of limitations in Appellee's Affirmative Defenses, to satisfy the requirements of Fed.R.Civ.P 8(c). Third, Appellant has failed to provide any authority that applies the "partial payment rule" to statute of limitations issues regarding a breach of fiduciary duties. Finally, the Bankruptcy Court did not err when it failed to consider the extrinsic evidence provided by Appellant in support of its Response to Appellee's Motion to Dismiss.

## ARGUMENT

**A. The Bankruptcy Court did not error and/or deny Due Process to Appellant because it did not *sua sponte* raise the issue of Statute of Limitations.**

Due process is the requirement that a party be given adequate notice and an opportunity to be heard. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). In addressing *sua sponte* dismissals before District Courts, the Sixth Circuit

enunciated the applicable standard in *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983), *superseded on statutory grounds related to* 28 U.S.C. § 1915(e)(2)(B). At issue in *Tingler* was a prison inmate's suit relating to an alleged infringement of his constitutional rights by the prison he was held at in Ohio. *Id.* at 1109. The day that the plaintiff filed suit, the District Court dismissed the action *sua sponte*: the complaint had not been serviced and nobody was notified of the court's intention to dismiss the complaint. *Id.*

*Tingler* held that a court faced with a complaint that it believes is subject to dismiss must: (1) allow service of the complaint on the Defendant; (2) notify all parties of its intention to dismiss the complaint; (3) give the plaintiff a chance to either amend its complaint or respond to the reasons stated by the court regarding its notice of dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, stat its reasons for the dismiss.

Appellant cites to the Eleventh Circuit decision in *Jefferson Fourteenth Associates v. Wometco De Puerto Rico, Inc.*, 695 F.2d 524 (11th Circ. 1983) to support its assertion that its due process rights were violated by the dismissal of its case. In *Jefferson*, the issue was money damages related to physical damage to theaters owned by a third party plaintiff. *Id.* at 525. While the first party suit was pending, the third party suit was stayed. *Id*. Third party plaintiff filed a motion to lift the stay and in response to that motion, defendant "suggested" in response that

7

the court should *sua sponte* dismiss the action. *Id.* The court then dismissed the action. *Id.*

In remanding *Jefferson* to the district court, the Eleventh Circuit based its opinion on the fact that the parties did not have any notice that a "dismissal" was before the court. *Id.* at 527. The 11th Circuit also noted that Fed.R.Civ.P 15(a) provided the plaintiff the opportunity to amend its pleadings – especially in light of the fact that neither *Jefferson* defendant filed an answer. *Id*.

Here, it is overly simplistic to label the dismissal of Appellant's action as *sua sponte* – the Court was presented with a Motion by Appellee for dismissal. Nonetheless, the facts demonstrate that the *Tingler* standard has been met and that *Jefferson*  is simply not applicable. First, Appellant knew, unlike the plaintiff in *Jefferson*, that the matter before the court was the dismissal of its complaint. Second, in Appellant's Response to the Motion to Dismiss, Appellant argued in a lengthy footnote as to why the statute of limitations was not a proper basis for dismissing its complaint.  Third, Appellant, did not, pursuant to Fed.R.Civ.P. 15(a), amend its Complaint in light of Apellee's Motion to Dismiss. Fourth, Appellant filed a Response to Plaintiff's Motion – with an argument regarding the statute of limitations and attended a hearing held by the Bankruptcy Court regarding the same.  Fifth, the Bankruptcy Court offered a lengthy bench and written supplemental reasons providing a detailed explanation regarding the

dismissal. For Appellant to now argue that it did not have notice that (1) its case was being analyzed for dismissal and (2) that it was unaware of the basis upon which dismissal was being sought is disingenuous.

Assuming however, that the *Tingler* elements have not been met, there were not any additional facts that were subject to development in this matter. In *Jefferson* and *Tingler* the courts noted that the denial of the plaintiff's ability to develop facts in support of its allegations were a major concern regarding the dismissals in each case. Here, however, as stated on the record by the parties and the Court, only issues of law remained between the parties – further factual development was not deemed to be necessary by Appellant as evidenced by the notice that Appellant intended to file a Motion pursuant to Fed.R.Civ.P. 56 as soon as the Bankruptcy Court rendered its decision on Appellee's Motion. (R49: Transcript Regarding Hearing Held 11-25-14 RE: Cipriano's Motion to Dismiss, p. 23, lines 2-9). As a result, Appellant's cries of foul ring hollow when, if Appellant is hypothetically successful in having this action remanded to the Bankruptcy Court, an amendment to the pleadings by Appellee to correct any deficiencies to its Answer will once again prove fatal to Appellant's case.

**B. The Bankruptcy Court did not error and/or deny Due Process to Appellant by dismissing its claims against Appellee Cipriano, because the Bankruptcy Court did not raise the issue *sua sponte*, nor was it waived.**

In *Grant v. Preferred Research, Inc.,* 885 F.2d 795 (11th Cir. 1989), plaintiff filed suit alleging a number of civil allegations. *Id.* The District Court rejected all of the plaintiff's claims on the basis that the applicable statute of limitations had run. *Id*. Plaintiff then argued on appeal that the defendant did not assert the statute of limitations as an affirmative defense and thus waived it. *Id.* at 796. The court noted that Fed.R.Civ.P. 8(c) is intended to give the opposing party notice of the affirmative defense and a chance to rebut it. *Id.* at 797. The court went further to reason that if a plaintiff receives notice of an affirmative defense by means other than the pleadings, "the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Id.*, *citing Hassan v. U.S. Postal Service*, 842 F.2d 260, 263(11th Cir. 1988); *see also Murphy v. Lazarev*, 589 Fed.Appx. 757, 2014 U.S. App. LEXIS 19951 (6th Cir. 2014), *unpublished*; *Adams v. AutoRail Logistics, Inc.*, 2011 U.S. Dist. LEXIS 6896 (E.D. Mich 2011), *unpublished*.

Here, Appellant states in his response to Appellee's Motion to Dismiss that "through an email sent by Defendant Cipriano's counsel on October 1, 2014, Defendant Cipriano requested concurrence on dismissal of the pending claims of RAM produce based on a lapse of the applicable statute of limitations." (R19: Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to

Defendant Cipriano's Motion to Dismiss Claims Under Fed.R.Civ.P. 12(b)(6), pp. 9-10; Exhibit G). The record demonstrates that Appellant was on notice of a statute of limitations argument – so much so that Appellant devoted nearly half a page in its Response to Plaintiff's Motion arguing the same. (R19: Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under Fed.R.Civ.P. 12(b)(6), pp. 9-10). The court also noted Appellant's footnote in its Supplemental Opinion, stated:

> While the parties did not brief the issue, a footnote in Plaintiff's brief suggests that Defendants, at one point, asserted a three year statute of limitations period, presumably the limitations period for bring tort actions seeking damages for breach of fiduciary duty.

(R33: Supplemental Opinion to Bench Opinion Issued on November 25, 2014, p 5). Again, for Appellant to assert that this issue was raised by the court *sua sponte* is simply not true.

If, however, the Court believes that the statute of limitations was not properly asserted before the Bankruptcy Court, as stated in Section A of this Brief, upon remand Appellee will have the ability to apply for leave from the Bankruptcy Court to amend its affirmative defenses pursuant to Fed.R.Civ.P. 15(a)(2), rendering the subject matter of Appellant's appeal moot.

11

**C.    The Bankruptcy Court did not error in concluding that the three year statute of limitations for breach of fiduciary duty lapsed because of partial payments made on the claim of Appellant.**

There is not a dispute between the parties regarding the applicable statute of limitations period for PACA claims. Likewise, there is also not a dispute between the parties that Michigan law provides that a partial payment on a debt serves to revive the statute of limitations. The dispute, rather, lies at whether a partial payment serves to restart the statute of limitations on claims alleging a breach of fiduciary duty.

Michigan law does provide that a partial payment serves to re-start the statute of limitations period of for a nonpayment of debt. In *Yeiter v. Knights of St. Casimir Aid Society*, 461 Mich. 493, 607 N.W.2d 68 (2000) a partial payment served to restart the six year statute of limitations found in MCL § 600.5807. The court reasoned that a partial payment serves as an acknowledgement of the full debt, absent any indication otherwise by the debtor. *Yietier*, 461 Mich at 497. In *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F.Supp.2d 736 (E.D. Mich 2009), the court again held that the six year statute of limitations was revived based upon a partial payment on a debt.

A claim under PACA presents a factual distinction to the cases cited by Appellant in its brief – especially in light of Appellant's claim for the non-dischargeability of its debts pursuant to 11 U.S.C. § 523(a)(4). Specifically,

Appellant has alleged an underlying debt along with a claim for breach of fiduciary duty for violation of the PACA trust. (R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability of Debt). Two *separate* statutes of limitations are applicable to Appellant's Complaint: the three year statute of limitations for breach of fiduciary found in MCL § 600.5805(1) and the six year statute of limitations found in MCL § 600.5807. Despite Appellant's assertions, it has failed to provide any authority that demonstrates that a partial payment revives the statute of limitations for breach of fiduciary duty.

Here, the Bankruptcy Court was correct in finding that the three year statute of limitations found in MCL § 600.5805(1) has run. (R33: Supplemental Opinion to Bench Opinion Issued on November 25, 2014, p. 6). The 2012 partial payments served only to revive the six year statute of limitations applicable to Appellant's breach of contract claims. This assertion is consistent with *Yeiter* and the other cases cited by Appellant.  To that extent, Appellee does not contest that Appellant has an unsecured claim against him that is not immediately subject to the statute of limitations.  Appellant, however, is foreclosed from bringing any action pursuant for breach of the PACA trust as the statute of limitations has expired.

13

### D.     The Bankruptcy Court did not err in deciding Appellee's Motion to Dismiss under FRCP 12(b)(6).

Appellant contends in its brief that the Bankruptcy Court erred in that it failed to consider all of the submissions of the parties in its decision to dismiss Appellant's complaint. Appellant contends that Appellee filed, in support of its Motion, several additional items constituting extrinsic evidence beyond the scope of the pleadings. Appellant then filed several items of extrinsic evidence in support of its Response.

Fed.R.Civ.P. 12(d) states in relevant part that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

It is well settled that in deciding a Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the court may examine and rely upon documents which the plaintiff was aware of and relied upon in framing its complaint, even though the plaintiff did not attach those documents to its complaint or incorporate them be reference. *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42 (2nd Circ 1991), *cert denied*, 503 U.S. 960 (1992).  This is true, especially if the authenticity of the document in question was not in dispute by any party. *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).

14

Here, Appellant attached the following documents as exhibits to its Complaint:

- Appellee's Schedule F
- Excerpts from the Transcript of Appellee's 341 Hearing
- An Affidavit signed by Michael Bommarito
- R.A.M. Produce Distributor's Customer Ledger dated 06/27/2014

(R1: R.A.M. Produce Distributors, L.L.C.'s Complaint to Establish Liability and Non-Dischargeability of Debt with Exhibits A-C and C1). As attachments to his Motion to Dismiss, Appellee attached the following exhibits:

- Appellant's Complaint
- All invoices referred to in R.A.M. Produce Distributor's Customer Ledger dated 6/27/2014
- Excerpts from the Transcript of Appellee's 341 Hearing

(R7: Salvatore Cipriano's Motion and Brief to Dismiss Claims Under FRCP 12(b)(6) with exhibits). Appellee contends that all of the documents it submitted as exhibits to his Motion to Dismiss were proper under Fed.R.Civ.P 12(b)(6) and 12(d) as all of the documents were either referred to or attached to Appellant's complaint. Furthermore, the record does not contain any objection by Appellant regarding the authenticity of the documents provided with Appellee's Motion to Dismiss.

Appellant, however, in its Response to Appellee's Motion stepped outside of the boundaries of exhibits submitted with its Complaint – notably a different affidavit signed by M. Bommarito *after* the filing of Appellee's Motion. (R15:

15

Brief in Support of Plaintiff R.A.M. Produce Distributors, L.L.C.'s Response to Defendant Cipriano's Motion to Dismiss Claims Under FRCP 12(b)(6), Exhibit C). As this new affidavit was not previously incorporated, the Court was not in error by failing to consider it.

### CONCLUSION AND RELIEF SOUGHT

For the reasons noted above, Appellee Salvatore Cipriano respectfully requests that this Honorable Court uphold the Bankruptcy Court's Order of Dismiss on all of the claims asserted by R.A.M. Produce Distributors, LLC against Appellee Salvatore Cipriano.

Respectfully Submitted,

GALLAGHER SHARP

March 20, 2015                     By:     /s/ ERIK C. STEIN
                                           ERIK C. STEIN (P72172)
                                           Attorneys for Defendant/Appellee
                                           Salvatore Cipriano
                                           211 W. Fort St., Ste 660
                                           Detroit, MI 48226
                                           (313) 962-9160
                                           estein@gallaghersharp.com

16

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

SALVATORE CIPRIANO                          CASE No. 14-14826

    Debtor                                    Hon. Sean F. Cox

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,

    Plaintiff/Appellant,

v.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
And PRODUCE BUYERS CO.,

    Defendants/Appellee

(Bankr. Adv. No. 14-04957)

## CERTIFICATE OF COMPLIANCE

    I hereby certify that the foregoing Defendant/Appellee Salvatore Cipirano's Brief on Appeal was produced in Microsoft Word, 14 point, Times New Roman font, and contains 4,008 words, thereby complying with the limitations set forth in Fed.R.App.P. 32(a)(7)(c).

Respectfully Submitted,

GALLAGHER SHARP

March 20, 2015                     By:    /s/ ERIK C. STEIN
                                          ERIK C. STEIN (P72172)
                                          Attorneys for Defendant/Appellee
                                          Salvatore Cipriano
                                          211 W. Fort St., Ste 660
                                          Detroit, MI 48226
                                          (313) 962-9160
                                          estein@gallaghersharp.com

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In Re:

SALVATORE CIPRIANO                              CASE No. 14-14826

    Debtor                                      Hon. Sean F. Cox

R.A.M. PRODUCE DISTRIBUTORS, L.L.C.,

    Plaintiff/Appellant,

v.

SALVATORE CIPRIANO a/k/a SAL CIPRIANO
And PRODUCE BUYERS CO.,

    Defendants/Appellee

(Bankr. Adv. No. 14-04957)

---

## CERTIFICATE OF SERVICE

    I hereby certify that on the 20th day of March, 2015 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

               /s/ERIK C. STEIN  (P72172)
               Attorney    for    Defendant/Appellee
               Salvatore Cipriano