UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,

       Debtor.

R.A.M. Produce Distributors, L.L.C.,

       Plaintiff/Appellant,

v.                                Case No. 14-14826

Salvatore Cipriano a/k/a Sal          Honorable Sean F. Cox
Cipriano and Produce Buyers Co.,

       Defendants/Appellee (Cipriano)

(Bankr. Adv. No. 14-04957).
_____/

## OPINION & ORDER
## AFFIRMING BANKRUPTCY COURT'S ORDER

       This is a bankruptcy appeal. Plaintiff/Appellant R.A.M. Produce Distributors, L.L.C. ("RAM Produce") appeals the bankruptcy court's order granting Defendant/Appellee Salvatore Cipriano's Motion to Dismiss Counts III and IV of RAM Produce's adversary complaint. The parties have briefed the issues and this Court heard oral argument on May 21, 2015. For the reasons set forth below, this Court shall AFFIRM the bankruptcy court's order.

### BACKGROUND

       Salvatore Cipriano ("Cipriano") was the sole owner and operator of Produce Buyers Company ("Produce Buyers"), a business that sold fresh produce. RAM Produce sold perishable produce to Produce Buyers.

       During the period from June of 2010 to November of 2010, RAM Produce sold

1

$37,921.10 worth of produce to Produce Buyers, pursuant to written invoices.  Those invoices contained the following language:

> CLAIMS MUST BE MADE AT TIME OF DELIVERY
>
> CASH DUE AND PAYABLE UPON DEMAND
>
> "The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1920 (7 U.S.C. § 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."
>
> "Payment is due within 10 days after the day on which the produce is accepted or as otherwise specifically provided under the Perishable Agricultural Commodities Act, 7 USC 499a *et. seq*."
>
> "The purchaser of the commodities listed on the invoices and those liable for payment under the PACA are also liable for pre-judgment interest of 7% from the day after the invoice is due and for attorney fees and costs in connection with collecting payment under this invoice."

(*See* Invoices attached as Ex. D to Pl.'s Br.).

It is undisputed that Produce Buyers made no payments on the invoices at issue for approximately eighteen months.  Then, Produce Buyers made a partial payment of $3,100.00 on May 18, 2012, and then a partial payment of $875.00 on June 20, 2012.  Shortly thereafter, Produce Buyers ceased operations.

On May 16, 2014, Cipriano filed a voluntary chapter 13 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Michigan.  The case was assigned to the Honorable Marci B. McIvor.  On June 13, 2014, the case was converted to chapter 7.

In September of 2014, RAM Produce filed an adversary complaint seeking a judgment on the balance owed under invoices and a finding that the debt is nondischargeable.  RAM

2

Produce's adversary complaint contains the following four counts: 1) Breach of Contract, asserted against Defendant Produce Buyers (Count I); 2) Account Stated, asserted against Defendant Produce Buyers (Count II); 3) Corporate and Individual Liability Under the PACA, asserted against both Defendant Produce Buyers and Cipriano (Count III); and 4) Debt Nondischargeable Pursuant to 11 U.S.C. §523(a)(4), asserted against both Defendant Produce Buyers and Cipriano (Count IV).

On October 8, 2014, Cipriano filed: 1) a Motion to Dismiss Claims under Fed. R. Civ. P. 12(b)(6) (D.E. No. 7 in Adversary Case); and 2) an Answer and Affirmative Defenses to RAM Produce's adversary complaint (D.E. No. 8 in Adversary Case).

Cipriano's Motion to Dismiss asserted, in the Table of Contents Section, that: "I. Plaintiff's claim for breach of fiduciary duty is time-barred by the statute of limitations period under MCL 600.5805" and that "II. Plaintiff's discharge action is correspondingly time-barred by the statute of limitations." (D.E. No. 7 in Adversary Case at 5). The body of the brief, however, focused on other arguments.

Cipriano's's Answer and Affirmative included the following affirmative defenses: 1) "Failure to state a claim", stating the complaint fails to state a claim against Cipriano and stating that he has filed a Motion to Dismiss; 2) Waiver; 3) Unclean Hands; 4) Latches; 5) Failure to mitigate damages; and 6) Consent. Cipriano further stated that reserved the right to add additional affirmative defenses.

A Clerk's Entry of Default was issued as to Defendant Produce Buyers on October 15, 2014.

RAM Produce's Brief in response to Cipriano's Motion to Dismiss was devoted

3

primarily to the arguments that Cipriano focused on in his brief, rather than the statute of

limitations argument contained in the Table of Contents section.  Nevertheless, in a lengthy

footnote on pages 9 and 10 of its brief, RAM Produce stated:

> Through an e-mail sent by Defendant Cipriano's counsel on
> October 1, 2014, Defendant Cipriano requested concurrence on
> dismissal of the pending claims of RAM Produce based on lapse of
> the applicable statute of limitations. (Exhibit F: 10-1-14 E-mail).
> Through an e-mail sent by counsel for RAM Produce on October
> 2, 2014 (Exhibit G: 10-2-14 E-mail), RAM Produce responded to
> the request for concurrence by stating that the applicable
> limitations periods had not lapsed since, even assuming a three
> year limitations period applies (which is an open question), the
> limitations period was reaffirmed for limitations analysis purposes
> by the partial payments made on 5-18-12 and 6-20-12 with citation
> to applicable authority (*Charbonneau v Mary Jane Elliott, P.C.*,
> 611 F Supp 2d 736, 741-742 (ED MI 2009). Counsel for RAM
> Produce also provided Defendant Cipriano a copy of the § 341
> hearing transcript where Defendant Cipriano reaffirmed the
> underlying debt to RAM Produce based on the 2012 partial
> payments (see Exhibit A: § 341 Tr. p. 9). (See also Exhibit G: 10-
> 2-14 E-mail). In the pending Motion to Dismiss, Defendant
> Cipriano listed in the Analysis section (i) of the Table of Contents,
> an argument that RAM Produce's breach of fiduciary duty claim is
> time-barred by the statute of limitations and, therefore, that RAM
> Produce's discharge action (under §523(a)(4)) is correspondingly
> time-barred by the statute of limitations. (See p. 3 of Defendant
> Cipriano's Motion to Dismiss). However, substantive review of the
> arguments made in Defendant Cipriano's Motion to Dismiss
> indicate that the statute of limitations argument was abandoned
> presumably based on the authority provided by counsel for RAM
> Produce. (See for e.g. Motion to Dismiss pp. 7-12). Instead, in the
> argument section of the Motion to Dismiss, Defendant Cipriano
> urges that the pending RAM Produce claims should be dismissed
> based on a "course of dealing" and related "standing" arguments
> arising from acceptance of partial payments and payments beyond
> the 30 day deadline provided under the PACA. To the extent that
> Defendant Cipriano argues in the pending Motion to Dismiss, that
> the applicable limitations periods have lapsed on the pending
> claims, RAM Produce objects as there are no such arguments
> properly developed in the body of the Motion to Dismiss and any
> efforts to rely on the statute of limitations argument through the

> pending Motion to Dismiss are being made surreptitiously and
> without proper notice or citation to relevant facts or authority to
> support the arguments. In the unlikely event that Defendant
> Cipriano is attempting to assert lapse of the applicable statute of
> limitations in the pending Motion to Dismiss, RAM Produce
> requests an opportunity to respond more substantively to such
> argument through a supplemental brief which will include the
> authority noted in the 10-2-14 e-mail from counsel for RAM
> Produce (Exhibit G).

(D.E. 15 in Adversary Case at 9-10).

Judge McIvor held a hearing on Defendant Cipriano's Motion to Dismiss on November

25, 2014.  At the conclusion of the hearing, she ruled on the record.  She then issued an order

granting the motion as to Counts III & IV, stating those counts against Cipriano were being

dismissed for the reasons stated on the record at the hearing.

The transcript of the November 25, 2014 hearing reflects that the bankruptcy court

dismissed Count III against Cipriano because the claim was not asserted in a timely manner:

> [T]his court agrees that at the time Plaintiff sold goods to Defendant Produce
> Buyers, the goods were imposed with a Trust.  However, the Court disagrees with
> Plaintiffs's conclusion that the statutory Trust created to protect sellers permits a
> seller to assert that its lien rights exist forever.
>      While PACA does not explicitly state a deadline by which a PACA seller
> must pursue its rights, both the case law and the statute make it clear that a PACA
> seller must take some affirmative action within a reasonable time to assert its
> superpriority claim against assets of the buyer.
>
> . . . .
>
>      This Court finds that waiting four years to assert a lien against Produce
> Buyers cannot be considered "prompt action" under any definition of the word.
> Presumably Plaintiff did not assert a claim against Produce Buyers when Produce
> Buyers went out of business in 2012 because at that time Produce Buyers had no
> assets traceable to produce Plaintiff had sold to Produce Buyers back in 2010.
> Plaintiff cannot now magically reinstate a lien which lapsed due to Plaintiffs'
> inaction.
>      This Court finds that Plaintiff's failure to promptly pursue its PACA claim
> against Produce Buyers is fatal to its argument that it has any lien rights against

5

Produce Buyers principle [sic] Defendant Cipriano.

(Hrg. Tr. at 39 and 42-43).

At one point during the hearing, Counsel for RAM Produce argued: "I didn't say that the claim exists in perpetuity. What I said is that the claim exists as long as the statute of limitations has not expired, and there is statute of limitations; it's not at issue in this case." (Hrg. Tr. at 24-45).

Although the bankruptcy court was dismissing the claim as untimely, it stated it was not viewing the issue as a statute of limitations issue:

> The Plaintiff in this case did raise statute of limitations issues, but those cases come up in a different context where there have been valid PACA claims asserted against the corporate Defendant and then the question in the case was whether all other PACA protections existing, that is that there was a 30 day protection that the parties had agreed upon, the payments hadn't been made, whether somehow a delay in enforcing a proper PACA claim could be limited by the statute of limitations. Those are not the facts of the instant case. Statute of limitations is not an issue in this case.

(*Id*. at 43).

But Judge McIvor later vacated her November 25, 2014 oral ruling and her order dismissing Counts III & IV for the reasons stated on the record. They were replaced by: 1) a December 4, 2014 written Supplemental Opinion to Bench Opinion Issued on November 25, 2014; and an 2) Order Granting Defendant Cipriano's Motion to Dismiss as to Counts III and IV. (D.E. Nos. 33 & 34 in Adversary Case.) The opening paragraph of the December 4, 2014 Supplemental Opinion stated:

> On November 25, 2014, this Court issued a bench opinion granting defendant, Salvatore Cipriano's Motion to Dismiss Plaintiff's Complaint. The basis of the Court's ruling was that Plaintiff failed to state a claim against Defendant Cipriano because of Plaintiff's failure to take prompt action against defendant, Produce Buyers, the party with primary liability to Plaintiff. While this Court was correct

6

in finding that Plaintiff's Complaint failed to state a claim upon which relief could be granted, the legal analysis resulting in that conclusion was unnecessarily tortured. Because this Court is concerned that its analysis could cause confusion[1] to sellers and buyers who operate under the Perishable Agricultural Commodities Act (7 U.S.C. § 499a *et seq*, (hereinafter "PACA")), the Court is issuing a Supplemental Opinion to clarify the basis of its dismissal of Plaintiff's complaint.

(11/25/14 Suppl. Opin. at 1-2). The Supplemental Opinion further stated:

> The Court acknowledges that in its bench opinion, it confused a PACA beneficiary's right to file a lawsuit to collect on its debt with the PACA beneficiary's right to enforce collection by attaching specific assets of the PACA buyer. The opinion could create confusion as to whether PACA creates its own limitations for the time period in which PACA sellers could bring legal action to collect on their debt. This Court intended to create no such confusion. PACA contains no specific language as to the deadline by which a seller must file a suit to recover the proceeds from produce sold out of trust. Any limitation on the filing of a lawsuit to collect money owed by a purchaser of PACA protected goods is governed by the relevant statute of limitations.

(*Id*. at 4). The court noted that when a federal statute such as PACA fails to provide a limitations period, courts look to state law. (*Id*. at 5). The court stated:

> Produce Buyers was a Michigan limited liability company with its principal place of business in Detroit, Michigan. Therefore for purposes of determining the applicable statute of limitations in which Plaintiff could have filed a lawsuit against defendants Produce Buyers and Cipriano, the relevant statute of limitations is controlled by the laws of the State of Michigan. While the parties did not brief the issue, a footnote in Plaintiff's brief suggests that Defendants, at one point, asserted a three year limitations period, presumably the limitations period for bringing tort actions seeking damages for breach of fiduciary duty. *See* Mich. Comp. Laws 600.5805(10)[2]; *Bernstein v. Seyburn, Kahn, Gin, Bess &*

---

[1]The bankruptcy court's concern in this regard may have actually stemmed from comments/questions from RAM Produce's Counsel after the bankruptcy court orally pronounced her ruling. (*See* Hrg. Tr. at 54) ("Lastly, Your Honor, I need to advise RAM Produce reliably on a going forward basis. I understand the Court's ruling that there was not prompt pursuit. I heard the Court mention that maybe a pursuit by 2011 or 2012. What should I tell my client, at least vis-a-vis this Court, to keep a viable PACA claim is 'prompt pursuit.'?")

[2]Mich. Comp. Laws § 600.5805(1) is the residual tort statute of limitations and states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a

7

> *Serlin Corp*, 2014 WL 688652 (Mich. App.)(statute of limitations for breach of fiduciary duty is three years); *Wayne Co. Employees Retirement Sys. v. Wayne Co.*, 836 N.W.2d 279, 316 n.37 (Mich. App. 2013)(same). Plaintiff, without citation to any specific statute, asserts that even if the applicable limitations period is three years, the period was "reset" with each partial payment made by Defendants.

(*Id*. at 5).

The court concluded that because "the basis of Plaintiff's Complaint against defendant Cipriano is a breach of fiduciary duty, the relevant limitations period is three years." (*Id*. at 6). Next, the court considered when the statute of limitations began to run in this case and concluded, based on authority cited in the opinion, that it began to run when the seller knew the purchaser was making late payments in violation of the PACA. (*Id*. at 7).

The bankruptcy court acknowledged, but rejected, Plaintiff's argument that the limitations period "resets" any time a partial payment is made:

> Plaintiff argues in a footnote in its brief that regardless of the relevant statute of limitations, the statute starts to run again each time a payment is made. Plaintiff argues that the partial payments made by Produce Buyers in May and June, 2012, reset the beginning of the limitations period for commencing a lawsuit. Plaintiff relies on *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F.supp.2d 736 (E.D. Mich. 2009) in support of this position.
> Plaintiff's reliance on this case is misplaced. In *Charbonneau*, Plaintiff brought suit against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692). The parties agreed that the controlling statute of limitations for the collection for past due debts was six years from the date the cause of action accrued (M.C.L. 600.5807). The dispute was over M.C.L. § 600.5831, which provides "in actions brought to recover the balance due upon a mutual and open account. . . the claim accrues at the time of the last item proved in the account." In that context, determining when the statute of limitations runs on a collection action, the court held that a partial payment may operate as an acknowledgment of the continued existence of the debt.
> As previously discussed, Plaintiff in the instant case is not suing defendant Cipriano for nonpayment of a debt. In fact, Plaintiff's cause of action for nonpayment of a debt could only be brought against the party with whom it

---

person or property." Case law holds that this statute controls claims for breach of fiduciary duty.

contracted, that is, Produce Buyers.  The sole basis of Plaintiff's Complaint
against defendant Cipriano is breach of fiduciary duty.  The partial payment
theory as a ground for extending the statute of limitations simply does not apply
when the cause of action is a breach of fiduciary duty.

In sum, this Court agrees with the conclusion of the *Weis-Buy* and *Spada*
courts that the statute of limitations on a breach of fiduciary duty claim runs from
the date on which Plaintiff first has knowledge that the defendant purchaser has
failed to pay timely as required by the invoice.

In the instant case, the statute of limitations on Plaintiff's breach of
fiduciary duty claim against defendant Cipriano began running in December,
2010, when Produce Buyers defaulted on the 10 day payment terms set forth in
Plaintiff's invoices.  Plaintiff did not commence its lawsuit until September, 2014.
As stated above, the statute of limitations in Michigan for breach of fiduciary
duties is three (3) years.  Plaintiff's claim against both Defendants is untimely.
Defendant Produce Buyers failed to file a response to Plaintiff's complaint and a
default judgment has already been entered against Produce Buyers.  However, as
to defendant Cipriano, Plaintiff's complaint is dismissed for the reason that it was
brought outside the applicable statute of limitations.

(*Id*. at 7-9).  The Supplemental Opinion concluded by stating:

> Because Plaintiff's breach of fiduciary duty claim against defendant Cipriano is
> time barred, Count II of the Complaint is dismissed as to that defendant. Without
> a valid claim for breach of fiduciary duty, Plaintiff cannot establish a
> nondischargeable claim under § 523(a)(4) and Count IV is also dismissed as to
> defendant Cipriano

(*Id*. at 9).

On December 18, 2014, RAM Produce filed this appeal, appealing Judge McIvor's order

dismissing Counts III & IV as to Defendant Cipriano.

## ANALYSIS

## I.      Did The Bankruptcy Court Err And/Or Deny RAM Produce Due Process by *Sua Sponte* Raising A Statute Of Limitations Argument?

RAM Produce first asserts that the "Bankruptcy Court erred and/or denied due process

by, *sua sponte*, raising a statute of limitations argument where the pending Motion to Dismiss

Failed to Raise and/or support a statute of limitations argument."  (Pl.'s Br. at 15).

9

Citing *Fields v. Campbell*, 39 F. App'x 221, 222-23 (6th Cir. 2002), Plaintiff asserts that a trial court generally may not "*sua sponte*, dismiss a complaint where a filing fee has been paid unless the court gives the plaintiff an opportunity to amend the complaint as well as unambiguous notice of the court's own motion to dismiss." (Pl.'s Br. at 15). The *Fields* decision applied the rule set forth in *Tingler v. Marshall*, 716 F.2d 479 (6th Cir. 1983) in determining that the district court erred in *sua sponte* dismissing the plaintiff's complaint before the complaint was served on the defendant.

In response, Defendant Cipriano asserts that the *Tingler* rule does not apply here because the bankruptcy court did not *sua sponte* raise the statute of limitations issue. He further contends that the *Tingler* standard was satisfied under the circumstances presented here in any event.

This Court concludes that Plaintiff's reliance on *Tingler* and its progeny is misplaced. In *Tingler*, the Sixth Circuit addressed the "narrow issue" of the propriety of "*sua sponte* dismissals on the merits, prior to the service of the complaint and without notice of the proposed dismissal to the plaintiff to allow him to respond." *Tingler*, 716 F.2d at 1111. The Sixth Circuit concluded that "such *sua sponte* dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of 'a proponent rather than an independent entity.'" *Tingler*, 716 F.2d at 1111 (quoting *Franklin v. State of Oregon, State Welfare Div*., 662 F.2d 1337, 1342 (9th Cir. 1981)).

The court explained that "Plaintiffs are prejudiced by the procedure followed by the district court in this case because, unlike with motions to dismiss filed by defendants, they have no opportunity to amend their complaints or make legal arguments against the dismissal. The prejudice is particularly acute with respect to *pro se* plaintiffs, like the plaintiff in this case, who

10

are generally unskilled in the art of pleading." *Tingler*, 716 F.2d at 1111.  The *Tingler* court

further explained that:

> *Sua sponte* dismissals without service or notice are likewise unfair to defendants
> because they deny defendants "the full panoply of litigation strategies available to
> the typical defendant." *Lewis*, 547 F.2d at 6. In these cases, the defendants must,
> on appeal, choose between not participating, *see Lewis, supra*, or, as in this case,
> making arguments based upon factual assertions which are not in the record. Such
> facts are not in the record since the defendant was never served with the
> complaint and did not have the opportunity to file an answer or any other
> pleadings**.**

*Tingler*, 716 F.2d at 1111.  The *Tingler* court held before a district court may *sua sponte* dismiss

a complaint before service on the defendant, the district court "must: (1) allow service of the

complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give

the plaintiff a chance to either amend his complaint or respond to the reasons stated by the

district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to

respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the

dismissal."  *Id*. at 1112.

The bankruptcy court's dismissal of the claims asserted against Cipriano "did not violate

the rules for *sua sponte* dismissal established by *Tingler*."  *Estate of Abdullah v. Arena*, __ F.

App'x __, 2015 WL 664411 at * 6 (6th Cir. 2015).  "*Tingler* does not apply to the dismissal of"

Plaintiff's claims against Cipriano "because the dismissal was not *sua sponte*; [Cipriano] filed a

motion to dismiss, which the district court granted."  *Id.*  Although the argument was not

developed in the body of the brief that Cipriano filed, his Motion to Dismiss asserted that

"Plaintiff's claim for breach of fiduciary duty is time-barred by the statute of limitations period

under MCL 600.5805" and that "Plaintiff's discharge action is correspondingly time-barred by

the statute of limitations."  (D.E. No. 7 in Adversary Case at 5).

Thus, the *Tingler* rule does not apply here and neither does the rationale behind the rule. Unlike the situation in *Tingler,* Cipriano was served with the adversary complaint in this action. Cipriano then filed a formal Motion to Dismiss and he raised, among other arguments, a statute of limitations argument.  Defendant therefore had notice of that argument and, in its brief, it devoted nearly a full page to its position as to the statute of limitations and its application here. Defense Counsel also raised the statute of limitations issue again at oral argument.  Thus, Defendant had notice that the issue had been raised, made arguments as to its position on the issue, and also had the opportunity to seek leave to file an amended complaint if it wanted to do so.  Finally, the bankruptcy court stated its reasons for the dismissal of the claims against Cipriano in its written Supplemental Opinion.

Defendant's relianace on *Fields, Tingler*, and other cases that actually involved a district court's *sua sponte* dismissal of claims before the defendant had been served is therefore misplaced.

**II.** **Did The  Bankruptcy Court Err And/Or Deny RAM Produce Due Process By *Sua Sponte* Raising A Statute Of Limitations Defense Where Cipriano Failed To Assert It As An Affirmative Defense?**

Next, Plaintiff argues that the bankruptcy court erred by *sua sponte* raising the statute of limitations issue because it is an affirmative defense and it "was not raised by Appellee Cipriano in this proceeding."  (Pl.'s Br. at 19).  Relying on *Haskell v. Washington Twp.*, 864 F.2d 1266 (6th Cir. 1988), Plaintiff asserts that Cipriano "failed to raise, and therefore waived, a defense of lapse of the statute of limitations in both a Motion to Dismiss and its Affirmative Defenses; therefore, the limitations defense was waived."  (Pl.'s Br. at 20).

In *Haskell*, the Sixth Circuit noted that, "[p]ursuant to Rule 8(c)[3] of the Federal Rules of Civil Procedure, a defense based upon a statute of limitations is waived if not raised in the first responsive pleading." *Haskell*, 864 F.2d at 1273. "Since it is a waivable defense, it ordinarily is error for a district court to raise the issue *sua sponte*." *Id.* "Otherwise, the waiver aspect of Rule 8(c) would have little meaning." *Id.* In *Haskell*, although the timeliness of the action had never been questioned by the defendants, the district court *sua sponte* raised the issue of whether a claim was barred by the applicable statute of limitations and did so more than three years after the action had been filed. Under those circumstances, the Sixth Circuit reversed the district court's dismissal on statute of limitations grounds.

Here again, the bankruptcy court did not *sua sponte* raise the issue of statute of limitations. Before[4] filing his Answer and Affirmative Defenses, Cipriano responded to Plaintiff's complaint by filing a Motion to Dismiss. Although the argument was not developed in the body of the brief that Cipriano filed, that motion asserted that "Plaintiff's claim for breach of fiduciary duty is time-barred by the statute of limitations period under MCL 600.5805" and that "Plaintiff's discharge action is correspondingly time-barred by the statute of limitations." (D.E. No. 7 in Adversary Case at 5). Accordingly, the statute of limitations defense was not waived. *See Pierce v. Oakland County*, 652 F.2d 671, 672 (6th Cir. 1981) (statute of limitations defense was "not waived simply because it was raised in a motion to dismiss rather than in the

---

[3]Fed. R. Civ. P. 8(c) currently provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including statute of limitations.

[4]In addition, after he had filed the Motion to Dismiss, that included a statute of limitations challenge, Cipriano filed an Answer and Affirmative Defenses and included "Failure to state a claim", stating the complaint fails to state a claim against Cipriano and that he had filed a Motion to Dismiss.

answer.").

### III.    Did The Bankruptcy Court Abuse Its Discretion By Not Converting The Motion To Dismiss Into A Motion For Summary Judgment?

RAM Produce also argues that the bankruptcy court erred in not converting Cipriano's Motion to Dismiss into a motion for summary judgment and, therefore, not considering exhibits that RAM Produce attached to its response brief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In adjudicating a motion to dismiss under Fed.R.Civ.P. 12(b) (6), the Court generally does not consider matters outside the pleadings. Fed.R.Civ.P. 10(c), however, provides that a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed.R.Civ.P. 10(c). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007).

Rule 12 of the Federal Rules of Civil Procedure allows a district court to convert a motion to dismiss into a motion for summary judgment and provides, in pertinent part, that:

(d) Result of Presenting Matters Outside the Pleadings.  If, on a motion under

> Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Here, RAM Produce's complaint refers to the invoices and they are central to its claims against Cipriano. In addition, RAM Produce attached, as exhibits to its complaint, an Affidavit that discussed the invoices and a list of the invoices. As such, the bankruptcy court can consider the invoices, and the exhibits to the complaint, without converting Cipriano's Motion to Dismiss into a motion for summary judgment.

From this Court's review of the bankruptcy court's Supplemental Opinion, the only exhibits to the pending motion and response brief that the bankruptcy considered were two exhibits that RAM Produce and Cipriano filed that simply consisted of copies of the invoices. (*See* Supplemental Opinion at 2.) It does not appear that the bankruptcy court considered any materials outside of the pleadings other than those invoices and, again, it can consider those invoices without converting the motion because the invoices are referred to in the complaint and central to the plaintiff's claims against Cipriano.

The bankruptcy court, therefore, was not required to convert the Motion to Dismiss into a summary judgment motion under Rule 12(d).

As Plaintiff acknowledged at the hearing before the bankruptcy court, the decision as to whether to convert Cipriano's Motion to Dismiss into a motion for summary judgment is a matter left to the discretion of the bankruptcy court: "It's up to the discretion of the Court whether to accept this as a 12(b)(6) and not consider the attachments or not." (11/25/14 Hrg. Tr. at 17); *see also Wysocki v. International Business Mach. Corp.*, 607 F.3d 1102, (6th Cir. 2010)

15

(A district court's decision as to whether to convert a motion to dismiss into a motion for summary judgment is reviewed under the abuse of discretion standard.).  This Court finds that the bankruptcy court acted within in discretion in choosing not to convert Cipriano's Motion to Dismiss into a summary judgment motion.

**IV.**   **Did The Bankruptcy Court Err In The Ruling It Made As To Application Of The Statute Of Limitations?**

RAM Produce does not dispute that a three-year statute of limitations applies to its claims against Cipriano.  (*See* Pl.'s Br. at 21) ("For purposes of this Appeal, Appellant RAM Produce does not contest that a three year statute of limitations applies . . .").  But RAM Produce contends that the bankruptcy court erred in not restarting the statute-of-limitations clock when Cipriano made partial payments to RAM Produce in May and June of 2012.

Cipriano disagrees and contends that the bankruptcy court got it right in ruling that the partial payments did not restart the clock.

This Court agrees with the bankruptcy court's analysis and conclusion set forth in its Supplemental Opinion.

Congress enacted PACA to deter unfair business practices in the perishable agricultural goods market.  *Weis-Buy Svs., Inc. v. Paglia*, 411 F.3d 415, 419 (3rd Cir. 2005). It was designed to protect the producers of perishable agricultural products, who usually entrust their products to a buyer or commission merchant who may be located far away.  *Id.*  As explained in *Overton*:

> One of the purposes of PACA is to protect unpaid sellers of perishable agricultural commodities. In 1984, Congress amended PACA to create a statutory trust in their favor. 7 U.S.C. § 499e(c); *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir.1995) ( "[D]ue to the need to sell perishable commodities quickly, sellers of perishable commodities are often placed in the position of being unsecured creditors of companies whose creditworthiness the seller is unable to verify."). The trust protects the sellers

16

> against financing arrangements made by merchants, dealers, or brokers who
> encumber or give lenders a security interest in the commodities or the receivables
> or proceeds from the sale of the commodities, thus giving the claims of these
> sellers precedence over those of secured creditors.

*Overton Distrib., Inc. v. Heritage Bank*, 340 F.3d 361, 364-65 (6th Cir. 2003).

Under PACA, when a seller or dealer such as RAM Produce ships produce to a buyer such as a Produce Buyers, a statutory trust is created upon acceptance of the commodities by Produce Buyers. 7 U.S.C. § 499e(c)(2). If the buyer fails to make full prompt payment for the shipment, the seller may file suit against the buyer, which is essentially a breach of contract action. That is what RAM Produce did here, as Count I of its adversary complaint asserts a breach of contract action against Produce Buyers. In other words, RAM Produce sued Produce Buyers for nonpayment of its debt.

Courts have also concluded that an individual corporate officer can be held liable for breaching his or her fiduciary duty to protect PACA trust assets. *Weis-Buy Servs.*, 411 F.3d at 421. "Individual liability in the PACA context is not derived from the statutory language, but from common law breach of trust principles." *Id.; see also Six L's Packing Co., Inc. v. Beale*, 524 F. App'x 148, 156 (6th Cir. 2013). Under such trust principles, PACA imposes individual liability on corporate officers "to the extent that they control the trust assets." *Six L's Packing Co., Inc.*, 524 F. App'x at 156. That is, an individual officer or shareholder of a corporation who is in a position to control statutory trust assets, and who fails to preserve those assets, may be held personally liable under PACA. *Id.* This kind of a claim is a breach of fiduciary duty claim; not a claim for nonpayment of a debt.

Because PACA does not contain a statute of limitations period for breach of fiduciary duty claims, the Court borrows the appropriate limitations period from the forum state, which

17

here, is Michigan.  A breach of fiduciary duty claim is a tort cause of action and it governed by a three-year statute of limitations under Michigan law.  *Miller v. Magline, Inc*., 76 Mich.App. 284 (1977).  Again, RAM Produce does not dispute that a three-year limitations period applies to a breach of fiduciary duty under Michigan law.

Thus, RAM Produce's breach of fiduciary duty claim against Cipriano will only be timely if it was brought within three years of accrual, or if the statute of limitations was tolled.

The few cases that have addressed the issue of when a PACA-based breach of fiduciary duty claim begins to run have concluded that the claim starts to run when the seller knows the buyer is making late payments in violation of PACA.  *Weis-Buy Servs*., 411 F.3d at 422-24; *Spada Properties, Inc. v. Unified Grocers, Inc*., 38 F.Supp.3d 1223 (D. Oregon Sept. 22, 2014).

In *Weis-Buy Servs*., the Third Circuit began its analysis by noting that, "[g]enerally, the statute of limitations begins to run on a breach of fiduciary duty claim when the trustee openly and unequivocally violates his duties."  *Weis-Buy Servs*., 411 F.3d at 422.  The defendant officer in that case argued that the breach of fiduciary duty claim against him accrued on the date that the seller's invoices became due.  The district court rejected that rationale, and concluded that because of the continuing nature of the PACA trust, the buyer's failure to pay the sellers' invoices amounted to a "continuing violation."  The Third Circuit disagreed and reversed, concluding that continuing violations doctrine does not apply to a breach of fiduciary duty claim under PACA.

The court concluded that "once United Fruit [(the buyer)] and its officers failed to pay Sellers for the goods received, Sellers were on notice that the trustees were in breach of their fiduciary duties."  *Id*. at 423.  The court further explained that the "unique nature of the PACA

18

trust," does not change the analysis:

> We recognize that the trust created by PACA exists until a seller is paid, 7 U.S.C. § 499e(c)(2), and "[p]articipants who preserve their rights to benefits ... remain beneficiaries until they are paid in full," 7 C.F.R. 46.46(c)(2). However, when Sellers are not suing to enforce the trust obligations or to preserve their shares of the trust res, but instead are suing the trustee in tort for damages resulting from a breach of his fiduciary duties, we believe that the statute of limitations must accrue from the time that the trustee openly repudiates those duties.

*Id.*

The district court in *Spada Properties, Inc*. found the reasoning in *Weis-Buys Servs*. persuasive and followed it.

RAM Produce asserts that the bankruptcy court erred in following *Weis-Buys Servs.* and characterizes its claim against Cipriano as a claim for nonpayment of a debt.  (*See* Pl.'s Br. at 26) ("The bottom line is that in this proceeding, Appellant RAM Produce asserts claims for nonpayment of a debt against Appellee Cipriano with liability premised on the PACA."). Relying on *Charbonneau v. Mary Jane Elliott, P.C.*, 611 F.Supp.2d 736 (E.D. Mich. 2009), it contends that under Michigan law, the statute of limitations on its claim against Cipriano was reset by Produce Buyer's two partial payments in May and June of 2012.

Notably, however, *Charbonneau,* was not a case involving a breach of fiduciary duty claim.  Rather, the action involved the collection of a debt.  The district court noted that the controlling statute of limitations for the collection of past due debts is six years from the date of accrual.  The district court noted that the defendants asserted that "Plaintiff's partial payment on July 3, 2001, served to reset the statute of limitations" and then stated "[t]here is no question that under Michigan law, a partial payment may operate as an acknowledgment of the continued existence of the debt and as a waiver of any right to take advantage of the statute of limitations."

19

*Charbonneau*, 611 F.Supp.2d at 741.

This Court agrees with the bankruptcy court that RAM Produce's reliance on

*Charbonneau* is misplaced:

> Plaintiff's reliance on this case is misplaced. In *Charbonneau*, Plaintiff brought suit against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. § 1692). The parties agreed that the controlling statute of limitations for the collection for past due debts was six years from the date the cause of action accrued (M.C.L. 600.5807). The dispute was over M.C.L. § 600.5831, which provides "in actions brought to recover the balance due upon a mutual and open account. . . the claim accrues at the time of the last item proved in the account." In that context, determining when the statute of limitations runs on a collection action, the court held that a partial payment may operate as an acknowledgment of the continued existence of the debt.
> As previously discussed, Plaintiff in the instant case is not suing defendant Cipriano for nonpayment of a debt. In fact, Plaintiff's cause of action for nonpayment of a debt could only be brought against the party with whom it contracted, that is, Produce Buyers. The sole basis of Plaintiff's Complaint against defendant Cipriano is breach of fiduciary duty. The partial payment theory as a ground for extending the statute of limitations simply does not apply when the cause of action is a breach of fiduciary duty.

(Bankruptcy Court's 12/4/14 Suppl. Opinion).

Accordingly, this Court shall affirm the bankruptcy court's statute of limitations ruling.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the bankruptcy court's Order

granting Defendant/Appellee Salvatore Cipriano's Motion to Dismiss Counts III and IV of RAM

Produce's adversary complaint is AFFIRMED.


IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  May 28, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Salvatore Cipriano,

     Debtor.

R.A.M. Produce Distributors, L.L.C.,

     Plaintiff/Appellant,

v.                                                                      Case No. 14-14826

Salvatore Cipriano a/k/a Sal                    Honorable Sean F. Cox
Cipriano and Produce Buyers Co.,

     Defendants/Appellee (Cipriano)

(Bankr. Adv. No. 14-04957).
_____/

**PROOF OF SERVICE**

     I hereby certify that a copy of the foregoing document was served upon counsel of record

on May 28, 2015, by electronic and/or ordinary mail.

                             S/Jennifer McCoy_____
                             Case Manager